Tionna Dolin (SBN 299010)
E-mail: tdolin@slpattorney.com
Breita Linnell (SBN 330758)
E-mail: blinnell@slpattorney.com
**STRATEGIC LEGAL PRACTICES, APC**
1888 Century Park East, Floor 19
Los Angeles, CA 90067
Telephone: (310) 277-1040
Facsimile: (310) 943-3838

Attorneys for Plaintiff,
SANDRA CERVANTES

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SANDRA CERVANTES,<br><br>        Plaintiff,<br><br>    vs.<br><br>JAGUAR LAND ROVER NORTH AMERICA, LLC; and DOES 1 through 10, inclusive<br><br>Defendant. | Case No.: 2:22-CV-05700-MCS-RAO<br><br>*Removal Date: August 11, 2022*<br><br>Hon. Mark C. Scarsi<br>Courtroom 7C<br><br>**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR ATTORNEYS' FEES, COSTS, AND EXPENSES**<br><br>Date:  November 13, 2023<br>Time: 09:00 a.m. |

**TO THE HONORABLE COURT, DEFENDANTS, AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on November 13, 2023 at 9:00 AM in Courtroom 7C of the above-captioned court, located at First Street Courthouse, 350 W. 1st Street, Courtroom 7C, 7th Floor, Los Angeles, California 90012, Plaintiff Sandra Cervantes ("Plaintiff") will, and hereby does, move the Court, pursuant to an accepted Section 998 Offer and the Song-Beverly Consumer Warranty Act ("SBA"), Cal. Civ. Code Section 1794(d), for an Order awarding attorneys' fees, costs, and expenses in the total amount of $65,668.21. This amount consists of (1) $41,814.00 in attorneys' fees for Strategic Legal Practices, APC ("SLP"); (2) a 1.35 multiplier enhancement on the attorney fees (or $14,634.90); (3) $14,634.90 in costs and expenses for SLP; and (4) an addition $3,500 for Plaintiff's counsel to review Defendant's Opposition, Draft the Reply, and attend the hearing on this Motion (though counsel expects to incur over $3,500 in fees on these tasks).

This Motion is made on the grounds that Plaintiff is the prevailing party under the SBA and the signed Section 998 Offer, entitling Plaintiff's counsel to attorneys' fees, costs, and expenses.

This Motion is based on this Notice; the Memorandum of Points and Authorities; the Declaration of Breita Linnell; the Declaration of Payam Shahian; the Request for Judicial Notice; the pleadings and papers on file herein; and on any other matter that may be presented to the Court at or before the hearing on this matter.

Dated: September 1, 2023

By: */s/ Breita Linnell*
Breita Linnell for
Strategic Legal Practices, APC
Attorneys for Plaintiff

1
2

**TABLE OF CONTENTS**

3

4   I.     INTRODUCTION ...................................................................................... 1

5   II.    STATEMENT OF FACTS ......................................................................... 4

6   A.     JLRNA Refuses to Provide Full Relief Under the SBA for the Lemon It

7          Sold to Plaintiff ................................................................................... 4

8   B.     Plaintiff's Counsel Achieves a Victory for Plaintiff ............................ 4

9   III.   LEGAL ANALYSIS ................................................................................. 5

10  A.     Plaintiff is the Prevailing Party and, Thus, Under the Lemon Law,

11         Plaintiff is Entitled to Fees, Costs, and Expenses ................................ 5

12  B.     Plaintiff's "Lodestar" Fees Are Reasonable ........................................ 7

13         1.   Plaintiff's Counsel's Hourly Rates are Reasonable ...................... 9

14  C.     A Lodestar Multiplier Enhancement of 1.35 is Warranted ................. 13

15         1.   Plaintiff's Counsel Obtained an Excellent Outcome............ **Error!**

16              **Bookmark not defined.**

17         2.   The Risks Posed by This Litigation Were Substantial ......... **Error!**

18              **Bookmark not defined.**

19  D.     Plaintiff is Entitled to Costs and Litigation Expenses ........................ 13

20  IV.    CONCLUSION ....................................................................................... 15

21
22
23
24
25
26
27
28

1
2
3
## TABLE OF AUTHORITIES
4
### CASES

5  *Cazares v. Saenz*, 208 Cal. App. 3d 279 (1989) ........................................ 16

6  *Drouin v. Fleetwood Enterprises*, 163 Cal. App 3d 486 (1985)......................... 7

7  *Estate of Trynin,* 49 Cal.3d 868 (1989) ............................................. 7

8  *Forouzan v. BMW of N. Am.*, 2019 WL 856395, at *6 (C.D. Cal. Jan. 11, 2019)

9  .................................................................................. 13

10 *Goglin v. BMW of N. Am., LLC*, 4 Cal. App. 5th 462 (2016)............................ 10

11 *Goglin v. BMW of N. Am., LLC*, 4 Cal. App. 5th 462, 471-742 (2016) .............. 3

12 *Graham v. DaimlerChrysler Corp.*, 34 Cal. 4th 553 (2005)............................ 15

13 *Hayward v. Ventura Volvo*, 108 Cal. App. 4th 509 (2003).............................. 12

14 *Heritage Pacific Financial, LLC v. Monroy*, 215 Cal.App.4th 972 (2013)........ 10

15 *Holcomb v. BMW of North America, LLC*, 2020 WL 759285, at *3 (S.D. Cal.

16 Feb. 14, 2020 ................................................................... 14

17 *Horsford v. Board of Trustees of California State University*, 132 Cal. App. 4th

18 359 (2005) ...................................................................... 12

19 *In re Consumer Privacy Cases*, 175 Cal. App.4th 545 (2009)........... 8, 10, 14, 15

20 *In re Vitamin Cases*, 110 Cal. App. 4th 1041 (2003) ...................................... 14

21 *Jensen v. BMW of North America*, 35 Cal. App. 4th 112 (1995) .................... 17

22 *Ketchum v. Moses*, 24 Cal. 4th 1122 (2001)................................................passim

23 *Krotin v. Porsche Cars North America, Inc.*, 38 Cal. App. 4th 294 (1995) ......... 4

24 *Levy v. Toyota Motor Sales, USA, Inc.*, 4 Cal. App. 4th 807 (1992) ................... 9

25 *Martino v. Denevi*, 182 Cal. App. 3d 553 (1986)............................................ 12

26 *Murillo v. Fleetwood Enterprises, Inc.*, 17 Cal.4th 985 (1998) ......................... 7

27 *Niederer v. Ferreira*, 189 Cal. App. 3d 1485 (1987) ........................................ 7

28

*Nightingale v. Hyundai Motor America*, 31 Cal. App. 4th 807 (1994)................ 9

*Oregel v. Am. Isuzu Motors, Inc.*, 90 Cal. App. 4th 1094, 1103-04 (2001).......... 4

*Ortega v. BMW of N. Am.*, LLC, No. 2:18cv6637 R (SK), 2019 WL 6792798, at
    *3 (C.D. Cal. Oct. 24, 2019) ...................................................................... 14

*Peak-Las Positas Partners v. Bollag*, 172 Cal. App. 4th 101 (2009) .............6, 12

*Reck v. FCA US LLC,* 279 Cal. Rptr. 3d 175 (2021)........................................ 3

*Reynolds v. Ford Motor Co.*, 47 Cal.App.5th 1105 (2020)...........................8, 14

*Robertson v. Fleetwood Travel Trailers of Cal., Inc.*, 144 Cal.App.4th 785
    (2006)................................................................................. 7, 10, 12

*Santana v. FCA US, LLC*, 56 Cal.App.5th 334 (2020)................................... 15

*Serrano v. Unruh, 32 Cal. 3d 621 (1982)*.......................................7, 10

*Sommers v. Erb*, 2 Cal. App. 4th 1644 (1992) .............................................. 12

*Stokus v. Marsh*, 217 Cal. App. 3d 647 (1990)............................................6, 12

*Zomorodian v. BMW of N. Am.*, 2019 WL 6534513 at *8 (C.D. Cal. July 23,
    2019) .......................................................................................... 13

STATUTES

Cal Civ. Code § 1794(d) ................................................................... 5

Cal. Civ. Code § 1770 ...................................................................... 11

Cal. Civ. Code § 1794(d) ...........................................................2, 5, 14

Civ. Code § 1794(d) ...............................................................i, 4, 10, 14

Civil Procedure section 1033.5........................................................... 14

OTHER AUTHORITIES

Leubsdorf, *The Contingency Factor in Attorney Fee Awards,* 90 Yale L.J. 473,
    480 (1981) ................................................................................ 14

## I.    INTRODUCTION

This is a motion for statutorily authorized attorney fees following a victory by SANDRA CERVANTES ("Plaintiff") in this lawsuit pursuant to the Song-Beverly Consumer Warranty Act ("SBA"). This victory consists of a signed Section 998 Offer in which the Defendants, JAGUAR LAND ROVER NORTH AMERICA, LLC ("JLRNA" or "Defendant") ultimately agreed to pay Plaintiff $103,122.85 to settle this case in exchange for Plaintiff's Lemon 2016 Land Rover Range Rover, vehicle identification number SALWG2VF9GA547540 (hereafter "Vehicle" or "Subject Vehicle"), which Plaintiffs purchased for approximately $91,992.60. In addition, JLRNA agreed to pay attorneys' fees, costs, and pursuant to Cal. Civ. Code 1794(d) and that Plaintiff is the prevailing party for the purposes of said motion. (*See* Linnell Decl. ¶ 33, Ex. 2).

The parties met and conferred on Monday, August 28, 2023 per L.R. 7-3.

Courts throughout California, including the Central District, routinely award Plaintiffs' counsel its requested fees and approve Plaintiff's counsels' requested rates under similar circumstances (*i.e.*, Lemon Law cases against automobile manufacturers). *See Mo Rahman v. FCA US LLC*, 2022 WL 1013433 (March 29, 2022), the court granted 90% of SLP's requested lodestar fees and approved law clerk and counsel's rates ranging from $285/hr to $695/hr.; *Galvan v. KMA*, Los Angeles Co. Super. Ct., Civil Case No. BC715568 (Oct. 3, 2022) (approving SLP and associated counsel attorney and law clerk rates ranging from $295 to $650, including Ms. Dolin's 2022 partner rate of $550/hour)[1]. (*See* Shahian Decl. ¶35, Ex. 28 and ¶37,

_____

[1] Indeed, in approving SLP rates ranging from $295/hr to $595/hr in the Central District (where this Court sits) in *Williams v. Ford*, the court found that:

> In opposition, Defendant cites several cases where lower rates were awarded and argues that Plaintiffs' counsel's rates are unjustifiably high and should be reduced. *See* (Opp. at 13-15). However, none of those cases involved Strategic Legal Practices. Instead, as Plaintiffs point out, courts in this district routinely find Strategic Legal Practices' hourly rates to be reasonable. *See,*

1

Ex. 30).

Even after the Complaint was filed, JLRNA denied liability and aggressively litigated, forcing Plaintiffs to prepare this case for trial, including: litigating in both Federal and State court; Attending a Vehicle Inspection; Opposing JLRNA's Motions in LImine; Propounding Discovery and reviewing Defendant's discovery responses; Responding to JLRNA Discovery Requests; Meet and Conferring multiple times. Plaintiff eventually accepted Defendant's offer to pay Plaintiff $103,122.85 for the Lemon Vehicle in exchange for dismissal of this action plus attorneys' fees, costs, and expenses pursuant to Cal. Civ. Code 1794(d).

This action would not have been necessary in the first instance had JLRNA, consistent with its affirmative duties, agreed to buy back Plaintiff's Vehicle under the SBA before she filed this Complaint. JLRNA's awareness of the defective Lemon Vehicle stemmed from multiple sources, including JLRNA's internal investigations into the defects as well as JLRNA's specific knowledge of Plaintiff'S repair history, in which Plaintiffs were forced to take the Vehicle to the dealership multiple times for

---

*e.g., Rahman v. FCA US LLC*, 594 F. Supp. 3d 1199, 1204 (C.D. Cal. 2022); *Petersen v. FCA US, LLC*, No. CV 21-1386 DSF (EX), 2022 WL 2255099, at *5 (C.D. Cal. June 21, 2022); *Zargarian v. BMW of N. Am., LLC*, 442 F. Supp. 3d 1216, 1227 (C.D. Cal. Mar. 3, 2020); *Zomorodian v. BMW of N. Am., LLC*, No. CV 17-5061-DMG (PLAx), 2019 WL 6534513, at *5 (C.D. Cal. July 23, 2019). This Court agrees that Plaintiffs have sufficiently established that the requested hourly rates for each attorney involved in this case                              are                              reasonable.

*Williams v. Ford Motor Co.*, No. 521CV01346SPGSHK, 2023 WL 405346, at *3 (C.D. Cal. Jan. 24, 2023) (*See* Shahian Decl. ¶ 36, Ex. 13.)

In *Covarrubias v. Ford Motor Company*, (N.D. Cal. Case No. 19- cv-01832-FMC), the court granted 100% of Plaintiff's requested lodestar as well as counsel's rates between $385/hr and $550/hr. (Id. ¶ 30, Ex. 23.) Similarly, the courts in *Holeman*, *Al-Jiboury*, and *Shepard* also awarded SLP 100% of its requested lodestars. (*Id.* at ¶ 8-36). Lastly, in Fuller v. FCA US, LLC (Los Angeles Super. Ct., Case No. BC556964), the court awarded SLP 100% of its requested lodestar, plus a 1.5 multiplier. (Id ¶ 10, Ex 3). Also *see* Shahian Decl. ¶ 7, Ex. 1 (Order in Khani v. FCA Motor Company, L.A. Superior Court Case No. BC466626) (also awarding SLP a 1.5 multiplier).

repairs. (*Id.* at ¶ 15).

Here, Plaintiff offered and Defendant agreed to a Section 998 Offer to Compromise for $103,122.85 in exchange for the Lemon Vehicle plus attorneys' fees, costs, and expenses, and Defendant agreed that Plaintiff is the prevailing party.

JLRNA may claim in its Opposition that Plaintiffs' efforts were "unnecessary" or their fees "unreasonable." The California Court of Appeal has expressly rejected this argument, holding that until a case settles, Plaintiff is entitled to prepare their case for trial and should be paid their reasonable fees under section 1794(d) for the pursuit of their Song Beverly damages. *See Goglin v. BMW of N. Am., LLC*, 4 Cal. App. 5th 462, 473 (2016) (until the case actually settled, Goglin had to conduct discovery and prepare to prove liability on her varied claims with their varied elements. She also had to be prepared to counter the numerous affirmative defenses raised in the answers to her complaint. We, therefore, cannot conclude the court abused its discretion in finding the time spent by Goglin's counsel on litigation activities was reasonable.") Here, JLRNA ultimately agreed pay Plaintiff $103,122.85 in exchange for Plaintiffs' Lemon Vehicle and settlement of this case after having denied a buyback request prior to filing the complaint. Thus, under *Goglin*, Plaintiff's fees incurred until the acceptance of the settlement offer were reasonable.

As the prevailing party under both the signed Section 998 Offer and the SBA, Plaintiff is entitled to recover all fees, costs, and expenses reasonably incurred in the "commencement and prosecution" of this action. *See* Cal. Civ. Code § 1794(d). Furthermore, California courts have noted that "[I]n the context of civil rights or public interest litigation involving mandatory fee shifting statutes, it is an error of law for the trial court to reduce an attorney fee award on the basis of a Plaintiff's failure to settle when the ultimate recovery exceeds the section 998 settlement offer." *Reck v. FCA US LLC,* 279 Cal. Rptr. 3d 175, 183 (2021). Accordingly, Plaintiff's litigation efforts were reasonable as a matter of law because the ultimate recovery exceeded the initial offer.

3

Accordingly, the only issue here is the requested fee award of $65,668.21. This amount consists of (1) $41,814.00 in attorney's fees for Strategic Legal Practices, APC ("SLP")[2]; (2) a 1.35 multiplier enhancement on the attorney fees (or $14,634.90); (3) $5,719.31 in costs and expenses for SLP and (4) an additional $3,500.00 for Plaintiff's counsel to review Defendant's Opposition, draft the Reply, and attend the hearing on this Motion (though counsel expects to incur over $3,500.00 in fees on these tasks).

## II.    STATEMENT OF FACTS

### A.    JLRNA Refuses to Provide Full Relief Under the SBA for the Lemon It Sold to Plaintiff

On or about September 7, 2015, Plaintiff purchased the Vehicle for $103,122.85. (Linnell Decl. ¶ 3, Ex. 1.). As a result of various defects, Plaintiffs were forced to take the Vehicle to JLRNA's authorized dealerships multiple for repairs but JLRNA was unable to conform the Vehicle to warranty. (*Id.* at ¶¶ 7-14.)

### B.    Plaintiff's Counsel Achieves a Victory for Plaintiff

Plaintiff filed this lawsuit in State Court on April 28, 2022, alleging various violations of the SBA due to JLRNA's failure to repair the Subject Vehicle, fraud by omission, and negligent repair. (*Id.* at ¶ 13). During this litigation, Plaintiff incurred attorneys' fees, costs, and expenses for various tasks, including, notably:

- Researching, drafting, and filing the Complaint. (*Id.*)

- Reviewing Defendant's Answer. (*Id.* at ¶ 16).

- Attending a Vehicle Inspection. (*Id.* at ¶ 19)

- Filing Joint Trial Documents (*Id.* at ¶¶ 27, 28).

---

[2] Although 14 SLP attorneys and 1 law clerk were staffed on this case, only 7 attorneys accounted for 59.90 hours out of the 87.20 total hours billed (***i.e. 65%***) with other attorneys performing non-duplicative tasks, such as Mr. Campbell billing a total of 1.8 hours for preparing for and attending Pre-Trial Conference.

- Opposing Defendant's Motions in Limine. (*Id.* at ¶¶ 30, 32).

- Propounding discovery requests, including Requests for Interrogatories Set One, Request for Production Set One, and Notice of Deposition of Defendant's Person Most Qualified. (*Id.* at ¶ 15).

- Responding to Defendants' discovery requests, including Request for Production Set One, Requests for Interrogatories Set One, and serving Supplemental Interrogatories. (*Id.* at ¶¶ 20, 39).

- Reviewing Defendant's discovery responses. (*Id.* at ¶ 20).

Plaintiff's efforts were reasonably necessary to establish JLRNA's liability and to protect against surprise at trial. Here, JLRNA ultimately agreed to pay Plaintiffs $103,122.85 for the Lemon Vehicle in exchange for settlement of this case plus Plaintiff's attorneys' fees, costs, and expenses pursuant to Cal. Civ. Code 1794(d). Accordingly, Plaintiff's litigation efforts were reasonable as a matter of law. These efforts culminated in the recovery of Plaintiff's rightful damages. Consequently, Plaintiff is entitled to recover fees, costs, and expenses under Cal. Civ. Code § 1794(d).[3]

## III.    LEGAL ANALYSIS

### A.    Plaintiff is the Prevailing Party and, Thus, Under the Lemon Law, Plaintiff is Entitled to Fees, Costs, and Expenses

Plaintiff is the prevailing party under the SBA and the terms of the signed 998. Ultimately, after over a year of litigation, JLRNA offered to pay $103,122.85 for Plaintiff's Lemon Vehicle in exchange for settlement of this case plus Plaintiffs' attorneys' fees, costs, and expenses pursuant to Cal. Civ. Code 1794(d). This is, by any conceivable measure, an excellent recovery of $103,122.85 for a vehicle Plaintiff paid less than $92,000 for, and the fulfillment of Plaintiff's main litigation objective.

---

[3] *See also Peak-Las Positas Partners v. Bollag*, 172 Cal. App. 4th 101, 114 (2009) ("A defendant cannot litigate tenaciously and then be heard to complain about the time necessarily spent by the Plaintiffs in response."); *Stokus v. Marsh*, 217 Cal. App. 3d 647, 654 (1990) ("Parties who litigate with no holds barred in cases such as this, in which the prevailing party is entitled to a fee award, assume the risk they will have to reimburse the excessive expenses they force upon their adversaries.").

Accordingly, Plaintiff is the prevailing party for the purposes of recovering attorney fees, costs, and expenses.

As the prevailing party, an award of attorney fees and costs to Plaintiffs is <u>mandatory</u>:

> If the buyer prevails in an action under this section, the buyer *shall* be allowed by the court to recover as part of the judgment a sum *equal to the aggregate amount of costs and expenses, including attorney's fees* based on actual time expended, determined by the court to have been reasonably incurred by the buyer in connection with the commencement and prosecution of such action.

Cal. Civ. Code § 1794(d) (emphasis added). *And see Gezalyan*, 697 F. Supp. 2d 1168 at 1170 ("Under California law, if a buyer prevails in an action under the [SBA,] she may recover 'the aggregate amount of costs and expenses, including attorney's fees based on actual time expended, determined by the court to have been reasonably incurred by the buyer in connection with the commencement and prosecution of such action.' ") (quoting Cal Civ. Code § 1794(d)). This fee-and-cost recovery provision reflects the Legislature's intent to provide "injured consumers strong encouragement to seek legal redress" for Lemon Law clams. *Murillo v. Fleetwood Enterprises, Inc.*, 17 Cal. 4th 985, 994 (1998); *Robertson v. Fleetwood Travel Trailers of Cal., Inc*., 144 Cal. App. 4th 785, 817 (2006); *Wohlgemuth*, 207 Cal. App. 4th at 1262 ("[T]he provision for recovery of costs and attorney fees in [Civil Code] section 1794(d) is an important aspect of this consumer protection, and without it many would not be financially able to pursue a remedy").[4]

California courts have consistently "rejected the notion the fee award must be proportionate to the amount of damages recovered." *Niederer v. Ferreira*, 189 Cal. App. 3d 1485, 1508 (1987). *Drouin v. Fleetwood Enterprises*, 163 Cal. App. 4th 486,

---

[4] Such mandatory recoverable fees and costs include those "necessary to establish and defend th[is] fee claim . . ." *Serrano v. Unruh*, 32 Cal. 3d 621, 639 (1982); *Robertson*, 144 Cal. App. 4th at 817 (fees for fee-and-cost motion) (remanded on other grounds); *Estate of Trynin,* 49 Cal.3d 868, 874 (1989) ("Where the right to counsel fees is based on statute, recovery for fee-related services has been consistently allowed."). Plaintiff is entitled to recover his fees in connection with this Motion.

6

493 (1985) (emphasis added) ("It should be noted that an attorney's fee is to be based upon actual time expended rather than being tied to any percentage of the recovery. This requirement is designed to make the pursuit of consumer rights involving inexpensive consumer products economically feasible... The trial court did not err in calculating attorneys' fees based on actual time expended."). Because Plaintiffs sued under the SBA, "the legislative policies are in favor of recovery of all attorney fees reasonably expended, without limiting the fees to a proportion of actual recovery." *Graciano v. Robinson Ford Sales, Inc.*, 144 Cal. App. 4th 140, 164 (2006).

## B.     Plaintiff's "Lodestar" Fees Are Reasonable

Under California law, the lodestar/multiplier is the primary method for determining what fees are "reasonable" under the statutory attorney fees provision of Song Beverly. *See Robertson,* 144 Cal. App. 4th 818-19. *See also Ketchum v. Moses*, 24 Cal. 4th 1122, 1135 (2001) (California Supreme Court endorsing the lodestar method as the prevailing method for statutory fee awards); *Graciano*, 144 Cal. App. 4th at 154.

California's lodestar/multiplier method uses a two-step process for calculating fees:

<u>Step One</u>: Determine a lodestar value by multiplying time reasonably spent by Plaintiff's counsel by a reasonable hourly rate. *See In re Consumer Privacy Cases,* 175 Cal. App. 4th 545, 556-57 (2009).

<u>Step Two</u>: Adjust or enhance the lodestar by applying a multiplier to take into account the contingent nature and risk associated with the action, as well as other factors, such as the degree of skill required, and the results achieved. *Id.*; *see also Ketchum*, 24 Cal. 4th at 1130, 1137-38. ("[T]he purpose of a fee enhancement is primarily to compensate the attorney for the prevailing party at a rate reflecting the risk of nonpayment in contingency cases.")

This "anchors the trial court's analysis ***to an objective determination*** of the

7

attorney's services, ***ensuring the amount awarded is not arbitrary***." *Graciano*, 144 Cal. App. 4th at 154 (emphasis added); *Reynolds v. Ford Motor Co*., 47 Cal.App.5th 1105 (2020) ("Many statutory fee-award provisions begin with the lodestar method but are governed by the specific statutory requirement that the final fee award be 'reasonable' in nature. No such requirement is found in the Song-Beverly Act. The fee award must be based on the court's calculation of the 'actual time expended ... determined by the court to have been reasonabl[y] incurred.' [ (§ 1794, subd. (d).) ] The legislature did not include a requirement that the court also determine [whether] the fees are reasonable in amount. Had the legislature intended such a requirement, it could easily have so stated…The court's review of the overall reasonableness of the attorney fees is, thus, restricted by the specific language in the fee award provision of the Song-Beverly Act.")

As noted above, courts in Central California and throughout California routinely determine that SLP's rates and hours are reasonable and award SLP its full requested lodestars. Recently, in *Mo Rahman v. FCA US LLC*, 2022 WL 1013433 (March 29, 2022), the court granted 90% of SLP's requested lodestar fees and approved law clerk and counsel's rates ranging from $285/hr to $695/hr. Further, in *Jose Medina v. KMA* (Los Angeles Co. Super. Ct., Civil Case No. 19STCV02985), the Court awarded SLP 100% of its requested lodestar and approved its requested rates ranging from $335/hr. to $595/hr. In *Scherer et al. v. FCA US LLC*, Civ. Case No. 20-cv-02009-AJB-BLM (S.D. Cal. Oct. 22, 2022) DKT # 129, the Court approved law clerk and counsel's rates ranging from $285/hr to $735/hr.  Additionally, in *Galvan v. KMA*, Los Angeles Co. Super. Ct., Civil Case No. BC715568 (Oct. 3, 2022) the Court approving SLP and associated counsel attorney and law clerk rates ranging from $295 to $650, including Ms. Dolin's 2022 partner rate of $550/hour. In *Covarrubias v. Ford Motor Company,* (N.D. Cal. Case No. 19-cv-01832-FMC), the Court granted 100% of SLP's requested lodestar fees ranging from $385/hr to $550/hr. Additionally, courts in *Zargarian, Fuller, Holeman, Al-Jiboury, Shepard, Hall*, and *Geredes* have also

8

awarded SLP 100% of its requested lodestar, (See Shahian Decl. ¶¶ 7-37). Further, in Fuller, the court awarded SLP a 1.5-times multiplier. These rulings underscore the reasonableness of SLP's hours and rates here.[5]

### 1.    Plaintiff's Counsel's Hourly Rates are Reasonable

The hours billed by Plaintiff's counsel are to be multiplied by a "reasonable hourly rate" to generate the lodestar figure. *In re Consumer Privacy Cases*, 175 Cal. App. 4th at 556. In determining an appropriate hourly rate, the trial court should look to apply rates commensurate with the "hourly prevailing rate for private attorneys in the community conducting noncontingent litigation of the same type." *Ketchum*, 24 Cal. 4th at 1133. Indeed, in the Song-Beverly context, the California Court of Appeal has found that counsel may present evidence/declarations regarding hourly rates that other courts have previously awarded them for comparable cases to demonstrate the prevailing rate in the community for comparable legal services. *Goglin v. BMW of N. Am., LLC*, 4 Cal. App. 5th 462, 473 (2016) (in Song-Beverly case, court accepted declarations demonstrating hourly rates that "various state and federal courts had

---

[5] Plaintiffs expect that Defendant will, in its anticipated Opposition, attempt to mislead the Court by citing *Nightingale v. Hyundai Motor America*, 31 Cal. App. 4th 807 (1994), and *Levy v. Toyota Motor Sales, USA, Inc.*, 4 Cal. App. 4th 807 (1992), to argue that the lodestar/multiplier approach does not apply and that the Court should reduce Plaintiffs' requested fees. This would profoundly misrepresent the law applicable to contingent fee cases such as this one. **Neither *Nightingale* nor *Levy* involved a contingent fee agreement, as here.** (*See* Shahian Decl. ¶ 65 [SLP took this case on a contingency basis].) Rather, both involved hourly rate agreements. Indeed, in *Nightingale*, the court itself noted that its holding did not apply to contingent fee agreements. *Nightingale*, at 105 n.6. Further, *Nightingale* is inapplicable because it was decided before the California Supreme Court issued its decision in *Ketchum v. Moses*, 24 Cal.4th 1122, 1131-1132 (2001). In *Ketchum*, the California Supreme Court held that unless a fee-shifting statute indicates otherwise, courts should presume the Legislature intended use of the lodestar method to calculate fees. *Ketchum, supra*, 24 Cal.4th at 1135-1136. Accordingly, neither *Nightingale* nor *Levy* place any limits on the fees sought in the context of a contingent fee agreement.

The difference between contingent fee agreements and hourly rate agreements was made clear in *Robertson*, which ruled that *Nightingale* and *Levy* do not apply to contingent fee agreements. *Robertson*, 144 Cal. App. 4th at 818. Instead, the court held that the correct method for calculating a fee award in a contingent fee case is the lodestar/multiplier approach. *See id.* Accordingly, the Court should disregard any argument by Defendant that *Nightingale* and *Levy* articulate the applicable standard here.

9

previously awarded [Plaintiffs' attorney] attorney fees for comparable work at comparable hourly rates" as evidence of reasonableness of rates); S*ee also Heritage Pacific Financial, LLC v. Monroy*, 215 Cal.App.4th 972, 1009 (2013) ("Affidavits of the Plaintiffs' attorney and other attorneys regarding prevailing fees in the community, and *rate determinations in other cases*, particularly those setting a rate for the Plaintiffs' attorney, are satisfactory evidence of the prevailing market rate.") (emphasis added). Accordingly, evidence hourly rates sought by and awarded to the same law firm in other litigations, as well as experience of counsel, are "obviously relevant" to the attorney fees determination. *Margolin v. Regional Planning Com.*, 134 Cal. App. 3d 999, 1005-06 (1982).[6]

In the absence of evidence to the contrary, a moving party's showing of rates that have been upheld "compel a finding that the requested hourly rates were within the reasonable rates for purposes of setting the base lodestar amount." *Graciano*, 144 Cal. App. 4th at 156.

The hourly rates for the attorneys and law clerks who assisted in this case are: (1) Mani Arabi: 2023 rate of $495/hr; (2) Christopher Campbell: 2022 rate of $495/hr; (3) Eve Canton: 2023 rate of $295/hr; (4) Tionna Dolin: 2023 partner rate of $570/hr; (5) Mark Gibson: 2022 rate of $485/hr; (6) Ariel Harman-Holmes: 2022 rate of $400/hr and 2023 rate of $425/hr; (7) Jared Kaye: 2023 rate of $395/hr; (8) Timothy Kenney: 2022 rate of $410/hr; (9) Breita Linnell: 2023 rate of $525/hr; (10) Regina Liou: 2023 rate of $475/hr; (11) David Lunn: 2023 rate of $620/hr; (12) Ian McCallister: 2023 rate of $595/hr; (13) Nino Sanaia: 2022 rate of $385/hr and 2023 rate of $425/hr; (14) Caitlin Scott: 2023 rate of $450/hr; and (15) Rosy Stoliker: 2022

---

[6] Plaintiff's counsel, in presenting evidence of their basic hourly rates, need not "explain the basis on which those hourly rates were awarded to counsel in other cases, the nature of other litigation, its difficulty and other factors which might have affected the award." The basic rates merely are the starting point of a fee award calculation. *Margolin*, 134 Cal. App. 3d at 1005. Consideration of the other factors listed only occurs *after* the court fixes the hourly rate and the number of hours spent, as part of the analysis to determine whether the total fees should be modified. *Id.* (citing *Serrano*, 20 Cal. 3d at 49).

10

rate of $395/hr.

These rates are appropriate given the relative experience and qualifications of these attorneys and are similar to the rates awarded by the U.S. District Court for the Central District of California, the Superior Courts in Central California, and state and federal courts across California. (*See* Shahian Decl. ¶¶ 8-37). *See Rahman v. FCA US LLC,* -- F.Supp. 3d--, 2022 WL 1013433, at *4 (C.D. Cal. Mar. 29, 2022), (approving Mr. Law's 2020 rate of $425/hr [Ms. Harman-Holmes has similar experience] Ms. Dolin's 2022 pre-partner rate of $490/hr, and Mr. Doddy's 2020 rate of $595/hr [similar experience to Mr. McCallister and Mr. Lunn]); *Covarrubias v. Ford Motor Company*, (N.D. Cal. Case No. 19-cv-01832-FMC) (approving Mr. Nguyen's 2019 rate of $385/hr [similar experience to Ms. Stoliker], Mr. Clark's rate of $550/hr [similar experience to Ms. Linnell]; *Galvan v. KMA*, Los Angeles Co. Super. Ct., Civil Case No. BC715568 (Oct. 3, 2022) (approving Ms. Dolin's 2022 Partner rate of $550/hr. and Ms. Canton's 2022 hourly rate of $295)

### 2. Plaintiff's Counsel's Billable Hours are Reasonable

Plaintiff's fee recovery is based on the 87.2 hours[7] spent by her attorneys litigating this case through this motion. As reflected in the billing records submitted, the time spent is reasonable. (Shahian Decl. ¶ 74, Ex. 17.) These billing records reflect the actual time and descriptions of services billed in connection with the litigation of this action by Plaintiffs' counsel and have been audited to remove any entry that may be duplicative, redundant, unnecessary, or otherwise. (*Id.*) Although the submission of such detailed time records is not necessary under California law[8], if submitted, such records "are entitled to credence in the absence of a clear indication the records are erroneous." *Horsford v. Board of Trustees of California State University*, 132 Cal.

---

[7] Although 14 SLP attorneys and 1 law clerks were staffed on this case, only 7 attorneys accounted for 59.90 of the 87.20 total hours billed (i.e., around 70%) with other attorneys performing non-duplicative tasks.

[8] *See Martino v. Denevi*, 182 Cal. App. 3d 553, 559 (1986); *Sommers v. Erb*, 2 Cal. App. 4th 1644, 1651 (1992).

App. 4th 359, 396 (2005).

As detailed in the accompanying declarations, Plaintiff's counsel's litigation efforts were prompted by JLRNA's failure to pay Plaintiff her rightful damages prior to litigation. (*See generally* Linnell Decl.) JLRNA's conduct forced Plaintiff to incur attorneys' fees, costs, and expenses. Only after litigation commenced did JLRNA ultimately agree to pay Plaintiff $103,122.85, plus attorneys' fees by motion. *See Stokus v. Marsh*, 217 Cal. App. 3d 647, 654 (1990) ("Parties who litigate with no holds barred in cases such as this, in which the prevailing party is entitled to a fee award, assume the risk they will have to reimburse the excessive expenses they force upon their adversaries."); *Peak-Las Positas Partners v. Bollag*, 172 Cal. App. 4th 101, 114 (2009) ("A defendant cannot litigate tenaciously and then be heard to complain about the time necessarily spent by the Plaintiffs in response.").[9] Absent Plaintiff's counsel's efforts, such a favorable outcome likely would not have been achieved.

In its anticipated Opposition, JLRNA will invariably contend that Plaintiff "overstaffed" this case. Although Plaintiff staffed this case with 14 attorneys and 1 law clerk, a review of the billing records makes clear that no duplication occurred. Indeed, historically, where courts have reviewed SLP and its associated counsel's billing records, they determine that counsel litigated efficiently and effectively. Recently, in *Rahman v. FCA US LLC,*-- F.Supp. 3d--, 2022 WL 1013433, at *4 (C.D. Cal. Mar. 29, 2022), the court granted 90% of SLP's requested lodestar fees and approved law clerk and counsel's rates ranging from $285/hr to $695/hr. These rulings

---

[9] *See also Graciano*, 144 Cal. App. 4th at 164 (mandatory fee-shifting provisions in consumer protection statutes (*e.g.*, the Lemon Law) reflect legislative policies favoring recovery of "all attorney fees reasonably expended, without limiting the fees to a proportion of her actual recovery."); *Robertson*, 144 Cal. App. 4th at 820 (Lemon Law fee recovery provision (Civ. Code § 1794(d)) drafted "to make sure attorney's fees awards would be based on actual time expended, rather than a percentage of the recovery, so that pursuit of consumer warranty cases would be economically feasible"); *Hayward v. Ventura Volvo*, 108 Cal. App. 4th 509, 512 (2003) ("[P]rovision for recovery of attorney's fees allows consumers to pursue remedies in cases as here, where the compensatory damages are relatively modest. To limit the fee award to an amount less than that reasonably incurred in prosecuting such a case, would impede the legislative purpose underlying.") (*citing* Consumer Legal Remedies Act, Civ. Code § 1770).

12

underscore the reasonableness of SLP's hours and rates here.

### C.    A Lodestar Multiplier Enhancement of 1.35 is Warranted

The lodestar amount, once determined, can be increased by a "multiplier enhancement" that is based on several factors, including: (1) the risks presented by the litigation; (2) the novelty and difficulty of the legal and factual issues involved; (3) the results obtained on behalf of the Plaintiff; and (4) the skill *exhibited* by counsel. *See, e.g.*, *In re Consumer Privacy Cases*, 175 Cal. App. 4th 545, 556 (2009); *In re Vitamin Cases*, 110 Cal. App. 4th 1041, 1052 (2003); *Graciano*, 144 Cal. App. 4th at 154. *See also Reynolds v. Ford Motor Co.*, No. A154811, 2020 WL 1921742, at **2, 4 (Cal. Ct. App. Apr. 21, 2020) (published) (upholding trial court award in SBA lemon law matter of $201,891 lodestar and 1.2 multiplier "based on the following factors: the complexity of the factual issues, counsel's extensive experience in this type of litigation, and '[i]n litigating these types of cases with a large corporate defendant such as Ford Motor Company, many attorneys may decline to represent Plaintiff due to the financial resources of defendant and the prospect of long and hard fought litigation.'"); *Santana v. FCA US, LLC*, 56 Cal.App.5th 334 (2020) (affirming an award of over a $500,000 in attorney fees that included a multiplier of 2.0 in a lemon law case where Plaintiff prevailed on the claims). Based on the analysis of these factors set forth below, a multiplier of 1.35  should be applied here.[10]

#### 1.    Plaintiff's Counsel Obtained an Excellent Outcome

"The 'results obtained' factor can properly be used to enhance a lodestar calculation where an exceptional effort produced an exceptional benefit." *Graham v. DaimlerChrysler Corp.*, 34 Cal. 4th 553, 582 (2005). Here, the results are apparent: Plaintiff's counsel obtained a recovery of $103,122.86 cash in exchange for the lemon vehicle plus attorneys' fees and costs incurred during litigation. These excellent results alone merit a multiplier enhancement. *See In re Consumer Privacy*

---

[10] "[T]he fact that counsel seeks a multiplier as a component of its fee request … is not itself a proper factor in determining the reasonableness of sought-after fees. In fact, it is not unusual for counsel to ask for a multiplier in contingent fee cases as this one." *Etcheson*, *supra*, at *51.

*Cases*, 175 Cal. App. 4th at 556 (holding that courts may increase lodestar by taking into account quality of representation and results obtained).

### 2.   The Risks Posed by This Litigation Were Substantial

One factor considered in awarding a multiplier is the risk of non-recovery or delayed recovery that counsel shouldered in taking on the case. *See Ketchum v. Moses*, 24 Cal. 4th 1122, 1138 (2001) ("The lodestar adjustment approach … allows a court that awards attorney fees to include a fee enhancement for the purpose, e.g., of compensating the attorney who agreed to undertake such representation at the risk of nonpayment or delayed payment …."). "A lawyer who both bears the risk of not being paid and provides legal services is not receiving the fair market value of their work if he is paid only for the second of these functions. If he is paid no more, competent counsel will be reluctant to accept fee award cases." *Id.* at 1333 (quoting Leubsdorf, *The Contingency Factor in Attorney Fee Awards*, 90 Yale L.J. 473, 480 (1981)). *See also Cazares v. Saenz*, 208 Cal. App. 3d 279, 287-88 (1989) (noting that contingency-based fee "may properly provide for a larger compensation than would otherwise be reasonable" given the "economic considerations separate and apart from the attorney's work on the case.")

Courts have held that "a contingent fee in a case with a 50 percent chance of success should be twice the amount of a non-contingent fee for the same case . . ." (*Cazares v. Saenz* (1989) 208 Cal.App.3d 279, 288.) Moreover, "[T]he unadorned lodestar reflects the general local hourly rate for a fee-bearing case; . . . The adjustment to the lodestar figure . . . is intended to approximate market-level compensation for such services, which typically includes . . . a premium for the . . **delay in payment of attorney fees**." (*Ketchum v. Moses* (2001) 24 Cal.4th 1122, 1138.) (emphasis added).

Here, SLP undertook representation of Plaintiff on a contingency basis—if the action failed and Plaintiff did not recover, neither would their counsel. (Shahian Decl. ¶ 74). SLP faced a genuine risk of not being paid for its services for years (if at all) while advancing thousands in costs and expenses to prosecute Plaintiffs' claims

against KA, a large corporate defendant with the proven track record to engage in prolonged litigation (while its attorneys get paid regardless of outcome). Accordingly, a multiplier of 1.35 ($43,066.80) is appropriate for risk of non-payment.

### 3.    Delay of Payment Justifies a Multiplier

Moreover, the Court can award Plaintiffs' counsel a multiplier based on delay in payment alone.   *See Ketchum v. Moses*, 24 Cal.4th 1122, 1138 (2001) (the multiplier may provide "a premium for ... delay in payment of attorney fees." )  *See also Missouri v. Jenkins, supra*, 491 U.S. 274, 284 (1989) ["whether by application of current ... hourly rates or otherwise"].

### D.    Plaintiff is Entitled to Costs and Litigation Expenses

In the signed 998 Offer, JLRNA agreed to pay Plaintiff's costs and expenses. The law recognizes Plaintiffs' right to recover all costs *and expenses* that were reasonably incurred in prosecuting the case. Cal. Civ. Code § 1794(d). The inclusion of the word "expenses" in Civil Code section 1794(d) reveals that items beyond the statutory costs enumerated under Code of Civil Procedure section 1033.5 are recoverable.

## IV.    CONCLUSION

For the reasons stated, the Court should order JLRNA to pay the full amount of attorney's fees incurred in litigating this matter, for a total amount awarding attorneys' fees, costs, and expenses of $65,668.21. This amount consists of (1) $41,814.00 in attorney's fees for Strategic Legal Practices, APC ("SLP"); (2) a 1.35 multiplier enhancement on the attorney fees (or $14,634.90); (3) $5,719.31 in costs and expenses for SLP and (4) an additional $3,500.00 for Plaintiff's counsel to review Defendant's Opposition, draft the Reply, and attend the hearing on this Motion (though counsel expects to incur over $3,500.00 in fees on these tasks).[11]

---

[11] *See Doppes v. Bentley Motors, Inc.*, 174 Cal. App. 4th 967, 1002 (2009) ("The trial court erred in two respects. First, there is no rule prohibiting a party from bringing a second motion to recover attorney fees incurred since an initial motion was filed. While it might have been more desirable for Doppes to have submitted an

1

2   Dated: September 1, 2023

3

Respectfully submitted.
STRATEGIC LEGAL PRACTICES, APC
Attorney for Plaintiffs

4

5

By:   */s/ Breita Linnell*
_____
Breita Linnell

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

additional declaration before the hearing on the initial motion for attorney fees, a second motion including other post judgment attorney fees was permissible.")