1   Payam Shahian (SBN 228406)
    E-mail: pshahian@slpattorney.com
2   Breita Linnell (SBN 330758)
    E-mail: blinnell@slpattorney.com
3   **STRATEGIC LEGAL PRACTICES, APC**
    1888 Century Park East, Floor 19
4   Los Angeles, CA 90067
    Telephone:  (310) 929-4900
5   Facsimile:   (310) 943-3838

6   Attorneys for Plaintiff,
    SANDRA CERVANTES
7

8               **UNITED STATES DISTRICT COURT**

9              **CENTRAL DISTRICT OF CALIFORNIA**

10

11  SANDRA CERVANTES,                    Case No. 2:21-cv-05700-MCS-RAO

12          Plaintiff,                    Hon. Mark C. Scarsi

13      vs.                              **DECLARATION OF PAYAM
                                         SHAHIAN IN SUPPORT OF
14                                       PLAINTIFF'S MOTION FOR
    JAGUAR LAND ROVER NORTH             **ATTORNEYS' FEES, COSTS AND
15  AMERICA, LLC; and DOES 1 through    EXPENSES**
    10, inclusive,
16                                       Date: November 13, 2023
                                          Time: 9:00 a.m.
17

18          Defendants.

19

20

21

22

23

24

25

26

27

28

## DECLARATION OF PAYAM SHAHIAN

I, Payam Shahian, declare as follows:

1.      I am an attorney admitted to the Bar of the State of California. I am the Managing Partner of Strategic Legal Practices, APC ("Strategic" or "SLP"), counsel of record for SANDRA CERVANTES ("Plaintiff") in the above-entitled action. My knowledge of the information and events described herein derives from a combination of my personal knowledge and a careful review of relevant court records and communications with other attorneys, and if called as a witness, I could and would competently testify thereto.

2.      I submit this declaration in support of Plaintiff's Motion for Attorneys' Fees, Costs, and Expenses.

### *Experience of Attorneys Involved in this Matter*

3.      I received my law degree in 2003 from the University of California, Hastings School of Law. From 2004 to 2007, I worked at Bowman & Brooke LLP, a national defense firm, where I represented Ford Motor Company in consumer warranty cases. From 2007 to 2010, I worked at a large Plaintiff's class action firm, where I handled complex consumer and employment cases. In 2010, I founded Strategic Legal Practices, APC ("SLP"), with a primary focus in consumer warranty and fraud cases, including class actions. ell

4.      I have extensive experience with claims brought under the Song-Beverly Consumer Warranty Act ("Song-Beverly") and other consumer protection statutes, both as a plaintiff and defense attorney, and I have litigated hundreds of automotive defect cases involving California's consumer protection statutes, including Song-Beverly. *See, e.g., Ehrlich v. BMW of N. America*, 801 F. Supp. 2d 908 (C.D. Cal. 2010); *Keegan v. Am. Honda Motor Co., Inc.,* 838 F. Supp. 2d 929 (C.D. Cal. Jan. 6, 2012); *Cholakyan v. Mercedes-Benz USA, LLC*, 796 F. Supp. 2d 1220 (C.D. Cal. 2011).

5.     I also have experience representing consumers in appellate matters. *See Khani v. Ford Motor Company*, 215 Cal. App. 4th 916 (2013) (reversing trial court's disqualification of Mr. Shahian and Strategic as chosen counsel for plaintiff in a Song-Beverly matter); *Aberdeen v. Toyota Motor Sales, U.S.A., Inc.*, 2011 WL 939250 (9th Cir. 2011) (affirming in part and reversing in part district court's denial of class certification where Plaintiff alleged Toyota failed to disclose the real-world fuel economy of the Prius); *Price v. Automobile Club of Southern California*, 2010 WL 2028529 (L.A. Super. Ct. 2010) (ruling that lower court erred in sustaining defendant's demurrer without leave to amend because plaintiff was class member in another related uncertified case.).

6.     I have successfully negotiated settlements totaling millions of dollars on behalf of consumers nationwide. *See, e.g., Meyer v. Bebe Stores, Inc.*, Case No. 14-00267, Dkt. No. 164 (N.D. Cal. Dec. 6, 2017) (as Co-Lead Class Counsel, achieved nationwide settlement on behalf of consumers who received text messages from Bebe Stores, Inc.); *Gray v. BMW of North America, LLC*, Case No. 13-3417, Dkt. No. 86 (D.N.J. Aug. 24, 2017) (as Co-Lead Class Counsel, achieved nationwide settlement on behalf of consumers of certain BMW vehicles for alleged convertible top defect); *Haghayeghi v. Guess?, Inc.*, Case No. 14-cv-00020, Dkt. No. 100 (S.D. Cal. Apr. 25, 2017) (as Co-Lead Class Counsel, achieved nationwdide settlement on behalf of consumers who received text messages from Guess?, Inc.); *Zakskorn v. American Honda Motor Co., Inc.*, Case No. 11-02610, Dkt. No. 86 (E.D. Cal. June 9, 2015) (as Co-Lead Class Counsel, achieved nationwide settlement on behalf of consumers of certain Honda Civic vehicles for alleged brake pad defect); *Asghari v. Volkswagen Group of America*, Case No. 13-02529, Dkt. No. 185 (C.D. Cal. May 29, 2015) (as Co-Lead Class Counsel, achieved nationwide settlement on behalf of consumers of certain Audi and Volkswagen vehicles for alleged oil consumption defect); *Aarons v. BMW of North America, LLC*, Case No. 11-7667, Dkt. No. 152 (C.D. Cal. April 29, 2014) (as class counsel,

achieved nationwide settlement on behalf of consumer of certain MINI vehicles for alleged transmission defect); *Keegan v. American Honda Motor Co, Inc.*, Case No. 10-09508, Dkt. No. 171 (C.D. Cal. Jan. 21, 2014) (as class-counsel, achieved a nationwide settlement on behalf of consumers of certain Honda Civics for alleged rear suspension defect); *Kennedy-Lebar v. Volkswagen Group of America, Inc.*, Case No. 10-05126, Dkt. No. 100 (D.N.J. 2013) (as class counsel, achieved a nationwide settlement on behalf of consumers of certain Audi vehicles for alleged headlight defect); *Sadowska v. Volkswagen Group of America, Inc.,* Case No. 11-00665, Dkt. No. 127 (C.D. Cal. 2013) (as class counsel, achieved a nationwide settlement on behalf of approximately 64,000 consumers of certain Audi vehicles for alleged transmission defect); *In re Mini Windshield Actions (Ehrlich v. BMW),* Case No. 10-01151, Dkt. No. 94 (C.D. Cal. 2012) (as class counsel, achieved a nationwide class action settlement on behalf of consumers of MINI Coopers for alleged windshield defects); *Marsikian v. Mercedes-Benz USA, LLC*, Case No. 08-04876, Dkt. No. 125 (C.D. Cal. 2010) (nationwide class action settlement involving over 100,000 vehicles with an alleged water leak defect); *Haghayeghi v. Guess?, Inc.*, Case No. 14-00020, Dkt. No. 100 (S.D. Cal. Apr. 25, 2017) (nationwide class action settlement on behalf of persons who received text messages from Guess).

7.    The following is a summary of cases in which my hourly rates have been approved. *See e.g., Majdipour v. Jaguar Land Rover North America, LLC,* Case No. 2:12-cv-07849-WHW-CLW (D.N.J December 2019) (approving my requested rate of $710/hr); *Rahman v. FCA US LLC*, 594 F. Supp. 3d 1199 (C.D. Cal. 2022) (approving my requested rate of $695/hr); *Henrik Zargarian v. BMW of N. Am., LLC*, 442 F. Supp. 3d 1216, 1226 (C.D. Cal. Mar. 3, 2020) in which the Court approved my rate of $650/hr; *Falco et al v. Nissan North America, Inc.,* Case No. 2:13-cv-00686-DDP-Manx, Dkt. No 325 (C.D. Cal. June 1, 2018) (approving my requested hourly rate of $670); *Meyer v. Bebe Stores, Inc.*, Case No. 14-00267, Dkt. No. 165 (N.D. Cal. December 6, 2017) (approving my requested hourly rate of

$650); *Gray v. BMW of North America, LLC*, Case No. 13-3417, Dkt. Nos. 85-87 (D.N.J. Aug. 24, 2017) (approving my requested hourly rate of $650); *Haghayeghi v. Guess?, Inc.*, Case No. 14-cv-00020, Dkt. No. 100 (S.D. Cal. Apr. 25, 2017) (in 2017, approving my hourly rate of $650 in a Telephone Consumer Protection Act class action); *Zakskorn v. American Honda Motor Co., Inc.*, 2015 WL 3622990 (E.D. Cal June 9, 2015) (approving my requested hourly rate of $595); *Asghari, et al. v. Volkswagen Group of America, Inc., et al.*, Case No. 13-CV-02529, Dkt. No. 185 (C.D. Cal. May 29, 2015) (same); *Aarons et al. v. BMW of North America, LLC*, Case No. 11-cv-07667, Dkt. No. 152 (C.D. Cal. April 29, 2014) (in 2014, approving my hourly rate of $590 in consumer warranty matter involving BMW breach of warranty and its failure to disclose material defects to consumers); *Keegan et al. v. American Honda Motor Co., Inc.*, Case No. 10-cv-09508-MMM-AJW, Dkt. No. 171 (C.D. Cal. Jan. 1, 2014) (approving my hourly rate of $570 as the managing partner of Strategic); *Kennedy-Lebar et al. v. Volkswagen Group of America, Inc.*, Case No. 10-05126-KM-MF, Dkt. No. 100 (D.N.J. 2013) (same); *Sadowska et al. v. Volkswagen Group of America, Inc.*, Case No. 11-00665-BROAGR, Dkt. No. 127 (C.D. Cal. 2013) (same); *In Re Mini Windshield Actions*, Case No. 2:10-cv-01151-ABC (PJWx) (C.D. Cal. October 1, 2012) (approving my hourly rate of $550 as the managing partner of SLP); *Gong-Chun v. Aetna, Inc.*, Case No. 09-CV-01995-AWI-SKO (E.D. Cal. July 11, 2011) (approving my hourly rate as an associate at a prior law firm in the amount of $520); *Marsikian v. Mercedes-Benz USA, LLC*, Case No. 08-CV-04876-AHM-FMO (C.D. Cal. May 17, 2010) (approving my hourly rate of $445 in 2010).

8.    On February 27, 2014 Court Order adopting its tentative and granting plaintiff over 98% of the requested lodestar of time actually incurred (as well as a 1.5 multiplier enhancement on that lodestar) on plaintiff's motion for fees and costs in the lemon law matter of *Khani v; Ford Motor Company* (L.A. Super. Ct. February 27, 2014).

9.      On May 9, 2017 Stipulation and signed Order regarding judgment of jury verdict with a 2 times civil penalty and attorney fees, costs, and expenses in the matter of *Vanwaus v. FCA US, LLC* (Los Angeles Super. Ct., Case No. BC591282). Plaintiff filed a motion seeking attorney fees, costs and expenses of approximately $203,000.00. Instead of continuing to litigate, the parties came to an agreement where FCA agreed to pay $200,000.00 in attorney fees, costs, and expenses or roughly 99% of what plaintiff originally sought in his motion.

10.      On September 27, 2017 Minute Order concerning the Court's Fee Order in the matter of *Fuller v. FCA US, LLC* (Los Angeles Super. Ct., Case No. BC556964). As reflected in the fee order, the Court awarded plaintiff 100% of the requested lodestar of time actually incurred (as well as a 1.5 multiplier enhancement on that lodestar).

11.      On February 27, 2017 Tentative ruling in the matter of *Kazaryan v. Mercedes-Benz USA, LLC* (Los Angeles Super. Ct., Case No. BC574416) granting 100% of the requested lodestar for Strategic Legal Practices, APC in plaintiff's motion for attorneys' fees, costs, and expenses.

12.      On April 3, 2018, the Court in *Geredes v. Chrysler Group LLC* (Los Angeles Super. Ct., Case No. BC523641) granting 100% of the requested lodestar for Strategic Legal Practices, APC in plaintiff's motion for attorneys' fees, costs, and expenses.

13.      On May 25, 2018, the Court in *Ahmed Al-Jiboury v. FCA* (Los Angeles Superior Court Case No BC648057) in which the Court awarded Plaintiff 100% of the requested lodestar.

14.      On July 27, 2018, the Court in *Kadkhoda v. MBUSA* (Los Angeles Superior Court Case No BC563069) in which the Court awarded $278,057.00 in fees, costs and expenses.

15.    On April 12, 2019, on the matter *Raul Galindo v. General Motors* (LASC Case No BC693061) in which the Court approved all of Plaintiff's requested rates (from $350/hr to $595/hr) and granted 100% of the requested lodestar.

16.    Attached as **Exhibit 1** is a true and correct copy of the Order on attorney's fees and prejudgment interest in the lemon law matter of *Abraham Forouzan v. BMW* (United States District Court for the Central District of California Case No. 2:17-cv-03875-DMG-GJS), 2019 WL 856395, in which the Court approved Plaintiff's rates ranging from $350/hr-$595/hr. In addition, the Court stated "[T]he Court has reviewed the hours billed with care and has determined that most of the hours billed by the 12 different attorneys *have not been duplicative[1]*." (emphasis added).

17.    Attached as **Exhibit 2** is a true and correct copy of the Order on attorney's fees, costs and expenses in the lemon law matter of *Joshua Holeman v. FCA* (United States District Court for the Central District of California Case No. 2:17-cv-08273-SVW-SK) in which the Court approved Plaintiff's rates and granted 100% of Plaintiff's requested lodestar.

18.    Attached as **Exhibit 3** is a true and correct copy of the Order on attorney's fees, costs and expenses in the lemon law matter of *Catherine Shepard v. BMW* (Los Angeles Superior Court Case No. BC622506) in which the Court approved Plaintiff's rates and granted 100% of Plaintiff's requested lodestar. On page 4 of this opinion, the Court notes "*Based on its review of the evidence presented (including the work and time entries on the attorney's bills), the court finds that the billing entries in Shepard's attorneys' bills do not evidence inefficient or unreasonable billing, duplication of effort, padding of time entries, over-conferencing or multiple attendance by attorneys at the same court functions, as a result of the staffing and division of labor amongst Shepard's attorneys on this case*."

---

[1] See *Forouzan v. BMW of N. Am.*, LLC, No. CV173875DMGGJSX, 2019 WL 856395, at *6 (C.D. Cal. Jan. 11, 2019)

19.    Attached as **Exhibit 4** is a true and correct copy of the Order on attorney's fees and prejudgment interest in the lemon law matter of *Jerry Zomorodian v. BMW* (United States District Court for the Central District of California Case No. 2:17-cv-5061-DMG), 2019 WL 6534513, in which the Court approved Plaintiff's requested attorney rates ranging from $325/hour to $695/hour. On page 10 of the opinion, the Court also notes "*While the use of 13 attorneys in this case certainly suggests overstaffing, the Court has reviewed the hours billed with care and has determined that most of the hours billed by the 13 different attorneys have not been duplicative.*"

20.    Attached as **Exhibit 5** is a true and correct copy of the Order on attorney's fees, and prejudgment interest in the lemon law matter of *Henrik Zargarian v. BMW of N. Am., LLC*, 442 F.Supp.3d 1216, 1227 (C.D. Cal. Mar. 3, 2020) in which the Court approved Plaintiff's rates ranging from $335/hr-$600/hr and approved 100% of Plaintiff's requested lodestar. On pages 1228-1229 of the opinion, the Court also notes "*Defendant contends that Plaintiff billed for 'duplicative,' 'excessive,' and 'unrelated' work, and further, 'unnecessarily [ran] up fees when it [was] not warranted to do so' by hiring three different law firms to work on this matter....Here, the Court does not take issue with Plaintiff's counsel's staffing decisions; from the billing records, it is clear that there was a strict division of labor between the firms, and the Court finds no evidence of duplicative work between the firms.*"

21.    On September 16, 2016 order granting plaintiff's Motion for Attorney's Fees, Costs & Expenses in the lemon law matter of *Soderstrom v. Mercedes-Benz USA, LLC* (San Francisco Super. Ct., Civil Case No. CGC15544475). Therein, the Hon. Richard B. Ulmer granted 100% of the requested fees, costs, and expenses and found "[c]ounsel's rates are reasonable for the San Francisco legal market."

22.     On February 14, 2019, order in *Khomsone v BMW of North America, LLC* (Alameda Super. Ct., Civil Case No. RG17856686) awarding SLP's attorney's rates from $335/hour to $595/hour with a 10% reduction to comport with the lower prevailing rate in Alameda County.

23.     On July 28, 2020, order in the matter of *Flores v. FCA US, LLC* (Sacramento Super. Ct., Case No. 34-2016-00192221-CU-BC-GDS) finding SLP's rates from $325/hr to $460/hr reasonable for the type of case, in the community for attorneys of similar skill and experience, and awarding Plaintiff counsel 100% of the requested lodestar.

24.     On August 25, 2020, order in the matter of *Jurosky v BMW of North America, LLC*, (United States District Court for the Southern District of California Case No. 19cv706 JM (BGS)) in which the court approved the rates of SLP's attorneys, from $350/hour to $550/hour and awarded 100% of the requested lodestar.

25.     On December 18, 2020 Order granting plaintiff's Motion for Attorney's Fees, Costs & Expenses in the lemon law matter of *Gonzalez v. MBUSA,* (Los Angeles Co. Super. Ct. Civil Case No. SC128379). As reflected, plaintiff's counsel was granted 100% the requested lodestar fees.

26.     Attached hereto as **Exhibit 6** is a true and correct conformed copy of an April 29, 2021 Minute Order granting plaintiff's Motion for Attorney's Fees, Costs & Expenses in the lemon law matter of *Jose Medina v. KMA* (Los Angeles Co. Super. Ct., Civil Case No. 19STCV02985).  As reflected, plaintiff's counsel sought rates between $335/hr to $595/hr. Such lemon law rates were approved by the Court.

27.     Attached hereto as **Exhibit 7** is a true and correct conformed copy of a May 12, 2021 Order granting plaintiff's Motion for Attorney's Fees, Costs & Expenses in the lemon law matter of *Michelle Williams v. KMA* (Los Angeles Co. Super. Ct., Civil Case No. BC722351).  As reflected, plaintiff's counsel sought rates

between $335/hr to $595/hr. Such lemon law rates were approved by the Court in granting 100% the requested lodestar fees.

28.    On July 23, 2021 Order granting plaintiff's Motion for Attorney's Fees, Costs & Expenses in the lemon law matter of *Scott Michael Feldman Gregory v. FCA US LLC*, (County of Marin Case No. CIV1901820). As reflected, plaintiff's counsel sought rates between $365/hr to $550/hr. Such lemon law rates were approved by the Court and granted over 95% the requested lodestar fees.

29.    On August 10, 2021 Order granting plaintiff's Motion for Attorney's Fees, Costs & Expenses in the lemon law matter of *Covarrubias v. Ford Motor Company, (N.D. Cal. Case No. 19-cv-01832-FMC*). As reflected, plaintiff's counsel sought rates between $385/hr to $550/hr. Such lemon law rates were approved by the Court and granted 100% the requested lodestar fees.

30.    On June 25, 2018 order granting plaintiff's Motion for Attorney's Fees, Costs & Expenses in the lemon law matter of *Hall vs. FCA US LLC,* (San Diego Superior Court Case No. 37-2016-00006383). Therein, the Hon. Judge Richard S. Whitney granted 100% of the requested fees, costs, and expenses and found "[that the hourly rates are consistent with the rates charged in the San Diego community based on this Court's familiarity with this issue."

31.    Attached hereto as **Exhibit 8** is a true and correct copy of a March 14, 2022 order granting plaintiff's Motion for Attorney's Fees, Costs & Expenses in the lemon law matter of *Oscar Millan vs Kia Motors America, Inc.,* (Los Angeles Superior Court Case No. BC710535). Therein, the Hon. Stephen I. Goorvitch granted a multiplier of 1.2 resulting in Plaintiff recovering their full lodestar due to the Court's finding that "[t]he case presented difficulties for Plaintiff's counsel, given the "battle" that Defendant wages, and Plaintiff achieved an extraordinary result. Therefore, the Court awards a multiplier of 1.2, which is an additional 20% in attorney's fees."

32.     Attached hereto as **Exhibit 9** is a true and correct copy of a March 14, 2022 order granting plaintiff's Motion for Attorney's Fees, Costs & Expenses in the lemon law matter of *Jason J. Arnold, et al.. vs FCA US, LLC. Et al.* (Los Angeles Superior Court Case No. 19STCV26274). Therein, the Hon. Mel Red Recana granted Plaintiffs' counsel a 1.2 multiplier.

33.     Attached hereto as **Exhibit 10** is a true and correct copy of a March 29, 2022 Minute Order granting Plaintiff's Motion for Attorneys' Fees, Costs, and Expenses in the lemon law matter of *Mo Rahman v. FCA US LLC, et al.*, 594 F. Supp. 3d 1199 (C.D. Cal. 2022). As reflected, Plaintiff's counsel sought rates between $285/hr to $695/hr. Such lemon law rates were approved by the Court and granted 90% of the requested lodestar fees.

34.     Attached hereto as **Exhibit 11** is a true and correct copy of a June 13, 2022 Minute Order granting Plaintiff's Motion for Attorneys' Fees, Costs, and Expenses in the lemon law matter of *Klingenberg v. KMA* (Los Angeles Co. Super. Ct., Civil Case No. BC709888). As reflected, Plaintiff's counsel sought rates between $325/hr to $595/hr. Such lemon law rates were approved by the Court and granted 100% of the requested lodestar fees.

35.     Attached hereto as **Exhibit 12** is a true and correct copy of an October 3, 2022 Minute Order granting Plaintiff's Motion for Attorneys' Fees, Costs, and Expenses in the lemon law matter of *Galvan v. KMA* (Los Angeles Co. Super. Ct., Civil Case No. BC715568). As reflected, Approving SLP and associated counsel attorney and law clerk rates ranging from $295 to $595 is reasonable because [t"]his conclusion is further corroborated by Plaintiffs evidence of multiple other cases in which similar fee awards" and distinguishing both *Morris* and *Mikhaeilpoor* because a "large number of attorneys is not on its own reason to reduce a fee award, and both [*Morris* and *Mikhaeilpoor*] upheld lodestar reductions based on the 'duplicative' and 'inefficient' billings that resulted from the number of attorneys employed. (*Mikhaeilpoor* supra, 48 Cal.App.5th at p. 255; *Morris*, supra, 4l

Cal.App.5th at p. 40.) Here the number of attorneys employed does not indicate a systemic inefficiency of litigation in this matter; it rather appears from the billing records produced that different attorneys were employed to address different aspects of the case, such as drafting the complaint, preparing discovery, responding to a demurrer, and preparing motions to compel. (Shahian Decl. Exh. 31.) have been approved.") Order at pages 2-3.

36.      Attached hereto as **Exhibit 13** is a true and correct copy of a January 24, 2023 Minute Order granting Plaintiff's Motion for Attorneys' Fees, Costs, and Expenses in the lemon law matter of *Sandra J. Williams et al v. Ford Motor Company* (United States District Court for the Central District of California Case No.: 5:21-cv-01346-SPG-SHK).    In opposition, Defendant cites several cases where lower rates were awarded and argues that Plaintiffs' counsel's rates are unjustifiably high and should be reduced. See (Opp. at 13-15). However, none of those cases involved Strategic Legal Practices. Instead, as Plaintiffs point out, courts in this district routinely find Strategic Legal Practices' hourly rates to be reasonable. See, e.g*., Rahman v. FCA US LLC,* 594 F. Supp. 3d 1199, 1204 (C.D. Cal. 2022); *Petersen v. FCA US, LLC*, No. CV 21-1386 DSF (EX), 2022 WL 2255099, at *5 (C.D. Cal. June 21, 2022); *Zargarian v. BMW of N. Am.*, LLC, 442 F. Supp. 3d 1216, 1227 (C.D. Cal. Mar. 3, 2020*); Zomorodian v. BMW of N. Am.*, LLC, No. CV 17-5061-DMG (PLAx), 2019 WL 6534513, at *5 (C.D. Cal. July 23, 2019). This Court agrees that Plaintiffs have sufficiently established that the requested hourly rates for each attorney involved in this case are reasonable. *See id*. (Finding Mr. Shahian's declaration sufficient to establish the reasonableness of Strategic Legal Practices' attorneys' rates).

37.      On February 4, 2022, the Court in *Miranda v. FCA* (Sacramento Co. Super. Ct., Civil Case No. 34-2020-00276881-CU-BC-GDS) (Feb. 4, 2022) (in which Hon. Richard K. Sueyoshi approved the rates of SLP, ranging from $285 an hour to $550/hour).

38.     On February 3, 2023, order in the matter of *Gregory P. Ricksecker v. Ford Motor Company* (United States District Court for the Northern District of California Case No.: 21-CV-04681-HSG (SK), 2023 WL 1542199, at *2–3 (N.D. Cal. Feb. 3, 2023).  Defendant makes several arguments in support of its contention that Counsel's compensated hours should be significantly reduced including arguing that Counsel should not be compensated for work that was not actually performed. Counsel sought $3,500 for work it anticipated performing on the reply in support of this motion. However, Counsel actually spent a combined 10 hours for a total of $3,830 on its reply, which is less than the $3,500 Plaintiff requests. (Dkt. No. 50-1, ¶¶ 4, 6, 7.) Second, Defendant argued that Plaintiff's motion for fees and costs was a "cookie-cutter template" and that Counsel's fees should be reduced. The Court found that while Counsel may have used some of the language and legal citations from a prior motion, Plaintiff's current motion is not a replica of Counsel's prior motion in a different case filed in a different District. (Compare Dkt. Nos. 41, 42, 43, and 44 with Dkt. No. 48-3.) and that time spent was not excessive amount of time to prepare a motion for fees and its supporting documents. Third, Defendant argued that the Court should reduce Counsel's time entries for inefficient, unnecessary or redundant billing but *failed to provide any examples of redundant billing*. Instead, Defendant made the same invalid argument that Counsel's "boilerplate" work should be reduced. The Court found that that the time spent hours related to Plaintiff's complaint, opposing the motion to compel arbitration, and Plaintiff's motion to remand were not excessive. Fourth, Defendant also argues that Counsel overstaffed this case based on the number of attorneys who billed time but *fails to point to any duplicative work*. Fifth, Defendant argued that the Court should deduct time for block billing, without identifying which entries purportedly contained blocks of unspecified tasks. Upon review of Plaintiff's documentation, the Court finds that Counsel did not inappropriately engage in block billing. (Dkt. No. 52, Corrected Ex. 31.) In addition, with the exception of the $900 billed for

drafting discovery requests, the Court had reviewed the billing documentation and, combined with all the factors above, found that the hours expended by Counsel were well-documented and reasonable. The Court awarded nearly 100% of Plaintiff's lodestar.

39.     On July 19, 2021 Minute Order granting Plaintiff's Motion for Attorneys' Fees, Costs, and Expenses in the lemon law matter of *Hoyt v. FCA, US LLC* (Orange Co. Super. Ct., Civil Case No. 30-2019-01066585-CU-BC-CJC). As reflected, the Court awarded SLP's rates ranging between $350/hr to $595/hr.

40.     Attached as **Exhibit 14** is a true and correct copy of an April 24, 2023 Minute Order in *Sergio Proa v. Kia Motors America Inc.* (Los Angeles Co. Super. Ct. Civil Case No. BC716646) (April 24, 2023) approving the rates of SLP attorneys ranging from $325 to $610/hour, approving 100% of the requested lodestar and awarding a multiplier of 1.35.

41.     Attached as **Exhibit 15** is a true and correct copy of and July 6, 2023 Minute Order in *Francsico Rodriguez and Norma Rodriquez v. Hyundai Motors America.* (Los Angeles Co. Super. Ct. Civil Case No. 21STCV01655) (July 6, 2023) approving the rates of SLP attorneys ranging from $250 to $610/hour, approving 100% of the requested lodestar and awarding a multiplier of 1.35.

### ***Experience of Other Attorneys at Strategic Legal Practices, APC***

42.     As one of the firm's most senior attorneys, I supervise other attorneys at the firm and do not get materially involved in the day-to-day handling of individual Lemon Law cases unless they involve complex legal issues, reach significant stages of litigation, or require my assistance per the request of attorneys handling the matter. In addition, as the founder and supervisor of this firm, I am familiar with the experience and background of each attorney who has worked on this case at Strategic Legal Practices. Moreover, based on my own experience and review of relevant court orders in the Los Angeles area, I believe the following rates for each attorney who billed time to this matter is reasonable and are the prevailing rates in the community.

43.    Mani Arabi graduated from the University of California at Santa Cruz in 2009 with a bachelor's degree in Astrophysics. After earning his bachelor's degree, Mr. Arabi worked as an engineer in the fields of electrical, mechanical, and computer engineering. Mr. Arabi earned his J.D. at Whittier Law School in 2012 and was admitted to the California State Bar in 2012, and the New York Bar in 2014. Mr. Arabi has been an actively registered patent attorney with the USPTO since 2017. Prior to working at SLP, Mr. Arabi's practice included litigation, and patent prosecution, including automotive patents. While at SLP, Mr. Arabi has focused on lemon law litigation.

44.    Mr. Arabi's requested 2023 rate of $495/hour in this case is reasonable and consistent with other attorneys at SLP who have had their rates approved by other courts in California. *See Sandra J. Williams et al v. Ford Motor Company* (United States District Court for the Central District of California Case No.: 5:21-cv-01346-SPG-SHK) (approving Ms. Linnell's 2022 hourly rate of $495 [Mr. Arabi has similar experience to Ms. Linnell]); *Proa v. KMA* (Los Angeles Super. Ct., Case No. BC716646) (April 24, 2023) (Approving Mr. Arabi's 2022 hourly rate of $450); *Vasquez v. Kia* (Los Angeles Co. Super. Ct., Civil Case No. 20STCV25091) (approving Mr. Arabi's 2022 hourly rate of $450); *Ruiz, et al. v. Kia* (Los Angeles Super. Ct., Case No. BC710527) (approving Mr. Arabi's 2022 hourly rate of $450); *Scherer et al. v. FCA US LLC*, Civ. Case No. 20-cv-02009-AJB-BLM (S.D. Cal. Oct. 22, 2022) DKT # 129 (approving Mr. Arabi's 2022 hourly rate of $450).

45.    Christopher Campbell is an attorney at SLP who was admitted to the California State Bar in 2015. A former small business owner, Mr. Campbell gained a practical, hands-on perspective of civil trial practice in the in-house legal department of an electricity supply company with over 13,000 employees. Mr. Campbell leveraged that experience and training at two AmLaw100 law firms to become a formidable trial-focused attorney and Partner at the 15th largest law firm in the

1   United States in the evolving practice areas of civil rights and fraud litigation,

2   workplace violence prevention and response, and wage and hour defense. Mr.

3   Campbell now uses his extensive litigation and trial experience to serve his

4   community as a consumer rights advocate and Trial Counsel at SLP.

5        46.    Mr. Campbell's 2023 hourly rate of $495 in this case is reasonable and

6   consistent with approved rates for first year attorneys in the Los Angeles area. *See*

7   *Sandra J. Williams et al v. Ford Motor Company* (United States District Court for

8   the Central District of California Case No.: 5:21-cv-01346-SPG-SHK) (approving

9   Ms. Linnell's 2022 hourly rate of $495 [Mr. Campbell has similar experience to Ms.

10  Linnell]); *See Mo Rahman v. FCA US LLC*, F. Supp.3d, 2022 WL 1013433 (March

11  29, 2022) (approving Mr. Butala's 2021 rate of $460/hr [Mr. Campbell has similar

12  experience to Mr. Butala]); *Ruiz, et al. v. Kia* (Los Angeles Super. Ct., Case No.

13  BC710527) (approving Ms. Haw's 2022 hourly rate of $490 [Ms. Haw was

14  admitted to the State Bar in 2013, Mr. Campbell in 2015]).

15       47.    Eve Canton is a Law Clerk at Strategic Legal Practices and a 3L at

16  Southwestern Law School. Eve Canton gained trial experience while clerking at the

17  Los Angeles County Public Defender's Office. Eve Canton is part of SLP's trial team

18  where she drafts motions, creates deposition summaries, organizes evidentiary

19  exhibits and assists with all trial preparation.

20       48.    Ms. Canton's requested 2023 rate of $295 in this case isreasonable and

21  consistent with approved rates for law clerks in the local area. *See Williams v. Ford*

22  *Motor Co.*, No. 521CV01346SPGSHK, 2023 WL 405346, at *3 (C.D. Cal. Jan. 24,

23  2023**)** (approving Ms. Canton's 2022 hourly rate of $295); *Vasquez v. Kia* (Los

24  Angeles Co. Super. Ct., Civil Case No. 20STCV25091) (approving Ms. Canton's rate

25  of $295/hr); *Galvan v. KMA* (Los Angeles Co. Super. Ct., Civil Case No. BC715568)

26  (October 3, 2022, Minute Order) (approving Ms. Canton's 2022 hourly rate of $295).

27       49.    Tionna Dolin graduated from the University of California, Los

28  Angeles with a bachelor's degree in Psychology and received her Juris Doctor from

Loyola Law School in 2014. While attending law school, Ms. Dolin gained courtroom experience working as a Certified Law Clerk for the Los Angeles County District Attorney's Office. And after being admitted to the California State Bar in 2014, Ms. Dolin has gained widespread experience in private practice (representing her various clients' interests in civil court, criminal court, probate court, and family court) before joining SLP and focusing her practice on consumer protection matters in individual and class action matters. After me, Ms. Dolin is the first named Partner at SLP, after practicing at the firm for 7 years. She manages a team of attorneys to oversee many of our Lemon Law cases. She has been to trial on many Lemon Law cases and has successfully argued dozens of summary judgment motion and has been involved with trial. She also handled class action cases for our firm.

50.    Ms. Dolin's requested 2023 partner-rate of $570/hour in this case is reasonable and consistent with other attorneys at SLP who have had their rates approved by other courts in California. *See Sandra J. Williams et al v. Ford Motor Company* (United States District Court for the Central District of California Case No.: 5:21-cv-01346-SPG-SHK) (approving Ms. Dolin's 2022 hourly rate of $550); *Galvan v. KMA* (Los Angeles Co. Super. Ct., Civil Case No. BC715568) (approving Ms. Dolin's 2018 rate of $375/hour, 2019 requested rate of $395/hour, and 2022 partner rate of $550/hour); *Sergio Proa v. Kia Motors America Inc.* (Los Angeles Co. Super. Ct. Civil Case No. BC716646) (April 24, 2023) (approving Ms. Dolin's 2022 hourly partner rate of $550); *Vasquez v. Kia* (Los Angeles Co. Super. Ct., Civil Case No. 20STCV25091) (approving Ms. Dolin's 2020 hourly rate and 2022 hourly partner rate of $425 and $550, respectively); *Rahman v. FCA US LLC*, 594 F. Supp. 3d 1199 (C.D. Cal. 2022) (approving Ms. Dolin's 2020 rate of $425/hour, 2021 rate if $450/hour, and 2022 rate of $490/hour [before Ms. Dolin became an SLP Partner]); *Quintero v. FCA* (Riverside Co. Super. Ct., Civil Case No. RIC2002334) (June 20, 2023) (approving Ms. Dolin's 2023 hourly partner rate of $570).

51.    Mark Gibson graduated from the University of the Pacific, McGeorge Law School in 2008. He was admitted to the California State Bar in 2008. Prior to joining SLP, Mark focused his career in civil litigation, gaining valuable experience on behalf of both plaintiffs and defendants in construction defect litigation, family law, community association law, personal injury, foreclosure defense, and insurance defense. As a former attorney at SLP, Mr. Gibson would focus on lemon law litigation.

52.    Mr. Gibson's requested 2022 rate of $495/hour in this case is reasonable and consistent with other attorneys at SLP who have had their rates approved by other courts in California. *See Mo Rahman v. FCA US LLC*, F. Supp.3d, 2022 WL 1013433 (March 29, 2022) (approving Mr. Gibson's 2020 rate of $450/hr); *Francisco Rodriguez, et al, v. Hyundai Motor* America (Los Angeles Super. Ct., Case No. 21STCV01655) (July 6, 2023) (approving Mr. Gibson's 2021 hourly rate of $475); *Guzman v. FCA* (Los Angeles Super. Ct., Case No. 20STCV1506) (approving Mr. Gibson's 2020 hourly rate of $450 and 2021 hourly rate of $475); *Covarrubias v Ford*, 2021 WL 3514095 at *4 (N.D. Cal August 10, 2021) (approving Mr. Gibson's 2019 rate of $435/hr); *Vasquez v. Kia* (Los Angeles Co. Super. Ct., Civil Case No. 20STCV25091) (approving Mr. Gibson's 2020 hourly rate of $450).

53.    Ariel Harman-Holmes is a former attorney at SLP. Ms. Holmes was admitted to the California State Bar in 2017.

54.    Ms. Harman- Holmes' requested 2022 rate of $400/hr and 2023 rate of $425/hr in this case are reasonable and consistent with other attorneys at SLP who have had their rates approved by other courts. *See Sandra J. Williams et al v. Ford Motor Company* (United States District Court for the Central District of California Case No.: 5:21-cv-01346-SPG-SHK) (approving Ms. Harman-Holmes's 2022 hourly rate of $400); *Vasquez v. Kia* ((Los Angeles Co. Super. Ct., Civil Case No. 20STCV25091) (approving Ms. Rabieian's 2021 and 2022 hourly rates of $395 and

$410, respectively [Ms. Rabiein and Ms. Harman-Holmes were both admitted to the State Bar in 2017]).

55.    Jared Kaye is an attorney at SLP who passed the California State Bar Exam in 2019. Mr. Kaye received his Juris Doctor from Tulane University School of Law in 2018 with a Sports Law Specialization Certificate. During his time at Tulane, Mr. Kaye was also a managing editor of the Tulane Journal of Technology and Intellectual Property. Before law school, Mr. Kaye graduated from the University of California at Berkeley in 2014 with a bachelor's degree in Media Studies. Mr. Kaye has extensive litigation experience representing both plaintiffs and defendants in employment, civil rights, premises liability, insurance defense, and personal injury matters while working as counsel for various litigation firms in the Southern California area. Mr. Kaye now focuses on consumer protection matters related to the Song-Beverly Consumer Warranty Act.

56.    Mr. Kaye's 2023 hourly request rate of $395 is reasonable and in line with other attorneys at Strategic Legal Practices who have had their rates approved by other courts in California. *See Mo Rahman v. FCA US LLC*, __F. Supp.3d, ___2022 WL 1013433 (March 29, 2022) (approving Ms. Amirian's 2021 rate of $375/hr [Mr. Kaye has more experience than Ms. Amirian who was admitted to the State Bar in 2021]); *Sandra J. Williams et al v. Ford Motor Company* (United States District Court for the Central District of California Case No.: 5:21-cv-01346-SPG-SHK) (approving Ms. Harman-Holmes's 2022 hourly rate of $400 [Mr. Kaye has similar experience to Ms. Harman-Holmes]).

57.    Timothy Kenney is a former attorney at SLP. Mr. Kenney was admitted to the California State Bar in 2017.

58.    Mr. Kenney's requested 2022 rate of $410/hr is reasonable and consistent with other attorneys at SLP who have had their rates approved by other courts in California. *See Sandra J. Williams et al v. Ford Motor Company* (United States District Court for the Central District of California Case No.: 5:21-cv-01346-

SPG-SHK) (approving Ms. Harman-Holmes's 2022 hourly rate of $400 [Mr. Kenney has similar experience to Ms. Harman-Holmes]); *Vasquez v. Kia* (Los Angeles Co. Super. Ct., Civil Case No. 20STCV25091) (approving Mr. Pardo's 2022 hourly rate of $410 [Mr. Pardo and Mr. Kenney were both admitted to the State Bar in 2017]).

59. Breita Linnell attended Emory University, graduating in 2007 with a Bachelor of Arts in Political Science. Following college, Breita attended law school at the University of Virginia School of Law, receiving her J.D. in 2011. Breita was admitted to the Minnesota State Bar in 2011 and to the California State Bar in 2020. Before working at SLP, Breita worked at a large litigation firm, focusing on patent law and products liability law. At SLP, she focuses on lemon law litigation.

60. Ms. Linnell's 2023 hourly rate of $525 is reasonable and consistent with the range of rates approved by other California courts for attorneys with similar levels of experience at SLP. *See Sandra J. Williams et al v. Ford Motor Company* (United States District Court for the Central District of California Case No.: 5:21-cv-01346-SPG-SHK) (approving Ms. Linnell's 2022 hourly rate of $495); *Jeannette Guerrero v Kia Motors America* (Los Angeles Co. Super. Ct., Civil Case No. BC710516) (approving Ms. Linnell's 2023 hourly rate of $525); *Kang v. Volvo* (Los Angeles Co. Super. Ct., Civil Case No. 19STCV37312) (approving Ms. Linnell's 2022 hourly rate of $495).

61. Regina Liou was admitted to the California State Bar in 2007. At SLP, Ms. Liou works on lemon law litigation.

62. Ms. Liou's requested 2023 rate of $475/hr. is reasonable and consistent with other attorneys at SLP who have had their rates approved by other courts. *See Mo Rahman v. FCA US LLC*, __F. Supp.3d, ___2022 WL 1013433 (March 29, 2022) (approving Mr. Clark's 2022 rate of $565/hr. [Ms. Liou has similar experience to Mr. Clark who was also admitted to the State Bar in 2007.]); *Klingenberg v. KMA* (Los Angeles Co. Super. Ct., Civil Case No. BC709888*)* (approving Mr. Clark's 2022 hourly rate of $565) [Ms. Liou has similar experience

to Mr. Clark who was also admitted to the State Bar in 2007]).; *Ruiz, et al. v. Kia* (Los Angeles Super. Ct., Case No. BC710527) (approving Mr. Clark's 2022 rate of $565/hr) [Ms. Liou has similar experience.].

63.    David Lunn is a trial attorney at SLP who earned his B.S. from Arizona State University and his J.D. from the University of Southern California in 1998. Mr. Lunn was admitted to the California State Bar in 1998 and the Arizona State Bar in 2000. Mr. Lunn has gained substantial trial experience in both state and federal courts, including being first chair in numerous jury trials, bench trials and arbitrations. Mr. Lunn also has substantial appellate court experience having argued in the California Court of Appeals, Arizona Supreme Court and Arizona Court of Appeals. Mr. Lunn's practice at SLP focus on lemon law litigation and consumer rights.

64.    Mr. Lunn's requested 2023 rate of $620/hr is reasonable and consistent with approved  rates of attorneys with similar experience in the Los Angeles area. *See Rahman v. FCA US LLC*, 594 F. Supp. 3d 1199, 1204-5 (CA.C.D 2022) (approving Mr. Doddy's 2020 rate of $595/hr [Mr. Doddy was admitted to the California Bar in 2004, while Mr. Lunn was admitted in 1998]); *Arapicio v. KMA* (Los Angeles Co. Super. Ct.,  Case No. 19STCV38049) awarding Mr. Tomas' 2022 rate of $610/hr [Mr. Tomas was admitted to the California State Bar in 2004, while Mr. Lunn was admitted in 1998]; *Galvan v. KMA* (Los Angeles Co. Super. Ct., Civil Case No. BC715568) awarding Mr. Tomas' 2021 rate of $595/hr [Mr. Lunn has more experience than Mr. Tomas];.

65.    Ian McCallister is an attorney at SLP. He graduated from New York University Law School in 1998 and was admitted to the California State Bar the same year. At SLP, Mr. McCallister focuses on lemon law litigation.

66.    Mr. McCallister's 2023 requested hourly rate of $595 is reasonable and in line with other attorneys at Strategic Legal Practices who have had their rates approved by other courts in California. *See Williams v. Ford Motor Co.*, No.

521CV01346SPGSHK, 2023 WL 405346, at *3 (C.D. Cal. Jan. 24, 2023) (Approving Ms. Kuemerle's 2021 hourly rate of $595 [Mr. McCallister has more experience than Ms. Kuemerle, who was admitted to the State Bar in 2003.]); *Mo Rahman v. FCA US LLC*, __F. Supp.3d, ___2022 WL 1013433 (March 29, 2022) (approving Mr. Doddy's 2020 rate of $595/hr [Mr. McCallister has more experience than Mr. Doddy, who was admitted to the State Bar in 2004]).

67.    Nino Sanaia is an attorney at SLP who passed the California State Bar Exam in 2022. Ms. Sanaia received her Georgian Bar License in 2015 and received her LLM at Pepperdine Law School.

68.    Ms. Sanaia's 2022 rate of $385/hr and 2023 rate of $425/hr in this case are reasonable and consistent with approved rates for first year attorneys in the Los Angeles area. *See Sandra J. Williams et al v. Ford Motor Company* (United States District Court for the Central District of California Case No.: 5:21-cv-01346-SPG-SHK) *(* approving Ms. Sania's 2022 hourly rate of $385); *Ricksecker v. Ford Motor Company* (United States District Court for the Northern District of California Case No.: 21-CV-04681-HSG (SK), 2023 WL 1542199, at *2–3 (N.D. Cal. Feb. 3, 2023) (Approving Ms. Sanaia's 2022 rate of $385); *Guzman v. FCA* (Los Angeles Super. Ct., Case No. 20STCV1506) (approving Ms. Sanaia's 2021 rate of $385/hr).

69.    Caitlin Scott, an attorney at SLP, graduated from California Lutheran University with a bachelor's degree in Political Science and received her Juris Doctor from Trinity Law School in 2015 and was admitted to the California State Bar in 2016.

70.    Ms. Scott's requested, 2023 hourly rate of $450 is reasonable and within the range of rates approved by other California courts for attorneys with similar years of experience at SLP. *See Sandra J. Williams et al v. Ford Motor Company* (United States District Court for the Central District of California Case No.: 5:21-cv-01346-SPG-SHK) (approving Mr. Law's 2021 and 2022 hourly rates of $425 and $440, respectively [Ms. Scott has similar experience to Mr. Law who

1    was admitted also admitted to the State Bar in 2016]); *Henrik Zargarian v. BMW*

2    *of N. Am., LLC*, 442 F.Supp.3d 1216, 1226 (C.D. Cal. Mar. 3, 2020) (approving Ms.

3    Scott's 2018 rate of $335/hr and 2019 rate of $365/hr); and *Jurosky v. BMW of N.*

4    *Am., LLC*, 2020 WL 5033584, at \*2 (S.D. Cal. Aug. 25, 2020) (approving Ms.

5    Scott's rate of $365).

6         71.    Rosy Stoliker, is a SLP attorney who obtained her Juris Doctor from

7    McGeorge School of Law in 2019 and was admitted to the California Bar the same

8    year. Ms. Stoliker gained experience in civil litigation at various firms throughout

9    California. While at SLP, Ms. Stoliker focused on lemon law litigation.

10        72.    Ms. Stoliker's 2022 rate of $395/hr is reasonable and consistent with

11   other attorneys at SLP who have had their rates approved by other courts in

12   California. *See Sandra J. Williams et al v. Ford Motor Company* (United States

13   District Court for the Central District of California Case No.: 5:21-cv-01346-SPG-

14   SHK) (approving Ms. Harman-Holmes's 2022 hourly rate of $400 [Ms. Stoliker has

15   similar experience]); *Mo Rahman v. FCA US LLC*, F. Supp.3d, 2022 WL 1013433

16   (March 29, 2022) (approving Mr. Pardo's 2021 rate of $390/hr [Ms. Stoliker has

17   similar experience]); *Vasquez v. Kia* (Los Angeles Co. Super. Ct., Civil Case No.

18   20STCV25091) (approving Mr. Pardo's 2022 hourly rate of $410 [Ms. Stoliker has

19   similar experience]).

20              ***The Number of Attorneys is Not Relevant to a Fee Determination***

21        73.    In ruling on a motion for attorneys' fees, costs and expenses, the court

22   in *Holcomb v. BMW* declined to set a limit of the number of attorneys working on

23   the matter. Specifically, the Court stated:

24   > The court is not in a position … to determine the appropriate number of
     > attorneys assigned to this particular case given that it is not privy to the inner
     > workings of Plaintiffs' counsel's law firm. Also, for better or worse, the use
25   > of a large number of attorneys in Song-Beverly Act cases appears relatively
     > common. *See Ortega v. BMW of N. Am.*, LLC, No. 2:18cv6637 R (SK), 2019
26   > WL 6792798, at \*3 (C.D. Cal. Oct. 24, 2019) (noting that defendant used 15
     > attorneys and that it was "not uncommon" to use a large number of attorneys
27   > in lemon law cases). On their face, the billing records do not show that a
     > significant amount of time was unreasonably spent getting ten attorneys up-
28   > to-speed on this case. *Id.* ("This Court declines to admonish the use of a larger
     > number of attorneys, as it appears there was no duplicative billing[.]"). As

discussed below, this case involved extensive discovery and there is no obvious indication that a fewer number of attorneys would have generated significantly fewer hours. The efficiency gained from specializing in these types of cases may have allowed Plaintiffs' attorneys to familiarize themselves with this case with minimal effort. Finally, Plaintiffs' counsel submitted a declaration, under the penalty of perjury, that all fees were entered contemporaneously, were not adjusted upward, and were not duplicative, redundant, or unnecessary. The court has no compelling reason to doubt the honesty or judgment of Plaintiffs' counsel regarding the number of attorneys necessary to litigate this case.

A true and correct copy of the court's order in *Holcomb v. BMW of N. Am., LLC*, Case No. 18CV475JM(BGS) 2020 WL 759285 (S.D. Cal. Feb. 14, 2020) is attached here as **Exhibit 16.**

## ***Schedule of Fees and Costs***

74.     It is the custom and practice of attorneys at SLP to contemporaneously track their time during litigation and subsequently enter it into the firm's billing software during the normal course of business. I have not submitted any of my time supervising this matter.  Attached hereto as **Exhibit 17** is a true and correct copy of my firm's computerized billing records, which I have reviewed and audited. The last page of this exhibit contains a chart setting forth each biller and their respective rates/hours. In an exercise of billing judgment, I have removed or reduced any entry that I believed may be unnecessary, duplicative, excessive or otherwise.[2]

75.     Per Honorable Mark Scarsi's Standing Order, Attached hereto as **Exhibit 18** is a true and correct copy of a chart with SLP's billing record split by task.

76.     Per Honorable Mark Scarsi's Standing Order, Attached hereto as **Exhibit 19** is a true and correct copy of a chart with SLP's billing record split by Attorney.

77.     Plaintiffs' counsel also expects to incur over $3,500 in attorney fees in connection with reviewing Defendant's Opposition to Plaintiff's Motion for Attorneys' Fees, Costs, and Expenses, preparing the Reply brief, and attending the

---

[2] SLP is also not seeking any fees for time spent by the firm's legal support staff who assisted the attorneys in this case.

hearing on this Motion. Nevertheless, Plaintiffs' counsel is seeking only $3,500 in connection with these anticipated future tasks.

78.    Accordingly, the total amount of SLP's attorneys' fees being requested in this matter on Plaintiff's behalf is as follows:

| | |
|---|---|
| Base (unadjusted) lodestar for SLP: | $ 41,814.00 |
| Multiplier enhancement (1.35 x base lodestar) | $ 14,634.90 |
| Additional anticipated fees for Reply and attendance at hearing | $3,500.00 |
| Costs and Expenses for SLP | $ 5,719.31 |
| **TOTAL:** | **$ 65,668.21** |

79.    As set forth above, Plaintiffs' counsel seeks reimbursement for costs and expenses in the amount of $ 5,719.31.

### *Contingent Fee*

80.    Our firm took Plaintiff's case on a contingent basis. Accordingly, our costs and fees were completely contingent upon a successful resolution of Plaintiff's case. Because this case was undertaken on a contingent fee basis, had we lost, our firm would have lost all expenses incurred and fees generated in this case. SLP also faced the risk of not being paid for its services for years while potentially advancing thousands in costs and expenses to prosecute Plaintiff's claims against JLRNA, a large corporate defendant with a proven record to engage in prolonged lemon law litigation.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

DATED: September 1, 2023

PAYAM SHAHIAN

# EXHIBIT 1

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 17-3875-DMG (GJSx)** | Date | January 11, 2019 |

| | | | |
|---|---|---|---|
| Title | ***Abraham Forouzan v. BMW of North America, LLC, et al.*** | Page | 1 of 14 |

Present: The Honorable   DOLLY M. GEE, UNITED STATES DISTRICT JUDGE

| KANE TIEN | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs | Attorneys Present for Defendants |
|---|---|
| None Present | None Present |

**Proceedings: IN CHAMBERS - ORDER RE PLAINTIFF'S MOTION FOR ATTORNEYS' FEES [134] AND MOTION FOR PREJUDGMENT INTEREST [137]**

This matter is before the Court on Plaintiff's motion for attorneys' fees ("MAF") and motion for prejudgment interest ("Mot."). [Doc. ## 134, 137.] For the reasons set forth below, the Court **GRANTS in part** Plaintiff's motion for attorneys' fees and **DENIES** Plaintiff's motion for prejudgment interest.

## I.
## FACTUAL AND PROCEDURAL BACKGROUND

On March 9, 2017, Plaintiff Abraham Forouzan ("Plaintiff") filed a Complaint alleging five causes of action against Defendant BMW of North America LLC[1] ("Defendant") in connection with a 2015 BMW Z4 (the "Vehicle" or "Car") that he leased in October 2015:  (1) violation of California Civil Code section 1793.2(D), (2) violation of Civil Code section 1793.2(B), (3) violation of California Civil Code section 1793.2(A)(3), (4) breach of express written warranty, and (5) breach of the implied warranty of merchantability.  [Doc. #1-1.]  On April 11, 2017 Defendant extended to Plaintiff a settlement offer pursuant to California Code of Civil Procedure section 998 ("section 998 offer").  Plaintiff did not accept the offer.

The parties tried the case and the jury returned a verdict in favor of Plaintiff in the amount of $25,058.79.  [Doc. # 127 ("Verdict Form").]  Afterwards, Plaintiff filed the instant motions, which are now fully briefed.  [Doc. ## 134, 137, 141, 146, 149, 150.]

---

[1] Plaintiff initially named Sonic Automotive and Michael Sean Rice as defendants as well.  Sonic Automotive was dismissed from this action on May 23, 2017, and Michael Sean Rice was dismissed on August 27, 2018.  For that reason, the Court uses the term "Defendant" to refer only to BMW of North America LLC.

Case 2:22-cv-05750-MCS-RAO   Document 49-2   Filed 09/01/22   Page 28 of 69   Page
ID #:538
Case 2:17-cv-03875-DMG-GJS   Document 139   Filed 01/11/19   Page 2 of 14   Page ID #:3163

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 17-3875-DMG (GJSx)** | | Date | January 11, 2019 |
|---|---|---|---|---|

| Title | ***Abraham Forouzan v. BMW of North America, LLC, et al.*** | | Page | 2 of 14 |
|---|---|---|---|---|

## II.
## REQUEST FOR JUDICIAL NOTICE ("RJN")

Plaintiff requests that the Court take judicial notice of certain documents that are matters of public record. *See* [Doc. #134-9 ("RJN").] Defendant does not oppose Plaintiff's request.

Under Federal Rule of Evidence 201, "a court may take judicial notice of matters of public record," but "a court may not take judicial notice of a fact that is subject to reasonable dispute." *Lee v. City of Los Angeles*, 250 F.3d 668, 688-89 (9th Cir. 2001) (internal quotations and citations omitted). Court filings are also properly subject to judicial notice under Federal Rule of Evidence 201. *See Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006) (courts may take judicial notice of "court filings" as they are "readily verifiable, and therefore, the proper subject of judicial notice"). Furthermore, judicial notice of proceedings in other courts is appropriate "if those proceedings have a direct relation to matters at issue." *U.S. ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992); *see Coalition for Clean Air v. VWR Intern., LLC*, 922 F. Supp. 2d 1089, 1093 n.1 (E.D. Cal. 2013).

Plaintiff requests that the Court take judicial notice of the following: (1) a February 27, 2014 minute order granting the plaintiff's motion for fees and costs in the matter of *Khani v. Ford Motor Company*; (2) an October 3, 2014 order granting the plaintiff's motion for fees and costs in the matter of *Reyes v. Ford Motor Company*; (3) a November 7, 2014 order granting the plaintiff's motion for fees, costs, and expenses in the matter of *Atanuspour v. BMW of North America, LLC*; (4) a conformed copy of a November 12, 2014 notice of Ruling; (5) a May 20, 2016 order granting the plaintiff's motion for fees, costs, and expenses in the matter of *Derakshanian, et al. v. BMW of North America, LLC*; (6) a November 21, 2016 order granting the plaintiff's motion for fees, costs, and expenses in the matter of *Moreno v. BMW of North America, LLC*; (7) a copy of a February 9, 2017 order in the matter of *Violi v. Hyundai Motor America, Inc.*; (8) a March 6, 2017 minute order in the matter of *Abedi-Masihi v. Mercedes-Benz USA, LLC*; (9) the declaration of Payam Shahian filed in support of the plaintiff's fee motion in the *Abedi-Masihi* matter; (10) a May 11, 2017 order in the matter of *Bustamante v. FCA US, LLC*; (11) a May 9, 2017 stipulation and signed order regarding judgment of jury verdict with a two times civil penalty and attorney fees, costs, and expenses in the matter of *Vanwaus v. FCA US, LLC*; (12) a September 27, 2017 minute order in the matter of *Fuller v. FCA US, LLC*; (13) an October 26, 2017 minute order in the matter of *Gutierrez v. FCA US, LLC*; (14) a November 28, 2017 minute order in the matter of *Seesholtz v. FCA US, LLC*; (15) a February 2, 2018 order in the matter of *Villasenor v. FCA US, LLC*; (16) a February 27, 2018 notice of ruling and tentative ruling in the matter of *Kazaryan v. Mercedes-Benz USA, LLC*; (17) a notice of ruling in

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 17-3875-DMG (GJSx)** | Date | January 11, 2019 |
|---|---|---|---|

| Title | ***Abraham Forouzan v. BMW of North America, LLC, et al.*** | Page | 3 of 14 |

*Geredes v. Chrysler Group LLC*; (18) a notice of ruling in *Ahmed Al-Jiboury v. FCA*; (19) a notice of order in *Howard v. FCA*; (20) a notice of order in *Hall v. FCA*; (21) an order in *Ruiz v. BMW*; and (22) a second amended judgment on jury verdict after entry of Additur in *Kadkhoda v. MBUSA*.

These documents, with the exception of number nine, are all matters of public record, none of which are subject to reasonable dispute, and are therefore the proper subject of judicial notice. The Court declines to take judicial notice of the declaration of Payam Shahian filed in support of the plaintiff's fee motion in the *Abedi-Masihi* matter (number nine) because a declaration is "subject to reasonable dispute." *See Lee v. City of Los Angeles*, 250 F.3d 668, 688-89 (9th Cir. 2001). Thus, the Court **GRANTS** Plaintiffs' Request for Judicial Notice with respect to all of the above-enumerated documents, but **DENIES** it as to number nine.

### III.
### LEGAL STANDARDS

#### A. Motion for Attorneys' Fees

Under California Civil Code section 1794(d), the "prevailing party" in a suit may be entitled to "recover as part of the judgment a sum equal to the aggregate amount of costs and expenses, including attorneys' fees." Cal. Civ. Code. 1794(d). The Ninth Circuit utilizes the lodestar method for calculating reasonable attorneys' fees, "multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate." *Welch v. Metro Life Ins. Co.*, 480 F. 3d 942, 945 (9th Cir. 2007). The burden is on the party seeking fees to establish their reasonableness. *Id.* at 945-46 (citing *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983)).

In determining "a reasonable hourly rate, the district court should consider: '[the] experience, reputation, and ability of the attorney; the outcome of the results of the proceedings; the customary fees; and the novelty or the difficulty of the question presented.'" *Hiken v. Dep't of Def.*, 836 F. 3d 1037, 1044 (9th Cir. 2016) (quoting *Chalmers v. City of Los Angeles*, 796 F. 2d 1205, 1211 (9th Cir. 1986)). Additionally, district courts may "rely[] on their own knowledge of customary rates and their experience concerning reasonable and proper fees." *See Ingram v. Oroudjian*, 647 F. 3d 925, 928 (9th Cir. 2011).

A "district court may exclude from the fee request any hours that are 'excessive, redundant, or otherwise unnecessary.'" *Id.* at 946 (quoting *Hensley*, 461 U.S. at 434). "Cases may be overstaffed, and the skill and experience of lawyers vary widely." *Hensley*, 461 U.S. at 434. "Ultimately, a 'reasonable' number of hours equals the number of hours which could

**CIVIL MINUTES—GENERAL**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 17-3875-DMG (GJSx)** | | Date | January 11, 2019 |
|---|---|---|---|---|

| Title | ***Abraham Forouzan v. BMW of North America, LLC, et al.*** | Page | 4 of 14 |
|---|---|---|---|

reasonably have been billed to a private client." *Gonzalez v. City of Maywood*, 729 F. 3d 1196, 1202 (9th Cir. 2013) (internal quotation marks omitted) (brackets omitted). "[U]nder consumer protection statutes involving mandatory fee-shifting provisions, the legislative policies are in favor of . . . recovery of all attorney fees reasonably expended, without limiting the fees to a proportion of . . . actual recovery." *Graciano v. Robinson Ford Sales, Inc*., 144 Cal. App. 4th 140, 164 (2006).

District courts have broad "discretion in determining the amount of a fee award . . . in view of [their] superior understanding of the litigation and the desirability of avoiding frequent appellate review of what essentially are factual matters." *See Hensley*, 461 U.S. at 437. If a court determines that some hours billed are not reasonable, it may exclude them using one of two methods. *Gonzales*, 729 F. 3d at 1203. The court may either conduct an "hour-by-hour analysis" of the fee request or make an "across the board percentage cut." *Id.*

## B.      Motion for Prejudgment Interest

California Civil Code section 3287 governs the recovery of prejudgment interest. The statute states that "[e]very person who is entitled to recover damages certain, or capable of being made certain by calculation, and the right to recover which is vested in him upon a particular day, is entitled also to recover interest thereon from that day." Cal. Civ. Code § 3287(a). "Prejudgment interest may be awarded under section 3287 'even if it is not specifically authorized by the statute underlying the plaintiff's claims.'" *Doppes v. Bentley Motors, Inc*., 174 Cal. App. 4th 1004, 1009-10 (2009) (quoting *County of Solano v. Lionsgate Corp*., 126 Cal. App. 4th 741, 752 (2005)).

Section 3287(b) further states, "[e]very person who is entitled under any judgment to receive damages based upon a cause of action in contract where the claim was unliquidated, may also recover interest thereon from a date prior to the entry of judgment as the court may, in its discretion, fix, but in no event earlier than the date the action was filed." *See Lewis C. Nelson & Sons, Inc. v. Clovis Unified Sch. Dist*., 90 Cal. App. 4th 64, 71 (2001) ("[T]he distinction between the two subparts [of section 3287] has to do with the nature of the damages—liquidated and unliquidated—for which interest may be awarded . . . ."); *Cataphora Inc. v. Parker*, 848 F. Supp. 2d 1064, 1072 (N.D. Cal. 2012) ("Under [subsection (a)], prejudgment interest cannot be awarded when the amount of damages cannot be ascertained except on conflicting evidence.").

Although there is no clear rule that guides trial courts' discretion in this area, courts have taken into consideration the following factors when determining whether to exercise their discretion to award prejudgment interest:  (1) the time between the lawsuit's filing and the

Case 2:22-cv-05700-MCS-RAO   Document 49-2   Filed 09/01/23   Page 31 of 169   Page
ID #:541
Case 2:17-cv-03875-DMG-GJS   Document 134-1   Filed 01/11/19   Page 5 of 14   Page ID #:3166

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 17-3875-DMG (GJSx)** | | Date | January 11, 2019 |
|---|---|---|---|---|

| Title | *Abraham Forouzan v. BMW of North America, LLC, et al.* | | Page | 5 of 14 |
|---|---|---|---|---|

judgment, (2) whether awarding interest will penalize the defendant for "litigating a bona fide dispute" or recognize that the plaintiff incurred "an additional amount of damage" as a result of the breach, and (3) whether the plaintiff made settlement offers such that the defendant's refusal to settle could be construed as "placing the prejudgment interest amount at risk." *See A&M Produce Co. v. FMC Corp.*, 135 Cal. App. 3d 473, 497 (1982).

**IV.**
**DISCUSSION**

A.      **Motion for Attorneys' Fees**

1.   **Post-Offer Fees**

When analyzing whether to award attorneys' fees in a case involving a prior section 998 offer, the key "question is whether . . . the rejecting offeree obtained a judgment more favorable than the offer." *Linthicum v. Butterfield*, 175 Cal. App. 4th 259 (2007).[2]  If the rejecting offeree obtained a more favorable judgment, attorneys' fees remain available.  Whether the judgment— in this case, the jury's verdict—is "more favorable" is a question "for the trial court's discretion."  *Id.* at 270.

Plaintiff argues that he is entitled to post-offer attorneys' fees because his recovery at trial was larger than Defendant's section 998 offer.  MAF at 16.  Defendant's offer would have allowed Plaintiff to choose one of two options.  Plaintiff maintains that both the first option, $13,000 in cash and the ability to keep the Vehicle, and the second option, a $63,998.01 cash payment that required Plaintiff to pay off the remaining lease balance, were inferior to the $25,058.79 in cash and the "the equivalent of a repurchase" the jury awarded him at trial.  MAF at 15; Opp. at 8, 9.  Defendant appears to admit that option one was inferior "because the jury awarded the equivalent of a repurchase after trial" and that the value of option two was $2,404.38 less than the jury award.  Opp. at 8, 9.

The Court agrees that option one was less favorable than Plaintiff's verdict.  Considering that Defendant recognizes that jury awarded Plaintiff $2,404.38 more than the value of option two, the Court concludes that the judgment was more favorable than option two as well.  In *Gezalyan v. BMW of North America, LLC*, the plaintiff also brought a claim under the Song-Beverly Act against BMW of North America, LLC.  697 F. Supp. 2d 1168 (C.D. Cal. 2010).  The Court found that the plaintiff did not unreasonably reject BMW's offer of settlement,

_____

[2] Plaintiff spends significant time explaining why he is the prevailing party in this action.  The Court does not discuss this in depth because Defendant does not dispute that Plaintiff prevailed.

Case 2:22-cv-05790-MCS-RAO   Document 49-2   Filed 09/01/22   Page 32 of 69   Page
ID #:542
Case 2:17-cv-03875-DMG-GJS   Document 154   Filed 01/11/19   Page 6 of 14   Page ID #:3167

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 17-3875-DMG (GJSx) | Date | January 11, 2019 |
|---|---|---|---|

| Title | *Abraham Forouzan v. BMW of North America, LLC, et al.* | Page | 6 of 14 |
|---|---|---|---|

because the "offer of settlement included terms about the condition of the vehicle and its title" and the settlement "offered [the plaintiff] $600 less than she sought in the lawsuit." *Id.* at 1170. Here, Defendant's section 998 offer included similar terms and a lower dollar amount than what the jury awarded. *See* [Doc. #134-2]. Although Defendant argues the verdict is a "mere "$2,404.38 more" than the section 998 offer, Defendant does not point to any authority that mandates a minimum amount by which the judgment must be more favorable than the settlement offer in order for section 998 to apply. Thus, because the judgment Plaintiff obtained at trial was more favorable than the section 998 settlement offer, attorneys' fees are available to him.[3]

### 2. Reasonable Hourly Rates

The first step in calculating the lodestar is determining the reasonable hourly rate. While the prevailing market rate for attorneys of comparable experience, skill and reputation controls this determination, the fact that "a lawyer charges a particular hourly rate, and gets it, is evidence bearing on what the market rate is, because the lawyer and his clients are part of the market." *Carson v. Billings Police Dep't*, 470 F. 3d 889, 892 (9th Cir. 2006).

Plaintiff contends that the following hourly rates for his attorneys are reasonable: $595 per hour for Rowena Santos (18 years of practice), $495 per hour for Gregory Yu (14 years of practice), $395 per hour for Jacob Cutler in 2017 and $410 per hour for 2018 (9 years of practice), $365 per hour for Ashan Peiris (5 years of practice), $385 per hour for Anna Cronk (8 years of practice), $370 per hour for Eleazar Kim (5 years of practice), $400 per hour for Michael Delvin in 2017 and $410 per hour in 2018 (9 years of practice), $350 per hour for Daniel Tai (3 years of practice), $400 per hour for Rodney Gi (8 years of practice), $370 per hour for Carey Wood in 2017 (5 years of practice), $550 per hour for Christine Koo (14 years of practice), and $375 per hour for Tionna Dolin (4 years of practice). MAF at 18.

Plaintiff's primary evidence in support of the requested hourly rates is the declaration of Payam Shahian. As the managing partner and senior attorney of Strategic Legal Practices, Shahian is "familiar with the experience and background of each attorney who has worked for Strategic Legal Practices" and bases his determination that the hourly rates are reasonable on his "own experience and review of relevant court orders." [Doc. # 134-6 ("Shahian Decl.") at ¶ 8.][4]

---

[3] Plaintiff also argues that Defendant's section 998 offer was "invalid." MAF at 12. The offer's validity, however, has no bearing on whether Plaintiff is entitled to post-offer fees because Plaintiff obtained a more favorable judgment regardless of the validity of the section 998 offer.

[4] Defendant objects to the parts of Shahian's declaration that detail his background and experience with Song-Beverly cases, all 22 exhibits attached to Shahian's declaration, and all of the cases cited to in support of each attorney's hourly rate. *See generally* [Doc. #145.] To the extent Defendant objects to previous court orders on

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 17-3875-DMG (GJSx)** | Date | January 11, 2019 |
|---|---|---|---|

| Title | ***Abraham Forouzan v. BMW of North America, LLC, et al.*** | Page | 7 of 14 |
|---|---|---|---|

Additionally, Shahian cites to several previous cases for each attorney in which hourly rates comparable to those requested in the instant action were awarded to that specific attorney or to an attorney of similar experience in Los Angeles County. *See* Shahian Decl. at ¶¶ 30, 32, 34, 36, 38, 40, 42, 44, 46, 48, 50, 52. This is sufficient to establish that the requested hourly rate for each attorney involved in this case is reasonable.

### 3. Hours Reasonably Expended

Plaintiff seeks $249,109.50 in attorneys' fees. He claims that his attorneys spent a total of 504.8 billable hours on Plaintiff's case, including this fee motion.[5] MAF at 24. In fact, the total number of billable hours for which Plaintiff submitted timesheets is 499.1 hours.[6] Defendant argues Plaintiff should not recover for all 499.1 hours because there are multiple deficiencies in the time entries provided by Plaintiff's counsel that warrant a reduction in the number of compensable hours. Defendant claims these deficiencies include: (1) improper block billing; (2) excessive billing due to overstaffing and inefficient litigation; (3) overly-vague entries; and (4) unnecessary, inefficient, and mistaken time. *See* Opp. at 8-10.

The Court agrees that certain deficiencies in Plaintiff's counsel's time entries warrant a reduction in the number of hours factored into the lodestar calculation. First, Plaintiff's counsel repeatedly block-billed time. Specifically, Plaintiff's counsel block-billed: 3 hours of Michael

---

hearsay grounds, the Court **OVERRULES** Defendant's objections. The prior court orders and judgments referred to in Shahian's declaration are not offered "for the truth of the matters asserted in the judgment, but rather to establish the judgment's legal effect" which is a "nonhearsay purpose." *U.S. Boulware*, 384 F. 3d 794, 807 (9th Cir. 2004). Previous court orders are also relevant because they shed light on what courts have recognized as the prevailing market rate for attorneys of comparable experience. The Court does not rely on exhibit 9, making Defendant's evidentiary objections to that exhibit moot. The Court also **OVERRULES** Defendant's objections to parts of Shahian's declaration regarding his personal experience on relevance grounds. Just because Shahian is not submitting time for this matter does not make his experience irrelevant. *See* [Doc. #145.] Shahian's personal experience is relevant because it speaks to his knowledge of the prevailing market rate for attorneys of comparable experience.

[5] Plaintiff does not seek fees for hours spent on work before the Complaint was filed, for opposing Defendant's motion to quash the subpoena of Mike Rice, or hours billed by attorneys who "were not materially involved in this case." MAF at 20 n. 19.

[6] Broken down, these hours are: (1) 200.5 hours expended by Rowena Santos; (2) 26.2 hours expended by Gregory Yu; (3) 10.8 hours expended by Jacob Cutler; (4) 3.3 hours expended by Ashan Peiris; (5) 19.6 hours expended by Anna Cronk; (6) 20.4 hours expended by Eleazar Kim; (7) 38.5 hours expended by Michael Delvin; (8) 16.8 hours expended by Tionna Dolin; (9) 6.3 hours expended by Daniel Tai; (10) 101.8 hours expended by Rodney Gi; (11) 5.2 hours expended by Carey Wood; and (12) 49.7 hours expended by Christine Koo. [*See* Doc. #150-3.]

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 17-3875-DMG (GJSx)** | Date | January 11, 2019 |
|---|---|---|---|

| Title | *Abraham Forouzan v. BMW of North America, LLC, et al.* | Page | 8 of 14 |
|---|---|---|---|

Delvin's time, 1.3 hours of Anna Cronk's time, 176.8 hours of Rowena Santos' time, 16.4 hours of Christine Koo's time[7], and 27.8 hours of Rodney Gi's time. Because the Court cannot discern from these entries whether the amount of time expended on each task was reasonable, the Court shall exclude 20% of those hours. *See Pierce v. Cty. Of Orange*, 905 F. Supp. 2d 1017, 1030-31 (C.D. Cal. 2012) (citing *Moreno v. City of Sacramento*, 534 F. 3d 1106, 1112 (9th Cir. 2008)) (noting that "courts generally impose only a 5% to 20% reduction for those hours block-billed[,]"). Thus, Michael Delvin's time shall be reduced by .6 hours, Anna Cronk's time shall be reduced by .2 hours, Rowena Santos' time shall be reduced by 35.4 hours, Christine Koo's time shall be reduced by 3.2 hours, and Rodney Gi's time shall be reduced by 5.6 hours.

Second, Defendant asserts that multiple time entries relating to meetings between Plaintiff's attorneys should be excluded from the Court's calculation. Opp. at 8. Yet, "attorneys must spend at least some of their time conferring with colleagues, particularly their subordinates, to ensure that a case is managed in an effective as well as efficient manner." *See Nat'l Ass'n of Concerned Veterans v. Sec'y of Def.*, 675 F. 2d 1319, 1337 (D.C. Cir. 1982). Further, many of the conferences for which Plaintiff's attorneys seek recovery were short (.3 hours or less) and many of the longer meetings have already been factored into the Court's analysis because they were block-billed along with other time entries. For that reason, the Court finds that the 20% reduction is sufficient to account for not only the block-billed hours, but also the multiple internal conferences.

Plaintiff's counsel's trial billing, however, warrants an additional reduction. Counsel billed time for Ms. Santos, as well as a second attorney (either Mr. Gi or Mr. Kim) to attend trial. While having two or three attorneys attend a trial is surely helpful to the lead attorney and good training for young attorneys, additional attorneys were not necessary in this case. Plaintiff was well represented by Ms. Santos, who examined most of the witnesses, and the trial was short and straightforward. The Court can find no good reason why the convenience of a second attorney in a case of this nature is a cost that should be borne fully by Defendant. The 16.5 hours Mr. Gi billed and the 14.3 hours Mr. Kim billed, therefore, shall be reduced by 50% each.

Third, Defendant claims that a plethora of entries are impermissibly vague. Attorneys seeking fee awards are "not required to record in great detail how each minute of [their] time was expended." *Hensley*, 461 U.S. at 437 n. 12. They need only "keep records in sufficient detail

---

[7] Although the time sheets list someone with the initials "KC" as the billing attorney, the Court attributes these block billed hours to Christine Koo. The Court reasons that Christine Koo is "KC" because the hourly rate for those entries is the same as Christine Koo's hourly rate, and the attorney billed for tasks that an attorney of Koo's level of experience would reasonably be expected to handle.

**CIVIL MINUTES—GENERAL**

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
## CIVIL MINUTES—GENERAL

| Case No. | **CV 17-3875-DMG (GJSx)** | | Date | January 11, 2019 |
|---|---|---|---|---|

| Title | *Abraham Forouzan v. BMW of North America, LLC, et al.* | | Page | 9 of 14 |
|---|---|---|---|---|

that a neutral judge can make a fair evaluation of the time expended, the nature and need for the service, and the reasonable fees to be allowed." *Id.* at 441 (Burger, C.J., concurring); *see also United Steelworkers of Am. v. Ret. Income Plan For Hourly—Rated Employees of ASARCO, Inc.*, 512 F. 3d 555, 565 (9th Cir. 2008). Under that standard, the Court finds no reason to reduce or eliminate any entries for vagueness.[8] Many of the entries Defendant identifies are short and sufficiently descriptive (*i.e.*, .2 or less for emails or phone calls to client) or have already been accounted for because they are included in the Court's implementation of a 20% reduction for block-billed entries.

Fourth, Defendant argues that a handful of entries reflect tasks better suited for a paralegal or administrative professional. Plaintiff may not recover fees for time spent on purely clerical work. *See Davis v. City of San Francisco*, 976 F. 2d 1536, 1543 (9th Cir. 1992), *vacated on other grounds by Davis v. City & Cty. of San Francisco*, 984 F.2d 345 (9th Cir. 1993) ("[P]urely clerical or secretarial tasks should not be billed at a paralegal [or lawyer's] rate, regardless of who performs them… [The] dollar value [of such non-legal work] is not enhanced just because a lawyer does it.") (internal quotations and citations omitted). What Defendant characterizes as "clerical tasks," however, involve activities that differ from the "purely clerical or secretarial tasks" in *Davis*. For instance, the disputed entries include preparing pleadings, reviewing client files, drafting deposition subpoenas, coordinating production of documents, and reviewing trial exhibit binders and deposition transcripts. [*See, e.g.*, Doc. # 150-3] (May 11, 2017 entry, February 2, 2018 entry, and September 21, 2018 entry). These are not "purely clerical" tasks and the Court declines to exclude them from the fee award.

Finally, Defendant contends that Plaintiff's counsel "engaged in overstaffing and inefficient litigation" or billed for "numerous entries that were unnecessary." Opp. at 14, 15. While the use of 12 attorneys in a case of this nature certainly suggests overstaffing, the Court has reviewed the hours billed with care and has determined that most of the hours billed by the 12 different attorneys have not been duplicative. In particular, Defendant uses "internal conferences" and "reviewing the file" as examples of "overstaffing and "inefficient litigation." Opp. at 13. As addressed above, however, a reasonable number of internal conferences is necessary to effectively coordinate the prosecution of a case and the Court has taken into consideration the large number of billing attorneys and the longer conferences in connection with its 20% reduction. Additionally, the Court does not find the costs associated with opposing Defendant's motion for partial summary judgment to be one of "numerous entries" that are "unnecessary" as Defendant contends. Opp. at 15.

---

[8] The Court shall, however, eliminate the December 18, 2017 entry from Jacob Cutler for .5 hours because it is incomplete and vague.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 17-3875-DMG (GJSx)** | Date | January 11, 2019 |

| | | | |
|---|---|---|---|
| Title | ***Abraham Forouzan v. BMW of North America, LLC, et al.*** | Page | 10 of 14 |

In light of the foregoing, the Court finds that Plaintiff's counsel reasonably billed the following hours: 165.1 hours for Rowena Santos, 26.2 hours for Gregory Yu, 10.3 hours for Jacob Cutler, 3.3 Ashan Peiris, 19.4 hours for Anna Cronk, 14.3 hours for Eleazar Kim, 37.9 hours for Michael Delvin, 16.8 hours for Tionna Dolin, 6.3 hours for Daniel Tai, 87.9 hours for Rodney Gi, 5.2 hours for Carey Wood, and 46.5 hours for Christine Koo. When these hours are multiplied by the reasonable rates identified in Part B, they yield a lodestar of $215,560.50.

### 4.    Lodestar Modification

The court next considers whether to increase or decrease the lodestar. *See Stranger v. China Elec. Motor, Inc*., 812 F. 3d 734, 740 (9th Cir. 2016) ("the decision to enhance or reduce the lodestar . . . is within the district court's discretion"). Plaintiff argues for an upward modification of .10 because Plaintiff's counsel obtained an excellent outcome, the risks posed by the litigation were substantial, and this was not a straightforward lemon law case. MAF at 27; Reply at 29. The Ninth Circuit has plainly stated that the lodestar amount is "presumptively the reasonable fee amount," and that a modification of the lodestar is appropriate only in "rare" and "exceptional" cases supported by both "specific evidence on the record and detailed findings. . . that the lodestar amount is unreasonably low or unreasonably high." *Van Gerwen v. Guarantee Mut. Life Co*., 214 F. 3d 1041, 1045 (9th Cir. 2000) (quoting *Pennsylvania v. Del. Valley Citizens' Council for Clean Air*, 478 U.S. 546, 565 (1986)).

Generally, courts may take into consideration the following factors when determining whether to implement a lodestar enhancement: "(1) the novelty and difficulty of the questions involved, (2) the skill displayed in presenting them, (3) the extent to which the nature of the litigation precluded other employment by the attorneys, (4) the contingent nature of the fee award. *Ketchum v. Moses*, 24 Cal. 4th 1122, 1132 (2001) (citing *Serrano v. Priest*, 20 Cal. 3d 25, 49 (1977). Courts have also recognized that "the lodestar figure includes most, if not all, of the relevant factors constituting a 'reasonable attorney's fee' and 'an enhancement may not be awarded based on a factor that is subsumed in the lodestar calculation.'" *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 553 (2010) (quoting *Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, 478 U.S. 546, 566 (1986)). The "novelty and complexity of a case generally may not be used as a ground for an enhancement because these factors 'presumably [are] fully reflected in the number of billable hours recorded by counsel.'" *Id.* Furthermore, "the quality of an attorney's performance generally should not be used to adjust the lodestar '[b]ecause considerations concerning the quality of a prevailing party's counsel's representation normally are reflected in the reasonable hourly rate.'" *Id.*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 17-3875-DMG (GJSx) | | Date | January 11, 2019 |
|---|---|---|---|---|

| Title | *Abraham Forouzan v. BMW of North America, LLC, et al.* | | Page | 11 of 14 |
|---|---|---|---|---|

The Court declines Plaintiff's request to apply an upward multiplier of .10 in this case. The amount of time and skill required to properly resolve this litigation, counsel's success in resolving the matter, and the case's novelty or complexity are reflected in the number of billable hours recorded and the reasonable hourly rate. The Court acknowledges the contingent nature of this case. Nonetheless, "[a]n attorney operating on a contingency-fee basis pools the risks presented by his various cases: cases that turn out to be successful pay for the time he gambled on those that did not. To award a contingency enhancement where a fee-shifting statute would in effect pay for the attorney's time . . . in cases where his client does not prevail." *City of Burlington v. Dague*, 505 U.S. 557, 565 (1992). Accordingly, the contingent nature of this case does not warrant a 10-percent enhancement.[9] The lodestar, with the 20% reduction for block-billed entries and other inefficiencies and the other individual reductions described above, reflects the reasonable amount of attorneys' fees Plaintiff should recover.

**B.      Motion for Prejudgment Interest**

California Civil Code section 3287 states, in pertinent part, that a "person who is entitled to recover damages certain, or capable of being made certain by calculation, and the right to recover which is vested in the person upon a particular day, is entitled also to recover interest thereon from that day . . . ." Cal. Civ. Code § 3287(a). It also states that:

> Every person who is entitled under any judgment to receive damages based upon a cause of action in contract where the claim was unliquidated, may also recover interest thereon from a date prior to the entry of judgment as the court may, in its discretion, fix, but in no event earlier than the date the action was filed.

Cal. Civ. Code § 3287(b). Plaintiff seeks an award of prejudgment interest "in the amount of $6,662.38 under [section 3287] subdivision (a) from the date of injury to the date of judgment, or, alternatively, the sum of $3,541.31 under subdivision (b) from the date of the complaint to the date…of judgment October 2, 2018." Mot. at 3. In opposition, Defendant argues that Plaintiff is not entitled to prejudgment interest under subdivision (a) because "damages were anything but certain" and Plaintiff is not entitled to prejudgment under subdivision (b) because "there was no

---

[9] Defendant objects on relevance grounds to the statement in Shahian's declaration that his firm took Plaintiff's case on a contingent basis. While the Court ultimately disagrees that the case's contingency basis warrants an upward lodestar modification, the contingency-fee arrangement is not irrelevant since California law allows courts to consider contingency arrangements in their modification analysis. Defendant's objection is **OVERRULED**.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 17-3875-DMG (GJSx)** | Date | January 11, 2019 |
|---|---|---|---|

| Title | ***Abraham Forouzan v. BMW of North America, LLC, et al.*** | Page | 12 of 14 |
|---|---|---|---|

contract between BMW NA and Plaintiff, nor did Plaintiff bring a 'cause of action' for any contract." Opp. at 3, 10.

### 1. Mandatory Prejudgment Interest Under Section 3287(a)

First, Plaintiff is not entitled to prejudgment interest under section 3287(a) because the damages here were not "certain, or capable of being made certain by calculation." Cal. Civ. Code § 3287(a). "Damages are deemed certain or capable of being made certain within the provisions of subdivision (a) of section 3287 where there is essentially no dispute between the parties concerning the basis of computation of damages if any are recoverable but where their dispute centers on the issue of liability giving rise to damage." *Duale v. Mercedes-Benz USA, LLC*, 148 Cal. App. 4th 718, 728 (2007) (quoting *Fireman's Fund Ins. Co. v. Allstate Ins. Co.*, 234 Cal. App. 3d 1154, 1172 (1991)). In other words, "[w]here the amount of damages cannot be resolved except by verdict or judgment, prejudgment interest is not appropriate." *Id.* (quoting *Children's Hosp. v. Bonta*, 97 Cal. App. 4th 740, 744 (2002)); *Baker v. Garden Grove Med. Inv'rs, Ltd.*, 306 F. App'x 393, 396 (9th Cir. 2009) ("Damages are not certain under California law where a defendant does not know what amount he or she owes and cannot ascertain it except by judicial process.") (citing *Duale*, 148 Cal. App. 4th at 718).

In *Duale*, the plaintiff bought a Mercedes automobile that Mercedes-Benz USA, Inc. subsequently "failed to adequately service and repair" after a reasonable number of attempts. *Id.* at 722. Plaintiff brought an action under the Song-Beverly Act and sought prejudgment interest after a favorable jury verdict. The Court found that Plaintiff was not entitled to prejudgment interest because the jury had to determine "(1) whether any of the many defects alleged in the complaint represented a nonconformity, (2) whether any such nonconformity substantially impaired [the] use, value, or safety of the vehicle, and (3) then to determine—for any such nonconformity—the mileage at which plaintiffs first presented the car to defendant for repair." *Id.* In this case, the jury had to make very similar determinations. Therefore, *Duale's* conclusion that because "the amount of damages could not be resolved except by verdict . . . prejudgment interest was not appropriate" applies equally here. *Id.* at 729.

While it is true that subsequent decisions have interpreted *Duale* not to preclude prejudgment interest entirely in Song-Beverly Act cases, even those decisions acknowledge that in cases with facts like *Duale's*, prejudgment interest under section 3287(a) is inappropriate. *See Doppes*, 174 Cal. App. 4th at 1010 ("The *Duale* court did not hold prejudgment interest may never be recovered in a Song-Beverly Consumer Warranty Act case, but only that prejudgment interest was unrecoverable under section 3287 in that particular case because, under the facts, the amount of damages could not be resolved except by verdict."). Thus, because *Duale* is good law

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 17-3875-DMG (GJSx)** | Date | January 11, 2019 |
|---|---|---|---|

| Title | *Abraham Forouzan v. BMW of North America, LLC, et al.* | Page | 13 of 14 |
|---|---|---|---|

and mirrors the facts of this case, Plaintiff is not entitled to prejudgment interest under section 3287(a).

### 2. Discretionary Prejudgment Interest Under Section 3287(b)

Under section 3287(b), the trial court "has discretion to decide whether prejudgment interest should be awarded on an unliquidated contractual claim." *N. Oakland Med. Clinic v. Rogers*, 65 Cal. App. 4th 824, 829 (1998). Thus, the threshold question is whether Plaintiff's claim was "based upon a cause of action in contract." Cal. Civ. Code § 3287(b). California courts have not squarely decided whether claims under the Song-Beverly Act qualify as contract actions under section 3287(b), but two decisions have come close.

In *Bishop v. Hyundai Motor America*, the Court of Appeal reversed an award of emotional distress damages under the Song-Beverly Act because emotional distress damages "may not be recovered in an action for breach of contract . . . ." *Bishop v. Hyundai Motor America*, 44 Cal. App. 4th 750, 758 (1996). Although the Court did not address prejudgment interest under section 3287, the Court treated an action brought under the Song-Beverly Act as a cause of action in contract. Additionally, in *A&M Produce*, which was not a Song-Beverly Act case, the Court awarded prejudgment interest under section 3287(b) based on causes of action for breach of express and implied warranties. 135 Cal. App. 3d at 473. Even if those cases are sufficient grounds to conclude that Plaintiff's claims are contract causes of action, however, the Court concludes that prejudgment interest is unwarranted in this case.

As discussed above, courts weighing whether to award discretionary prejudgment interest under section 3287(b) have considered: the time between the lawsuit's filing and the judgment, whether awarding interest will penalize the defendant for litigating a bona fide dispute, and whether the plaintiff made settlement offers such that the defendant's refusal could be construed as placing the prejudgment interest amount at risk. Only the first two factors apply in this case since Plaintiff made no settlement offer. *See A&M Produce*, 135 Cal. App. 3d at 498.

The first factor weighs against awarding prejudgment interest. Plaintiff filed his Complaint in March 2017, and the jury reached a verdict about 19 months later in October 2018. In *A&M Produce*, over seven years elapsed between the filing of the initial complaint and judgment being entered. *Id.* at 496. Thus, the relatively short 19-month lifespan of this case does not support prejudgment interest.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 17-3875-DMG (GJSx)** | Date | January 11, 2019 |
|---|---|---|---|

| Title | ***Abraham Forouzan v. BMW of North America, LLC, et al.*** | Page | 14 of 14 |
|---|---|---|---|

The second factor does not conclusively point in either direction. Although Plaintiff prevailed, the case involved a "bona fide dispute"—the parties litigated the case to verdict in a trial involving multiple legitimately contested issues.

Having weighed the discretionary considerations, the Court **DENIES** Plaintiff's motion for prejudgment interest.

**V.**
**CONCLUSION**

Accordingly, the Court **GRANTS in part** Plaintiff's motion for attorneys' fees and **DENIES** Plaintiff's motion for prejudgment interest. Defendant shall pay Plaintiff reasonable attorneys' fees in the amount of $215,560.50.

**IT IS SO ORDERED.**

# EXHIBIT 2

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:17-cv-08273-SVW-SK | Date | February 27, 2019 |
| Title | *Joshua Holeman et al v. FCA US LLC et al.* | | |

Present: The Honorable   STEPHEN V. WILSON, U.S. DISTRICT JUDGE

|  |  |
|---|---|
| Paul M. Cruz | N/A |
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| N/A | N/A |

**Proceedings:**    ORDER GRANTING MOTION FOR ATTORNEY'S FEES, COSTS, AND EXPENSES [25]

 Plaintiffs' motion for attorney's fees, costs, and expenses, Dkt. 25, is GRANTED. Plaintiffs are entitled to attorney's fees and litigation costs and expenses pursuant to California Civil Code § 1794(d) as the prevailing party in this action. *See* Declaration of Jacob Cutler, Dkt. 25-6 at 1 (settlement agreement between the parties denoting Plaintiffs as the prevailing party for the purposes of a motion for attorney's fees, costs, and expenses). Plaintiffs' requested attorney's fees are reasonable under the lodestar method of calculation, and Defendant's arguments for a reduction in Plaintiffs' attorney's fees are rejected. However, the Court declines to apply Plaintiffs' requested 0.5 lodestar multiplier, which was requested solely because Plaintiffs' counsel engaged in a contingency fee representation of Plaintiffs in this action.

 Accordingly, the Court awards Plaintiffs a total of $50,094.32, constituting $47,008 in reasonable attorney's fees (including the estimated $3,500 for the filing of a reply brief to Plaintiffs' motion for attorney's fees), and $3,086.32 in reasonable costs and expenses.

 IT IS SO ORDERED.

| | : | |
|---|---|---|
| Initials of Preparer | | PMC |

# EXHIBIT 3

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
**Civil Division**
Central District, Stanley Mosk Courthouse, Department 53

BC622506                                                                    July 31, 2019
**CATHERINE SHEPARD VS BMW OF NORTH AMERICA**                                8:30 AM
**LLC ET AL**

Judge: Honorable Robert B. Broadbelt          CSR: Julie Park, 13529
Judicial Assistant: K. Mason                  ERM: None
Courtroom Assistant: C. Vaughn                Deputy Sheriff: None

APPEARANCES:

For Plaintiff(s): Christine J. Haw (X)

For Defendant(s):  No Appearances

**NATURE OF PROCEEDINGS:** Hearing on Motion for Attorney Fees

Case is called.

Pursuant to Government Code sections 68086, 70044, California Rules of Court, rule 2.956, and the stipulation of appearing parties, Julie Park, 13925, certified shorthand reporter is appointed as an official Court reporter pro tempore in these proceedings, and is ordered to comply with the terms of the Court Reporter Agreement. The Order is signed and filed this date.

The Court notes that Defendant is not present, has not called, and has not checked in this day. Notice to Defendant was proper.

The parties represent that they have seen the tentative ruling, and submits thereon. The tentative ruling is adopted as the Order of the Court on grounds fully reflected therein, signed and filed, and incorporated herein by reference.

The Motion for Attorney Fees filed by Catherine Shepard on 07/09/2019 is Granted.

Court makes further orders as fully reflected in its written order signed and filed this day and incorporated herein by reference.

Plaintiff is ordered to give notice.

1

## SUPERIOR COURT OF CALIFORNIA

2

## COUNTY OF LOS ANGELES – CENTRAL DISTRICT

3

DEPARTMENT 53

4

5

6

7

8

9

10

11

12

13

14

| | |
|---|---|
| CATHERINE SHEPARD, | Case No.: BC622506 |
| Plaintiff, | Hearing Date: July 31, 2019 |
| vs. | Time: 8:30 a.m. |
| BMW OF NORTH AMERICA, LLC, et al., | **[TENTATIVE] ORDER RE:** |
| Defendants. | PLAINTIFF'S MOTION FOR ATTORNEY'S FEES, COSTS AND EXPENSES |

15

16

MOVING PARTY:           Plaintiff Catherine Shepard

17

RESPONDING PARTY:    Defendant BMW of North America, LLC

18

**Plaintiff's Motion for Attorney's Fees, Costs and Expenses**

19

20

The court considered the moving, opposition, and reply papers.

21

**BACKGROUND**

22

On June 2, 2016, plaintiff Catherine Shepard ("Shepard") filed this "Lemon Law" action

23

against defendants BMW of North America, LLC and Santa Monica BMW (collectively,

24

"BMW"). The operative complaint asserts claims for violations of statutory obligations, namely

25

the Song-Beverly Consumer Warranty Act. On March 15, 2019, BMW served a settlement offer

26

pursuant to Code of Civil Procedure section 998 for $121,312.44. (Cutler Decl., ¶ 59.) Shepard

27

accepted the offer. (Cutler Decl., ¶ 59, Ex. 9.)

28

1

1    Shepard now moves for an award of attorney's fees and costs in the total amount of
2    $226,456.21.  BMW opposes the motion.

3    **EVIDENCE**

4    The court grants Shepard's request for judicial notice as to Items 1-23.  However, the
5    court notes that taking judicial notice of the fact that certain orders or papers were filed in
6    another case is not the same as taking judicial notice of the truth of the matters set forth in those
7    filings.  (*See Sosinsky v. Grant* (1992) 6 Cal.App.4th 1548, 1565 ["the taking of judicial notice
8    that the judge made a particular factual finding is a far cry from the taking of judicial notice that
9    the 'facts' found by the judge must necessarily be the true facts...."] (emphasis in original).)

10   The court rules on Shepard's evidentiary objections to the Declaration of Andrew
11   Stefatos as follows:  Objection Nos. 1 and 2 are overruled.

12   **LEGAL STANDARD**

13   Civil Code section 1794(d) provides:  "If the buyer prevails in an action under this
14   section, the buyer shall be allowed by the court to recover as part of the judgment a sum equal to
15   the aggregate amount of costs and expenses, including attorney's fees based on actual time
16   expended, determined by the court to have been reasonably incurred by the buyer in connection
17   with the commencement and prosecution of such action."

18   "[T]he fee setting inquiry in California ordinarily begins with the 'lodestar,' i.e., the
19   number of hours reasonably expended multiplied by the reasonable hourly rate ..... The
20   reasonable hourly rate is that prevailing in the community for similar work.  The lodestar figure
21   may then be adjusted, based on consideration of factors specific to the case, in order to fix the fee
22   at the fair market value for the legal services provided." (*PLCM Group v. Drexler* (2000) 22
23   Cal.4th 1084, 1095 (internal citations omitted).)  "[T]he verified time statements of the attorneys,
24   as officers of the court, are entitled to credence in the absence of a clear indication the records
25   are erroneous." (*Horsford v. Board of Trustees of California State Univ.* (2005) 132 Cal.App.4th
26   359, 396.)

27

28

2

**DISCUSSION**

In this action, Shepard has been represented by two law firms, the Strategic Legal Practices, APC ("SLP") and the Law Offices of Michael H. Rosenstein, LC ("Rosenstein Firm"). The Rosenstein Firm was associated in as lead trial counsel on February 28, 2019. (Rosenstein Decl., ¶ 7.) The attorney billing rates for the 15 attorneys who performed work on this case at SLP ranged from $325 to $595 per hour. (Shahian Decl., ¶¶ 29-59.) The attorney billing rates for the two attorneys who performed work on this case at the Rosenstein Firm are $600 per hour for Mr. Rosenstein and $400 per hour for his associate, Brian Shippen-Murray. (Rosenstein Decl., ¶¶ 3-4.) SLP billed a total of 316.9 hours for a total of $128,080.50 (Shahian Decl., ¶ 60, Ex. 23, pp. SHEPARD 00329), and the Rosenstein Firm billed a total of 24.1 hours for a total of $13,140. Two of Shepard's attorneys, Payam Shahian of SLP and Michael Rosenstein of the Rosenstein Firm, have submitted declarations attesting to the billing rates, qualifications, skill, and experience of each of the attorneys in their respective law firms who performed work on the case. (Shahian Decl., ¶¶ 29-59; Rosenstein Decl., ¶¶ 3-4.)

BMW objects to Shepard's attorney's fees request on the grounds that the case was overstaffed, that the attorneys billed excessively for individual tasks, that the attorneys billed for numerous meetings between attorneys, and that the attorneys billed for reviewing the file.

"[S]imultaneous representation by multiple law firms posed substantial risks to task padding, over-conferencing, attorney stacking (multiple attendance by attorneys at the same court functions), and excessive research." (*Donahue v. Donahue* (2010) 182 Cal.App.4th 259, 272.) BMW argues that 17 attorneys from two firms led to inefficiency and duplication of work. The court considers each of BMW's examples in turn.

First, BMW argues that sending two attorneys from the Rosenstein Firm to the Final Status Conference to argue motions in limine was excessive, and only one attorney needed to attend the hearing. The court does not find the attorney's fees for this work to have been unreasonably incurred.

1    Second, BMW argues that the Rosenstein Firm excessively billed 8 hours to review

2   transcripts of depositions conducted or defended by SLP's attorneys. The court does not find the

3   attorney's fees for this work to have been unreasonably incurred.

4    Third, BMW argues that counsel for Shepard improperly billed for meetings between

5   attorneys. Specifically, BMW points to 0.7 hours billed for "attorney strategy meetings" by the

6   Rosenstein Firm, and 12.8 hours billed for meetings by SLP. The court does not find the

7   attorney's fees for this work to have been unreasonably incurred.

8    Fourth, BMW argues that SLP excessively billed for time to review the file or review the

9   work of other billers. The court does not find the attorney's fees for this work to have been

10   unreasonably incurred.

11    Fifth, BMW argues that SLP excessively billed for time on the instant motion for

12   attorney's fees, costs, and expenses, including 16.8 hours for drafting the motion and an

13   additional $3,500 anticipated for fees incurred in drafting a reply and attending the hearing on

14   this motion. The court does not find the attorney's fees for this work to have been unreasonably

15   incurred.

16    Based on its review of the evidence presented (including the work and time entries on the

17   attorney's bills), the court finds that the billing entries in Shepard's attorneys' bills do not

18   evidence inefficient or unreasonable billing, duplication of effort, padding of time entries, over-

19   conferencing, or multiple attendance by attorneys at the same court functions, as a result of the

20   staffing and division of labor among Shepard's attorney's on this case. The court also finds that

21   the hourly rates charged by each of Shepard's attorneys are reasonable based on their respective

22   qualifications, skill, and experience, and the prevailing rates in the community for similar work.

23   Therefore, the court finds that the lodestar attorney's fees requested by Shepard were reasonably

24   incurred by Shepard in connection with the commencement and prosecution of this action. (Civ.

25   Code, § 1794, subd. (d).)

26    Shepard also seeks an adjustment to her attorneys' fee request by a lodestar multiplier of

27   1.35. "[T]he lodestar is the basic fee for comparable legal services in the community; it may be

28   adjusted by the court based on factors including, as relevant herein, (1) the novelty and difficulty

4

1   of the questions involved, (2) the skill displayed in presenting them, (3) the extent to which the

2   nature of the litigation precluded other employment by the attorneys, (4) the contingent nature of

3   the fee award. [Citation omitted.]  The purpose of such adjustment is to fix a fee at the fair

4   market value for the particular action.  In effect, the court determines, retrospectively, whether

5   the litigation involved a contingent risk or required extraordinary legal skill justifying

6   augmentation of the unadorned lodestar in order to approximate the fair market rate for such

7   services.  The "'experienced trial judge is the best judge of the value of professional services

8   rendered in his court, and while his judgment is of course subject to review, it will not be

9   disturbed unless the appellate court is convinced that it is clearly wrong.'"  (*Ketchum v. Moses*

10  (2001) 24 Cal.4th 1122, 1132.)

11          The court finds that, although Shepard's case was taken on a contingency basis, none of

12  the other factors supports the application of a multiplier.  There is no indication that this case was

13  complex or presented challenging legal issues.  There is no evidence that counsel was precluded

14  from taking other cases because of the nature of this case, nor is the success achieved by counsel

15  exceptional.  Finally, the court does not find that BMW did anything to unreasonably delay

16  resolution of this case.

17          The court also notes that the hourly rates requested by Shepard are reasonable because of

18  counsel's demonstrated skill and experience.  Because the quality of representation and the

19  degree of skill exercised by counsel is already factored into the lodestar, it would be

20  unreasonable to award an enhancement.  (*See Holguin v. Dish Network LLC* (2014) 229

21  Cal.App.4th 1310, 1333 ["Where, as here, the court determines that the lodestar itself constitutes

22  a reasonable fee for the action at issue, no enhancement is warranted."].)

23          In any event, the court also notes that, in the Statutory Offer which Shepard accepted, the

24  parties agreed that "Defendants shall not be liable for a fee multiplier greater than 1.00." (Cutler

25  Decl., ¶ 59, Ex. 9, p. 2:17-18.)

26          The court therefore declines to apply a multiplier to the lodestar amount.

27          Because no objection was made to the amount of costs and expenses sought by Shepard,

28  the court finds that the $32,308.53 in costs and expenses requested by Shepard were reasonably

1    incurred by Shepard in connection with the commencement and prosecution of this action.  (Civ.

2    Code, § 1794, subd. (d).)

3    **ORDER**

4         For the reasons set forth above, Shepard's motion for attorney's fees is granted.  The

5    court orders that Shepard shall recover a total of $144,720.50 in attorney's fees (consisting of

6    $131,580.50 ($128,080.50 billed and $3,500 anticipated for the reply and hearing on this motion)

7    in attorney's fees for work performed by Strategic Legal Practices, APC, plus $13,140 in

8    attorney's fees for work performed by the Law Offices of Michael H. Rosenstein, LC) from

9    defendants BMW of North America, LLC and Santa Monica BMW, pursuant to Civil Code

10    section 1794, subdivision (d).

11         The court orders that Shepard shall recover $32,308.53 from defendants BMW of North

12    America, LLC and Santa Monica BMW for costs and expenses, pursuant to Civil Code section

13    1794, subdivision (d).

14         The court orders Shepard to give notice of this ruling.

15

16    IT IS SO ORDERED.

17    DATED:  July 31, 2019

18

19

20    Robert B. Broadbelt III
      Judge of the Superior Court

21

22

23

24

25

26

27

28

CIV-130

| | |
|---|---|
| PLAINTIFF/PETITIONER: Catherine Shepard | CASE NUMBER: |
| DEFENDANT/RESPONDENT: BMW of North America LLC | BC622506 |

## PROOF OF SERVICE BY FIRST-CLASS MAIL
## NOTICE OF ENTRY OF JUDGMENT OR ORDER

*(NOTE: You cannot serve the Notice of Entry of Judgment or Order if you are a party in the action. The person who served the notice must complete this proof of service.)*

1. I am at least 18 years old and **not** a party to this action. I am a resident of or employed in the county where the mailing took place, and my residence or business address is *(specify):*

   1840 Century Park East, Suite 430
   Los Angeles, CA 90067

2. I served a copy of the *Notice of Entry of Judgment or Order* by enclosing it in a sealed envelope with postage fully prepaid and *(check one):*
   a. [x] deposited the sealed envelope with the United States Postal Service.
   b. [ ] placed the sealed envelope for collection and processing for mailing, following this business's usual practices, with which I am readily familiar. On the same day correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service.

3. The *Notice of Entry of Judgment or Order* was mailed:
   a. on *(date):* July 31, 2019
   b. from *(city and state):* Los Angeles, CA

4. The envelope was addressed and mailed as follows:
   a. Name of person served: Kate Lehrman

      Street address: 12121 Wilshire Blvd. #1300
      City: Los Angeles
      State and zip code: CA 90067

   b. Name of person served:

      Street address:
      City:
      State and zip code:

   c. Name of person served:

      Street address:
      City:
      State and zip code:

   d. Name of person served:

      Street address:
      City:
      State and zip code:

   [ ] Names and addresses of additional persons served are attached. *(You may use form POS-030(P).)*

5. Number of pages attached _____.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: July 31, 2019

Kirsten Pangaliman
_____
(TYPE OR PRINT NAME OF DECLARANT)

▶

*Kirsten Pangaliman*
_____
(SIGNATURE OF DECLARANT)

CIV-130 [New January 1, 2010]          **NOTICE OF ENTRY OF JUDGMENT OR ORDER**

EXHIBIT 4

Case 2:22-cv-05700-MCS-RAO Document 49-2 Filed 09/01/22 Page 53 of 169 Page
ID #:563
Case 2:17-cv-05061-DMG-PLA Document 86 Filed 07/23/19 Page 1 of 15 Page ID #:2414

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | | |
|---|---|---|---|---|
| Case No. | **CV 17-5061-DMG (PLAx)** | | Date | July 23, 2019 |

| | | | |
|---|---|---|---|
| Title | ***Jerry Zomorodian v. BMW of North America, LLC, et al.*** | Page | 1 of 15 |

Present: The Honorable    DOLLY M. GEE, UNITED STATES DISTRICT JUDGE

| KANE TIEN | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs | Attorneys Present for Defendants |
|---|---|
| None Present | None Present |

**Proceedings: IN CHAMBERS - ORDER RE PLAINTIFF'S MOTIONS FOR ATTORNEYS' FEES [108] AND PREJUDGMENT INTEREST [106]**

This matter is before the Court on Plaintiff's Motions for Attorneys' Fees and Prejudgment Interest. [Doc. ## 108 ("MAF"), 106 ("Mot.").] For the following reasons, the Court **GRANTS in part** Plaintiff's Motion for Attorneys' Fees and **DENIES** Plaintiff's Motion for Prejudgment Interest.

## I.
## FACTUAL AND PROCEDURAL BACKGROUND

On April 11, 2017, Plaintiff Jerry Zomorodian filed a Complaint alleging five causes of action against Defendant BMW of North America LLC[1] in connection with a 2016 BMW 750XI (the "Vehicle" or "Car") that he leased in June 2016: (1) violation of California Civil Code section 1793.2(D), (2) violation of Civil Code section 1793.2(B), (3) violation of California Civil Code section 1793.2(A)(3), (4) breach of express written warranty, and (5) breach of the implied warranty of merchantability. [Doc. # 1-1.] On May 18, 2017 Defendant extended to Plaintiff a settlement offer pursuant to California Code of Civil Procedure section 998 ("section 998 offer"). Plaintiff did not accept the offer.

The parties tried the case and the jury returned a verdict in favor of Plaintiff in the amount of $176,976.60. [Doc. # 99 ("Verdict Form").] Afterwards, Plaintiff filed the instant motions, which are now fully briefed. [Doc. ## 111, 124, 122, 121.]

---

[1] Plaintiff initially named Irvine BMW as a defendant as well. Irvine BMW was dismissed from this action on June 30, 2017. For that reason, the Court uses the term "Defendant" to refer only to BMW of North America LLC.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 17-5061-DMG (PLAx) | Date | July 23, 2019 |
| --- | --- | --- | --- |

| Title | *Jerry Zomorodian v. BMW of North America, LLC, et al.* | Page | 2 of 15 |
| --- | --- | --- | --- |

## II.
## REQUESTS FOR JUDICIAL NOTICE ("RJNs")

### A.    Plaintiff's Request

Plaintiff requests that the Court take judicial notice of certain documents that are matters of public record.  *See* [Doc. # 108-2 ("Pl.'s RJN").]  Defendant opposes the request.  *See* [Doc. # 110.]

Under Federal Rule of Evidence 201, "a court may take judicial notice of matters of public record," but "a court may not take judicial notice of a fact that is subject to reasonable dispute." *Lee v. City of Los Angeles*, 250 F.3d 668, 688-89 (9th Cir. 2001) (internal quotations and citations omitted).  Court filings are also properly subject to judicial notice under Federal Rule of Evidence 201.  *See Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006) (courts may take judicial notice of "court filings" as they are "readily verifiable, and therefore, the proper subject of judicial notice").  Furthermore, judicial notice of proceedings in other courts is appropriate "if those proceedings have a direct relation to matters at issue." *U.S. ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992); *see Coalition for Clean Air v. VWR Intern., LLC*, 922 F. Supp. 2d 1089, 1093 n.1 (E.D. Cal. 2013).

Plaintiff requests that the Court take judicial notice of the following:  (1) a February 27, 2014 minute order granting the plaintiff's motion for fees and costs in the matter of *Khani v. Ford Motor Company*; (2) an October 3, 2014 order granting the plaintiff's motion for fees and costs in the matter of *Reyes v. Ford Motor Company*; (3) a November 7, 2014 order granting the plaintiff's motion for fees, costs, and expenses in the matter of *Atanuspour v. BMW of North America, LLC*; (4) a conformed copy of a November 12, 2014 notice of Ruling; (5) a May 20, 2016 order granting the plaintiff's motion for fees, costs, and expenses in the matter of *Derakshanian, et al. v. BMW of North America, LLC*; (6) a November 21, 2016 order granting the plaintiff's motion for fees, costs, and expenses in the matter of *Moreno v. BMW of North America, LLC*; (7) a copy of a February 9, 2017 order in the matter of *Violi v. Hyundai Motor America, Inc.*; (8) a March 6, 2017 minute order in the matter of *Abedi-Masihi v. Mercedes-Benz USA, LLC*; (9) the declaration of Payam Shahian filed in support of the plaintiff's fee motion in the *Abedi-Masihi* matter; (10) a May 11, 2017 order in the matter of *Bustamante v. FCA US, LLC*; (11) a May 9, 2017 stipulation and signed order in the matter of *Vanwaus v. FCA US, LLC*; (12) a September 27, 2017 minute order in the matter of *Fuller v. FCA US, LLC*; (13) an October 26, 2017 minute order in the matter of *Gutierrez v. FCA US, LLC*; (14) a November 28, 2017 minute order in the matter of *Seesholtz v. FCA US, LLC*; (15) a February 2, 2018 order in the matter of *Villasenor v. FCA US, LLC*; (16) a February 27, 2018 notice of ruling and tentative ruling in the matter of *Kazaryan v. Mercedes-Benz USA, LLC*; (17) a notice of ruling in *Geredes v. Chrysler Group LLC*; (18) a notice of ruling

Case 2:22-cv-05700-DMG-PLA Document 49-2 Filed 09/01/23 Page 55 of 169 Page
ID #:565
Case 2:17-cv-05061-DMG-PLA Document 186 Filed 07/23/19 Page 3 of 15 Page ID #:2416

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 17-5061-DMG (PLAx) | Date | July 23, 2019 |
|---|---|---|---|

| Title | *Jerry Zomorodian v. BMW of North America, LLC, et al.* | Page | 3 of 15 |
|---|---|---|---|

in *Ahmed Al-Jiboury v. FCA*; (19) a notice of order in *Howard v. FCA*; (20) a notice of order in *Hall v. FCA*; (21) an order in *Ruiz v. BMW*; (22) a second amended judgment on jury verdict after entry of Additur in *Kadkhoda v. MBUSA*; and (23) a January 11, 2019 order in the matter of *Forouzan v. BMW of North America, LLC*.

These documents, with the exception of number nine, are all matters of public record not subject to reasonable dispute, and are therefore the proper subject of judicial notice. To the extent Defendant objects to the request for judicial notice of previous court orders on relevance grounds, the Court **OVERRULES** Defendant's objections. The prior court orders and judgments referenced in Shahian's declaration are relevant because they shed light on what courts have recognized as the prevailing market rate for attorneys of comparable experience. The Court declines to take judicial notice of the declaration of Payam Shahian filed in support of the plaintiff's fee motion in the *Abedi-Masihi* matter (number nine) because a declaration is "subject to reasonable dispute." *See Lee*, 250 F.3d at 688-89. Thus, the Court **GRANTS** Plaintiff's Request for Judicial Notice with respect to all of the above-enumerated documents, but **DENIES** it as to number nine.

**B.      Defendant's Request**

Defendant also requests that the Court take judicial notice of certain documents that are matters of public record. *See* [Doc. # 112 ("Def.'s RJN").] Defendant requests that the Court take judicial notice of the following: (1) the same January 11, 2019 order in the matter of *Forouzan v. BMW of North America, LLC*, and (2) the declaration of Erin Melody-Rosenfeld filed in opposition to a petition for coordination in *Darmohray v. Kia Motors America*. Plaintiff opposes the request with respect to the second document only. *See* [Doc. # 121-6.]

Given the above ruling, the RJN as to the first document is moot. The Court declines to take judicial notice of the second document (the Melody-Rosenfeld declaration) because a declaration is "subject to reasonable dispute." *See Lee*, 250 F.3d at 688-89. Thus, the Court **DENIES** as moot Defendant's Request for Judicial Notice with respect to the first document enumerated above, and **DENIES** it as to the second.

III.
OBJECTIONS

Both sides object to nearly every piece of evidence offered by the other side, even though most of the evidence relates to facts that are either (a) not in dispute, or (b) merely contextual background information with no substantive bearing on the issues in dispute. For example, in his moving papers, Plaintiff represents (without supporting evidence) that Defendant made a section

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 17-5061-DMG (PLAx) | Date | July 23, 2019 |
|---|---|---|---|

| Title | *Jerry Zomorodian v. BMW of North America, LLC, et al.* | Page | 4 of 15 |
|---|---|---|---|

998 compromise offer on May 18, 2017, which gave Plaintiff the choice between (a) $44,536.82 to keep the Vehicle, and (b) $121,853.26 to return the Vehicle. MAF at 8. Plaintiff objects, however, to the paragraph in Richard Stuhlbarg's declaration attesting to the same facts. [*See* Doc. # 121-8 at 2.] Plaintiff also objects to Stuhlbarg's statement of the procedural history of this action: that the case was removed to federal court after Plaintiff dismissed the only non-diverse defendant in response to its motion to compel arbitration. [*See* Doc. # 121-8 at 5.] It is clear, therefore, that the vast majority of the parties' objections have no impact on the outcome of Plaintiff's motions. Rather than needlessly issue numerous immaterial evidentiary rulings, the Court will address the parties' evidentiary objections only insofar as it relies on the evidence to which one side objects. Any objections to evidence not referenced in this order are **OVERRULED as moot** because the Court has not relied on that evidence in reaching its decision.

## IV.
## LEGAL STANDARDS

### A.  Motion for Attorneys' Fees

Under California Civil Code section 1794(d), the "prevailing party" in a suit may be entitled to "recover as part of the judgment a sum equal to the aggregate amount of costs and expenses, including attorneys' fees." Cal. Civ. Code 1794(d). The Ninth Circuit utilizes the lodestar method for calculating reasonable attorneys' fees, "multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate." *Welch v. Metro Life Ins. Co.*, 480 F. 3d 942, 945 (9th Cir. 2007). The burden is on the party seeking fees to establish their reasonableness. *Id.* at 945-46 (citing *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983)).

In determining "a reasonable hourly rate, the district court should consider: '[the] experience, reputation, and ability of the attorney; the outcome of the results of the proceedings; the customary fees; and the novelty or the difficulty of the question presented.'" *Hiken v. Dep't of Def.*, 836 F. 3d 1037, 1044 (9th Cir. 2016) (quoting *Chalmers v. City of Los Angeles*, 796 F.2d 1205, 1211 (9th Cir. 1986)). Additionally, district courts may "rely[] on their own knowledge of customary rates and their experience concerning reasonable and proper fees." *See Ingram v. Oroudjian*, 647 F. 3d 925, 928 (9th Cir. 2011).

A "district court may exclude from the fee request any hours that are 'excessive, redundant, or otherwise unnecessary.'" *Id.* at 946 (quoting *Hensley*, 461 U.S. at 434). "Cases may be overstaffed, and the skill and experience of lawyers vary widely." *Hensley*, 461 U.S. at 434. "Ultimately, a 'reasonable' number of hours equals the number of hours which could reasonably have been billed to a private client." *Gonzalez v. City of Maywood*, 729 F. 3d 1196, 1202 (9th Cir. 2013) (internal quotation marks omitted) (brackets omitted). "[U]nder consumer protection

Case 2:22-cv-05700-MCS-RAO   Document 49-2   Filed 09/01/23   Page 57 of 169   Page
ID #:2418
Case 2:17-cv-05061-DMG-PLA   Document 186   Filed 07/23/19   Page 5 of 15   Page ID #:567

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 17-5061-DMG (PLAx) | Date | July 23, 2019 |
|---|---|---|---|

| Title | *Jerry Zomorodian v. BMW of North America, LLC, et al.* | Page | 5 of 15 |
|---|---|---|---|

statutes involving mandatory fee-shifting provisions, the legislative policies are in favor of . . . recovery of all attorney fees reasonably expended, without limiting the fees to a proportion of . . . actual recovery." *Graciano v. Robinson Ford Sales, Inc*., 144 Cal. App. 4th 140, 164 (2006).

District courts have broad "discretion in determining the amount of a fee award . . . in view of [their] superior understanding of the litigation and the desirability of avoiding frequent appellate review of what essentially are factual matters." *See Hensley*, 461 U.S. at 437. If a court determines that some hours billed are not reasonable, it may exclude them using one of two methods. *Gonzales*, 729 F. 3d at 1203. The court may either conduct an "hour-by-hour analysis" of the fee request or make an "across the board percentage cut." *Id*.

**B.      Motion for Prejudgment Interest**

California Civil Code section 3287 governs the recovery of prejudgment interest. The statute states that "[e]very person who is entitled to recover damages certain, or capable of being made certain by calculation, and the right to recover which is vested in him upon a particular day, is entitled also to recover interest thereon from that day." Cal. Civ. Code § 3287(a). "Prejudgment interest may be awarded under section 3287 'even if it is not specifically authorized by the statute underlying the plaintiff's claims.'" *Doppes v. Bentley Motors, Inc*., 174 Cal. App. 4th 1004, 1009-10 (2009) (quoting *County of Solano v. Lionsgate Corp*., 126 Cal. App. 4th 741, 752 (2005)).

Section 3287(b) further states, "[e]very person who is entitled under any judgment to receive damages based upon a cause of action in contract where the claim was unliquidated, may also recover interest thereon from a date prior to the entry of judgment as the court may, in its discretion, fix, but in no event earlier than the date the action was filed." *See Lewis C. Nelson & Sons, Inc. v. Clovis Unified Sch. Dist*., 90 Cal. App. 4th 64, 71 (2001) ("[T]he distinction between the two subparts [of section 3287] has to do with the nature of the damages—liquidated and unliquidated—for which interest may be awarded . . . ."); *Cataphora Inc. v. Parker*, 848 F. Supp. 2d 1064, 1072 (N.D. Cal. 2012) ("Under [subsection (a)], prejudgment interest cannot be awarded when the amount of damages cannot be ascertained except on conflicting evidence.").

Although there is no clear rule that guides trial courts' discretion in this area, courts have taken into consideration the following factors when determining whether to exercise their discretion to award prejudgment interest: (1) the time between the lawsuit's filing and the judgment, (2) whether awarding interest will penalize the defendant for "litigating a bona fide dispute" or recognize that the plaintiff incurred "an additional amount of damage" as a result of the breach, and (3) whether the plaintiff made settlement offers such that the defendant's refusal to settle could be construed as "placing the prejudgment interest amount at risk." *See A&M Produce Co. v. FMC Corp.*, 135 Cal. App. 3d 473, 497 (1982).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 17-5061-DMG (PLAx) | Date | July 23, 2019 |
|---|---|---|---|

| Title | *Jerry Zomorodian v. BMW of North America, LLC, et al.* | Page | 6 of 15 |
|---|---|---|---|

## V.
## DISCUSSION

**A.  Motion for Attorneys' Fees**

**1.  Post-Offer Fees**

When analyzing whether to award attorneys' fees in a case involving a prior section 998 offer, the key "question is whether . . . the rejecting offeree obtained a judgment more favorable than the offer." *Linthicum v. Butterfield*, 175 Cal. App. 4th 259 (2007).  If the rejecting offeree obtained a more favorable judgment, attorneys' fees remain available.  Whether the judgment—in this case, the jury's verdict—is "more favorable" is a question "for the trial court's discretion." *Id.* at 270.

Plaintiff argues that he is entitled to post-offer attorneys' fees because his recovery at trial was larger than Defendant's section 998 offer.  MAF at 8.  Defendant's offer would have allowed Plaintiff to choose one of two options:  $44,536.82 in cash and the ability to keep the Vehicle, or a $121,853.26 cash payment that required Plaintiff to pay off the remaining lease balance and return the vehicle.  MAF at 8; [Doc. # 124-1 ("Stuhlbarg Decl.") at ¶ 6;[2] [Doc. # 117-1 ("Section 998 Offer") at 1-3.]  Defendant appears to admit that both options were inferior to the award of $176,976.60 that Plaintiff obtained at trial.  *See* [Doc. # 124 ("Opp.") at 6 ("BMW NA concedes that it did not achieve a more favorable result than its [section 998] Offer . . . .").]  Thus, because the judgment Plaintiff obtained at trial was more favorable than the section 998 settlement offer, attorneys' fees are available to him.

---

[2] Plaintiff objects to Stuhlbarg's declaration regarding Defendant's section 998 offer on the basis that it is irrelevant.  The Court **OVERRULES** this objection.  Both the fact of the offer and the terms of the offer are relevant because Plaintiff is not entitled to cover costs incurred after the section 998 offer unless he obtained a more favorable judgment than the offer.  Plaintiff also objects that Stuhlbarg's description of the terms of the offer is misleading and more prejudicial than probative.  The Court **OVERRULES** this objection as well.  Stuhlbarg's description of the section 998 offer is essentially consistent with Plaintiff's own description and with the offer document itself, which Stuhlbarg attaches as an exhibit to his declaration.  Finally, Plaintiff objects to Stuhlbarg's description of the terms of the offer under Federal Rule of Evidence 1006 ("Summaries to Prove Content").  Stuhlbarg provides the section 998 offer document itself and his summary is clearly not intended to prove the contents of that document.  Rather, his description is simply intended to summarize the salient terms of the offer for purposes of the present motion, much as Plaintiff himself does in the body of his motion.  This objection is **OVERRULED**.

---

CIVIL MINUTES—GENERAL

Case 2:22-cv-05700-MCS-RAO Document 49-2 Filed 09/01/23 Page 59 of 169 Page
ID #:569
Case 2:17-cv-05061-DMG-PLA Document 186 Filed 07/23/19 Page 7 of 15 Page ID #:2420

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 17-5061-DMG (PLAx) | Date | July 23, 2019 |
|---|---|---|---|

| Title | *Jerry Zomorodian v. BMW of North America, LLC, et al.* | Page | 7 of 15 |
|---|---|---|---|

### 2. Reasonable Hourly Rates

Plaintiff seeks $257,142.50 in attorneys' fees. The first step in calculating the lodestar is determining the reasonable hourly rate. While the prevailing market rate for attorneys of comparable experience, skill and reputation controls this determination, the fact that "a lawyer charges a particular hourly rate, and gets it, is evidence bearing on what the market rate is, because the lawyer and his clients are part of the market." *Carson v. Billings Police Dep't*, 470 F. 3d 889, 892 (9th Cir. 2006).

Plaintiff contends that the following hourly rates for his attorneys are reasonable: $365 per hour for Christine Haw in 2017 and $375 per hour in 2018 (five years of practice), $495 per hour for Gregory Yu (14 years of practice), $410 per hour for Jacob Cutler (nine years of practice), $595 per hour for Rowena Santos (18 years of practice), $325 per hour for Jared Walder (one year of practice), $335 per hour for Victoria Shin (two years of practice), $410 per hour for Michael Devlin (nine years of practice), $350 per hour for Sean Crandall (two years of practice), $435 per hour for James Tarter (10 years of practice), $350 per hour for Gregory Sogoyan (one year of practice), $595 per hour for Erin Melody-Rosenfeld (15 years of practice), $695 per hour for Steven Brower (38 years of practice), and $250 per hour for Jason Brower[3] (law clerk, first year of practice).

Plaintiff's primary evidence in support of the requested hourly rates are the declarations of Payam Shahian and Steven Brower. As the managing partner and senior attorney of Strategic Legal Practices, Shahian is "familiar with the experience and background of each attorney who has worked for Strategic Legal Practices" and bases his determination that the hourly rates are reasonable on his "own experience and review of relevant court orders." [Doc. # 108-13 ("Shahian Decl.") at ¶ 29.][4] Additionally, Shahian cites to several previous cases for each attorney in which

---

[3] There is one page in Plaintiff's motion that refers to Jason Brower's hourly rate as $225 per hour. *See* MAF at 16. The evidence submitted by Plaintiff in support of his motion, however, all refers to Jason Brower's hourly rate as $250 per hour [*see, e.g.*, Doc. ## 108-4, 108-5], and Plaintiff's requested attorneys' fees are calculated based on an hourly rate of $250 per hour for Jason Brower. [*Compare* MAF at 24 *with* Doc. # 108-5 at 6.] Defendant's opposition also refers to Jason Brower's requested hourly rate as $250 per hour. *See* Opp. at 13. The Court therefore interprets the reference to a $225-per-hour fee in Plaintiff's motion to be a typographical error.

[4] Defendant objects to the parts of Shahian's declaration that detail his background and experience with Song-Beverly cases, 22 of the 23 exhibits attached to Shahian's declaration, and all of the cases cited to in support of each attorney's hourly rate. *See generally* [Doc. # 114.] To the extent Defendant objects to previous court orders on hearsay grounds, the Court **OVERRULES** Defendant's objections. The prior court orders and judgments referred to in Shahian's declaration are not offered "for the truth of the matters asserted in the judgment, but rather to establish the judgment's legal effect" which is a "nonhearsay purpose." *U.S. v. Boulware*, 384 F. 3d 794, 807 (9th Cir. 2004). Previous court orders are also relevant because they shed light on what courts have recognized as the prevailing market rate for attorneys of comparable experience. The Court does not rely on exhibit 9, making Defendant's evidentiary

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 17-5061-DMG (PLAx) | Date | July 23, 2019 |
|---|---|---|---|

| Title | *Jerry Zomorodian v. BMW of North America, LLC, et al.* | Page | 8 of 15 |

hourly rates comparable to those requested in the instant action were awarded to that specific attorney or to an attorney of similar experience in Los Angeles County. *See* Shahian Decl. at ¶¶ 31, 33, 35, 37, 39, 41, 43, 45, 47, 49, 51. Steven Brower bases his statement that the hourly-rates are reasonable on his 36 years of experience working as a litigation attorney at more than six different law firms. [Doc. # 108-4 ("Brower Decl.") at ¶¶ 7-8.] He also notes that the $250 hourly rate proposed for Brower Law Group's law clerk, Jason Brower, is "less than many firms charge for paralegals." Brower Decl. at ¶ 19.[5] Plaintiff's evidence is sufficient to establish that the requested hourly rates for each attorney involved in this case are reasonable, except that the Court will apply the same hourly rate for those with similar years of experience—i.e., $325 per hour for Jared Walder and Gregory Sogoyan, and $335 per hour for Victoria Shin and Sean Crandall.

### 3.    Hours Reasonably Expended

Plaintiff submits time sheets reflecting 565.8 billable hours spent on Plaintiff's case, including time spent on this fees motion.[6]  [*See* Doc. ## 108-5, 108-37.]  Defendant argues that Plaintiff should not recover for all 565.8 hours because there are multiple deficiencies in the time entries provided by Plaintiff's counsel that warrant a reduction in the number of compensable hours.  Defendant claims these deficiencies include: (1) improper block billing; (2) excessive billing due to overstaffing and inefficient litigation; (3) overly-vague entries; and (4) unnecessary, inefficient, and mistaken time. *See* Opp. at 11-15.

The Court agrees that certain deficiencies in Plaintiff's counsel's time entries warrant a reduction in the number of hours factored into the lodestar calculation. First, Plaintiff's counsel

---

objections to that exhibit moot.  The Court also **OVERRULES** Defendant's objections to parts of Shahian's declaration regarding his personal experience on relevance grounds. *See* [Doc. # 114.]  Just because Shahian is not submitting time for this matter does not make his experience irrelevant.  Shahian's personal experience is relevant because it speaks to his knowledge of the prevailing market rate for attorneys of comparable experience.

[5] Defendant objects that Brower lacks personal knowledge of fees at other firms and therefore this constitutes impermissible opinion testimony. *See* [Doc. # 113 at 4.]  The Court **OVERRULES** Defendant's objection.  Brower's experience at multiple firms over the course of multiple decades is sufficient to support his personal knowledge of the prevailing rates for paralegal services.

[6] Plaintiff does not seek fees for hours billed by attorneys who "were not materially involved in this case." MAF at 17 n.17.  The time sheets submitted by Plaintiff include, however, one two-hour entry billed by an attorney with initials "CJS." [*See* Doc. # 108-37 at 10.]  These initials do not correspond to any attorneys mentioned in Plaintiff's fee motion, nor has Plaintiff submitted any evidence to support CJS's claimed hourly rate of $335 per hour. Accordingly, the Court will exclude these two hours in its lodestar calculation.  In his Reply, Plaintiff also identifies six hours of billed work that were inadvertently included in the timesheets, and which Plaintiff concedes should be removed.  [*See* Doc. # 121-3 (December 5, 2018 entry and December 7, 2018 entry).]  The Court will also exclude these six hours from its lodestar calculation.

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 17-5061-DMG (PLAx)** | Date | July 23, 2019 |
|---|---|---|---|

| Title | *Jerry Zomorodian v. BMW of North America, LLC, et al.* | Page | 9 of 15 |
|---|---|---|---|

repeatedly block-billed time. Specifically, Plaintiff's counsel block-billed: 16.4 hours of Christine Haw's time, 11.5 hours of Erin Melody-Rosenfeld's time, 9.1 hours of Gregory Sogoyan's time, 1.8 hours of Jacob Cutler's time, 6.0 hours of James Tarter's time, 2.3 hours of Jared Walder's time, 1.6 hours of Michael Devlin's time, 97.3 hours of Rowena Santos's time, 11.7 hours of Sean Crandall's time, 9.7 hours of Victoria Shin's time, 104.6 hours of Jason Brower's time, and 76.6 hours of Steven Brower's time. Because the Court cannot discern from these entries whether the amount of time expended on each task was reasonable, the Court shall exclude 20% of those hours. *See Pierce v. Cty. Of Orange*, 905 F. Supp. 2d 1017, 1030-31 (C.D. Cal. 2012) (citing *Moreno v. City of Sacramento*, 534 F. 3d 1106, 1112 (9th Cir. 2008)) (noting that "courts generally impose only a 5% to 20% reduction for those hours block-billed"). Thus, Christine Haw's time shall be reduced by 3.2 hours, Erin Melody-Rosenfeld's time shall be reduced by 2.3 hours, Gregory Sogoyan's time shall be reduced by 1.8 hours, Jacob Cutler's time shall be reduced by .3 hours, James Tarter's time shall be reduced by 1.2 hours, Jared Walder's time shall be reduced by .4 hours, Michael Devlin's time shall be reduced by .3 hours, Rowena Santos's time shall be reduced by 19.4 hours, Sean Crandall's time shall be reduced by 2.3 hours, Victoria Shin's time shall be reduced by 1.9 hours, Jason Brower's time shall be reduced by 20.9 hours, and Steven Brower's time shall be reduced by 15.3 hours.

Second, Defendant asserts that multiple time entries relating to meetings between Plaintiff's attorneys should be excluded from the Court's calculation. Opp. at 8. Yet, "attorneys must spend at least some of their time conferring with colleagues, particularly their subordinates, to ensure that a case is managed in an effective as well as efficient manner." *See Nat'l Ass'n of Concerned Veterans v. Sec'y of Def.*, 675 F. 2d 1319, 1337 (D.C. Cir. 1982). Further, many of the conferences for which Plaintiff's attorneys seek recovery were short and many of the longer meetings have already been factored into the Court's analysis because they were block-billed along with other time entries. For that reason, the Court finds that the 20% reduction is sufficient to account for not only the block-billed hours, but also the multiple internal conferences.

Plaintiff's counsel's trial billing, however, warrants an additional reduction. Counsel billed time for Steven Brower, as well two additional attorneys (Christine Haw and Jason Brower), to attend trial. While having two or three attorneys attend a trial is surely helpful to the lead attorney, additional attorneys were not necessary in this case.[7] Plaintiff was well represented by Mr. Brower, and the trial was short and straightforward. The Court can find no good reason why the convenience of two additional attorneys in a case of this nature is a cost that should be borne fully

---

[7] Steven Brower notes that Christine Haw handled all of the procedural and legal formalities ("Motions, Jury Instructions, etc.") during the trial. [Doc. # 108-4 ("Brower Decl.") at ¶ 3.] But Plaintiff has not explained why a single attorney could not have taken charge of both functions, or why this division of responsibility across two attorneys was otherwise reasonably necessary.

Case 2:22-cv-05700-MCS-RAO   Document 49-2   Filed 09/01/23   Page 62 of 169   Page
ID #:2373
Case 2:17-cv-05061-DMG-PLA   Document 136   Filed 07/23/19   Page 10 of 15   Page ID
#:2673

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 17-5061-DMG (PLAx) | | Date | July 23, 2019 |
|---|---|---|---|---|

| Title | *Jerry Zomorodian v. BMW of North America, LLC, et al.* | | Page | 10 of 15 |
|---|---|---|---|---|

by Defendant.  The 24 hours that Jason Brower and Christine Haw[8] billed for attendance at trial, therefore, shall be reduced by 50% each.

Third, Defendant claims that a plethora of entries are impermissibly vague.  Attorneys seeking fee awards are "not required to record in great detail how each minute of [their] time was expended."  *Hensley*, 461 U.S. at 437 n.12.  They need only "keep records in sufficient detail that a neutral judge can make a fair evaluation of the time expended, the nature and need for the service, and the reasonable fees to be allowed."  *Id*. at 441 (Burger, C.J., concurring); *see also United Steelworkers of Am. v. Ret. Income Plan For Hourly—Rated Employees of ASARCO, Inc*., 512 F.3d 555, 565 (9th Cir. 2008).  Under that standard, the Court finds no reason to reduce or eliminate any entries for vagueness.  Many of the entries Defendant identifies are short and sufficiently descriptive (*i.e.,* .2 or less for emails or phone calls to client) or have already been accounted for because they are included in the Court's application of a 20% reduction for block-billed entries.

Fourth, Defendant argues that a handful of entries reflect tasks better suited for a paralegal or administrative professional.  Plaintiff may not recover fees for time spent on purely clerical work.  *See Davis v. City of San Francisco*, 976 F. 2d 1536, 1543 (9th Cir. 1992), *vacated on other grounds by Davis v. City & Cty. of San Francisco*, 984 F.2d 345 (9th Cir. 1993) ("[P]urely clerical or secretarial tasks should not be billed at a paralegal [or lawyer's] rate, regardless of who performs them. . . . [The] dollar value [of such non-legal work] is not enhanced just because a lawyer does it.") (internal quotations and citations omitted).  What Defendant characterizes as "clerical tasks," however, involve activities that differ from the "purely clerical or secretarial tasks" in *Davis*.  For instance, the disputed entries include preparing pleadings, reviewing client files, drafting deposition subpoenas, coordinating production of documents, and reviewing trial exhibit binders and deposition transcripts.  [*See, e.g*., Doc. # 121-2 (July 30, 2018 entry, August 6, 2018 entry, December 5, 2018 entry, and December 11, 2018 entry).]  These are not "purely clerical" tasks and the Court declines to exclude them from the fee award.

Finally, Defendant contends that Plaintiff's counsel "engaged in overstaffing and inefficient litigation" or billed for "numerous entries that were unnecessary."  Opp. at 11, 15.  While the use of 13 attorneys in a case of this nature certainly suggests overstaffing, the Court has reviewed the hours billed with care and has determined that most of the hours billed by the 13 different attorneys have not been duplicative.  In particular, Defendant points to "internal

---

[8] Christine Haw's time entries for these three days actually total 31.5 hours, but in these entries attendance at trial was block-billed with trial preparation.  The Court will only subject 24 of these hours to a 50% reduction, finding this to be a reasonable estimate of the time actually spent attending trial.  The remaining 7.5 hours will not be subject to a block-billing deduction, as the Court finds 7.5 hours to be a reasonable amount of time spent on trial preparation over the course of these three days.

Case 2:22-cv-05700-MCS-RAO    Document 49-2    Filed 07/01/23    Page 63 of 169   Page
ID #:473
Case 2:17-cv-05061-DMG-PLA    Document 136    Filed 07/23/19    Page 11 of 15   Page
ID #:2578

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 17-5061-DMG (PLAx)** | Date | July 23, 2019 |

| | | | |
|---|---|---|---|
| Title | *Jerry Zomorodian v. BMW of North America, LLC, et al.* | Page | 11 of 15 |

conferences" and "reviewing the file" as examples of "overstaffing" and "inefficient litigation." Opp. at 12. As addressed above, however, a reasonable number of internal conferences is necessary to effectively coordinate the prosecution of a case and the Court has taken into consideration the large number of billing attorneys and the time spent reviewing the file in connection with its 20% across-the-board reduction.

In light of the foregoing, the Court finds that Plaintiff's counsel reasonably billed the following hours: 37.5 hours for Christine Haw, 19.9 hours for Gregory Yu, 10.3 hours for Jacob Cutler, 88.4 hours for Rowena Santos, 6.8 hours for Jared Walder, 11.4 hours for Victoria Shin, 3.0 hours for Michael Devlin, 33.4 hours for Sean Crandall, 4.8 hours for James Tarter, 20.9 hours for Gregory Sogoyan, 41.7 hours for Erin Melody-Rosenfeld, 76.5 hours for Steven Brower, and 109.9 hours for Jason Brower. When these hours are multiplied by the reasonable rates identified in Part B, they yield a lodestar of $213,447.50.

**4.      Lodestar Modification**

The court next considers whether to increase or decrease the lodestar. *See Stranger v. China Elec. Motor, Inc.*, 812 F. 3d 734, 740 (9th Cir. 2016) ("the decision to enhance or reduce the lodestar . . . is within the district court's discretion"). Plaintiff argues for an upward modification of .50 because Plaintiff's counsel obtained an excellent outcome and the risks posed by the litigation were substantial. MAF at 21-23; Reply at 23-24. The Ninth Circuit has plainly held that the lodestar amount is "presumptively the reasonable fee amount," and that a modification of the lodestar is appropriate only in "rare" and "exceptional" cases supported by both "specific evidence on the record and detailed findings . . . that the lodestar amount is unreasonably low or unreasonably high." *Van Gerwen v. Guarantee Mut. Life Co*., 214 F. 3d 1041, 1045 (9th Cir. 2000) (quoting *Pennsylvania v. Del. Valley Citizens' Council for Clean Air*, 478 U.S. 546, 565 (1986)).

Generally, courts may take into consideration the following factors when determining whether to implement a lodestar enhancement: "(1) the novelty and difficulty of the questions involved, (2) the skill displayed in presenting them, (3) the extent to which the nature of the litigation precluded other employment by the attorneys, (4) the contingent nature of the fee award. *Ketchum v. Moses*, 24 Cal. 4th 1122, 1132 (2001) (citing *Serrano v. Priest*, 20 Cal. 3d 25, 49 (1977)). Courts have also recognized that "the lodestar figure includes most, if not all, of the relevant factors constituting a 'reasonable attorney's fee' and 'an enhancement may not be awarded based on a factor that is subsumed in the lodestar calculation.'" *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 553 (2010) (quoting *Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, 478 U.S. 546, 566 (1986)). The "novelty and complexity of a case generally may not be used as a ground for an enhancement because these factors 'presumably [are] fully reflected

Case 2:22-cv-05700-MCS-RAO    Document 49-2    Filed 09/01/23    Page 64 of 169    Page
ID #:774
Case 2:17-cv-05061-DMG-PLA    Document 196    Filed 07/23/19    Page 12 of 15    Page
ID #:2525

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | | |
|---|---|---|---|---|
| Case No. | **CV 17-5061-DMG (PLAx)** | | Date | July 23, 2019 |

| | | | |
|---|---|---|---|
| Title | ***Jerry Zomorodian v. BMW of North America, LLC, et al.*** | Page | 12 of 15 |

in the number of billable hours recorded by counsel.'" *Id.* Furthermore, "the quality of an attorney's performance generally should not be used to adjust the lodestar '[b]ecause considerations concerning the quality of a prevailing party's counsel's representation normally are reflected in the reasonable hourly rate.'" *Id.*

The Court declines Plaintiff's request to apply an upward multiplier of .50 in this case. The amount of time and skill required to properly resolve this litigation, counsel's success in resolving the matter, and the case's novelty or complexity are reflected in the number of billable hours recorded and the reasonable hourly rate. The Court acknowledges the contingent nature of this case. Nonetheless, "[a]n attorney operating on a contingency-fee basis pools the risks presented by his various cases: cases that turn out to be successful pay for the time he gambled on those that did not. To award a contingency enhancement under a fee-shifting statute would in effect pay for the attorney's time . . . in cases where his client does not prevail." *City of Burlington v. Dague*, 505 U.S. 557, 565 (1992). Accordingly, the contingent nature of this case does not warrant a 50% enhancement.[9] The lodestar, with the 20% reduction for block-billed entries and other inefficiencies and the other individual reductions described above, reflects the reasonable amount of attorneys' fees Plaintiff should recover.

**B.     Motion for Prejudgment Interest**

Plaintiff seeks an award of prejudgment interest "in the amount of $14,894.64 under [California Civil Code section 3287] subdivision (a) from the date of injury/lease inception to the date of Judgment, or, alternatively, the sum of $10,127.04 under subdivision (b) from the date of the Complaint to the date of Judgment." Mot. at 1. In opposition, Defendant argues that Plaintiff is not entitled to prejudgment interest under subdivision (a) because "damages were anything but certain" and Plaintiff is not entitled to prejudgment under subdivision (b) because "there was no contract between BMW NA and Plaintiff, nor did Plaintiff bring a 'cause of action' for any contract." Opp. at 7, 15.

**1.     Mandatory Prejudgment Interest Under Section 3287(a)**

First, Plaintiff is not entitled to prejudgment interest under section 3287(a) because the damages here were not "certain, or capable of being made certain by calculation." Cal. Civ. Code § 3287(a). "Damages are deemed certain or capable of being made certain within the provisions

---

[9] Defendant objects on relevance grounds to the statement in Shahian's declaration that his firm took Plaintiff's case on a contingent basis. While the Court ultimately disagrees that the case's contingency basis warrants an upward lodestar modification, the contingency-fee arrangement is not irrelevant since California law allows courts to consider contingency arrangements in their modification analysis. Defendant's objection is **OVERRULED**.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 17-5061-DMG (PLAx) | Date | July 23, 2019 |
|---|---|---|---|

| Title | *Jerry Zomorodian v. BMW of North America, LLC, et al.* | Page | 13 of 15 |
|---|---|---|---|

of subdivision (a) of section 3287 where there is essentially no dispute between the parties concerning the basis of computation of damages if any are recoverable but where their dispute centers on the issue of liability giving rise to damage." *Duale v. Mercedes-Benz USA, LLC*, 148 Cal. App. 4th 718, 728 (2007) (quoting *Fireman's Fund Ins. Co. v. Allstate Ins. Co.*, 234 Cal. App. 3d 1154, 1172 (1991)). In other words, "[w]here the amount of damages cannot be resolved except by verdict or judgment, prejudgment interest is not appropriate." *Id.* (quoting *Children's Hosp. v. Bonta*, 97 Cal. App. 4th 740, 744 (2002)); *Baker v. Garden Grove Med. Inv'rs, Ltd.*, 306 F. App'x 393, 396 (9th Cir. 2009) ("Damages are not certain under California law where a defendant does not know what amount he or she owes and cannot ascertain it except by judicial process.") (citing *Duale*, 148 Cal. App. 4th at 718).

In *Duale*, the plaintiff bought a Mercedes automobile that Mercedes-Benz USA, Inc. subsequently "failed to adequately service and repair" after a reasonable number of attempts. *Id.* at 722. Plaintiff brought an action under the Song-Beverly Act and sought prejudgment interest after a favorable jury verdict. The Court found that Plaintiff was not entitled to prejudgment interest because the jury had to determine "(1) whether any of the many defects alleged in the complaint represented a nonconformity, (2) whether any such nonconformity substantially impaired [the] use, value, or safety of the vehicle, and (3) then to determine—for any such nonconformity—the mileage at which plaintiffs first presented the car to defendant for repair." *Id.* In this case, the jury had to make very similar determinations. Therefore, *Duale's* conclusion that because "the amount of damages could not be resolved except by verdict . . . prejudgment interest was not appropriate" applies equally here. *Id.* at 729.

While it is true that subsequent decisions have interpreted *Duale* not to preclude prejudgment interest entirely in Song-Beverly Act cases, even those decisions acknowledge that in cases with facts like *Duale*'s, prejudgment interest under section 3287(a) is inappropriate. *See Doppes*, 174 Cal. App. 4th at 1010 ("The *Duale* court did not hold prejudgment interest may never be recovered in a Song-Beverly Consumer Warranty Act case, but only that prejudgment interest was unrecoverable under section 3287 in that particular case because, under the facts, the amount of damages could not be resolved except by verdict."). Thus, because *Duale* is good law and mirrors the facts of this case, Plaintiff is not entitled to prejudgment interest under section 3287(a).

### 2. Discretionary Prejudgment Interest Under Section 3287(b)

Under section 3287(b), the trial court "has discretion to decide whether prejudgment interest should be awarded on an unliquidated contractual claim." *N. Oakland Med. Clinic v. Rogers*, 65 Cal. App. 4th 824, 829 (1998). Accordingly, the threshold question is whether Plaintiff's claim was "based upon a cause of action in contract." Cal. Civ. Code § 3287(b).

Case 2:22-cv-05700-MCS-RAO   Document 49-2   Filed 07/31/23   Page 66 of 169   Page
ID #:2476
Case 2:17-cv-05061-DMG-PLA   Document 196   Filed 07/23/19   Page 14 of 15   Page ID
#:2276

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 17-5061-DMG (PLAx) | | Date | July 23, 2019 |
|---|---|---|---|---|

| Title | *Jerry Zomorodian v. BMW of North America, LLC, et al.* | | Page | 14 of 15 |
|---|---|---|---|---|

California courts have not squarely decided whether claims under the Song-Beverly Act qualify as contract actions under section 3287(b), but two decisions have come close.

In *Bishop v. Hyundai Motor America*, the Court of Appeal reversed an award of emotional distress damages under the Song-Beverly Act because emotional distress damages "may not be recovered in an action for breach of contract . . . ."  *Bishop v. Hyundai Motor America*, 44 Cal. App. 4th 750, 758 (1996).  Although the Court did not address prejudgment interest under section 3287, the Court treated an action brought under the Song-Beverly Act as a cause of action in contract.  Additionally, in *A&M Produce*, which was not a Song-Beverly Act case, the Court awarded prejudgment interest under section 3287(b) based on causes of action for breach of express and implied warranties.  135 Cal. App. 3d at 473.  Even if those cases support the conclusion that Plaintiff's claims are contract causes of action, however, the Court concludes that prejudgment interest is unwarranted in this case.

As discussed above, courts weighing whether to award discretionary prejudgment interest under section 3287(b) have considered:  (1) the time between the lawsuit's filing and the judgment, (2) whether awarding interest will penalize the defendant for litigating a bona fide dispute, and (3) whether the plaintiff made settlement offers such that the defendant's refusal could be construed as placing the prejudgment interest amount at risk.  Only the first two factors apply in this case since there is no evidence in the record of Plaintiff having made any settlement offers.  *See A&M Produce*, 135 Cal. App. 3d at 498.

The first factor weighs against awarding prejudgment interest.  Plaintiff filed his Complaint in April 2017, and the jury reached a verdict about 20 months later in December 2018.  In *A&M Produce*, over seven years elapsed between the filing of the initial complaint and judgment being entered.  *Id.* at 496.  Thus, the relatively short 20-month lifespan of this case does not support prejudgment interest.

The second factor does not conclusively point in either direction.  Although Plaintiff prevailed, the case involved a "bona fide dispute"—the parties litigated the case to verdict in a trial involving multiple legitimately contested issues.

Having weighed the discretionary considerations, the Court **DENIES** Plaintiff's motion for prejudgment interest.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 17-5061-DMG (PLAx)** | Date | July 23, 2019 |

| Title | *Jerry Zomorodian v. BMW of North America, LLC, et al.* | Page | 15 of 15 |

**VI.**
**CONCLUSION**

Accordingly, the Court **GRANTS in part** Plaintiff's motion for attorneys' fees and **DENIES** Plaintiff's motion for prejudgment interest. Defendant shall pay Plaintiff reasonable attorneys' fees in the amount of $213,447.50.

**IT IS SO ORDERED.**

# EXHIBIT 5

Zargarian v. BMW of North America, LLC, 442 F.Supp.3d 1216 (2020)

111 Fed. R. Evid. Serv. 1054

442 F.Supp.3d 1216
United States District Court, C.D. California.

Henrik ZARGARIAN, Plaintiff,
v.
BMW OF NORTH AMERICA, LLC et al,
Defendants.

CV 18-4857-RSWL-PLA
|
Filed 03/03/2020

**Synopsis**
**Background:** Consumer brought action against vehicle manufacturer under California's Song-Beverly Consumer Warranty Act, alleging vehicle engine was defective. After manufacturer accepted consumer's settlement offer and judgment was entered for consumer, consumer moved for prejudgment interest, fees, and to tax costs.

**Holdings:** The District Court, Ronald S.W. Lew, Senior District Judge, held that:

manufacturer could not have ascertained, prior to settlement with consumer, the amount of damages manufacturer would owe consumer, and thus, under California law, prejudgment interest was not mandatory;

under California law, award of discretionary prejudgment interest to consumer was not appropriate;

requested hourly rates for attorney fee award were reasonable;

fact that consumer hired three different law firms to work on his action against manufacturer did not create duplicative work and thus did not support reduction of requested attorney fees;

billing items for motions that were ultimately not filed were reasonable; and

court would decline to apply upward multiplier of 1.5 to lodestar amount.

Motion for prejudgment interest denied; motion for fees granted in part; application to tax costs granted in part.

**Attorneys and Law Firms**

**\*1220** Brian Tate Shippen-Murray, Michael H. Rosenstein, Law Offices of Michael H. Rosenstein LC, Dara Tabesh, Ecotech Law Group PC, Gregory Sogoyan, Payam Shahian, Caitlin J. Scott, Carey B Wood, Christine J. Haw, Jacob William Cutler, Kyle Raine Tracy, Strategic Legal Practices APC, Los Angeles, CA, for Plaintiff.

**ORDER re: Plaintiff's Motion for Prejudgment Interest** [81]; **Plaintiff's Motion for Attorney Fees, Costs, and Expenses** [83]; **Plaintiff's Application to the Clerk to Tax Costs** [82]

HONORABLE RONALD S.W. LEW Senior U.S. District Judge

Plaintiff Henrik Zargarian("Plaintiff ") brings this Action for violations of the Song-Beverly Consumer Warranty Act and fraud against Defendant BMW of North America, LLC.[1] ("Defendant"). Currently **\*1221** before the Court is Plaintiff's Motion for Prejudgment Interest [81], Plaintiff's Motion for Attorney Fees, Costs, and Expenses ("Motion for Fees") [83], and Plaintiff's Application to the Clerk to Tax Costs ("Application to Tax Costs") [82]. Having reviewed all papers submitted, the Court **NOW FINDS AND RULES AS FOLLOWS:** the Court **DENIES** Plaintiff's Motion for Prejudgment Interest; **GRANTS in part** Plaintiff's Motion for Fees; and **GRANTS in part** Plaintiff's Application to Tax Costs.

**I. BACKGROUND**

**A. Factual Background**
On or about June 18, 2014, Plaintiff purchased a 2011 BMW 750LI ("Vehicle"), which was manufactured and distributed by Defendant. Compl. ¶ 7, ECF No. 1-1. In connection with Plaintiff's purchase of the Vehicle, Defendant provided an express written warranty by which it undertook to preserve or maintain the utility or

© 2021 Thomson Reuters. No claim to original U.S. Government Works.

111 Fed. R. Evid. Serv. 1054

performance of the Vehicle, or to provide compensation if there was failure of such performance within a specified amount of time. Id. ¶ 8.

During the warranty period, Plaintiff alleges that the Vehicle contained or developed several engine defects, battery defects, oil consumption defects, fuel injector defects, and timing chain defects. Id. ¶ 9. The Oil Consumption Defect is allegedly a "safety concern because it prevents the engine from maintaining the proper level of engine oil and causes voluminous oil consumption that cannot be reasonably anticipated or expected." Id. ¶ 39. The defect can cause engine failure at any time, "thereby exposing the driver, ... passengers, and others on the road to serious risk of accident and injury." Id.

Plaintiff alleges that Defendant and its representatives, after a reasonable number of opportunities, were unable to service the Vehicle to conform to the warranty. Id. ¶ 10. Defendant did not promptly replace the Vehicle, provide restitution, or buyback the Vehicle. Id. ¶¶ 10-11.

Plaintiff also alleges that Defendant knew or should have known of the Vehicle's defects, but failed to disclose this information to Plaintiff before he acquired the Vehicle. Id. ¶ 41. Plaintiff claims that Defendant became aware of the defects through sources not available to consumers such as Consumer Reports, customer complaints, pre-release testing data, and aggregate data from BMW dealers. Id. ¶¶ 42, 38, 43, 53.

Plaintiff contends that, had he known the Vehicle's engine was defective, he would not have purchased the Vehicle. Id. ¶ 63.

**B. Procedural Background**

Plaintiff filed his Complaint [1-1] in California State Court on December 27, 2019. The Complaint alleges six claims: (1) violation of Civil Code section 1793.2, subdivision (d); (2) violation of Civil Code section 1793.2, subdivision (b); (3) violation of Civil Code section 1793.2, subdivision (a)(3); (4) breach of express warranty; (5) breach of the implied warranty of merchantability; and (6) fraud. Compl. ¶¶ 7-67. On February 20, 2018, Defendant filed its Answer [1-2]. Subsequently, Defendant timely removed [1].

On October 23, 2019, the Court granted Defendant's Motion for Judgment on the Pleadings as to Plaintiff's sixth claim for fraud [30]. The parties engaged in a

contested discovery period, and on November 19, 2019, Defendant accepted Plaintiff's California Code of Civil Procedure § 998 offer [79]. Accordingly, the Court entered Judgment for Plaintiff [80].

**\*1222** On December 19, 2019, Plaintiff filed the instant Motion for Prejudgment Interest [81], Motion for Fees [83], and Application to Tax Costs [82]. Defendant opposed [85, 87, 89], and Plaintiff timely replied [90-92].

**II. DISCUSSION**

**A. Legal Standard**

1. Motion for Prejudgment Interest

For federal cases sitting in diversity, "state law determines the rate of prejudgment interest ...." Citicorp Real Estate, Inc. v. Smith, 155 F.3d 1097, 1107 (9th Cir. 1998). Further, the Song-Beverly Act does not preclude an award of prejudgment interest. Doppes v. Bentley Motors, Inc., 174 Cal.App.4th 1004, 94 Cal. Rptr. 3d 797, 801-02 (2009). California Civil Code Section 3827 governs the recovery of prejudgment interest, and states, in relevant part: "[a] person who is entitled to recover damages certain, or capable of being made certain by calculation, and the right to recover which is vested in the person upon a particular day, is entitled also to recover interest thereon from that day." Cal. Civ. Code § 3287(a).

Further, Section 3287(b) states that "[e]very person who is entitled under any judgment to receive damages based upon a cause of action in contract where the claim was unliquidated, may also recover interest thereon from a date prior to the entry of judgment as the court may, in its discretion, fix, but in no event earlier than the date the action was filed." Courts have taken the following factors into consideration when determining whether to exercise their discretion to award prejudgment interest: (1) the time between the lawsuit's filing and the judgment, (2) whether awarding interest will penalize the defendant for "litigating a bona fide dispute" or recognize that the plaintiff incurred "an additional amount of damage" as a result of the breach, and (3) whether the plaintiff made settlement offers such that the defendant's refusal to settle could be construed as "placing the prejudgment interest amount at risk." Forouzan v. BMW of N. Am., LLC, No. CV-1-73875-DMG-GJSX, 2019 WL 856395, at *3 (C.D.

Zargarian v. BMW of North America, LLC, 442 F.Supp.3d 1216 (2020)
111 Fed. R. Evid. Serv. 1054

Cal. Jan. 11, 2019) (citing A&M Produce Co. v. FMC Corp., 135 Cal.App.3d 473, 186 Cal. Rptr. 114, 129 (1982)).

2. Motion for Fees

Under California Civil Code Section 1794, the "prevailing buyer" in a Song-Beverly action "shall be allowed by the court to recover as part of the judgment a sum equal to the aggregate amount of costs and expenses, including attorney's fees." Cal. Civ. Code § 1794(d). The Ninth Circuit utilizes the lodestar method for calculating reasonable attorneys' fees, "multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate." Welch v. Metro. Life Ins. Co., 480 F. 3d 942, 945 (9th Cir. 2007). The burden is on the party seeking fees to establish their reasonableness. Id. at 945-46 (citing Hensley v. Eckerhart, 461 U.S. 424, 437, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983)).

In determining a reasonably hourly rate, the district court should consider: (1) the experience, reputation, and ability of the attorney; (2) the outcome of the proceedings; (3) customary fees; and (4) the novelty or difficulty of the question presented. Hiken v. Dep't of Def., 836 F. 3d 1037, 1044 (9th Cir. 2016) (citing Chalmers v. City of L.A., 796 F.2d 1205, 1211 (9th Cir. 1986)). Additionally, district courts may "rely[ ] on their own knowledge of customary rates and their experience concerning reasonable and proper fees." Ingram v. Oroudjian, 647 F. 3d 925, 928 (9th Cir. 2011).

*1223 District courts have broad "discretion in determining the amount of a fee award ... in view of [their] superior understanding of the litigation and the desirability of avoiding frequent appellate review of what essentially are factual matters." Hensley, 461 U.S. at 437, 103 S.Ct. 1933. The "district court may exclude from the fee request any hours that are 'excessive, redundant, or otherwise unnecessary.' " Ingram, 647 F.3d at 926 (quoting Hensley, 461 U.S. at 434, 103 S.Ct. 1933). If a court determines that some hours billed are not reasonable, it may exclude them using one of two methods: the court may either conduct an "hour-by-hour analysis" of the fee request or make an "across the board percentage cut." Gonzalez v. City of Maywood, 729 F.3d 1196, 1203 (9th Cir. 2013).

B. Discussion

1. Requests for Judicial Notice

Under Federal Rule of Evidence 201, "a court may take judicial notice of matters of public record," but "a court may not take judicial notice of a fact that is subject to reasonable dispute." Lee v. City of L.A., 250 F.3d 668, 688-89 (9th Cir. 2001) (internal quotations and citations omitted). Court filings are also properly subject to judicial notice under Federal Rule of Evidence 201. See Reyn's Pasta Bella, LLC v. Visa USA, Inc., 442 F.3d 741, 746 n.6 (9th Cir. 2006) (noting that courts may take judicial notice of "court filings" as they are "readily verifiable, and therefore, the proper subject of judicial notice"). Furthermore, judicial notice of proceedings in other courts is appropriate "if those proceedings have a direct relation to matters at issue." U.S. ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc., 971 F.2d 244, 248 (9th Cir. 1992); see Coalition for Clean Air v. VWR Intern., LLC, 922 F. Supp. 2d 1089, 1093 n.1 (E.D. Cal. 2013).

a. Plaintiff's Request for Judicial Notice

In support of his Motion for Fees, Plaintiff requests that the Court take judicial notice of certain documents that are matters of public record. See Request for Judicial Notice in Supp. of Mot. for Fees, ECF No. 83-34. Defendant opposes Plaintiff's request. See Def.'s Obj. to Request for Judicial Notice in Supp. of Mot. for Fees, ECF No. 87-3.

Plaintiff requests that the Court take judicial notice of the following: (1) a February 27, 2014 minute order granting Plaintiff's motion for fees and costs in the matter Khani v. Ford Motor Company; (2) a May 9, 2017 stipulation and signed order regarding judgment of jury verdict with a two times civil penalty and attorney fees, costs, and expenses in the matter Vanwaus v. FCA US, LLC; (3) a September 27, 2017 minute order concerning the court's fee order in the matter of Fuller v. FCA US, LLC; (4) a February 27, 2018 notice of ruling and tentative ruling in the matter of Kazaryan v. Mercedes-Benz USA, LLC; (5) a notice of ruling in the matter of Geredes v. Chrysler Group LLC; (6) a notice of ruling in the matter of Ahmed Al-Jiboury v. FCA; (7) a second amended judgment on jury verdict after entry of additur in the matter of Kadkhoda v. MBUSA; (8) a notice of ruling on Plaintiff's motion for attorney's fees, costs and expenses in the matter of Raul Galindo v. General Motors; (9) an order on attorney's fees and prejudgment interest in the lemon law

matter of Abraham Forouzan v. BMW; (10) an order on attorney's fees, costs and expenses in the lemon law matter of Joshua Holeman v. FCA; (11) an order on attorney's fees, costs and expenses in the lemon law matter of Catherine Shepard v. BMW; and (12) a copy of **\*1224** order on attorney's fees and prejudgment interest in the lemon law matter of Jerry Zomorodian v. BMW.

These documents are all matters of public record not subject to reasonable dispute, and are therefore the proper subject of judicial notice. Therefore, the Court **GRANTS** Plaintiff's Request for Judicial Notice. Defendant objects on the basis that Plaintiff cites to no authority in support of his request, as well as that the contents of the documents are not subject to judicial notice. The Court **OVERRULES** Defendant's objections, as Plaintiff makes his request pursuant to Federal Rule of Evidence 201 and the documents at issue here are not subject to reasonable dispute.

### b. Defendant's Requests for Judicial Notice

Here, Defendant twice requests that the Court take judicial notice of certain documents. In support of both its Opposition to Plaintiff's Motion for Fees and its Opposition to Plaintiff's Motion for Prejudgment Interest, Defendant requests that the Court take judicial notice of the following: (1) an order dated January 11, 2019, in the case Abraham Forouzan v. BMW of North America, LLC, et al.; and (2) an order dated July 23, 2019, in the case Jerry Zomordian v. BMW of North America, LLC, et al. See ECF No. 87-2, 86. The Court has already taken judicial notice of the aforementioned documents pursuant to Plaintiff's request; therefore, Defendant's Request for Judicial Notice in Support of its Opposition to Plaintiff's Motion for Fees and Request for Judicial Notice in Support of its Opposition to Plaintiff's Motion for Prejudgment Interest are **DENIED as MOOT**.

### 2. Motion for Prejudgment Interest

Plaintiff seeks an award of prejudgment interest in the amount of $34,743.37 under California Civil Code Section 3287(a) from the date of purchase of the Vehicle, or, in the alternative, $12,323.80 in prejudgment interest within the Court's discretion under Section 3287(b) from the date of the filing of the Complaint.

### a. Mandatory Prejudgment Interest Under Section 3287(a)

"Damages are deemed certain or capable of being made certain within the provisions of subdivision (a) of section 3287 where there is essentially no dispute between the parties concerning the basis of computation of damages if any are recoverable but where their dispute centers on the issue of liability giving rise to damage." Duale v. Mercedes-Benz USA, LLC, 148 Cal.App.4th 718, 56 Cal. Rptr. 3d 19, 26 (2007) (quoting Fireman's Fund Ins. Co. v. Allstate Ins. Co., 234 Cal.App.3d 1154, 286 Cal. Rptr. 146, 158 (1991)). Put simply, "[w]here the amount of damages cannot be resolved except by verdict or judgment, prejudgment interest is not appropriate." Id. (citing Children's Hosp. v. Bonta, 97 Cal.App.4th 740, 118 Cal. Rptr. 2d 629, 645-55 (2002)); Baker v. Garden Grove Med. Inv'rs, Ltd., 306 F. App'x 393, 396 (9th Cir. 2009) ("Damages are not certain under California law where a defendant does not know what amount he or she owes and cannot ascertain it except by judicial process.") (citing Duale, 56 Cal. Rptr. 3d at 27).

Plaintiff seeks to distinguish Duale despite its ready application to the facts of this case. In Duale, the Court held that prejudgment interest was not available under Section 3287(a) because it was in dispute: "(1) whether any of the many defects alleged in the complaint represented a nonconformity, (2) whether any such nonconformity 'substantially impaired [the] use, value, or safety' of the vehicle, and (3) [ ] for any such nonconformity—the mileage at which plaintiffs first presented the car to defendant for repair." **\*1225** Duale, 56 Cal. Rptr. 3d at 27. Similarly, here it was contested: (1) whether the Vehicle had a nonconformity; (2) whether the alleged nonconformity substantially impaired use, value, or safety of the Vehicle; (3) whether incidental expenses were incurred; (4) whether Defendant willfully violated the terms of the statute; and (5) whether Defendant committed fraud.

Plaintiff relies on Doppes v. Bentley Motors, Inc., 174 Cal.App.4th 1004, 94 Cal. Rptr. 3d 797 (2009), to support his argument that prejudgment interest under Section 3287(a) is appropriate in this Action. However, Doppes merely stands for the proposition that "'[t]he Song–Beverly Consumer Warranty Act does not bar recovery of prejudgment interest under Civil Code section 3287.'" 94 Cal. Rptr. 3d at 802. Doppes does not "show[ ] that prejudgment interest is recoverable under Plaintiff's claims here." Mot. 4:3-4. In fact, the court in Doppes did not engage with the facts of that specific case at all; the court merely found that claims for prejudgment interest under Section 3287 were not barred by the Song-Beverly Act and it was within the trial court's jurisdiction to

Zargarian v. BMW of North America, LLC, 442 F.Supp.3d 1216 (2020)
111 Fed. R. Evid. Serv. 1054

award prejudgment interest. Accordingly, Plaintiff's attempt to analogize to *Doppes* here without taking into account the facts of the cases misses the mark.

But for the parties' settlement, the contested issues in this Action would have remained as such until a verdict was reached at trial. Accordingly, the Court finds that Defendant could not have ascertained the amount of damages it would owe, so prejudgment interest under Section 3287(a) is inappropriate here.

b. *Discretionary Prejudgment Interest Under Section 3287(b)*

Under Section 3287(b), the trial court "has discretion to decide whether prejudgment interest should be awarded on an unliquidated contractual claim." N. Oakland Med. Clinic v. Rogers, 65 Cal.App.4th 824, 76 Cal. Rptr.2d 743, 746 (1998). "[T]he threshold question is whether Plaintiff's claim was 'based upon a cause of action in contract.' " Forouzan, 2019 WL 856395, at *9 (citing Cal. Civ. Code § 3287(b)). California courts have not decided whether claims under the Song-Beverly Act qualify as contract actions under Section 3287(b), but two decisions are illustrative.

In Bishop v. Hyundai Motor Am., 44 Cal.App.4th 750, 52 Cal. Rptr. 2d 134, 139 (1996), the California Court of Appeal reversed the trial court's award of emotional distress damages under the Song-Beverly Act because emotional distress damages "may not be recovered in an action for breach of contract."[3] Further, in A & M Produce Co. v. FMC Corp., 135 Cal.App.3d 473, 186 Cal. Rptr. 114, 128 (1982), which was not a case under the Song-Beverly Act, the Court awarded prejudgment interest under section 3287(b) based on causes of action for breach of express and implied warranties. But, even if these cases provided sufficient grounds to establish that Plaintiff's claims are contract **1226 causes of actions, prejudgment interest under Section 3287(b) is unwarranted in this case.

As discussed above, courts awarding prejudgment interest under Section 3287(b) have considered: (1) the time between the lawsuit's filing and the judgment; (2) whether awarding interest will penalize the defendant for litigating a bona fide dispute; and (3) whether the plaintiff made settlement offers such that the defendant's refusal could be construed as placing the prejudgment interest amount at risk. Forouzan, 2019 WL 856395, at *9 (citing A&M Produce, 186 Cal. Rptr. at 128-29).

Here, the first factor weighs against prejudgment interest. Plaintiff filed his Complaint in December 2017, and the parties reached an agreement in November 2019. Thus, the relatively short 23-month duration of this Action does not support an award of prejudgment interest. See Ardestani v. BMW of N. Am. LLC, No. 8:17-CV-00721-JDE, 2019 WL 2098351, at *8 (C.D. Cal. May 13, 2019) (finding that "the relatively short time between the filing of the Complaint and the start of trial [ ] (23 months)" weighed against an award of prejudgment interest); contra A&M Produce, 186 Cal. Rptr. at 128 (finding that the seven years that passed between the filing of the initial complaint and the entry of judgment favored an award of prejudgment interest).

The second factor also weighs against an award of prejudgment interest. Here, the bona fide nature of the dispute was evidenced by the Court having contested the positions and arguments of the parties, including on a motion for judgment on the pleadings. See, e.g., Ardestani, 2019 WL 2098351, at *8 (declining to exercise discretion to award prejudgment interest under Section 3287(b) in a Song-Beverly case); Forouzan, 2019 WL 856395, at *9 (same); Ruiz v. BMW of N. Am., LLC, No. 2:16-CV-01177-ODW-AGR, 2018 WL 2106454, at *7 (C.D. Cal. May 7, 2018) (same).

The third factor also weighs against the Court exercising its discretion to award prejudgment interest. Here, Plaintiff did not make multiple settlement offers; the one offer Plaintiff made, pursuant to Cal. Civ. Code Section 998, was accepted by Defendant. Therefore, because Defendant did not reject any of Plaintiff's settlement offers thereby placing the prejudgement amount at risk, the Court finds that this factor weighs against an award of prejudgment interest.

Having weighed the factors typically employed by courts in determining whether to award discretionary prejudgment interest under Section 3827(b), the Court concludes that discretionary interest should not be awarded under this subsection. Accordingly, because the Court finds that prejudgment interest is not available under either Section 3287(a) or (b), the Court **DENIES** Plaintiff's Motion for Prejudgment Interest.

3. *Motion for Fees, Costs, and Expenses*

a. *Attorneys' Fees*

*Zargarian* v. BMW of North America, LLC, 442 F.Supp.3d 1216 (2020)
111 Fed. R. Evid. Serv. 1054

### i. *Reasonable Rates*

Plaintiff seeks $150,538.50 in attorneys' fees. The first step in calculating the lodestar is determining the reasonable hourly rate. While the prevailing market rate for attorneys of comparable experience, skill, and reputation controls this determination, the fact that "a lawyer charges a particular hourly rate, and gets it, is evidence bearing on what the market rate is, because the lawyer and his clients are part of the market." Carson v. Billings Police Dep't, 470 F. 3d 889, 892 (9th Cir. 2006).

**\*1227** Plaintiff contends that the following hourly rates for his attorneys are reasonable: (1) $525 for Gregory Yu (16 years of practice); (2) $435 for Jacob Cutler (10 years of practice); (3) $350 for Gregory Sogoyan (2 years of practice); (4) $335 in 2018 and $365 for 2019 for Caitlin Scott (3 years of practice); (5) $410 for Christine Haw (6 years of practice); (6) $445 for Kyle Tracy (9 years of practice); (7) $385 for Natasha Bhushan (7 years of practice); (8) $445 for Anna Knafo (13 years of practice); (9) $375 in 2018 and $395 in 2019 for Carey Wood (6 years of practice); (10) $650 for Payam Shahian (16 years of practice); (11) $545 for Dara Tabesh (18 years of practice); (12) $600 for Michael Rosenstein (26 years of practice); and (13) $275 for Jonathan Cagliata (2 years of practice). Mot. for Fees 16:6-12; Decl. of Payam Shahian in Supp. of Mot. for Fees ("Shahian Decl.") ¶¶ 3-7, 20-37, ECF No. 83-20; Decl. of Dana Tabesh in Supp. of Mot. for Fees ("Tabesh Decl.") ¶¶ 4-7, Ex. A, ECF No. 83-18; Decl. of Michael Rosenstein in Supp. of Mot. for Fees ("Rosenstein Decl.") ¶¶ 3-6, Exs. A-B, ECF No. 83-14.

Plaintiff's primary evidence in support of the requested fees are the declarations of Payam Shahian, Dara Tabesh, and Michael Rosenstein. Defendant objects to almost every paragraph of these declarations with nothing more than stating "Relevance" or "Hearsay" and listing the corresponding Federal Rule of Evidence. See generally, Obj. to Decl. of Shahian, ECF No. 87-4; Obj. to Decl. of Tabesh, ECF No. 87-5; Obj. to Decl. of Cutler, ECF No. 87-6; Obj. to Decl. of Rosenstein, ECF. No 87-7. The Court **OVERRULES** Defendant's evidentiary objections because they are without merit and "are boilerplate and devoid of any specific argument or analysis as to why any particular exhibit or assertion in a declaration should be excluded." United States v. HVI Cat Canyon, Inc., 213 F. Supp. 3d 1249, 1257 (C.D. Cal. 2016); see also Stonefire Grill, Inc. v. FGF Brands, Inc., 987 F. Supp. 2d 1023, 1033 (C.D. Cal. 2013) (refusing to "scrutinize each objection and give a full analysis of identical objections"); Amaretto Ranch Breedables v. Ozimals, Inc., 907 F. Supp. 2d 1080, 1081 (N.D. Cal. 2012) ("This Court need not address boilerplate evidentiary objections."); Capitol Records, LLC v. BlueBeat, Inc., 765 F. Supp. 1198, 1200 n.1 (C.D. Cal. 2010) (citation omitted) (noting that "it is often unnecessary and impractical" to scrutinize "boilerplate recitations of evidentiary principles or blanket objections").

As the founder and most senior attorney of Strategic Legal Practices, Payam Shahian is "familiar with the experience and background of each attorney who has worked on this case at Strategic Legal Practices" and bases his determination that the hourly rates are reasonable on his "own experience and review of relevant court orders in the Los Angeles area." Shahian Decl. ¶ 20. Additionally, Shahian cites to several previous cases for each attorney in which hourly rates comparable to those requested in the instant Action were awarded to that specific attorney or to an attorney of similar experience in Los Angeles County. See Shahian Decl. ¶¶ 7, 22, 24, 26, 28, 30, 32, 34, 38, 37. Dara Tabesh bases his statement that the hourly rates are reasonable on his experience "both in [his] individual capacity and as an attorney and shareholder at EcoTech Law Group, P.C." with "extensive experience ... in consumer protection litigation," specifically "cases brought under California's consumer protection statutes, including the Song-Beverly Consumer Warranty Act." Tabesh Decl. ¶4. Tabesh also cites to several cases in which his hourly rate was awarded under similar circumstances. See id. ¶ 5. Michael Rosenstein bases his determination **\*1228** that the requested hourly rates are reasonable on his "25+ years of litigation experience, the skills and knowledge acquired over those years, and the rates reasonably charged by other attorneys who work in this area of law." Rosenstein Decl. ¶ 3. Rosenstein cites to the United States Consumer Law Attorney Fee Survey Report to support his position that the rates charged by his firm are reasonable. Id. ¶ 6.

Based on these declarations and support contained therein the Court establishes that the requested rates are reasonable.

### ii. *Hours Reasonably Expended*

Plaintiff seeks $150,538.50 in attorneys' fees.[4] Mot. for Fees 7:14-23. He claims that his attorneys have spent a total of 317.7 hours litigating this case. Id. 17:13. Defendant argues that Plaintiff should not recover for all 317.7 hours because: Plaintiff engaged in block billing; billed for duplicative and unrelated work; and overstaffed this case.

The Court has carefully examined the bills submitted and finds they contain an appropriate level of detail to permit

© 2021 Thomson Reuters. No claim to original U.S. Government Works.

Zargarian v. BMW of North America, LLC, 442 F.Supp.3d 1216 (2020)
111 Fed. R. Evid. Serv. 1054

the Court to conduct a meaningful review for reasonableness. First, Defendant objects to "block billing," and cites as an example an entry of 11.1 hours on December 16, 2019, described as "draft fee motion." Opp'n to Mot. for Fees 8:3-5, ECF No. 87. Further, in Ex. A to Defendant's Opposition to the Motion for Fees, Defendant notes that Tabesh's billing entry on November 17, 2019 for 8.4 hours described as "Further prepare ex parte application; proposed order; Tabesh declaration and exhibits; notice of motion and motion" was inappropriately block billed. Ex. A to Opp'n to Mot. for Fees. The Court finds that the disputed entries are reasonable here, as block billing only becomes an issue where there is a need to separate work that qualifies for compensation from work that does not. See Jaramillo v. Cty. of Orange, 200 Cal.App.4th 811, 133 Cal. Rptr. 3d 751, 765 (2011) (holding that block billed entries were reasonable where "there was no need to separate out covered from uncovered work"). The Court is faced with no such problem here.

Second, Defendant maintains that many of Plaintiff's billing items are impermissibly vague and should be excluded from the fee award. However, attorneys seeking fee awards are "not required to record in great detail how each minute of [their] time was expended." Hensley, 461 U.S. at 437 n.12, 103 S.Ct. 1933. Attorneys need only "keep records in sufficient detail that a neutral judge can make a fair evaluation of the time expended, the nature and need for the service, and the reasonable fees to be allowed." Id. at 441, 103 S.Ct. 1933 (Burger, C.J., concurring); see also United Steelworkers of Am. v. Ret. Income Plan For Hourly—Rated Employees of ASARCO, Inc., 512 F.3d 555, 565 (9th Cir. 2008). Under that standard, the Court finds no reason to reduce or eliminate any entries for vagueness.

Third, Defendant objects to the award of fees for items that Defendant claims are better suited as "Paralegal *1229 task[s]." See Ex. A to Opp'n for Mot. for Fees. These tasks include preparing case management conference documents, drafting the dismissal of other defendants, drafting a notice of appearance, drafting initial disclosures, drafting discovery documents, reviewing notices, and drafting documents to be filed with the Court. Id. It is well established that a plaintiff may not recover fees for time spent on purely clerical work. See Davis v. City & Cty. of S.F., 976 F. 2d 1536, 1543 (9th Cir. 1992), vacated on other grounds by Davis v. City & Cty. of S.F., 984 F.2d 345 (9th Cir. 1993) ("[P]urely clerical or secretarial tasks should not be billed at a paralegal [or lawyer's] rate, regardless of who performs them ... [The] dollar value [of such non-legal work] is not enhanced just because a lawyer does it.") (internal

quotations and citations omitted). However, the items here that Defendant describes as "paralegal tasks" differ from the "purely clerical or secretarial tasks" in Davis. Accordingly, the Court declines to exclude them from the fee award.

Fourth, Defendant contends that Plaintiff billed for "duplicative," "excessive," and "unrelated" work, and, further, "unnecessarily [ran] up fees when it [was] not warranted to do so" by hiring three different law firms to work on this matter. Opp'n to Mot. for Fees 6:11-14, 8:16-17. Specifically, Defendant objects to Plaintiff's decision to associate the Law Offices of Michael Rosenstein in as trial counsel because the case was not close to trial when it settled. Id. at 8:10-15. Further, Defendant objects to Plaintiff's billing items from EcoTech Law Group ("EchoTech") because EchoTech is located in San Francisco and hiring an additional firm was unnecessary to "litigate this simple lemon law dispute." Id. at 8:24-9:4. Here, the Court does not take issue with Plaintiff counsel's staffing decisions; from the billing records, it is clear that there was a strict division of labor between the firms, and the Court finds no evidence of duplicative work between the firms.

The Court also finds that billing items for motions that were ultimately not filed are reasonable, under the circumstances. Defendant objects to Plaintiff's counsel's billing entries related to a never-filed opposition to a motion for stay. The Court finds that in light of the back-and-forth motion filing that took place during the subject time period, it was not unreasonable for Plaintiff's counsel to work on a motion that was either eventually rendered moot, see Reply in Supp. of Mot. for Fees 23:6-13, ECF No. 92, or that counsel perhaps strategically decided not to file. Further, the Court finds that Defendant's remaining disputes as to the billing items being "excessive" or "unreasonable" as to the amount of time spent are without merit. Defendant provides the Court with no basis as to why the amount of time spent on these items was unreasonable or excessive.

Accordingly, the Court finds that all of the 317.7 hours Plaintiff billed to this Action were reasonable. However, because the instant motions were taken under submission and no hearing was required, Plaintiff's request for $5,000 to cover responding to Defendant's objections to the instant motions, as well as attending the hearings, is reduced to $3,000.

iii. *Lodestar Modification*

Zargarian v. BMW of North America, LLC, 442 F.Supp.3d 1216 (2020)

111 Fed. R. Evid. Serv. 1054

Plaintiff's reasonable rates and hours expended in this Action yield a lodestar of $148,538.50. The Court next must consider whether to increase or decrease the lodestar. See Stanger v. China Elec. Motor, Inc., 812 F. 3d 734, 740 (9th Cir. 2016) ("The decision to enhance or reduce the lodestar ... is within the district court's discretion"). Plaintiff argues for an **\*1230** upward modification of 1.5 because Plaintiff's counsel was forced to address unusually difficult issues as a result of Defendant's discovery tactics, Plaintiff's counsel obtained an excellent outcome, and the risks posed by this litigation were substantial. Mot. for Fees 21:1-2, 23:14, 24:7.

The Ninth Circuit has plainly stated that the lodestar amount is "presumptively the reasonable fee amount," and that a modification of the lodestar is appropriate only in "rare" and "exceptional" cases supported by both "specific evidence on the record and detailed findings ... that the lodestar amount is unreasonably low or unreasonably high." Van Gerwen v. Guarantee Mut. Life Co., 214 F. 3d 1041, 1045 (9th Cir. 2000) (quoting Pennsylvania v. Del. Valley Citizens' Council for Clean Air, 478 U.S. 546, 565, 106 S.Ct. 3088, 92 L.Ed.2d 439 (1986)). Generally, courts consider the following factors when determining whether to enhance a lodestar: "(1) the novelty and difficulty of the questions involved, (2) the skill displayed in presenting them, (3) the extent to which the nature of the litigation precluded other employment by the attorneys, [and] (4) the contingent nature of the fee award." Ketchum v. Moses, 24 Cal.4th 1122, 104 Cal.Rptr.2d 377, 17 P.3d 735, 741 (2001) (citing Serrano v. Priest, 20 Cal.3d 25, 141 Cal.Rptr. 315, 569 P.2d 1303, 1316-17 (1977)). Courts have also recognized that "the lodestar figure includes most, if not all, of the relevant factors constituting a 'reasonable attorney's fee' and 'an enhancement may not be awarded based on a factor that is subsumed in the lodestar calculation.'" Perdue v. Kenny A. ex rel. Winn, 559 U.S. 542, 553, 130 S.Ct. 1662, 176 L.Ed.2d 494 (2010) (quoting Pennsylvania, 478 U.S. at 566, 106 S.Ct. 3088). The "novelty and complexity of a case generally may not be used as a ground for an enhancement because these factors 'presumably [are] fully reflected in the number of billable hours recorded by counsel.'" Id. Furthermore, "the quality of an attorney's performance generally should not be used to adjust the lodestar '[b]ecause considerations concerning the quality of a prevailing party's counsel's representation normally are reflected in the reasonable hourly rate.'" Id.

The Court declines Plaintiff's request to apply an upward multiplier of 1.5 in this case. The amount of time and skill required to properly resolve this litigation, counsel's success in resolving the matter, and the case's novelty or

complexity are reflected in the number of billable hours recorded and the reasonable hourly rate. Further, Plaintiff does not argue that counsel was prevented from taking other work because of the representation here. The Court acknowledges the contingent nature of this case; nonetheless, "[a]n attorney operating on a contingency-fee basis pools the risks presented by his various cases: cases that turn out to be successful pay for the time he gambled on those that did not. To award a contingency enhancement under a fee-shifting statute would in effect pay for the attorney's time ... in cases where his client does not prevail." City of Burlington v. Dague, 505 U.S. 557, 565, 112 S.Ct. 2638, 120 L.Ed.2d 449 (1992). While Plaintiff claims that Defendant's litigation tactics made the risks associated with the contingent nature of this litigation extremely high, the Court finds that this case does not warrant the requested enhancement. The lodestar reflects the reasonable amount of attorneys' fees Plaintiff should recover, and the Court **DENIES** the requested 1.5 multiplier enhancement.

Accordingly, the Court awards Plaintiff $148,538.50 in attorneys' fees.

b. *Costs and Litigation Expenses*

Here, Plaintiff seeks $8,911.06 in litigation costs and expenses. Plaintiff filed an **\*1231** Application to the Clerk to Tax Costs [82], as well as made a request for costs and expenses in its Motion for Fees. Accordingly, the Court shall address the award of costs here.

Generally, "[a] federal court follows federal procedural law and, where it applies, state substantive law." Kohlrautz v. Oilmen Participation Corp., 441 F.3d 827, 830 (9th Cir. 2006). The recovery of prevailing party "costs in federal district court" is generally considered as procedural in nature, and "is normally governed by Federal Rule of Civil Procedure 54(d), even in diversity cases." Champion Produce, Inc. v. Ruby Robinson Co., Inc., 342 F.3d 1016, 1022 (9th Cir. 2003). However, courts have repeatedly held that the Song-Beverly Act's costs provision is substantive in nature, so costs should be awarded pursuant to Section 1794(d), rather than Rule 54. See, e.g., Forouzan v. BMW of N. Am., LLC, 390 F. Supp. 3d 1184, 1187 (C.D. Cal. 2019); Zomorodian v. BMW of N. Am., LLC, 332 F.R.D. 303, 307 (C.D. Cal. 2019).

Under the Song-Beverly Act, a prevailing buyer "shall be allowed by the court to recover as part of the judgment a sum equal to the aggregate amount of costs and

Zargarian v. BMW of North America, LLC, 442 F.Supp.3d 1216 (2020)
111 Fed. R. Evid. Serv. 1054

expenses." Cal. Civ. Code § 1794(d).

First, Defendant objects to Plaintiff's state court costs incurred prior to removal of the case because Plaintiff fails to provide a citation to the applicable state statute as required by the Bill of Costs Handbook." Def.'s Obj. to Pl.'s Appl. to Tax Costs ("Def.'s Costs Obj.") 3:27-28, ECF No. 89. However, the Court finds that Plaintiff properly relies on Section 1794(d) in requesting these costs. Accordingly, Defendant's objections to Plaintiff's state court costs are **OVERRULED**.

Defendant argues that Plaintiff should not be able to recover $3,115.75 in costs related to the October 29, 2019 deposition of Arcenio Campos and November 19, 2019 deposition of Plaintiff because "Local Rule 54-3.5(b) only permits the recovery of transcript costs 'if the transcript is used for any pursuant [sic] in connection with the case.' " Def.'s Costs Obj. 3:20-23 (citing C.D. Local Rule 54-3.5). Defendant argues that these deposition transcripts were not used in connection with the case because the case settled on November 19, 2019. Id. 3:23-25. First, the Court notes that Defendant is mistaken; Plaintiff's invoices indicate that Arcenio Campos's deposition took place on September 23, 2019, and Plaintiff's deposition took place on October 30, 2019.[5] See Ex. A to Pl.'s Appl. To Tax Costs. Further, the Court finds that depositions taken over two weeks before the case settled were, in fact, "used for any purpose in connection with the case." C.D. Local Rule 54-3.5(a). At the time these depositions were taken, a settlement had not yet been reached in this case; it was within Plaintiff counsel's right, and duty, to diligently pursue Plaintiff's case by conducting discovery. Accordingly, the Court **OVERRULES** Defendant's objections to the deposition costs.

Defendant also objects to $643 in costs that Plaintiff seeks for court reporter fees and transcript. Defendant argues that recovery of these costs is only warranted, pursuant to Local Rule 54-3.4, if they were ordered by the court or stipulated by counsel to be recoverable. Def.'s Costs Obj. 4:3-6. While "Local Rule 54-3.4 prohibits recovery for court reporter's transcripts without a court order to that effect, California law provides that prevailing plaintiffs can recover those expenses under [S]ection 1794(d)." *1232 BMW of N. Am., 390 F. Supp. 3d at 1188. Accordingly, Defendant's objections to the $643 in costs related to court reporter fees and transcript are **OVERRULED**.

Defendant objects to $1,767.20 for costs associated with surveillance and service of process of a deposition subpoena on Defendant's senior engineer, Michael Murray because it was unreasonable and unnecessary for

Plaintiff to incur these costs when Plaintiff noticed the deposition pursuant to Federal Rules of Civil Procedure Rule 30 and 45. Def.'s Costs Obj. 4:9-13. Plaintiff maintains that these costs were reasonable because Defendant objected to the deposition on the basis that Plaintiff did not properly subpoena the witness and provide Defendant with a copy of the subpoena. Pl.'s Resp. to Def.'s Costs Obj.("Pl.'s Costs Resp.") 7:18-21, ECF No. 90. Here, the Court finds that Plaintiff has failed to demonstrate why it was reasonable to undertake $1,767.20 in surveillance and service costs after it was Plaintiff who failed to properly subpoena the witness by failing to serve Defendant before serving the witness. Accordingly, the Court **DENIES** the $1,767.20 for costs associated with surveillance and service of process of a deposition subpoena on Defendant's senior engineer, Michael Murray.

Defendant objects to $998.08 in costs that were never incurred in this case, including $140.68 to file a motion to compel and $58.40 to file a supplemental request in support of the motion to compel, but no motion to compel was filed in this case. See Def.'s Costs Obj. 4:18-23. The Court **DENIES** these costs.[6] Defendant also objects to $800.00 for payment to Plaintiff's expert to attend the vehicle inspection on September 17, 2019, because Plaintiff's expert was ultimately unavailable and the inspection did not go forward. See Def.'s Costs Obj. 4:24-5:1. Plaintiff argues that while the inspection did not take place, Plaintiff had to pay the expert's invoice. Pl.'s Costs Resp. 8:7-11. The Court finds that these costs were not reasonably incurred because it was due to Plaintiff's expert's unavailability that the inspection did not take place. Therefore, the Court **DENIES** the costs for the expert's fee to attend the vehicle inspection.

Plaintiff also seeks to recover $163.44 for various costs without any documentation supporting the amount and taxability of each item.[7] See Def.'s Costs Obj. 5:6-15. But, Plaintiff did provide the documentation for the January 5, 2018 invoice for $43.85 to get conformed copies of the proof of service. See Ex. 7 in Supp. of Appl. for Costs at 5. However, Plaintiff did not file any documentation supporting his request for costs related to: (1) $31.80 to attend the motion to compel arbitration on May 3, *1233 2018; (2) October 30, 2019 invoice for $44.44 for Michael Rosenstein to attend Plaintiff's deposition; or (3) October 30, 2019 invoice for $43.35 for Gregory Sogoyan to attend Plaintiff's deposition. Accordingly, the Court **DENIES** these costs.

Lastly, Defendant objects, in part, to Plaintiff's delivery and messenger service costs. Specifically, Defendant objects to $738.27 in costs associated with hiring

111 Fed. R. Evid. Serv. 1054

messenger services because Defendant claims that Plaintiff may only recover costs associated with fees for service of process under Federal Rule of Civil Procedure 4. See Def.'s Costs Obj. 5:17-22. Defendant also objects to $24.16 in costs associated with serving a notice of acceptance of a 998 offer to Defendant's attorneys' offices at two incorrect locations. Id. at 5:25-6:2. The Court finds that the costs associated with messenger services are reasonable and recoverable under Section 1794(d), which controls an award of costs here. See Donner v. FCA, No. CV 17-2303 MRW, 2019 WL 2902704, at *4 (C.D. Cal. Mar. 15, 2019) (granting the plaintiff's costs for messenger services). The Court finds that the cost associated with serving a notice of acceptance of a 998 offer at Defense counsel's improper address is not reasonable under Section 1794(d), and the Court DENIES the $24.16 in costs. See Donner, 2019 WL 2902704, at *4 ("The Court also accepts Defendant's contentions regarding costs associated with 'bad address' service attempts and ... [t]he Court does not find those costs to have been reasonably incurred or properly transferable.").

As such, the Court GRANTS Plaintiff $6,001.03 in costs

and expenses pursuant to Section 1794(d).

### III. CONCLUSION

Based on the foregoing, the Court DENIES Plaintiff's Motion for Prejudgment Interest. The Court GRANTS in part Plaintiff's Motion for Attorneys' Fees, Costs, and Expenses. The Court GRANTS in part Plaintiff's Application to Tax Costs. Accordingly, Defendant is ORDERED to pay reasonable attorneys' fees in the amount of $148,538.50 and costs and expenses in the amount of $6,001.03.

### IT IS SO ORDERED.

### All Citations

442 F.Supp.3d 1216, 111 Fed. R. Evid. Serv. 1054

Footnotes

1    Plaintiff originally commenced this action also against Pacific BMW; however Plaintiff dismissed Defendant Pacific BMW on May 11, 2018.

2    Plaintiff attempts to argue that the dispute between the parties concerning whether the Vehicle had a nonconformity or whether the nonconformity impaired the use relate to liability and "have absolutely nothing to do with whether the damages were capable of being made certain." Pl.'s Reply in Supp. Of Mot. for Prejudgment Interest 1:27-28, ECF No. 91. But the court in Duale, as well as the Court here, found that these disputes affect the amount of recoverable damages, and therefore prevent an award of prejudgment interest under Section 3287(a).

3    The court in Bishop did not address prejudgment interest under Section 3287, but the court treated a cause of action brought under the Song-Beverly Act as a cause of action in contract.

4    This number does not include the requested "1.5 multiplier enhancement," but does include the request for $5,000 "as reasonably anticipated to review Defendant's fee Opposition, draft the Reply, review Defendant's Opposition to the Motion for Prejudgment Interest, draft the Reply, and attend the hearing on these Motions." Mot. for Fees 7:14-23. Furthermore, in his Reply, Plaintiff withdrew his request for $360 in fees concerning a billing item on September 20, 2019, described as "Reviewed and revised Plaintiff's Motion for Leave to Amend; directed co-counsel regarding the same," as the billing entry was inadvertently included. See Ex. 4 to Supplemental Cutler Decl., ECF No. 92-5.

5    The Court assumes that Defendant mistook the "Invoice Date" for the "Job Date" in evaluating the invoices. See Ex. A to Pl.'s Appl. to Tax Costs.

6    Plaintiff admits in his Response to Defendant's Objections to Application for Costs that a motion to compel was never filed in this Action, however Plaintiff states that he inadvertently listed as a motion to compel what was actually a Motion for Reconsideration of the State Court's ruling on the Motion to Compel Arbitration. See Pl.'s Costs Resp. 8:3-6. Plaintiff further concedes that he inadvertently included "a charge for $58.40 to file supplemental authority," but "[t]hat charge was for another lemon law case against BMW." Id. at 8:26-28. The Court declines to award costs in connection with filing the Motion for Reconsideration because those costs were not properly included in Plaintiff's Application for Costs.

Zargarian **v.** BMW **of** North **A**merica, LLC**,** 442 F.Su**pp.3**d 1**21**6 (2**020**)

111 Fed. R. Evid. Serv. 1054

7    These items include: (1) January 5, 2018 invoice for $43.85 to get conformed copies of the proof of service; (2) $31.80 to attend the motion to compel arbitration (mileage and parking) on May 3, 2018; (3) October 30, 2019 invoice for $44.44 for Michael Rosenstein to attend Plaintiff's deposition (mileage, parking and food); and (4) October 30, 2019 invoice for $43.35 for Gregory Sogoyan to attend Plaintiff's deposition (mileage, parking, and food).

**End of Document**                                          © 2021 Thomson Reuters. No claim to original U.S. Government Works.

© 2021 Thomson Reuters. No claim to original U.S. Government Works.    11

# EXHIBIT 6

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
**Civil Division**
Central District, Stanley Mosk Courthouse, Department 37

**19STCV02985**                                                          April 29, 2021
**JOSE ADRIAN FRANCO MEDINA vs KIA MOTORS**                               8:30 AM
**AMERICA, INC., et al.**

Judge: Honorable Richard J. Burdge Jr.          CSR: L. Lee #13568
Judicial Assistant: L. Garcia                   ERM: None
Courtroom Assistant: E. Avena                   Deputy Sheriff: None

APPEARANCES:

For Plaintiff(s): Gregory Sogoyan for Tionna Dolin (Telephonic)

For Defendant(s): Daniel T. Dowling (Telephonic)

**NATURE OF PROCEEDINGS:** Order to Show Cause Re: Dismissal (Settlement); Hearing on Motion for Attorney Fees

Pursuant to Government Code sections 68086, 70044, and California Rules of Court, Rule 2.956, Linda Lee, CSR #13568, certified shorthand reported is appointed as an official Court reporter pro tempore in these proceedings, and is ordered to comply with the terms of the Court Reporter Agreement. Order signed and filed this date.

The court's tentative ruling is posted online for parties to review.

The matter is called for hearing and argued. After argument, the Courts amends its tentative ruling and adopts it as the final order of the Court as follows:

Plaintiff's motion is granted in part. Plaintiff is awarded attorney fees and costs in the amount of $75,620.17. Plaintiff is to give notice.

Background

This is a lemon law action arising out of Plaintiff, Jose Adrian Franco Medina ("Plaintiff")'s purchase of a 2013 Kia Optima (the "Vehicle"), manufactured and/or distributed by Defendant, Kia Motors America, Inc. ("Kia America"). Plaintiff alleges that he received an express written warranty in connection with purchase of the Vehicle, which provided that Defendant undertook to preserve or maintain the Vehicle during the warranty period or to repair the Vehicle to warranty if a defect developed during the warranty period. According to Plaintiff, the Vehicle developed defects to a variety of areas during the warranty period, including its engine, oil

---

Minute Order                                                            Page 1 of 14

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
**Civil Division**
Central District, Stanley Mosk Courthouse, Department 37

| | |
|---|---|
| **19STCV02985** | April 29, 2021 |
| **JOSE ADRIAN FRANCO MEDINA vs KIA MOTORS** | 8:30 AM |
| **AMERICA, INC., et al.** | |

| | |
|---|---|
| Judge: Honorable Richard J. Burdge Jr. | CSR: L. Lee #13568 |
| Judicial Assistant: L. Garcia | ERM: None |
| Courtroom Assistant: E. Avena | Deputy Sheriff: None |

system, spark plugs and steering. Further, and according to Plaintiff, Defendant was provided sufficient opportunity to repair the Vehicle but were unable or failed to service the Vehicle, impairing its safety, use and/or value.

Plaintiff's Complaint alleges the following causes of action: (1) violation of Civil Code § 1793.2, subd. (d), (2) violation of Civil Code § 1793.2, subd. (b), (3) violation of Civil Code § 1793.2, subd. (a)(3), (4) breach of express written warranty (Civil Code § 1791.2, subd. (a), § 1794), (5) breach of the implied warranty of merchantability (Civil Code § 1791.1, § 1794, § 1795.5), (6) fraud by omission and (7) fraudulent inducement – intentional misrepresentation. The Complaint names the following as defendants: Kia America, Kia Motors Corporation ("Kia") and Hyundai Motor Company ("Hyundai").

On July 22, 2020, Kia's motion to quash service of summons was granted.

On January 8, 2021, the parties informed the court at a Post-Mediation Status Conference that the matter had settled.

Plaintiff now moves for an award of attorney's fees and costs. Kia America opposes the motion.

Evidentiary Objections

Kia America's Objections to Hooper Declaration

Overruled: 4-5

Sustained in Part: 7, 9-11

Sustained: 1-3, 6, 8


Objection 7: sustained in part as to everything after "which Plaintiff's motion to compel documents."

Objection 9: sustained in part as to the second sentence.

Objection 10: sustained in part as to the second sentence.

---

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
## Civil Division
Central District, Stanley Mosk Courthouse, Department 37

19STCV02985                                                      April 29, 2021
JOSE ADRIAN FRANCO MEDINA vs KIA MOTORS                          8:30 AM
AMERICA, INC., et al.

Judge: Honorable Richard J. Burdge Jr.          CSR: L. Lee #13568
Judicial Assistant: L. Garcia                   ERM: None
Courtroom Assistant: E. Avena                   Deputy Sheriff: None

Kia America's Objections to Shahian Declaration

Overruled: 1-4, 27, 29, 31, 33, 35, 49-51

Sustained: 5-24, 47, 52

Sustained in Part: 25-26, 28, 30, 32, 34, 36-46, 48

Objection 25: sustained except the last sentence.

Objection 26: sustained after the first sentence.

Objection 28: sustained after the first sentence.

Objection 30: sustained after the first sentence.

Objection 32: sustained after the first sentence.

Objection 34: sustained after the first sentence.

Objection 36: sustained after the first sentence. Lacks foundation and personal knowledge

Objection 37: sustained as to everything except "before joining SLP and focusing her practice on consumer protection matters in individual and class action matters."

Objection 38: sustained after the first sentence.

Objection 39: sustained except the last sentence.

Objection 40: sustained after the first sentence.

Objection 41: sustained except the last sentence.

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
### Civil Division
Central District, Stanley Mosk Courthouse, Department 37

19STCV02985                                                                April 29, 2021
JOSE ADRIAN FRANCO MEDINA vs KIA MOTORS                                     8:30 AM
AMERICA, INC., et al.

Judge: Honorable Richard J. Burdge Jr.          CSR: L. Lee #13568
Judicial Assistant: L. Garcia                   ERM: None
Courtroom Assistant: E. Avena                   Deputy Sheriff: None

Objection 42: sustained after the first sentence.

Objection 43: sustained except the last sentence.

Objection 44: sustained after the first sentence

Objection 45: sustained except the last sentence.

Objection 46: sustained after the first sentence..

Objection 48: sustained after the first sentence.

Plaintiff's Objections to Dowling Declaration

Overruled: 1, 3, 5, 12

Sustained: 1-2, 4, 6-10, 13-18

Sustained in part: 11

Objection 11: sustained to all after 12 attorneys.

Request for Judicial Notice

Plaintiffs request judicial notice of the following in support of their motion:

A February 27, 2014 Minute Order in the matter Khani v. Ford Motor Company (L.A. Super. Ct. Case No. BC466626) (Exhibit 1);

A May 9, 2017 Stipulation and signed Order in the matter Vanwaus v. FCA US, LLC (Los Angeles Super. Ct., Case No. BC591282) (Exhibit 2);

A September 27, 2017 Minute Order concerning the Court's Fee Order in the matter of Fuller v. FCA US, LLC (Los Angeles Super. Ct., Case No. BC556964) (Exhibit 3);

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
## Civil Division
Central District, Stanley Mosk Courthouse, Department 37

**19STCV02985**                                                    April 29, 2021
**JOSE ADRIAN FRANCO MEDINA vs KIA MOTORS**              8:30 AM
**AMERICA, INC., et al.**

Judge: Honorable Richard J. Burdge Jr.          CSR: L. Lee #13568
Judicial Assistant: L. Garcia                   ERM: None
Courtroom Assistant: E. Avena                   Deputy Sheriff: None

A February 27, 2018 Notice of Ruling and Tentative Ruling in the matter of Kazaryan v. Mercedes-Benz USA, LLC (Los Angeles Super. Ct., Case No. BC574416) (Exhibit 4);

A Notice of Ruling in the matter of Geredes v. Chrysler Group LLC (Los Angeles Super. Ct., Case No. BC52364) (Exhibit 5);

A Notice of Ruling in the matter of Ahmed Al-Jiboury v. FCA (Los Angeles Superior Court Case No BC648057) (Exhibit 6);

A Second Amended Judgment on Jury Verdict after Entry of Additur in the matter of Kadkhoda v. MBUSA (Los Angeles Superior Court Case No BC563069) (Exhibit 7);

A Notice of Ruling on Plaintiff's motion for attorney's fees, costs and expenses in the matter of Raul Galindo v. General Motors (LASC Case No BC693061) (Exhibit 8);

An Order on attorney's fees and prejudgment interest in the lemon law matter of Abraham Forouzan v. BMW (United States District Court for the Central District of California Case No. 2:17-cv03875-DMG-GJS) (Exhibit 9);

An Order on attorney's fees, costs and expenses in the lemon law matter of Joshua Holeman v. FCA (United States District Court for the Central District of California Case No. 2:17-cv-08273-SVWSK) (Exhibit 10);

An Order on attorneys' fees, costs and expenses in the lemon law matter of Catherine Shepard v. BMW (Los Angeles Superior Court Case No. BC622506) (Exhibit 11);

Order on attorneys' fees and prejudgment interest in the lemon law matter of Jerry Zomorodian v. BMW (United States District Court for the Central District of California Case No. 2:17-cv5061-DMG(PLAx) (Exhibit 12);

Order on attorneys' fees and prejudgment interest in the lemon law matter of Zargarian v. BMW (United States District Court for the Central District of California Case No. 2:18-cv-04857-RSWLPLA) (Exhibit 13);

September 16, 2016 order granting plaintiff's Motion for Attorney's Fees, Costs and Expenses in the lemon law matter of Soderstrom v. Mercedes-Benz USA, LLC (San Francisco Super. Ct.,

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
### Civil Division
Central District, Stanley Mosk Courthouse, Department 37

19STCV02985                                                                April 29, 2021
JOSE ADRIAN FRANCO MEDINA vs KIA MOTORS                                       8:30 AM
AMERICA, INC., et al.

Judge: Honorable Richard J. Burdge Jr.          CSR: L. Lee #13568
Judicial Assistant: L. Garcia                   ERM: None
Courtroom Assistant: E. Avena                   Deputy Sheriff: None

Civil Case No.CGC15544475) (Exhibit 14);

The Declaration of Bryan Kemnitzer filed in support of plaintiff's Motion for Attorney's Fees, Costs, and Expenses in the Song Beverly natter of Soderstrom v Mercedes-Benz, USA, LLC (San Francisco Super. Ct., Civil Case No. CGC15544475) (Exhibit 15);

February 14, 2019, order in Khomsone v BMW of North America, LLC (Alameda Super. Ct., Civil Case No. RG17856686) (Exhibit 16);

July 28, 2020, order granting plaintiff's Motion for Attorney's Fees, Costs, and Expenses in the matter of Flores v. FCA US, LLC (Sacramento Super. Ct., Case No. 34-2016-00192221-CU-BCGDS) (Exhibit 17);

August 25, 2020, order in the matter of Jurosky v BMW of North America, LLC, (United States District Court for the Northern District of California Case No. 19cv706 JM (BGS)) (Exhibit 18);

2020 WL 759285 (S.D. Cal. Feb. 14, 2020) (Exhibit to Hooper Decl.)

Plaintiff's request is denied. The existence and legal significance of these documents are proper matters for judicial notice (Evidence Code § 452, subds. (d), (h).) but they are of no relevance to this motion.

Discussion

Plaintiff requests an award of attorney's fees in the total amount of $143,110.57, broken down as follows: (1) $89,857.50 lodestar amount, (2) $4,824.32 in costs and expenses, (3) $44,928.75 in a lodestar enhancement, and (4) $3,500 for Plaintiff's counsel's remaining time on the instant motion.

Plaintiff's Entitlement to Attorney's Fees

Plaintiffs request attorney's fees as the prevailing party under the Song-Beverly Act, which allows a prevailing buyer to recover "attorney's fees based on actual time expended, determined

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
## Civil Division
Central District, Stanley Mosk Courthouse, Department 37

| | |
|---|---|
| **19STCV02985** | April 29, 2021 |
| **JOSE ADRIAN FRANCO MEDINA vs KIA MOTORS** | 8:30 AM |
| **AMERICA, INC., et al.** | |

| | |
|---|---|
| Judge: Honorable Richard J. Burdge Jr. | CSR: L. Lee #13568 |
| Judicial Assistant: L. Garcia | ERM: None |
| Courtroom Assistant: E. Avena | Deputy Sheriff: None |

by the court to have been reasonably incurred by the buyer in connection with the commencement and prosecution of such action." (Civ. Code, § 1794, subd. (d).)

Reasonable Amount of Attorney's Fees Award

"A trial court assessing attorney fees begins with a touchstone or lodestar figure, based on the 'careful compilation of the time spent and reasonable hourly compensation of each attorney ... involved in the presentation of the case." (Christian Research Inst. v. Alnor (2008) 165 Cal.App.4th 1315, 1321 (Christian).) The Court "need not simply award the sum requested. To the contrary, ascertaining the fee amount is left to the trial court's sound discretion." (Ibid.) "The reasonableness of attorney fees is within the discretion of the trial court, to be determined from a consideration of such factors as the nature of the litigation, the complexity of the issues, the experience and expertise of counsel and the amount of time involved. The court may also consider whether the amount requested is based upon unnecessary or duplicative work." (Wilkerson v. Sullivan (2002) 99 Cal.App.4th 443, 448.) "The basis for the trial court's calculation must be the actual hours counsel has devoted to the case, less those that result from inefficient or duplicative use of time." (Horsford v. Board of Trustees of California State University (2005) 132 Cal.App.4th 359, 395 (Horsford).) "The law is clear, however, that an award of attorney fees may be based on counsel's declarations, without production of detailed time records. (Raining Data Corp. v. Barrenechea (2009) 175 Cal.App.4th 1363, 1375.)

Billing Rates Requested

Plaintiff submits the declaration of his counsel, Payam Shahian ("Shahian") in support of the billing rates requested in this motion.

First, Shahian attests that he is the managing partner of SLP, which has a primary focus on consumer warranty and fraud cases. (Shahian Decl. ¶¶ 1, 3.) Shahian attests that as the most senior attorney at SLP, he supervises other attorneys on this matter and is familiar with the experience and background of each attorney. (Shahian Decl. ¶ 26.) Shahian attests to the following rates for SLP attorneys who billed on this matter:

Anh Nguyen: $385/hour in 2019, $435/hour in 2020 (in practice since 2012, 9 years)

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
**Civil Division**
Central District, Stanley Mosk Courthouse, Department 37

**19STCV02985**                                                                April 29, 2021
**JOSE ADRIAN FRANCO MEDINA vs KIA MOTORS**                    8:30 AM
**AMERICA, INC., et al.**

| | |
|---|---|
| Judge: Honorable Richard J. Burdge Jr. | CSR: L. Lee #13568 |
| Judicial Assistant: L. Garcia | ERM: None |
| Courtroom Assistant: E. Avena | Deputy Sheriff: None |

Anna Galviz: $420/hour in 2019 (in practice since 2013, 8 years)

Debora Rabieian: $395/hour in 2021 (in practice since 2017, 4 years)

Donna Hooper $595/hour in 2021 (in practice since 2000, 21 years)

Matthew Pardo: $335/hour in 2019 and $390/hour in 2021 (in practice since 2017, 4 years)

Aaina Duggal: $365/hour in 2021 (in practice since 2018, 3 years)

Tionna Dolin: $395/hour in 2019 and $425/hour in 2020 (in practice since 2014, 9 years)

Christine Haw: $375/hour in 2018, $410/hour in 2019 (in practice since 2013, 7 years)

Jacob Cutler: $460/hour in 2020 (in practice since 2009, 12 years)

Karen Wallace: $425/hour in 2019 and $450/hour in 2020 (in practice since 2010, 11 years)

James Tarter: $475/hour in 2020 (in practice since 2008, 13 years)

Sean Crandal: $385/hour in 2018, $410/hour in 2019 and $425/hour in 2020 (in practice since 2015, 6 years)

Jonathan Poe: $595/hour in 2020 (in practice since 2002, 19 years)

(Shahian Decl. ¶¶ 28-50.) Further, Shahian attests that some of his associate attorneys specialize in lemon law or have had extensive lemon law trial experience. (see, eg., Shahian Decl. ¶¶ 29, 31.)

Kia America does not contend that any of Plaintiff's attorney's requested billing rates are unreasonable.

Thus, the court finds that Plaintiff's requested billing rates are reasonable.

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
**Civil Division**
Central District, Stanley Mosk Courthouse, Department 37

19STCV02985                                                                April 29, 2021
**JOSE ADRIAN FRANCO MEDINA vs KIA MOTORS**                                 8:30 AM
**AMERICA, INC., et al.**

Judge: Honorable Richard J. Burdge Jr.            CSR: L. Lee #13568
Judicial Assistant: L. Garcia                     ERM: None
Courtroom Assistant: E. Avena                     Deputy Sheriff: None

Hours Requested

Plaintiff requests a lodestar of $89,857.50, based on 192.7 hours of total attorney time. (Motion,
9-11.) (Shahian Decl. ¶ 51, Ex. 19.) According to Plaintiff, the entire requested amount was
reasonable because it was necessitated by Kia America's failure to pay Plaintiff his damages
until after commencement of litigation. (Id.) Additionally, according to Plaintiff, all the
requested amounts are reasonable because no duplication of efforts occurred. (Id.)

In opposition, Kia America contends that Plaintiff's requested hours should be reduced as
follows: (1) Plaintiff should not recover any amounts for fees incurred after acceptance of Kia
America's Code of Civil Procedure section 998 Offer to Compromise ("998 Offer"), (2) Plaintiff
should not recover any amounts on fraud claims, which do not support an award of attorney's
fees, (3) Plaintiff's requested amounts should otherwise be reduced for unnecessary and
duplicative billing. (Opposition, 6-13.)

In support of its first argument, Kia America cites to Meister v. Regents of California (1998) 67
Cal.App.4th 437, 449-450 (Meister). In Meister, the Court of Appeal found that the trial court
properly exercised discretion to deny attorney's fees following a settlement offer on the grounds
that fees incurred after the settlement offer were not reasonably incurred. (Id. at 449-455.)
According to the Court of Appeal, the trial court was within its discretion to consider "all of the
facts and entire procedural history of the case" in reaching the conclusion that the settlement
offer, which Plaintiff rejected, would have afforded Plaintiff "as good or better relief than the
judgment." (Id. at 455.)

In support of its second argument, Kia America cites to Akins v. Enterprise Rent-A-Car Co. of
San Francisco (2000) 79 Cal.App.4th 1127 (Akins). Akins examined whether an award of
attorney's fees pursuant to the Fair Debt Collection Practices Act ("FDCPA") was proper. (Id. at

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
**Civil Division**
Central District, Stanley Mosk Courthouse, Department 37

19STCV02985                                                April 29, 2021
JOSE ADRIAN FRANCO MEDINA vs KIA MOTORS                    8:30 AM
AMERICA, INC., et al.

Judge: Honorable Richard J. Burdge Jr.        CSR: L. Lee #13568
Judicial Assistant: L. Garcia                 ERM: None
Courtroom Assistant: E. Avena                 Deputy Sheriff: None

1130.) The Court of Appeal concluded that the attorney fees award was proper in that it did not require Plaintiff to apportion hours between claims for which attorney fees were compensable by statute and other hours incurred. (Id. at 1134.) Specifically, the Court of Appeal ruled that fees do not need to be apportioned when the fees are incurred both for causes of action that carry statutory attorney fees and causes of action that do not. (Id. at 1133.)

Meister does not stand for the proposition that fees incurred after a 998 Offer must be reduced on the grounds that they are unreasonable. Kia America's 998 Offer was issued in January 2020 and was accepted in August 2020. In between these dates, Kia's Motion to Quash Service of Summons was heard in July 2020, a motion for which both parties expended significant hours. Thus, the court does disagrees with Kia America's first argument that Plaintiff's attorney fees incurred after issuance of its 998 Offer must all be stricken as unreasonable.

Second, Akins does not stand for the proposition that Plaintiff was required to strictly apportion the requested fees between Song-Beverly claims and claims not related to Song-Beverly. Pursuant to Akins, Plaintiff was not required to apportion the requested fees if the requested fees are incurred both for causes of action that carry statutory attorney's fees and causes of action that do not. The court has reviewed Plaintiff's counsel's submitted billing records, attached as Exhibit 19 to the Shahian Declaration. Based on this review, the court finds that the principle articulated in Akins applies and Plaintiff's counsel did not have to strictly apportion their fee requests. The court is concerned that much of the broad discovery was directed at the misrepresentation claims and not the basic underlying liability case, but much of that evidence is also relevant to the issue of statutory penalties.

Third, Kia America argues that much of Plaintiff's requested hours has to be reduced because they consist of improper, block billed, and or vague and duplicative work. (Opposition, 11-13.) For example, Kia America contends that hours for attorney Jonathan Poe must be reduced because they consist of 47.5 block billed hours for "review documents." (Id.) Additionally, Kia America contends that, for example, hours for internal communications between James Tarter and Jonathan Poe must be reduced, for a total of 55.5 hours because they are "flagrant inefficiency and unnecessarily duplicative work." (Id.) Further, Kia America contends that fees

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
**Civil Division**
Central District, Stanley Mosk Courthouse, Department 37

19STCV02985                                                                April 29, 2021
JOSE ADRIAN FRANCO MEDINA vs KIA MOTORS                                     8:30 AM
AMERICA, INC., et al.

Judge: Honorable Richard J. Burdge Jr.          CSR: L. Lee #13568
Judicial Assistant: L. Garcia                   ERM: None
Courtroom Assistant: E. Avena                   Deputy Sheriff: None

must not be awarded for attorney Jonathan Tarter's entry to "draft case eval and mediation brief"
as "it seems both wholly unreasonable and inefficient" to have a new attorney complete this task
when Plaintiff has already overstaffed the matter. (Id.)

The court agrees with Defendant that some of Plaintiff's requested fees represent time for block
billed and/or duplicative work and will reduce those fees. As a general rule, block billing is an
undisciplined practice that can "render it virtually impossible to break down hours on a task-by-
task basis between those related to the [particular claims at issue] and those that are not." (Bell
Vista Unified School Dist. (2000) 82 Cal.App.4th 672, 689 (Bell Vista).) Trial courts retain
discretion to penalize block billing when the practice prevents them from discerning which tasks
are compensable and which are not. (Heritage Pacific Fin., LLC v. Monroy (2013) 215
Cal.App.4th 972, 1010-1011, citing Christian, supra, 165 Cal.App.4th at pp. 1324-1325.)

Specifically, the court agrees that attorney Jonathan Poe's billing entries for reviewing
documents are duplicative and block billed. Attorney Poe has billed 47.5 for reviewing
documents in increments of 7.5 hours or 8 hours, and the court is unable to discern from these
billing entries whether the 47.5 hours allegedly incurred are reasonably incurred in connection
with this matter. Thus, the court will reduce this amount by half, for a total reduction of 23.75
hours at $595 per hour or $14,131.25.

Additionally, the court agrees that attorney Jonathan Tarter's entry for 8 hours to "draft case eval
and mediation brief" is improperly block billed. Other attorneys in Plaintiff's counsel's office
billed to meet and confer or have internal discussions regarding the mediation, such as Jacob
Cutler ("JC") and Karen Wallace ("KW"). Additionally, Mr. Cutler billed to attend the
mediation. Thus, Mr. Tarter billing 8 hours to "draft case eval and mediation brief" is not
reasonably incurred and represents unnecessary and duplicative work. The court will reduce this
amount by half, for a total reduction of 4 hours at $475 per hour or $1,900.

However, the court declines to reduce Plaintiff's requested hours for internal communications

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
**Civil Division**
Central District, Stanley Mosk Courthouse, Department 37

**19STCV02985**                                                                April 29, 2021
**JOSE ADRIAN FRANCO MEDINA vs KIA MOTORS**                                      8:30 AM
**AMERICA, INC., et al.**

Judge: Honorable Richard J. Burdge Jr.          CSR: L. Lee #13568
Judicial Assistant: L. Garcia                    ERM: None
Courtroom Assistant: E. Avena                    Deputy Sheriff: None

regarding this matter. Kia America has not cited any authority in support of the argument that attorney's fees in connection with internal communications are unreasonable in connection with a lemon law action. The court does not find Plaintiff's counsel's requested hours for internal communications unreasonable.

Attorney Galaviz billed between 6/5/2019 and 6/18/2019 almost 40 hours with respect to a motion to compel discovery. 7 hours were on a meet and confer letter, which is a large amount of time for that task, but the court will not reduce those hours. However, less that 4 days after sending that letter she started preparing the motion to compel. There are no entries regarding a good faith attempt to resolve the discovery issue. Eventually, an IDC was scheduled after 30+ hours drafting a motion. That conduct was not reasonable, and the court will reduce 15 hours at her rate of $420 per hour, or $6,300.

In addition, Plaintiff made an ill-supported effort to serve two Japanese parent corporations with no connections to California. In response to the first motion to quash, Plaintiff withdrew its proof of service; but Plaintiff then made another attempt at service despite having no evidence to support personal jurisdiction over the Japanese company and compelling evidence that there was no jurisdiction from the first motion to quash. Plaintiff again withdrew the proof of service, but the specially appearing defendant obtained an order quashing service to avoid a third attempt. Defendants highlight 6.4 hours for those efforts at a fee of $2,698.50. At least half of those were not reasonably necessary, so the hours will be reduced by 3.2 hour for a fee reduction of $1,399. In addition, costs incurred for service after February 2019 will be disallowed in the amount of $760.60.

For these reasons, the court approves a lodestar amount of 146.45 hours of attorney time, for a total of $68,056.45.

Multiplier

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
**Civil Division**
Central District, Stanley Mosk Courthouse, Department 37

19STCV02985                                                      April 29, 2021
JOSE ADRIAN FRANCO MEDINA vs KIA MOTORS                          8:30 AM
AMERICA, INC., et al.


Judge: Honorable Richard J. Burdge Jr.          CSR: L. Lee #13568
Judicial Assistant: L. Garcia                   ERM: None
Courtroom Assistant: E. Avena                   Deputy Sheriff: None

---

The court's objective is to award a fee at the fair market value for the particular action. (Ketchum, supra, 24 Cal.4th at p. 1132.) The analysis generally begins with the lodestar figure— i.e., the number of hours reasonably expended multiplied by the reasonable hourly rate. (Id. at pp. 1131-1132.) The lodestar is the basic fee for comparable legal services in the community. (Id. at p. 1132.) The court may then adjust the lodestar to arrive at the fair market value of the legal services provided. In adjusting the lodestar, the court considers factors including: (1) the contingent nature of the fee award, (2) the novelty and difficulty of the questions involved, (3) the skill displayed in presenting them, and (4) the extent to which the nature of the litigation precluded other employment by the attorneys. (Ibid.)

Plaintiff requests a multiplier of 1.5. (Motion, 11-13.) Specifically, Plaintiff contends that the multiplier is warranted because Plaintiff's counsel obtained an excellent outcome and further, because Plaintiff's counsel took the matter on a contingency fee basis, which presented a substantial risk of nonrecovery. (Id.)

In opposition, Kia America contends that Plaintiff's request for a multiplier must be denied, and a negative multiplier must be applied. (Opposition, 13-14.) according to Kia America, no multiplier is warranted because this is a simple lemon law matter. (Id.) Additionally, a negative multiplier is allegedly warranted because Plaintiff's counsel engaged in improper "filing churning" after Kia America served its 998 Offer.

The court finds that a multiplier is unwarranted. Plaintiff has not demonstrated that this case fits the Ketchum factors such that a positive multiplier is warranted. Almost one-third of the fees were incurred after the second 998 offer, but no measurable benefit was obtained by those efforts.


Costs and Expenses


Plaintiff requests an award of $4,824.32 in costs and expenses, on the grounds that this represents the total amount of costs and litigation expenses reasonably incurred. As stated above the costs will be reduced by $760.60 for the unnecessary second attempt to serve the Japanese

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
**Civil Division**
Central District, Stanley Mosk Courthouse, Department 37

**19STCV02985**                                                        April 29, 2021
**JOSE ADRIAN FRANCO MEDINA vs KIA MOTORS**                            8:30 AM
**AMERICA, INC., et al.**

Judge: Honorable Richard J. Burdge Jr.        CSR: L. Lee #13568
Judicial Assistant: L. Garcia                 ERM: None
Courtroom Assistant: E. Avena                 Deputy Sheriff: None

corporations.

Kia America does not otherwise challenge Plaintiff's request for costs and expenses. Thus, the court will award $4,063.72.

After argument, the court awards an additional $3,500 for Plaintiff's counsel's remaining time on the instant motion.

Conclusion
Plaintiff's motion is granted in part. Plaintiff is awarded attorney's fees and costs in the amount of $75,620.17. Plaintiff is to give notice and prepare order.

On the Court's own motion, the Order to Show Cause Re: Dismissal (Settlement) scheduled for 04/29/2021 is continued to 05/13/2021 at 08:30 AM in Department 37 at Stanley Mosk Courthouse.

# EXHIBIT 7

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
**Civil Division**
Central District, Stanley Mosk Courthouse, Department 74

**BC722351**                                                                    May 12, 2021
**MICHELE WILLIAMS VS KIA MOTORS AMERICA INC**                     8:30 AM

Judge: Honorable Michelle Williams Court          CSR: None
Judicial Assistant: C. Guerrero                   ERM: None
Courtroom Assistant: R. Cruz                      Deputy Sheriff: None

APPEARANCES:

For Plaintiff(s): No Appearances

For Defendant(s):  No Appearances

**NATURE OF PROCEEDINGS:** Ruling on Submitted Matter: Plaintiff's Motion for Attorney
Fees

The Court, having taken the matter under submission on 05/10/2021, now rules as follows:

The motion is GRANTED IN PART. The court awards plaintiff fees in the amount of
$47,244.40. Plaintiff's request for costs is DENIED WITHOUT PREJUDICE.

Plaintiff's Request for Judicial Notice

Plaintiff seeks judicial notice of 19 orders and stipulations in various state and federal court files.
The request for judicial notice is GRANTED.

Plaintiff's Evidentiary Objections to the Declaration of Patrick J. Raue

Objections 1-13 are SUSTAINED.

Defendant's Evidentiary Objections

Declaration of Aaina Duggal

Objection 1 is SUSTAINED.

Declaration of Payam Shahian

Objections 25 – 37 are SUSTAINED.

Objections 1 – 24, and 38-39 are OVERRULED.

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
**Civil Division**
Central District, Stanley Mosk Courthouse, Department 74

BC722351                                                                                    May 12, 2021
**MICHELE WILLIAMS VS KIA MOTORS AMERICA INC**                               8:30 AM

| | |
|---|---|
| Judge: Honorable Michelle Williams Court | CSR: None |
| Judicial Assistant: C. Guerrero | ERM: None |
| Courtroom Assistant: R. Cruz | Deputy Sheriff: None |

Discussion

This is a lemon law action arising out of Plaintiff Michele Williams's ("Plaintiff") purchase of a
2012 Kia Optima (the "Vehicle") manufactured by Defendant Kia Motors America, Inc.
("Defendant"). The action has settled and the only issue remaining is attorney fees.

Plaintiff seeks attorney fees pursuant to Civil Code §1794(d). Plaintiff seeks a total award of
$67,922.92, which includes: (1) $46,081.40 in attorney fees; (2) $2,712.89 in costs and expenses;
(3) a 1.35 multiplier enhancement on the attorney fees (i.e., $16,128.53) and (4) an additional
$3,000.00 for work performed on this motion after its filing.

Attorney fees when authorized by statute are allowable as costs and may be awarded upon a
noticed motion. Code of Civil Procedure §1033.5(a)(10)(B).

In determining what fees are reasonable, California courts apply the "lodestar" approach. (See,
e.g., Holguin v. DISH Network LLC (2014) 229 Cal.App.4th 1310, 1332.) This inquiry "begins
with the 'lodestar,' i.e., the number of hours reasonably expended multiplied by the reasonable
hourly rate." (See PLCM Group v. Drexler (2000) 22 Cal.4th 1084, 1095.) From there, the "[t]he
lodestar figure may then be adjusted, based on consideration of factors specific to the case, in
order to fix the fee at the fair market value for the legal services provided." (Ibid.) Relevant
factors include: "(1) the novelty and difficulty of the questions involved, (2) the skill displayed in
presenting them, (3) the extent to which the nature of the litigation precluded other employment
by the attorneys, [and] (4) the contingent nature of the fee award." (Ketchum v. Moses (2001) 24
Cal.4th 1122, 1132 (Ketchum).)

Lodestar

Plaintiff's counsel, Strategic Legal Practices, APC, used many attorneys who bill at different
rates on this matter. The claimed fees consist of work by the following attorneys at the following
rates for the following time:

Attorney - Rate - Hours Claimed - Lodestar

Aaina Duggal - $365 - 6.50 - $2,372.50
Anh Nguyen - $435 - 1.6 - $696.00
Anh Nguyen - $385 - 2.1 - $808.50
Donna Hooper - $595 - 3.6 - $2,142.00
Esther Kim - $350 - 7.4 - $2,590.00

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
**Civil Division**
Central District, Stanley Mosk Courthouse, Department 74

BC722351                                                                                      May 12, 2021
**MICHELE WILLIAMS VS KIA MOTORS AMERICA INC**                                 8:30 AM

Judge: Honorable Michelle Williams Court          CSR: None
Judicial Assistant: C. Guerrero                   ERM: None
Courtroom Assistant: R. Cruz                      Deputy Sheriff: None

---

Hayk Proshyan - $360 - 3.0 - $1,080.00
Jacob Cutler - $460 - 2.5 - $1,150.00
Jessica Zamora - $375 - 5.5 - $2,062.50
Jonathan Poe - $595 - 8.0 - $4,760.00
Julian Moore - $525 - 8.4 - $4,410.00
Matthew Pardo - $365 - 8.5 - $3,102.50
Matthew Pardo - $335 - 12.2 - $4,087.00
Matthew Roberts - $435 - 10.0 - $4,350.00
Sean Crandall - $410 - 9.0 - $3,690.00
Sean Crandall - $385 - 17.70 - $6,814.50
Sean Crandall - $350 - 4.10 - $1,435.00
Tionna Dolin - $395 - 0.30 - $118.50
Tionna Dolin - $375 - 1.10 - $412.50

Total: 111.3 $46,081.50

Plaintiff submits sufficient details about the counsel's experience justifying these sought rates.
Defendant does not challenge these rates as unreasonable. Therefore, the Court deems the rates
as reasonable.

The bulk of Defendant's opposition challenges the reasonableness of the hours spent on the work
litigating this case. As a preliminary matter, the Court finds that the declarations and billing
records submitted by Plaintiff's counsel provide sufficient details, including a description of the
tasks, to assess the reasonableness of time expended for each task. Moreover, the tasks involved
arise from a common core of facts and the work involved on all claims is inextricably
intertwined.

The court finds, however, the time spent on the unserved motion to compel and the fee motion
should be deducted from the total lodestar calculation. Accordingly, the Court reduces the
lodestar by $1,837.00.

Defendant argues that Plaintiff is not entitled to fees incurred after Defendant tendered the Code
of Civil Procedure §998 settlement offer. The settlement offer did not effectively resolve the case
or Plaintiff's counsel's obligation to work on the matter including to oppose the pending motion
to transfer and to assess the reasonableness of the offer. The work as documented was reasonably
necessary to resolve the litigation at the point Plaintiff received the settlement funds.
Accordingly, the existence of the §998 offer does not affect the lodestar calculation.

---

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
## Civil Division
Central District, Stanley Mosk Courthouse, Department 74

**BC722351**                                                                May 12, 2021
**MICHELE WILLIAMS VS KIA MOTORS AMERICA INC**                               8:30 AM

Judge: Honorable Michelle Williams Court          CSR: None
Judicial Assistant: C. Guerrero                   ERM: None
Courtroom Assistant: R. Cruz                      Deputy Sheriff: None

---

Loadstar is calculated to be $47,244.40.

Multiplier

Plaintiff seeks a 1.35 multiplier. The court has already taken the fact Plaintiff's counsel worked
on contingency into account as required by Ketchum. There is nothing before the court to
suggest that this was not a relatively straightforward lemon law case, an area in which Plaintiff's
counsel specializes, or that required it extraordinary legal skill and/or required counsel to bear
unnecessary risk. Further, this case did not present novel or complex issues. The request for a
multiplier is denied.

Costs

The Court denies Plaintiff's request for $2,712.89 in costs, without prejudice. California Rules of
Court rule 3.1700(a)(1) provides that the memorandum of costs must be served and filed within
15 days after the date of service of the notice of entry of judgment or dismissal by the clerk or
within 180 days after entry of judgment, whichever is first. Here, there has been no dismissal
filed. Insofar as Plaintiff seeks to recover costs, Plaintiff must file a memorandum of costs once a
dismissal has been filed. Then Defendant can move to strike specific costs if it wishes to do so.

The Order to Show Cause re dismissal following settlement is continued to 6/30/2021 at 8:30
a.m. in Department 74 at Stanley Mosk Courthouse.

The clerk is directed to give notice.

Certificate of Mailing is attached.

---

# EXHIBIT 8

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
**Civil Division**
Central District, Stanley Mosk Courthouse, Department 39

BC710535                                                                March 14, 2022
OSCAR MILLAN VS KIA MOTORS AMERICA INC                                    8:30 AM

Judge: Honorable Stephen I. Goorvitch          CSR: Sheila Pham CSR# 13293 (Remote)
Judicial Assistant: R. Mendoza                 ERM: None
Courtroom Assistant: K. Ghazarian              Deputy Sheriff: None

APPEARANCES:

For Plaintiff(s): Sepehr Daghigian, Esq (Telephonic) by Michael Rosenstein; Matthew J. Pardo

For Defendant(s): Marcelo Lee by Mikaela Jackson (Telephonic)

**NATURE OF PROCEEDINGS:** Order to Show Cause Re: Dismissal (Settlement); Hearing on Motion for Attorney Fees

Pursuant to Government Code sections 68086, 70044, and California Rules of Court, rule 2.956, Sheila Pham, CSR # 13293, certified shorthand reporter is appointed as an official Court reporter pro tempore in these proceedings, and is ordered to comply with the terms of the Court Reporter Agreement. The Order is signed and filed this date.

The matter is called for hearing.

Counsel for plaintiff submits on the Court's tentative.

Counsel for defendant submits on the Court's tentative.

The Court's tentative shall issue as the Order of the Court.

After reading and considering all moving documents, and conferring with counsel, the court rules as follows:

The Motion for Attorney Fees filed by Oscar Millan on 02/15/2022 is Granted.

BACKGROUND

Plaintiff filed this case under the Song-Beverly Consumer Warranty Act on June 15, 2018. The parties engaged in extensive litigation, which included responsive motions, a petition for coordination, numerous discovery motions, a motion for summary judgment, and motions in limine. The case settled two days before trial. Now, Plaintiff's counsel seeks attorney's fees totaling $173,759.83 consisting of: (1) $93,677.50 in attorney's fees for Strategic Legal Practices, (2) $22,327.50 in attorney's fees for California Consumer Attorneys, P.C., (3) A

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
## Civil Division
Central District, Stanley Mosk Courthouse, Department 39

BC710535                                              March 14, 2022
OSCAR MILLAN VS KIA MOTORS AMERICA INC                    8:30 AM

| | |
|---|---|
| Judge: Honorable Stephen I. Goorvitch | CSR: Sheila Pham CSR# 13293 (Remote) |
| Judicial Assistant: R. Mendoza | ERM: None |
| Courtroom Assistant: K. Ghazarian | Deputy Sheriff: None |

multiplier enhancement of 1.35, (4) Costs and expenses of $13,653.09, and (5) An additional $3,500 for litigation relating to this motion. The Court agrees that substantial attorney's fees are warranted in this case given the extensive litigation and awards a total of $114,364.32 plus costs of $13,653.09.

LEGAL STANDARD

The determination of reasonable amount of attorney fees is within the sound discretion of trial courts. (PLCM Group v. Drexler (2000) 22 Cal.4th 1084, 1095; Akins v. Enterprise Rent-A-Car Co. (2000) 79 Cal. App. 4th 1127, 1134.) The burden is on the party seeking attorney fees to prove reasonableness of the fees. (Center for Biological Diversity v. County of San Bernardino (2010) 188 Cal. App. 4th 603, 615.) The Court has broad discretion in determining the amount of a reasonable attorney's fee award which will not be overturned absent a "manifest abuse of discretion, a prejudicial error of law, or necessary findings not supported by substantial evidence." (Bernardi v. County of Monterey (2008) 167 Cal. App. 4th 1379, 1393-94.) The Court need not explain its calculation of the amount of attorney's fees awarded in detail; identifying the factors considered in arriving at the amount will suffice. (Ventura v. ABM Industries Inc. (2012) 212 Cal.App.4th 258, 274-75.)

DISCUSSION

Defendant argues that Plaintiff is seeking excessive legal fees. Although the Court agrees that some reduction is appropriate, in large part, Defendant created its own problem by making "penny-wise, pound-foolish" settlement offers and by litigating this case to the eve of trial. By its own admission, Plaintiff purchased the vehicle for $35,868.20. (See Declaration of Mikaela M. Jackson, ¶ 8.) This action was filed on June 15, 2018. Defendant made the first offer to settle this case over one year later, on July 2, 2019. (Id., ¶ 18.) Although Defendant references this offer in its opposition, it has not disclosed the amount, suggesting it was quite low. Then, almost two years after the case was filed, on March 16, 2020, Defendant offered to buy-back the vehicle for $26,500. (Id., ¶ 19.) This was less than the purchase price of the vehicle, especially considering the time value of money. Incredibly, this offer was made after Judge Elizabeth Feffer (the undersigned's predecessor) denied a demurrer to the fraud claim and a motion to strike the prayer for punitive damages. Then, over three years after the case was filed, on September 8, 2021, Defendant reiterated the same offer of $26,500. (Id., ¶ 20.) Incredibly, this third offer was made after Judge Armen Tamzarian denied summary adjudication of a fraud claim against Defendant in a different case for the same vehicle and the same defect. (See Plaintiff's Request for Judicial Notice in Support of Opposition to Defendant's Motion for Summary Judgment, Exh. #1, filed on October 8, 2021.) The undersigned ruled the same way as Judge Tamzarian on

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
## Civil Division
Central District, Stanley Mosk Courthouse, Department 39

BC710535                                                                    March 14, 2022
OSCAR MILLAN VS KIA MOTORS AMERICA INC                                          8:30 AM

Judge: Honorable Stephen I. Goorvitch          CSR: Sheila Pham CSR# 13293 (Remote)
Judicial Assistant: R. Mendoza                 ERM: None
Courtroom Assistant: K. Ghazarian              Deputy Sheriff: None

Defendant's motion. (See Court's Minute Order, dated November 9, 2021.)

The Court also is troubled by the evidence in this case. Just like Judge Tamzarian, the undersigned denied the motion for summary adjudication suggesting that Defendant was aware of the vehicle defects giving rise to this (and other) cases. As the Court noted in its order denying Defendant's motion for summary judgment, Defendant cannot rely on the "safe harbor" of Santana v. FCA US, LLC (2020) 56 Cal.App.5th 334, 345-346 because "the record reflects that Defendant was aware of a defect that it was unable to repair, and not a minor defect lasting only a short period of time." (Court's Minute Order, dated November 9, 2021.)

In sum, Defendant created its own problem. Defendant refused to acknowledge the weaknesses in its case. Defendant elected to fight "tooth and nail," which included a motion for summary judgment. Defendant did not settle the case until the eve of trial. Based upon this record, the Court is not sympathetic to Defendant's arguments that the attorney's fees are high.

Nevertheless, the Court agrees that some reduction in attorney's fees is appropriate under the circumstances. The Court will address each request separately.

A. Attorney's Fees for Strategic Legal Practices

Plaintiff's counsel seeks $93,677.50 in attorney's fees for Strategic Legal Practices, which did the bulk of the work in this case. The Court is concerned by the number of attorneys who worked on this case, which necessarily gives rise to some inefficiencies. The Court is concerned that certain of the rates are slightly high. Finally, the Court is concerned that some of the discovery practice in this case should not have been necessary. Therefore, the Court reduces this amount by 20% to account for these issues and awards $74,942.

B. Attorney's Fees for California Consumer Attorneys

Plaintiff's counsel seeks $22,327.50 in fees for California Consumer Attorneys. The Court generally affords more attorney's fees for the attorneys retained to try the cases, as trial lawyers often command higher rates than lawyer who handle pretrial matters. In this case, however, it appears that there was not a straight division of labor between Strategic Law Practices and California Consumer Attorneys. Therefore, the Court reduces this amount by 20% for the same reasons discussed above and awards $17,861.60.

C. Multiplier Enhancement

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
**Civil Division**
Central District, Stanley Mosk Courthouse, Department 39

BC710535                                                    March 14, 2022
OSCAR MILLAN VS KIA MOTORS AMERICA INC                          8:30 AM

Judge: Honorable Stephen I. Goorvitch        CSR: Sheila Pham CSR# 13293 (Remote)
Judicial Assistant: R. Mendoza               ERM: None
Courtroom Assistant: K. Ghazarian            Deputy Sheriff: None

Once the Court has determined an appropriate lodestar figure, the Court can determine whether that figure should be adjusted with a positive or negative multiplier. (Doppes v. Bentley Motors, Inc. (2009) 174 Cal.App.4th 967, 997.) "Whether a multiplier or demultiplier is appropriate is based on several factors, including (1) the risks presented by the litigation; (2) the novelty and difficulty of the legal and factual issues involved; (3) the results obtained on behalf of the plaintiff; and (4) the skill exhibited by counsel. (In re Consumer Privacy Cases (2009) 175 Cal.App.4th 545, 556.) "The 'results obtained' factor can properly be used to enhance a lodestar calculation where [1] an exceptional effort produced [2] an exceptional benefit." (Graham v. DaimlerChrysler Corp. (2005) 34 Cal.4th 553, 582, numerical alterations added.)

Plaintiff's counsel satisfies this standard. The case presented difficulties for Plaintiff's counsel, given the "battle" that Defendant wages, and Plaintiff achieved an extraordinary result. Therefore, the Court awards a multiplier of 1.2, which is an additional 20% in attorney's fees.

D. Costs and Expenses

Plaintiff's counsel seeks costs and expenses of $13,653.09. Normally, this would require a memorandum of costs and a motion to tax costs, but both parties appear to stipulate that the Court can resolve this issue on this motion, which promotes judicial efficiency. There appears to be only one issue in dispute: Whether Plaintiff is entitled to reimbursement for certain data storage charges. Neither party identifies this charge in the billing summary, and the Court could not locate any charge for data storage. Because Plaintiff did not appear to bill for this charge, there is nothing for the Court to reduce.

E. Attorney's Fees for this Motion

Plaintiff's counsel is entitled to its legal fees for this motion. The Court awards $3,000, as the Court believes that is fair and appropriate.

CONCLUSION AND ORDER

The Court orders as follows:

1. The Court grants Plaintiff's motion and awards the following fees: (1) Attorney's fees to Strategic Law Practices in the amount of $74,942, (2) Attorney's fees to California Consumer Lawyers in the amount of $17,861.60, (3) A multiplier of 1.2, meaning that Strategic Law Practices is entitled to an additional $14,988.40, and California Consumer Lawyers is entitled to an additional $3,572.32, and (4) Additional attorney's fees of $3,000. Based upon the foregoing,

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
**Civil Division**
Central District, Stanley Mosk Courthouse, Department 39

**BC710535**                                                          March 14, 2022
**OSCAR MILLAN VS KIA MOTORS AMERICA INC**                            8:30 AM

Judge: Honorable Stephen I. Goorvitch          CSR: Sheila Pham CSR# 13293 (Remote)
Judicial Assistant: R. Mendoza                 ERM: None
Courtroom Assistant: K. Ghazarian              Deputy Sheriff: None

---

Defendant shall pay Plaintiff's counsel a total of $114,364.32 within sixty (60) days. The Court authorizes the parties to correct any mathematical errors in this order without further order of the Court.

2. The Court orders Defendant to pay Plaintiff's counsel costs in the amount of $13,653.09.

3. The Court grants the parties stipulation for the Court to retain jurisdiction to enforce the parties' settlement agreement and this order under Code of Civil Procedure section 664.6.

4. The Court dismisses this case with prejudice.

5. Plaintiff's counsel shall provide notice and file proof of such with the Court.

The Court orders the Amended Complaint (1st) filed by Oscar Millan on 03/14/2019 dismissed without prejudice.

The Court retains jurisdiction to make orders to enforce any and all terms of settlement, including judgment, pursuant to Code of Civil Procedure Section 664.6.

The following event(s) is/are advanced to this date and vacated:
06/15/2022 9:00 AM Hearing on Motion for Attorney Fees in Department 39

---

# EXHIBIT 9

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
**Civil Division**
Central District, Stanley Mosk Courthouse, Department 45

**19STCV26274**                                                         March 14, 2022
**JASON J. ARNOLD, et al. vs FCA US, LLC, et al.**                          8:30 AM

Judge: Honorable Mel Red Recana          CSR: Linda Lee, CSR # 13568 (Video)
Judicial Assistant: J. Marquez           ERM: None
Courtroom Assistant: G. Mack             Deputy Sheriff: None

APPEARANCES:

For Plaintiff(s): Eliana Amirian (Video) for Tionna Grace Dolin

For Defendant(s): Jeffery Fadeff (Video) for Thomas Joseph Walsh

**NATURE OF PROCEEDINGS:** Hearing on Motion for Attorney Fees

The Court issues a tentative ruling and all counsel are provided with a copy.

Pursuant to Government Code sections 68086, 70044, and California Rules of Court, rule 2.956, Linda Lee, CSR # 13568, certified shorthand reporter is appointed as an official Court reporter pro tempore in these proceedings, and is ordered to comply with the terms of the Court Reporter Agreement. The Order is signed and filed this date.

The matter is called for hearing.

The Court and counsel confer regarding the tentative ruling. Counsel argues on the tentative ruling. After oral argument the Court rules as follows:

The Motion for Attorney Fees filed by Melissa L. Arnold, Jason J. Arnold on 02/09/2022 is Granted.

The Court Grants Plaintiff's motion for attorneys' fees in the total reduced amount of $50,480.30 in attorneys' fees.

The Court Denies Without Prejudice Plaintiffs' motion for costs and expenses.

The tentative ruling becomes the final Order of the Court which is signed and filed this date and incorporated by reference herein.

Notice is waived.

---

Minute Order                                                          Page 1 of 1

# EXHIBIT 10

2022 WL 1013433
Only the Westlaw citation is currently available.
United States District Court, C.D. California.

Mo RAHMAN

v.

FCA US LLC et al.

Case No.: 2:21-cv-02584-SB-JC
|
Filed 03/29/2022

**Attorneys and Law Firms**

Daniel A. Law, Tionna Dolin, Simi Peterson, Matthew Jeffrey Pardo, Strategic Legal Practices APC, Regina Lotardo, Blair and Ramirez LLP, Los Angeles, CA, for Mo Rahman.

Eric D. Sentlinger, Sarah Marie Carlson Lambert, Spencer Peter Hugret, Vernice Trina Louie, Gordon Rees Scully Mansukhani LLP, Amy Patricia Maclear, Shook Hardy and Bacon LLP, San Francisco, CA, for FCA US LLC.

**Proceedings: [In Chambers] ORDER RE: PLAINTIFF'S MOTION FOR ATTORNEYS' FEES [Dkt. No. 45]**

STANLEY BLUMENFELD, JR., United States District Judge

**\*1** This is a lemon law case filed by Plaintiff Mo Rahman against Defendant FCA US LLC. The parties reached a settlement on Plaintiff's claims in September 2021 that was finalized in February 2022. Pursuant to the settlement, Plaintiff filed this motion for attorneys' fees and costs. Dkt. No. 45. Defendant filed an opposition that does not dispute Plaintiff's entitlement to fees under the Song-Beverly Consumer Warranty Act (SBA) but contends that the amount of fees claimed are excessive. Dkt. No. 58. The Court finds this matter suitable for resolution without oral argument and vacates the April 1, 2022 hearing. Fed. R. Civ. P. 78; L.R. 7-15.[1] For the reasons stated below, Plaintiff's motion is **granted** in part.

**BACKGROUND**

Plaintiff purchased a 2015 Jeep Grand Cherokee manufactured by Defendant in June 2016. Compl. ¶ 9, Dkt. No. 1-2. After experiencing repeated mechanical problems with the vehicle, Plaintiff filed this action in state court in July 2020 alleging violations of the SBA and an additional claim for fraudulent inducement. *Id.* The parties litigated the case in state court for eight months, including a motion to compel arbitration, a motion to strike, and the filing of two amended versions of the complaint. In November 2020, Defendant first offered to settle the action for $48,835.00 and $8,000 in attorneys' fees, which Plaintiff did not accept. Dkt. No. 45-3. Defendant removed on the basis of diversity in March 2021 after Plaintiff voluntarily dismissed the dealership, a non-diverse party. Dkt. No. 1. Plaintiff filed a motion to remand, which the Court denied. Dkt. No. 29. The parties resolved Plaintiff's claims during mediation and filed a notice of settlement on September 23, 2021. Dkt. No. 33. Under the settlement agreement, Plaintiff will receive $70,000 as full restitution for his claims, plus civil penalties, and Defendant agreed to pay Plaintiff's attorneys' fees and costs pursuant to a motion before the Court. Motion at 14. The parties later resolved Plaintiff's request for costs. Dkt. No. 51, at 1 n.1. Thus, the only remaining issue for the Court to resolve is Plaintiff's attorneys' fees.

**REQUESTS FOR JUDICIAL NOTICE AND OBJECTIONS**

Plaintiff filed a request for judicial notice (RJN), and both parties filed numerous evidentiary objections. Dkt. Nos. 47 (RJN), 60–61 (Defendant's Objections), 64-2 (Plaintiff's Response to Defendant's Objections), 64-3 (Plaintiff's Objections). Plaintiff requests that the Court take judicial notice of 24 orders from state and federal courts granting motions for attorneys' fees and costs to Plaintiff's counsel, as well as two declarations filed in support of prior motions for attorneys' fees in other cases. RJN; Shahian Decl. Exs. 1–26, Dkt. Nos. 45-9 to 45-34. Defendant objects to these requests, arguing that they are not directly relevant to the issues before the Court. Dkt. No. 60. Plaintiff's request is unnecessary because "when a court takes judicial notice of another court's opinion, it may do so not for the truth of the facts recited therein, but for the existence of the opinion, which is not subject to reasonable dispute over its authenticity." *Lee v. City of Los Angeles*, 250 F.3d 668, 690 (9th Cir. 2001) (cleaned up). Nonetheless, the Court **grants** Plaintiff's request and **overrules** Defendant's objections thereto because court filings are properly subject to judicial notice. *Zargarian v.*

*BMW of N. Am., LLC*, 442 F. Supp. 3d 1216, 1223 (C.D. Cal. 2020).

**\*2** The parties make additional boilerplate objections to their respective declarations, most of which are objections to statements about the procedural history of this case. *See, e.g.*, Dkt. No. 61, at 10 (Defendant objects to Tionna Dolin's declarative statement that "[o]n September 30, 2020, Plaintiff filed a First Amended Complaint"); Dkt. No. 64-3, at 2 (Plaintiff objects to Eric Settlinger's declarative statement that "[a]t 12:30 a.m. on March 1, 2022, Plaintiff filed this Motion and supporting declarations"). Defendant also objects to paragraph 7 of Payam Shahian's declaration, which lists cases that have approved her hourly rate, as irrelevant and prejudicial. Dkt. No. 60, at 2–3. Defendant's objection appears to be an argument on the merits of Plaintiff's claim, arguing that Plaintiff's cases do not present an accurate picture of prevailing market rates. *Id*. Indeed, Defendant cites the same case—and makes the same argument—in its opposition. Opp. at 10–11. In any event, this evidence is not irrelevant because the fact that "a lawyer charges a particular hourly rate, and gets it, is evidence bearing on what the market rate is, because the lawyer and his clients are part of the market." *Carson v. Billings Police Dep't*, 470 F.3d 889, 892 (9th Cir. 2006). Nor is it prejudicial, as Defendant may rebut Plaintiff's market-rate evidence in its opposition. *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 980 (9th Cir. 2008). Accordingly, Defendant's objection to paragraph 7 of Shahian's declaration is **overruled**. As the Court does not rely on any of other portions of declarations subject to an objection, the remainder of both parties' objections are **overruled** as moot. *A.B. v. Facebook, Inc.*, No. CV 20-9012-CBM-(MAAx), 2021 WL 2791618, at \*2 (C.D. Cal. June 1, 2021).

## LEGAL STANDARD

The SBA provides for the award of reasonable attorney's fees and costs to a prevailing plaintiff. Cal. Civ. Code § 1794(d). The parties agree that Plaintiff is entitled to attorney's fees under the SBA as the prevailing plaintiff pursuant to the settlement agreement; however, they disagree as to whether the fees incurred by Plaintiff in litigating this action were reasonable. In examining reasonableness under this section, a

court must "ascertain whether under all the circumstances of the case the amount of actual time expended and the monetary charge being made for the time expended are reasonable." *Nightingale v. Hyundai Motor Am.*, 31 Cal. App. 4th 99, 104, 37 Cal.Rptr.2d 149 (1994). The *Nightingale* court explained:

> At the outset, it is important to note that we are not concerned in this case with a customary statutory or contractual provision which merely provides for "reasonable attorney fees." The statute we are dealing with takes a somewhat different approach. It requires the trial court to make an initial determination of the actual time expended; and then to ascertain whether under all the circumstances of the case the amount of actual time expended and the monetary charge being made for the time expended are reasonable. These circumstances may include, but are not limited to, factors such as the complexity of the case and procedural demands, the skill exhibited and the results achieved.... A prevailing buyer has the burden of "showing that the fees incurred were 'allowable,' were 'reasonably necessary to the conduct of the litigation,' and were 'reasonable in amount.' "

*Id.* (quoting *Levy v. Toyota Motor Sales, U.S.A., Inc.*, 4 Cal. App. 4th 807, 816, 5 Cal.Rptr.2d 770 (1992)). A court may not "categorically deny or reduce an attorney fee award" due to a plaintiff's failure to accept an initial settlement offer if the ultimate recovery exceeds the original offer. *Reck v. FCA US LLC*, 64 Cal. App. 5th 682, 687, 279 Cal.Rptr.3d 175 (2021).

## DISCUSSION

Plaintiff seeks to recover a total of $54,896.53 in attorneys' fees: $38,071.50 in fees, plus an additional $13,325.03 for a 1.35 multiplier enhancement and $3,500 in anticipated fees incurred in bringing this motion. Motion at 16.

### A. Reasonable Hourly Rate

The first step in calculating counsel's lodestar is determining whether the requested hourly rate is reasonable. *Forouzan v. BMW of N. Am., LLC*, No. CV 17-3875-DMG (GJSx), 2019 WL 856395, at \*4 (C.D. Cal. Jan. 11, 2019). Plaintiff requests the fees of 14 attorneys who worked on this case:

| Name | Year Admitted | Rate |
|------|---------------|------|
| Aaina Duggal | 2018 (N.Y.); 2021 (Cal.) | $365 |
| Daniel Law | 2016 | $425 |

| Eliana Amirian | 2021 | $375 |
| Jaclyn Laing | 2017 | $385 |
| Jason Clark | 2007 | $565 |
| James Doddy | 2004 | $595 |
| Mark Gibson | 2008 | $450 |
| Matthew Pardo | 2017 | $390 |
| Neil Butala | 2013 | $460 |
| Nino Sanaia (law clerk) | N/A | $285 |
| Payam Shahian | 2003–2004 | $695 |
| Regina Lotardo | Unknown | $435 |
| Sean Crandall | 2015 | $425 |
| Tionna Dolin | 2014 | $425/$450/$490 |

**\*3** Motion at 9–10.

Defendant cites two cases where lower rates were awarded. *See* Opp. at 11 (citing *Arias v. Ford Motor Co.*, No. EDCV181928PSGSPX, 2020 WL 1940843, at \*4 (C.D. Cal. Jan. 27, 2020); *Hernandez v. FCA U.S. LLC*, No. CV 17-5452-GW(ASx), 2019 WL 2932637, at \*3 (C.D. Cal. Jan. 4, 2019)). But Plaintiff cites to numerous recent opinions from courts in Los Angeles County that have approved the same or substantially similar rates for each member of Plaintiff's counsel, with the exception of Nino Sanaia. Shahian Decl., Dkt. No. 45-8, ¶¶ 7, 35, 37, 39, 41, 43, 45, 47, 49, 51, 55, 57, 59. Sanaia's rate also appears reasonable—she received her bar license in a foreign country in 2015 and requests a rate similar to what is reasonable for paralegals in this district, which the Court finds to be a fair comparison given her experience. *See Taylor Farms Cal., Inc. v. Cooper's Cold Foods, Inc.*, No. 19-cv-8924 DDP (GJSx), 2021 WL 5178475, at \*2 (C.D. Cal. Nov. 8, 2021) ("[S]everal other courts within the district have held rates of $150 to $276.25 to be reasonable for the work of paralegals depending on their degree of experience and skill."). Accordingly, the Court finds that the attorneys' requested hourly rates are reasonable.

## B. Reasonable Number of Hours

Plaintiff submits that counsel spent a total of 86.6 hours on this case. Billing Records, Dkt. No. 45-35. Defendant argues that there are multiple deficiencies in Plaintiff counsel's billing records that justify reducing the number of hours: (1) extricable work, (2) excessive or duplicative billing, (3) improper block billing, and (4) overly vague entries. Opp. at 6–10.

Defendant argues that the work should not award counsel for work related to Plaintiff's fraud claim, citing *Santana v. FCA US, LLC*, 56 Cal. App. 5th 334, 349, 270 Cal.Rptr.3d 335 (2020) and *Akins v. Enter. Rent-A-Car Co. of S.F.*, 79 Cal. App. 4th 1127, 1133, 94 Cal.Rptr.2d 448 (2000). This argument is manifestly meritless. While *Akins* does state that a party may "recover only on the statutory causes of action" for which attorneys' fees are provided, it also provides two exceptions to this rule: (1) the fees were "incurred for representation of an issue common to both a cause of action for which fees are permitted and one for which they are not" and (2) "[w]hen the liability issues are so interrelated that it would have been impossible to separate them into claims for which attorney fees are properly awarded and claims for which they are not." 79 Cal. App. 4th at 1133, 94 Cal.Rptr.2d 448. The latter exception applies to Plaintiff's fraud and SBA claims—the same conclusion reached by the court in *Santana*.

56 Cal. App. 5th at 347, 270 Cal.Rptr.3d 335 (describing the plaintiff's "two causes of action—fraud and Song-Beverly Act—as encompassing 'one set of facts' ").

Defendant points to only two entries as excessive: 1.7 hours to prepare the complaint and 0.3 hours to file the civil coversheet. Opp. at 7. These entries are excessive for a routine lemon law case; drafting a boilerplate complaint should not take more than an hour, nor should drafting the simple civil coversheet take more than 15 minutes. Indeed, Plaintiff's counsel appear to acknowledge that it used a template to draft the complaint. Dkt. No. 64-1, Ex. 1, at 1; *see also James v. AT&T W. Disability Benefits Program*, No. 12-cv-06318-WHO, 2014 WL 7272983, at *4 (N.D. Cal. Dec. 22, 2014) (finding one hour spent drafting and modifying a complaint derived from a template to be reasonable). Accordingly, the Court finds that some of counsel's entries are excessive and justify a reduction.

**\*4** Defendant also contends that Plaintiff billed for duplicative work among the numerous attorneys on this case. But all the examples highlighted by Defendant are for time spent reviewing or revising work drafted by another attorney, which Defendant has not shown was improper here. *See Mitchell v. Metro. Life Ins. Co.*, No. CV 05-00810 DDP (RNBx), 2008 WL 1749473, at *3 (C.D. Cal. Apr. 7, 2008) ("It is not unusual for one attorney to draft a brief, for another attorney to review and revise the brief, and then for the drafting attorney to make final edits and changes."). And while the Court may agree that staffing 14 lawyers on a routine lemon-law case is excessive, the Ninth Circuit has held that a district court "may not set the fee based on speculation as to how other firms would have staffed the case." *Moreno v. City of Sacramento*, 534 F.3d 1106, 1114 (9th Cir. 2008). Instead, a district court's review is confined to determining whether counsel's staffing choices resulted in excessive or duplicative billing. Here, Defendant has not shown that counsel's billing records are duplicative, or that the large number of attorneys resulted in excessive billing.

The Court agrees with Defendant, however, that Plaintiff's counsel engaged in block billing, which "does not allow the Court to scrutinize the amount of time spent performing each task." *Servin v. FCA US LLC*, No. 5:20-cv-00647-SB-KK, 2021 WL 4860691, at *2 (C.D. Cal. Aug. 20, 2021); *see also Welch v. Metro. Life Ins. Co.*, 480 F.3d 942, 945 n.2 (9th Cir. 2007) (suggesting that block billing may justify a reduction of up to 30% for block-billed time); *Banas v. Volcano Corp.*, 47 F. Supp. 3d 957, 968 (N.D. Cal. 2014) (construing *Welch*

to authorize a district court "to reduce block-billed hours by 10% to 30%"). The time entries submitted by Plaintiff contain multiple "examples where, because of block billing, it is impossible to determine whether the time requested for any one task was reasonable." *Banas*, 47 F. Supp. 3d at 967. For example, on February 24, 2021, Mr. Law billed 1.5 hours for: "Draft Opp to MOTION TO COMPEL ARBITRATION due tomorrow; reviewed moving papers; pleadings; purchase agreement; repair orders; Felisilda; arbitration arguments; drafted request for dismissal of dealer; finalized; PROOF OF SERVICE; filed and served." Billing Records at 3. Similarly, on January 4, 2021, Mr. Crandall billed 3.3 hours for: "Prepared for and attended demurrer and motion to strike hearing; draft hearing memo re: same." *Id.* at 2 (cleaned up). And on April 7, 2021, Ms. Lotardo billed 2 hours for: "REVIEW file, review Judge's Standing Orders and the Scheduling Conference Order, prepare Joint Rule 26 Report and email to OPPOSING COUNSEL." *Id.* at 4. A close review of the billing entries shows that roughly 32.1 (37%) of the hours billed were block billed, but that most of the entries *not* block-billed were done so by default because they only included one task. Accordingly, counsel's use of block billing justifies a reduction to the lodestar.

Finally, Defendant argues that counsel's billing records contain vague or clerical entries that warrant a reduction. Opp. at 9. Counsel is "not required to record in great detail how each minute of his time was expended," but must at least "identify the general subject matter of his time expenditures." *Hensley v. Eckerhart*, 461 U.S. 424, 437 n.12, 101 S.Ct. 1933, 76 L.Ed.2d 40 (1983). The examples highlighted by Defendant are short but "sufficiently descriptive," amounting to 0.3 hours or less for reviewing correspondence from opposing counsel. *Forouzan*, 2019 WL 856395, at *6 (declining to reduce for tasks of 0.2 hours or less for emails or phone calls with the client). Accordingly, the Court will not reduce the time for these tasks. The alleged clerical tasks include preparing a civil case cover sheet or a notice of interested parties and emails to the court about transcripts or docket filings. *Id.* Purely clerical tasks are not recoverable. *Hernandez*, 2019 WL 2932637, at *4. But these tasks, one of which has already been reduced by the Court's block-billing reduction, are not "purely clerical or secretarial tasks," thus the Court declines to further reduce for them. *Zargarian*, 442 F. Supp. 3d at 1228–29 (declining to exclude non-clerical tasks such as reviewing notices and "drafting documents to be filed with the Court").

\* \* \*

**\*5** Overall, the Court finds that a 10% reduction is appropriate given the excessive time entries and the significant amount of block billing. *Shaw v. Ford Motor Co.*, No. 5:18-cv-01169-JLS-KK, 2020 WL 57273, at \*4–5 (C.D. Cal. Jan. 3, 2020) (applying a "haircut" reduction of 10% to the lodestar). Accordingly, the Court finds that Plaintiff' counsel lodestar, including the estimated $3,500 reasonably incurred in bringing this motion,[2] is $37,770.35.

## C. Lodestar Modification

Plaintiff requests a 1.35 multiplier of the lodestar. Motion at 13. The lodestar amount is considered presumptively reasonable, and only the "rare" or "exceptional" case will justify an upward adjustment. *Van Gerwen v. Guarantee Mut. Life Co.*, 214 F.3d 1041, 1046 (9th Cir. 2000). Four factors guide the Court's determination of whether to adjust the lodestar: "(1) the novelty and difficulty of the questions involved, (2) the skill displayed in presenting them, (3) the extent to which the nature of the litigation precluded other employment by the attorneys, [and] (4) the contingent nature of the fee award." *Ketchum v. Moses*, 24 Cal. 4th 1122, 1132, 104 Cal.Rptr.2d 377, 17 P.3d 735 (2001). None of these factors support an enhancement of the lodestar in this case.

This was a largely routine lemon law case that involved few procedural demands and the exercise of limited skill from lawyers who specialize in this practice area and generally rely upon boilerplate pleadings and work product. Indeed, as the Court recently stated, counsel for both parties failed to timely the resolve this case for months following the notice of settlement in September 2021. Dkt. No. 63. Finally, while counsel took this case on a contingency-fee basis, the SBA is a mandatory fee-shifting statute which "eliminates any uncertainty about whether costs will be awarded to the prevailing party." *Arias*, 2020 WL 1940843, at \*2 (declining to award an upward adjustment for fees awarded under the SBA). Accordingly, the Court declines to apply any enhancement to the lodestar.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion is **GRANTED** in part, and Plaintiff is awarded $37,770.35 in reasonable attorneys' fees.

**All Citations**

--- F.Supp.3d ----, 2022 WL 1013433

---

Footnotes

1    Plaintiff counsel's request to appear remotely is therefore **denied** as moot. Dkt. No. 65.

2    The declaration submitted with Plaintiff's Reply notes that counsel have already incurred $6,522.00 for work in connection with the Reply brief, but Plaintiff only requests the estimated $3,500.00. Amirian Decl. ¶ 21, Dkt. No. 64-1.

---

**End of Document**                                            © 2022 Thomson Reuters. No claim to original U.S. Government Works.

WESTLAW    © 2022 Thomson Reuters. No claim to original U.S. Government Works.    5

# EXHIBIT 11

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
**Civil Division**
Central District, Stanley Mosk Courthouse, Department 51

**BC709888**
**CYNTHIA KLINGENBERG ET AL VS KIA MOTORS
AMERICA INC**

June 13, 2022
9:00 AM

Judge: Honorable Wesley L. Hsu
Judicial Assistant: J. Clavero
Courtroom Assistant: A. Alba

CSR: Linda Lee, CSR # 13568
ERM: None
Deputy Sheriff: None

APPEARANCES:

For Plaintiff(s): Dhara Patel (by Video Appearance); Jason Clark (Telephonic) for Sean William
Crandall

For Defendant(s): Mikaela Jackson (Telephonic) for Michael J. Hurvitz

Other Appearance Notes:

**NATURE OF PROCEEDINGS:** Hearing on Motion for Attorney Fees

Pursuant to Government Code sections 68086, 70044, and California Rules of Court, rule 2.956,
Linda Lee, CSR # 13568, certified shorthand reporter is appointed as an official Court reporter
pro tempore in these proceedings, and is ordered to comply with the terms of the Court Reporter
Agreement. The Order is signed and filed this date.

The matter is called for hearing.

Plaintiff's Motion for Attorneys' Fees came before the Court for oral argument on June 13, 2022.
The Court announced a tentative granting the Motion without the "multiplier" because, in the
Court's view, the case was of insufficient novelty and complexity to warrant a multiplier. Based
on that tentative, both sides submitted.

The Motion for Attorney Fees filed by Danny Klingenberg, Cynthia Klingenberg on 04/07/2022
is Granted.

The Court finds both the hourly rates and the hours spent to be reasonable pursuant to the statute.
As a result the Court orders Defendant KIA Motors America Inc. within 30 days of today to pay
plaintiff attorneys' fees and costs as follows:

$84,894 in attorneys' fees to Strategic Legal Practices APC;
$20,235 in attorneys' fees to California Consumer Attorneys; and
$13,785.55 in costs to Strategic Legal Practices APC.

IT IS SO ORDERED.

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

**Civil Division**

Central District, Stanley Mosk Courthouse, Department 51

**BC709888**                                                                              June 13, 2022
**CYNTHIA KLINGENBERG ET AL VS KIA MOTORS**                                                9:00 AM
**AMERICA INC**

Judge: Honorable Wesley L. Hsu                    CSR: Linda Lee, CSR # 13568
Judicial Assistant: J. Clavero                    ERM: None
Courtroom Assistant: A. Alba                      Deputy Sheriff: None

Clerk is to give notice.

Certificate of Mailing is attached.

# EXHIBIT 12

**FILED**
Superior Court of California
County of Los Angeles

**Superior Court of California**

**County of Los Angeles**

**Department 61**

**OCT -3 2022**

Sherri R. Carter, Executive Officer/Clerk of Court

By_____ Deputy
D. Toure

| | |
|---|---|
| RICHARD GALVAN, | Case No.: BC715568 |
| Plaintiff, | Hearing Date: October 3, 2022 |
| v. | **RULING RE:** |
| KIA MOTORS AMERICA, INC., et al., | |
| Defendants. | PLAINTIFF RICHARD GALVAN'S MOTION FOR ATTORNEY FEES AND COSTS. |

Plaintiff Richard Galvan's Motion for Attorney Fees and Costs is GRANTED in part. Plaintiff is awarded $62,940.00 in fees, and $7,733.54 in costs and expenses. .

## I.   OBJECTIONS

Defendant objects to several portions of the declaration of Payam Shahian submitted in support of the motion. These objections are OVERRULED.

Plaintiff objects to various portions of the declaration of Mikaela M. Jackson, wherein Jackson identifies particular charges claimed by Plaintiff's counsel and argues that they are excessive, and further characterizes the work of Plaintiff's counsel as bearing similarities to other, similar lemon law cases. These objections are OVERRULED.

## II.   MOTION FOR ATTORNEY FEES

Parties to litigation must generally bear their own attorney's fees, unless they otherwise agree. (Code Civ. Proc. § 1021.) However, the Song-Beverly Act provides for the award of attorneys' fees to prevailing plaintiffs as follows:

> If the buyer prevails in an action under this section, the buyer shall be allowed by the court to recover as part of the judgment a sum equal to the aggregate amount of costs and expenses, including attorney's fees based on actual time expended, determined by the court to have been reasonably incurred by the buyer in connection with the commencement and prosecution of such action.

(Civ. Code § 1794, subd. (d).)

"It is well established that the determination of what constitutes reasonable attorney fees is committed to the discretion of the trial court, whose decision cannot be reversed in the absence of an abuse of discretion." (*Melnyk v. Robledo* (1976) 64 Cal.App.3d 618, 623.) In exercising its discretion, the court should consider a number of factors, including the nature of the litigation,

its difficulty, the amount involved, the skill required in handling the matter, the attention given, the success or failure, and the resulting judgment. (See *id.*)

In determining the proper amount of fees to award, courts use the lodestar method. The lodestar figure is calculated by multiplying the total number of reasonable hours expended by the reasonable hourly rate. "Fundamental to its determination . . . [is] a careful compilation of the time spent and reasonable hourly compensation of each attorney . . . in the presentation of the case." (*Serrano v. Priest* (1977) 20 Cal.3d 25, 48 (*Serrano* III).) A reasonable hourly rate must reflect the skill and experience of the attorney. (*Id.* at p. 49.) "Prevailing parties are compensated for hours reasonably spent on fee-related issues. A fee request that appears unreasonably inflated is a special circumstance permitting the trial court to reduce the award or deny one altogether." (*Serrano v. Unruh* (1982) 32 Cal.3d 621, 635 (*Serrano IV*).) The Court in *Serrano IV* also stated that fees associated with preparing the motion to recover attorneys' fees are recoverable. (See *id.* at p. 624.)

Plaintiff here seeks a total award of fees and expenses amounting to $102,893.14. Of this amount, $67,896.00 is the attorney fee lodestar for work performed by Plaintiff's firm, Strategic Legal Practices, APC (SLP); $23,763.60 comes from a 1.35 multiplier enhancement; $7,733.54 is for costs and expenses; and $3,500.00 is for reply to Defendant's anticipated opposition to this motion. (Motion at p. i.) SLP seeks fees for 165.5 hours worked, and presents records of hours worked and the charges made therefore. (Shahian Decl. Exh. 31.) This matter settled on March 8, 2021, when Plaintiff executed Defendant's section 998 offer for $60,000.00.

Defendant in opposition argues that Plaintiff's attorneys overcharged for fees in various ways, such as by excessive hourly rates, which range from $295 to $595 per hour for SLP attorneys and $450 to $650 for CCA. (Opposition at pp. 5–7.) Defendant also points to the number of attorneys employed on this matter — eleven lawyers and one clerk — who it claims performed duplicative and redundant work. (Opposition at pp. 4–5.) Defendant argues that items billed reflect an "value" of the task performed, rather than the actual amount of time spent performing them, given Plaintiff's use for templates and forms from prior cases. (Motion at pp. 8–9.) And because Plaintiff's complaints included both compensable Song-Beverly claims and non-compensable fraud claims, for which no fees may be awarded, Defendant argues that the fees sought in relation to fraud matters should be deducted from any award. (Motion at pp. 10–11.)

There is no cause to reduce the hourly fees sought in this case. The range of rates charged in this matter by both SLP and CCA is reasonable for attorneys of similar experience, in the same area, dealing with the same subject matter. (*See Goglin v. BMW of North America, LLC* (2016) 4 Cal.App.5th 462, 473–74 [approving $625 per hour fee on lemon law action].) This conclusion is further corroborated by Plaintiff's evidence of multiple other cases in which similar fee awards have been approved. (Shahian Decl. ¶¶ 7–36.) Thus Plaintiff has provided support for the hourly rates charged here.

Defendant is correct that unreasonable multiplicity of attorneys performing duplicative work may furnish a basis to substantially reduce a cost award. In *Morris v. Hyundai Motors America* (2019) 41 Cal.App.5th 24, the trial court substantially reduced a requested attorney fees award involving 11 attorneys and two firms in a lemon law action. (*Id.* at p. 32.) "Out of a total of 283.3 hours of billed work, the court did not award any fees for 83.5 hours of work billed by six

associates." (*Ibid.*) The appellate court affirmed: "Plainly, it is appropriate for a trial court to reduce a fee award based on its reasonable determination that a routine, non-complex case was overstaffed to a degree that significant inefficiencies and inflated fees resulted." (*Id.* at p. 39.) The appellate court determined that the trial court's remedy of cutting out several attorneys' billings was permissible because it "was designed to yield a revised lodestar figure that reflected a total amount of fees that were reasonably incurred." (*Id.* at p. 40.) A similar result was reached in the case *Mikhaeilpoor v. BMW of North America, LLC* (2020) 48 Cal.App.5th 240, 253, which cited *Morris* with approval to reduce an award involving 595 claimed hours of work and a total request of $344,639.00 in fees following trial.

But the reasoning of those cases does not necessarily apply here. A large number of attorneys is not on its own reason to reduce a fee award, and both cases cited above upheld lodestar reductions based on the "duplicative" and "inefficient" billings that resulted from the number of attorneys employed. (*Mikhaeilpoor*, *supra*, 48 Cal.App.5th at p. 255; *Morris*, *supra*, 41 Cal.App.5th at p. 40.) Here the number of attorneys employed does not indicate a systemic inefficiency of litigation in this matter; it rather appears from the billing records produced that different attorneys were employed to address different aspects of the case, such as drafting the complaint, preparing discovery, responding to a demurrer, and preparing motions to compel. (Shahian Decl. Exh. 31.)

Not all of these charges are reasonable, however. The billings presented by Plaintiff include 8.2 hours and **$4,305.00** to prepare a motion to compel in March 2019, when no motion was ever filed. The charges also list 4.2 hours and $1,575.00 at $375 per hour to draft Plaintiff's discovery requests in August 2019, and another 3.8 hours and $1,463.00 hours at $385 per hour to draft discovery responses in the same month. The templates available to Plaintiff's counsel from similar tasks in similar cases warrant a reduction to two hours for each task, yielding reductions of **$825** and **$693**. Another charge, dated January 6, 2020, shows **$533** for 1.3 hours of work updating the repair chronology, when there are two separate, prior charges for drafting the very same document. (Shahian Decl. Exh. 31.) These amounts are appropriately reduced. The court does however award an additional $1,400 for the reply ($350 for four hours).

No lodestar multiplier, upward or downward, is appropriate in this matter. "Once the court has fixed the lodestar, it may increase or decrease that amount by applying a positive or negative 'multiplier' to take into account a variety of other factors, including the quality of the representation, the novelty and complexity of the issues, the results obtained, and the contingent risk presented." (*Thayer v. Wells Fargo Bank., N.A.* (2001) 92 Cal.App.4th 819, 833.) Although Plaintiffs' attorneys have obtained favorable results for their client on an expectation only of contingency, the subject matter of this case was not so complex as to warrant recovery of fees beyond the reasonable hourly rates charged.

Accordingly, Plaintiff's motion for attorney fees, costs, and expenses is GRANTED in part.
Plaintiff is awarded $62,940.00 in fees, and $7,733.54 in costs and expenses.

Dated: October 3, 2022

Hon. Gregory Keosian
Judge of the Superior Court

EXHIBIT 13

## SANDRA J. WILLIAMS and ROSCOE T. WILLIAMS, Plaintiffs, v. FORD MOTOR COMPANY; and DOES 1 through 10, inclusive, Defendants.

United States District Court, C.D. California. |    January 24, 2023 |    Slip Copy |    2023 WL 405346

**Document Details**

| | |
|---|---|
| standard Citation: | SANDRA J. WILLIAMS & ROSCOE T. WILLIAMS, Plaintiffs, v. FORD MOTOR COMPANY; & DOES 1 through 10, inclusive, Defendants., No. 521CV01346SPGSHK, 2023 WL 405346 (C.D. Cal. Jan. 24, 2023) |
| All Citations: | Slip Copy, 2023 WL 405346 |

**Search Details**

| | |
|---|---|
| Search Query: | adv: Song /s Beverly |
| Jurisdiction: | California |

**Delivery Details**

| | |
|---|---|
| Date: | January 26, 2023 at 8:42 PM |
| Delivered By: | payam shahian |
| Client ID: | SONG-BEVERLY |
| Status Icons: | |

**Outline**

**ORDER GRANTING IN PART PLAINTIFFS' MOTION FOR ATTORNEYS' FEES, COSTS, AND EXPENSES [ECF NO. 35]** (p.1)

All Citations (p.7)

WESTLAW    © 2023 Thomson Reuters. No claim to original U.S. Government Works.

Case 2:22-cv-05700-MCS-RAO    Document 49-2    Filed 09/01/23    Page 124 of 169
Page ID #:634
SANDRA J. WILLIAMS and ROSCOE T. WILLIAMS, Plaintiffs, v... Slip Copy (2023)

2023 WL 405346
Only the Westlaw citation
is currently available.
United States District Court, C.D. California.

SANDRA J. WILLIAMS and
ROSCOE T. WILLIAMS, Plaintiffs,
v.
FORD MOTOR COMPANY; and DOES
1 through 10, inclusive, Defendants.

Case No. 5:21-cv-01346-SPG-SHK
|
Filed 01/24/2023

## ORDER GRANTING IN PART PLAINTIFFS' MOTION FOR ATTORNEYS' FEES, COSTS, AND EXPENSES [ECF NO. 35]

HON. SHERILYN PEACE GARNETT
UNITED STATES DISTRICT JUDGE

**\*1** Before the Court is Plaintiffs' motion for attorneys' fees, costs, and expenses. (ECF No. 35). Defendant opposes. (ECF No. 53). Having considered the parties' submissions, the relevant law, and the record in this case, the Court finds this matter suitable for resolution without a hearing and GRANTS IN PART Plaintiffs' motion. *See* Fed. R. Civ. P. 78(b); Central District of California Local Rule 7-15.

## I. BACKGROUND

Plaintiffs Sandra and Roscoe Williams Sandra and Roscoe Williams alleged that on or about October 18, 2014, they purchased a 2015 Ford Fusion vehicle with identification number 3FA6P0HD3FR128440 (the "Vehicle"). (ECF No. 1-2 ("Compl.") ¶ 9). In connection with this purchase, Plaintiffs received various warranties, including a 3 year/36,000 mile express bumper to bumper warranty and a 5 year/60,000 mile express powertrain warranty. (*Id.* ¶ 10). Plaintiffs alleged that during the warranty period the Vehicle developed numerous defects, including defects related to the transmission, defects causing the Vehicle to jerk, defects causing the Vehicle to jolt through gears, and defects causing shakes and vibrations while the Vehicle was idle (together, the "Defects"). (*Id.* ¶ 11). Plaintiffs further alleged that Defendant Ford Motor Company ("Defendant") had not serviced or repaired the Vehicle to conform to the express warranties "after a reasonable number of opportunities." (*Id.* ¶ 12).

Plaintiffs commenced this case against Defendants Ford Motor Company and Sunrise Ford on March 29, 2021, in the Superior Court of the State of California for the County of San Bernardino. (ECF No. 1). Plaintiffs asserted seven causes of action against Defendant, including: three violations of the Song-Beverly Consumer Warranty Act, Cal. Civ. Code §§ 1790 *et seq.*; breach of express written warranty; breach of the implied warranty of merchantability; fraudulent inducement – concealment; and negligent repair against Sunrise Ford. On July 7, 2021, Plaintiffs dismissed Sunrise Ford and their seventh claim for negligent repair against Sunrise Ford. (ECF No. 1-5). On August 10, 2021, Defendant removed this action to federal court pursuant to 28 U.S.C. § 1332. (ECF No. 1). On September 1, 2022, Defendant filed a motion for judgment on the pleadings. (ECF No. 24). On September

Case 2:22-cv-05700-MCS-RAO    Document 49-2    Filed 09/01/23    Page 125 of 169
                                Page ID #:635
SANDRA J. WILLIAMS and ROSCOE T. WILLIAMS..., Plaintiffs v...., Slip Copy (2023)

7, 2022, Plaintiffs filed on opposition. (ECF No. 26 ("Opp.")).

Also on September 7, 2022, Defendant served Plaintiffs its first offer of judgment pursuant to Federal Rule of Civil Procedure 68. (ECF No. 37 ("Linnell Decl.") ¶ 38). Plaintiffs objected to the offer, (*id.* ¶ 39), and thereafter attended mediation on September 28, 2022. (*Id.* ¶ 40). On October 5, 2022, Defendant sent Plaintiffs a second offer for approximately $83,000.00 pursuant to Rule 68. (*Id.* ¶ 42). Plaintiffs accepted the offer on October 10, 2022. (*Id.*). On November 10, 2022, Plaintiffs submitted a Request for Entry of Judgment. (ECF No. 28). On November 17, 2022, the Court entered judgment for Plaintiffs according to the terms set forth in the offer. (ECF No. 31). On December 1, 2022, Plaintiffs filed an application to the clerk to tax costs based on a total of $4,634.92, as well as the instant Motion seeking $86,569.25 in attorneys' fees, costs, and expenses. (ECF Nos. 34, 35 ("Mot.")). On January 11, 2023, Defendant opposed the Motion. (ECF No. 53). Also on January 11, 2023, the parties submitted a joint stipulation to resolve all costs and expenses in this matter for a total of $4,374.92 in lieu of Plaintiffs' application to the clerk to tax costs. (ECF No. 52). On January 18, 2023, Plaintiffs filed their reply. (ECF No. 55 ("Reply")).[1]

## II. LEGAL STANDARD

 **\*2** State law governs attorney fees in diversity cases. *See Riordan v. State Farm Mut. Auto. Ins. Co.*, 589 F.3d 999, 1004 (9th Cir. 2009) ("In a diversity case, the law of the state in which the district court sits determines whether a party is entitled to attorney fees, and the

procedure for requesting an award of attorney fees is governed by federal law." (internal citation omitted)). California's Song-Beverly Act authorizes an award of costs and expenses to plaintiffs prevailing on their claims. Cal. Civ. Code § 1794(d). A plaintiff may recover "a sum equal to the aggregate amount of costs and expenses, including attorney's fees, based on actual time expended, determined by the court to have been reasonably incurred by the buyer in connection with the commencement and prosecution of such action." *Id.* The "prevailing buyer has the burden of showing that the fees incurred were allowable, were reasonably necessary to the conduct of the litigation, and were reasonable in amount." *Morris v. Hyundai Motor Am.*, 41 Cal. App. 5th 24, 34 (2019) (internal quotation marks omitted); *Welch v. Metro Life Ins. Co.*, 480 F. 3d 942, 945-46 (9th Cir. 2007)

In determining a reasonable hourly rate, "the district court should consider: '[the] experience, reputation, and ability of the attorney; the outcome of the results of the proceedings; the customary fees; and the novelty or the difficulty of the question presented.' " *Hiken v. Dep't of Def.*, 836 F.3d 1037, 1044 (9th Cir. 2016) (quoting *Chalmers v. City of Los Angeles*, 796 F.2d 1205, 1211 (9th Cir. 1986)). A "district court may exclude from the fee request any hours that are 'excessive, redundant, or otherwise unnecessary.' " *Welch*, 480 F.3d at 946 (9th Cir. 2008) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). "Cases may be overstaffed, and the skill and experience of lawyers vary widely." *Hensley*, 461 U.S. at 434. "Ultimately, a 'reasonable' number of hours equals the number of hours which could reasonably have

Case 2:22-cv-05700-MCS-RAO    Document 49-2    Filed 09/01/23    Page 126 of 169
Page ID #:636
SANDRA J. WILLIAMS and ROSCOE T. WILLIAMS, Plaintiffs, v... Slip Copy (2023)

been billed to a private client." *Gonzalez v. City of Maywood*, 729 F.3d 1196, 1202 (9th Cir. 2013).

District courts have broad "discretion in determining the amount of a fee award ... in view of [their] superior understanding of the litigation and the desirability of avoiding frequent appellate review of what essentially are factual matters." *See Hensley*, 461 U.S. at 437. If a court determines that some hours billed are not reasonable, it may exclude them using one of two methods. *Gonzales*, 729 F.3d at 1203. The court may either conduct an "hour-by-hour analysis" of the fee request or make an "across-the-board percentage cut." *Id.* If the court finds the time expended or the amount requested are not reasonable, it may award attorney fees in a lesser amount. *Morris*, 41 Cal. App. 5th at 34.

## III. DISCUSSION

The parties do not dispute that Plaintiffs, as the prevailing party, are entitled to recoup reasonable attorneys' fees, costs, and expenses under the Song-Beverly Act. The parties also agreed to resolve all costs and expenses for a total of $4,374.92. (ECF No. 52). Accordingly, the only question before the Court is the reasonableness of Plaintiffs' request for $58,099.50 in incurred attorneys' fees, a 1.35 multiplier enhancement for an additional $20,334.83, and an additional $3,500 in anticipated fees for Plaintiffs' counsel to litigate this Motion. In its opposition, Defendant argues the Court should award no more than $12,709.50. (Opp. at 6-7).

### A. Reasonableness of Fees

In determining the amount of an attorneys' fees award under § 1794(d), a court must utilize the "lodestar" method of calculating the award, accomplished by "multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate." *Welch*, 480 F.3d at 945; *see also Meister v. Regents of Univ. of Cal.*, 67 Cal. App. 4th 437, 448-49 (1998) ("the California Supreme Court intended its lodestar method to apply to a statutory attorney's fee award"). Section 1794 requires a trial court to "ascertain whether under all the circumstances of the case the amount of actual time expended and the monetary charge being made for the time expended are reasonable." *Morris*, 41 Cal. App. 5th at 34. "In evaluating the requested rate, judges are justified in relying on their own knowledge of customary rates and their experience concerning reasonable and proper fees." *Vargas v. Howell*, 949 F.3d 1188, 1199 (9th Cir. 2020) (internal quotation marks omitted).

### 1. Reasonable Hourly Rates

**\*3** The first step in calculating the lodestar is determining the reasonable hourly rate. While the prevailing market rate for attorneys of comparable experience, skill, and reputation controls this determination, the fact that "a lawyer charges a particular hourly rate, and gets it, is evidence bearing on what the market rate is, because the lawyer and his clients are part of the market." *Carson v. Billings Police Dep't*, 470 F. 3d 889, 892 (9th Cir. 2006).

Plaintiffs contend that the following hourly rates for their attorneys are reasonable:

**Name** Breita Linnell Ariel Harman-Holes Daniel Law Ezra Ryu Debora Rabieian Eve Canton Gregory Yu Nino Sanaia Scott Johnson Tionna Dolin Hector Calderon Joy DeLeon Steven Whang Karin Kuemerle **Year Admitted** 2011 2017 2016 2017 2017 Law clerk; not yet admitted 2004 2015 1996 2014 Law clerk; not yet admitted 2000 2014 2003 **Hourly Rate** $495 $400 2021 rate of $425 and 2022 rate of $440 $385 $410 $295 $550 $385 $550 2021 rate of $450 and 2022 rate of $550 $295 $575 $475 $595

The Court looks to the "prevailing market rates in the relevant community" when determining a "reasonable hourly rate." *Gonzalez*, 729 F.3d at 1200. The relevant community is "the forum in which the district court sits" for purposes of deducing the prevailing rate. *Id.* (internal quotation marks omitted). "The Court can also rely on other court decisions analyzing the same attorneys' rates to determine whether the prevailing party requests a reasonable rate." *Olague v. Ford Motor Co.*, No. 5:18-cv-02215 MCS (KKx), 2021 WL 9095731, at *2 (C.D. Cal. June 29, 2021) (citing *Widrig v. Apfel*, 140 F.3d 1207, 1210 (9th Cir. 1998)).

Plaintiffs' primary evidence in support of the requested hourly rates is the declaration of Payam Shahian. (ECF No. 49 ("Shahian Decl.")). As the founder and most senior attorney of Strategic Legal Practices, Payam Shahian is "familiar with the experience and background of each attorney who has worked on this case at Strategic Legal Practices" and bases his determination that the hourly rates are reasonable on his "own experience and review of relevant court orders in the Los Angeles area." (*Id.* ¶ 41). Additionally, Shahian cites

to several previous cases for each attorney in which hourly rates comparable to those requested in the instant Action were awarded to that specific attorney or to an attorney of similar experience in Los Angeles County. *See* (*id.* ¶¶ 43, 45, 47, 49, 51, 53, 55, 57, 59, 61, 63, 65, 67, 69).

In opposition, Defendant cites several cases where lower rates were awarded and argues that Plaintiffs' counsel's rates are unjustifiably high and should be reduced. *See* (Opp. at 13-15). However, none of those cases involved Strategic Legal Practices. Instead, as Plaintiffs point out, courts in this district routinely find Strategic Legal Practices' hourly rates to be reasonable. *See, e.g., Rahman v. FCA US LLC*, 594 F. Supp. 3d 1199, 1204 (C.D. Cal. 2022); *Petersen v. FCA US, LLC*, No. CV 21-1386 DSF (EX), 2022 WL 2255099, at *5 (C.D. Cal. June 21, 2022); *Zargarian v. BMW of N. Am., LLC*, 442 F. Supp. 3d 1216, 1227 (C.D. Cal. Mar. 3, 2020); *Zomorodian v. BMW of N. Am., LLC*, No. CV 17-5061-DMG (PLAx), 2019 WL 6534513, at *5 (C.D. Cal. July 23, 2019). This Court agrees that Plaintiffs have sufficiently established that the requested hourly rates for each attorney involved in this case are reasonable. *See id.* (finding Shahian's declaration sufficient to establish the reasonableness of Strategic Legal Practices' attorneys' rates).

### 2. Hours Reasonably Expended

**\*4** Plaintiffs submit that counsel spent a total 123.9 hours on this case. (Mot. at 16; Shahian Decl., Ex. 32). Defendant argues that multiple deficiencies in Plaintiffs' counsel's

billing records warrant reducing the number of hours billed, including unnecessary work, excessive or duplicative billing, and overly vague entries. (Opp. at 17-21).

To begin, Defendant objects to counsel spending 18.4 hours drafting responses to its discovery requests as unreasonable. Defendant submits that it only served "twelve straightforward requests for production and fourteen interrogatories, to which Plaintiffs served boilerplate copy-and-paste objections and provided very little substance whatsoever." (Opp. at 17-18). Plaintiffs retort that they responded to discovery served on two plaintiffs, rather than one, and Plaintiffs provided specific bates numbers to help identify documents applicable to each request. (Reply at 7). Based on its review of the record, the Court agrees with Defendant that spending 18.4 hours is nevertheless excessive under the circumstances.

Defendant also objects to one of Plaintiffs' highest-billing attorneys spending 5.3 hours drafting discovery requests, which largely consisted of recycled requests that counsel has used in prior lemon law cases.[2] (Opp. at 18). In response, Plaintiffs' counsel acknowledges it used templates but still argues 5.3 hours was reasonable given the need for customization. (Reply at 9). The Court again agrees with Defendant that spending 5.3 hours is excessive given counsel's access to templates. *See Rahman*, 594 F. Supp. 3d at 1205; *James v. AT&T W. Disability Benefits Program*, No. 12-cv-06318-WHO, 2014 WL 7272983, at *4 (N.D. Cal. Dec. 22, 2014) (finding one hour spent drafting and modifying a complaint derived from a template to be reasonable).

Defendant also objects to time billed by attorneys for vague or clerical tasks. However, counsel need not "record in great detail how each minute of his time was expended," but must at least "identify the general subject matter of his time expenditures." *Hensley*, 461 U.S. at 437 n.12. The Court has carefully examined the bills submitted and finds they provide an appropriate level of detail to enable the Court to conduct a meaningful review for reasonableness. Thus, the Court will not reduce the time for any "vague" entries. As for the purported clerical tasks, Defendant objects to counsel spending 4.1 hours drafting a "repair chronology." (Opp. at 20). In response, Plaintiffs argue that a repair chronology is a "crucial part of a lemon law matter," and this time should be compensated. (Reply at 10). The Court agrees with Plaintiffs and finds that assembling a repair chronology is not a "purely clerical task" that necessarily warrants reduction.

Overall, for the reasons stated above, the Court finds that Plaintiffs' billing records includes a non-insignificant portion of unnecessary and excessive work. The Court thus finds that a 10% "haircut" reduction is appropriate. *See Rahman*, 594 F. Supp. 3d at 1206-07; *Shaw v. Ford Motor Co.*, No. 5:18-cv-01169-JLS-KK, 2020 WL 57273, at *4–5 (C.D. Cal. Jan. 3, 2020) (applying a "haircut" reduction of 10% to the lodestar). Finally, because the instant motions were taken under submission and no hearing was required, Plaintiffs' request for $3,500 to cover counsel's review of Defendant's opposition, drafting of the reply, and attending the hearing is reduced to $2,000. Therefore, in

sum, the Court finds that Plaintiffs' counsel's reasonable lodestar equates to $54,289.55.

### B. Lodestar Multiplier

**\*5** Plaintiffs request a 1.35 multiplier of the lodestar. The lodestar amount is considered presumptively reasonable, and only the "rare" or "exceptional" case will justify an upward adjustment. *Van Gerwen v. Guarantee Mut. Life Co.*, 214 F.3d 1041, 1046 (9th Cir. 2000). Generally, courts consider the following factors when determining whether to enhance a lodestar: "(1) the novelty and difficulty of the questions involved, (2) the skill displayed in presenting them, (3) the extent to which the nature of the litigation precluded other employment by the attorneys, [and] (4) the contingent nature of the fee award." *Ketchum v. Moses*, 24 Cal. 4th 1122 (2001) (citing *Serrano v. Priest*, 20 Cal. 3d 25 (1977)). Courts have also recognized that "the lodestar figure includes most, if not all, of the relevant factors constituting a 'reasonable attorney's fee' and an enhancement may not be awarded based on a factor that is subsumed in the lodestar calculation." *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 553 (2010) (internal quotation marks omitted). The "novelty and complexity of a case generally may not be used as a ground for an enhancement because these factors presumably are fully reflected in the number of billable hours recorded by counsel." *Id.* (internal quotation marks and alterations omitted). Furthermore, "the quality of an attorney's performance generally should not be used to adjust the lodestar because considerations concerning the quality of a prevailing party's counsel's representation normally are reflected in the reasonable hourly rate." *Id.* (internal quotation marks and alterations omitted).

Counsel for Plaintiffs contend an upward modification is warranted because they "obtained an excellent outcome," the risks posed by this litigation were substantial because counsel took the case on a contingency basis. (Mot. at 19-20). However, the "excellent outcome" was merely a settlement favorable to Plaintiffs, and lemon law cases are routinely prosecuted on a contingency fee basis. Moreover, the Song-Beverly Act "is a mandatory fee-shifting statute which eliminates any uncertainty about whether costs will be awarded to the prevailing party." *Rahman*, 594 F. Supp. 3d at 1207 (internal quotation marks omitted). Given that the lodestar is "presumptively the reasonable fee amount" *Van Gerwen*, 214 F.3d at 1045, and none of the other factors strongly favors adjusting the lodestar, the Court finds the lodestar amount awarded appropriate here. Accordingly, the Court declines to apply any enhancement to the lodestar.

### IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** in part Plaintiffs' motion and awards Plaintiffs $54,289.55 in reasonable attorneys' fees. The Court **GRANTS** Plaintiffs' joint stipulation regarding Plaintiffs' costs and expenses and awards Plaintiffs $4,374.92 in costs and expenses.[3] Defendant is **ORDERED** to pay reasonable fees in the amount of $58,664.47, inclusive of attorneys' fees, costs, and expenses.

**IT IS SO ORDERED.**

SANDRA J. WILLIAMS and ROSCOE T. WILLIAMS, Plaintiffs v...., Slip Copy (2023)

**All Citations**

Slip Copy, 2023 WL 405346

Footnotes

1    Plaintiffs object to Defendant's declaration of Patricia H. Jun. (ECF No. 55-1). As the Court does not rely on any portion
     of the Jun Declaration subject to an objection, the Plaintiffs' objections are overruled as moot. *See A.B. v. Facebook,*
     *Inc.,* No. CV 20-9012-CBM-(MAAx), 2021 WL 2791618, at *2 (C.D. Cal. June 1, 2021).

2    Defendant objects to several other entries, including counsel spending more than 18 hours to oppose Defendant's motion
     for judgment on the pleadings and spending 7.6 hours to prepare for Defendant's Rule 30(b)(6) deposition. *See* (Opp.
     at 18-19).

3    Plaintiffs' request for the Clerk to tax costs (ECF No. 34) is hereby rendered moot.

---

**End of Document**                                    © 2023 Thomson Reuters. No claim to original U.S.
                                                                        Government Works.

# EXHIBIT 14

CIV-130

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Payam Shahian (SBN: 228406);<br>Strategic Legal Practices, APC<br>1888 Century Park East, 19th FLoor, Los Angeles, CA 90067<br><br>TELEPHONE NO.: 310-929-4900    FAX NO. *(Optional)*: 310-943-3838<br>E-MAIL ADDRESS *(Optional)*: pshahian@slpattornev.com:<br>ATTORNEY FOR *(Name)*: Plaintiff: Proa. Sergio | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** Los Angeles
STREET ADDRESS: 111 North Hill Street
MAILING ADDRESS: 111 North Hill Street
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME: Stanlwt Mosk Courthouse

PLAINTIFF/PETITIONER: SERGIO PROA
DEFENDANT/RESPONDENT: Kia Motors America INC

| **NOTICE OF ENTRY OF JUDGMENT**<br>**OR ORDER**<br><br>*(Check one):*  [ x ] **UNLIMITED CASE**<br>(Amount demanded<br>exceeded $25,000)  [ ] **LIMITED CASE**<br>(Amount demanded was<br>$25,000 or less) | CASE NUMBER:<br>BC716646 |
|---|---|

**TO ALL PARTIES :**

1.  A judgment, decree, or order was entered in this action on *(date)*: April 24. 2023

2.  A copy of the judgment, decree, or order is attached to this notice.

Date: 5/05/2023 _____

Payam Shahian
(TYPE OR PRINT NAME OF  [ x ] ATTORNEY  [ ] PARTY WITHOUT ATTORNEY)

▶  *(signature)*
(SIGNATURE)

Page 1 of 2

Form Approved for Optional Use
Judicial Council of California
CIV-130 [New January 1, 2010]

**NOTICE OF ENTRY OF JUDGMENT OR ORDER**

www.courts.ca.gov

CIV-130

| PLAINTIFF/PETITIONER: | Proa, Sergio | CASE NUMBER: | |
|---|---|---|---|
| DEFENDANT/RESPONDENT: | Kia Motors America Inc. | | BC716646 |

## PROOF OF SERVICE BY FIRST-CLASS MAIL

### NOTICE OF ENTRY OF JUDGMENT OR ORDER

***(NOTE: You cannot serve the* Notice of Entry of Judgment or Order *if you are a party in the action. The person who served the notice must complete this proof of service.)***

1.  I am at least 18 years old and **not a party to this action.** I am a resident of or employed in the county where the mailing took place, and my residence or business address is *(specify):*

2.  I served a copy of the *Notice of Entry of Judgment or Order* by enclosing it in a sealed envelope with postage fully prepaid and *(check one):*

    a. ☐ deposited the sealed envelope with the United States Postal Service.

    b. ☐ placed the sealed envelope for collection and processing for mailing, following this business's usual practices, with which I am readily familiar. On the same day correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service.

3.  The *Notice of Entry of Judgment or Order* was mailed:

    a. on *(date):*

    b. from *(city and state):*

4.  The envelope was addressed and mailed as follows:

    a. Name of person served:                    c. Name of person served:

       Street address:                              Street address:
       City:                                        City:
       State and zip code:                          State and zip code:

    b. Name of person served:                    d. Name of person served:

       Street address:                              Street address:
       City:                                        City:
       State and zip code:                          State and zip code:

    ☐ Names and addresses of additional persons served are attached. *(You may use form POS-030(P).)*

5.  Number of pages attached _____.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: _____

_____          ▶          _____
(TYPE OR PRINT NAME OF DECLARANT)                                      (SIGNATURE OF DECLARANT)

Page 2 of 2

CIV-130 [New January 1, 2010]              **NOTICE OF ENTRY OF JUDGMENT OR ORDER**

**For your protection and privacy, please press the Clear This Form button after you have printed the form.**    [ Print this form ]    [ Save this form ]    [ Clear this form ]

# EXHIBIT 1

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
**Civil Division**
Central District, Stanley Mosk Courthouse, Department 47

BC716646                                                                April 24, 2023
**SERGIO PROA VS KIA MOTORS AMERICA INC**                                9:00 AM

Judge: Honorable Theresa M. Traber          CSR: Linda Lee #13568 (Pro Tempore) - via
                                            LACourtConnect
Judicial Assistant: I. Flores               ERM: None
Courtroom Assistant: M. Soto                Deputy Sheriff: None

APPEARANCES:

For Plaintiff(s): Sepehr Daghighian, Esq by: Breita Linnell - via LACourtConnect

For Defendant(s): Michael J Hurvitz by: Ani Tolmoyan - via LACourtConnect

**NATURE OF PROCEEDINGS:**
Hearing on Motion by: Plaintiff (Sergio Proa), For Attorneys' Fees, Costs, and Expenses - ID#
260427000185:

Motion as captioned above, is called for hearing and held.

Pursuant to Government Code sections 68086, 70044, and California Rules of Court, rule 2.956,
Linda Lee, CSR # 13568, certified shorthand reporter is appointed as an official Court reporter
pro tempore in these proceedings, and is ordered to comply with the terms of the Court Reporter
Agreement. The Order is signed and filed this date.

The Court issues a written tentative ruling in this matter. The Court's tentative ruling is available
for review via the Court's website.

The Court hears from counsel.

After hearing from counsel, the Court's tentative ruling is adopted as the final order of the court.

The Court rules as follows:

The Motion for Attorney Fees Costs and Expenses - ID# 260427000185 filed by Sergio Proa on
03/09/2023 is Granted in Part.

MOTION FOR ATTORNEY'S FEES, COSTS, AND EXPENSES

MOVING PARTY: Plaintiff Sergio Proa

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
**Civil Division**
Central District, Stanley Mosk Courthouse, Department 47

BC716646                                                                    April 24, 2023
SERGIO PROA VS KIA MOTORS AMERICA INC                                          9:00 AM

Judge: Honorable Theresa M. Traber            CSR: Linda Lee #13568 (Pro Tempore) - via
                                              LACourtConnect
Judicial Assistant: I. Flores                 ERM: None
Courtroom Assistant: M. Soto                  Deputy Sheriff: None

RESPONDING PARTY(S): Defendant Kia Motors America, Inc.

STATEMENT OF MATERIAL FACTS AND/OR PROCEEDINGS:

This was a lemon law action filed on August 6, 2018. In the operative First Amended Complaint,
filed November 22, 2018, Plaintiff alleged that he purchased a new 2011 Kia Optima which had
serious engine defects. Plaintiff alleges multiple violations of the Song-Berly Consumer
Warranty Act and fraudulent omission by Defendant in concealing the engine defects.

Plaintiff now moves for an award of attorney's fees, costs, and expenses pursuant to a settlement.

FINAL RULING:

Plaintiff's Motion for Attorney's Fees, Costs, and Expenses is GRANTED in part in the amount
of $117,480.38 in fees plus $7,386.73 in costs.

DISCUSSION:

Plaintiff moves for an award of fees, costs, and expenses in the total amount of $131,271.57.

Plaintiff's Requests for Judicial Notice

Plaintiff requests that the Court take judicial notice of a series of 34 orders approving awards of
attorney's fees in unrelated lemon law actions in both California and federal court. These orders
are not relevant to the question of whether the award of fees and costs sought in this case is
proper. Accordingly, Plaintiffs' requests for judicial notice are DENIED. (Gbur v. Cohen (1979)
93 Cal.App.3d 296, 301 ("[J]udicial notice . . . is always confined to those matters which are
relevant to the issue at hand."].)

Evidentiary Objections

Defendant objects to the Declaration of Payam Shahian in support of the Motion for Attorney's
Fees. Plaintiff objects to the Declaration of Ani Tomolyan in support of the Opposition to the
Motion. Neither party cites any authority requiring the Court to rule on evidentiary objections in
the context of a Motion for Attorney's Fees, as opposed to a Motion for Summary Judgment
(Code Civ. Proc. § 437c(q).) To the extent that any of the evidence on which the parties rely is

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
## Civil Division
Central District, Stanley Mosk Courthouse, Department 47

BC716646                                                              April 24, 2023
SERGIO PROA VS KIA MOTORS AMERICA INC                                        9:00 AM

| | |
|---|---|
| Judge: Honorable Theresa M. Traber | CSR: Linda Lee #13568 (Pro Tempore) - via LACourtConnect |
| Judicial Assistant: I. Flores | ERM: None |
| Courtroom Assistant: M. Soto | Deputy Sheriff: None |

relevant to the Court's ruling, the Court will take the pertinent objections into account in evaluating that evidence.

Declaration of Sepehr Daghighian

Plaintiff's Exhibit List attests to a declaration of Michael Rosenstein with three attached exhibits. (Exhibit List.) However, no such declaration was filed with the Court. In lieu of these documents, Plaintiff instead provided a declaration from Sepehr Daghighian, also Plaintiff's counsel, dated January 9, 2023, but served April 19, 2023. This declaration contains exhibits whose titles suggest they are the same exhibits identified in the Exhibit List. (Declaration of Sepehr Daghighian ISO Mot. Exhs. A-C.) As Defendant has not objected to the missing declaration, the Court exercises its discretion to construe this declaration as a replacement for the missing filing and will consider the declaration on its merits.

Entitlement to Fees

Plaintiff seeks an award of attorney's fees, costs, and expenses pursuant to a settlement agreement reached by the parties. Plaintiff brought claims for violation of the Song-Beverly Consumer Warranty Act (Civ. Code § 1790 et seq.) and for fraudulent omission.

Civil Code section 1794(d) states:

If the buyer prevails in an action under this section, the buyer shall be allowed by the court to recover as part of the judgment a sum equal to the aggregate amount of costs and expenses, including attorney's fees based on actual time expended, determined by the court to have been reasonably incurred by the buyer in connection with the commencement and prosecution of such action.

On August 3, 2022, Plaintiff signed an offer to compromise under Code of Civil Procedure section 998 to repurchase Plaintiff's vehicle for $32,500. (Declaration of Zavig Mkrdech ISO Mot. Exh. 8 ¶ 1.) The offer provided for an award of reasonable attorney's fees to Plaintiff by noticed motion pursuant to Civil Code section 1794(d). (Id. ¶ 5.) The parties agree that Plaintiff is the prevailing party. (Id.)

Reasonableness of Fees

Plaintiff requests a total fee award of $120,980.38, based on a total of $73,667.50 in fees accrued

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
### Civil Division
Central District, Stanley Mosk Courthouse, Department 47

BC716646                                                          April 24, 2023
SERGIO PROA VS KIA MOTORS AMERICA INC                             9:00 AM

Judge: Honorable Theresa M. Traber          CSR: Linda Lee #13568 (Pro Tempore) - via
                                            LACourtConnect
Judicial Assistant: I. Flores               ERM: None
Courtroom Assistant: M. Soto                Deputy Sheriff: None

---

by Strategic Legal Practices, APC, and $13,355.00 in fees accrued by California Consumer
Attorneys, P.C., plus an additional $30,457.88 resulting from a 1.35 multiplier, plus $3,500 in
anticipated fees to prepare a reply brief and attend the hearing on this motion. (Declaration of
Payam Shahnian ISO Mot. ¶¶ 72.)

Reasonable attorney's fees are allowable costs when authorized by contract, statute, or law.
(Code Civ. Proc § 1033.5(a)(10), (c)(5)(B).) In actions that are based on a contract, "where the
contract specifically provides that attorney's fees and costs, which are incurred to enforce that
contract, shall be awarded either to one of the parties or to the prevailing party, then the party
who is determined to be the party prevailing on the contract… shall be entitled to reasonable
attorney's fees in addition to other costs." (Civil Code § 1717(a) [emphasis added].) A recovery
of attorney's fees is authorized even in noncontractual or tort actions if the contractual provision
for fee recovery is worded broadly enough. (See Code Civ. Proc § 10211; Maynard v. BTI
Group, Inc. (2013) 216 Cal.App.4th 984, 993 [agreement to award fees based on outcome of
"any dispute" encompasses all claims, "whether in contract, tort or otherwise]; Lockton v.
O'Rourke (2010) 184 Cal.App.4th 1051, 1076; Lerner v. Ward (1993) 13 Cal.App.4th 155, 160.)

Reasonable attorney's fees shall be fixed by the Court and shall be an element of the costs of
suit. (Code Civ. Proc. § 1033.5(c)(5)(B).) Reasonable attorney's fees are ordinarily determined
by the Court pursuant to the "lodestar" method, i.e., the number of hours reasonably expended
multiplied by the reasonable hourly rate. (See PLCM Group, Inc. v. Drexler (2000) 22 Cal.4th
1084, 1095-1096; Margolin v. Regional Planning Com. (1982) 134 Cal.App.3d 999, 1004
["California courts have consistently held that a computation of time spent on a case and the
reasonable value of that time is fundamental to a determination of an appropriate attorneys' fee
award."].) "[T]he lodestar is the basic fee for comparable legal services in the community; it may
be adjusted by the court based on factors including, as relevant herein, (1) the novelty and
difficulty of the questions involved, (2) the skill displayed in presenting them, (3) the extent to
which the nature of the litigation precluded other employment by the attorneys, (4) the
contingent nature of the fee award…." (Ibid.) In setting the hourly rate for a fee award, courts are
entitled to consider the "fees customarily charged by that attorney and others in the community
for similar work." (Bihun v. AT&T Info. Sys., Inc. (1993) 13 Cal.App.4th 976, 997 [affirming
rate of $450 per hour], overruled on other grounds by Lakin v. Watkins Associated Indus. (1993)
6 Cal.4th 644, 664.) The burden is on the party seeking attorney's fees to prove the
reasonableness of the fees. (Center for Biological Diversity v. County of San Bernardino (2010)
188 Cal.App.4th 603, 615.)

The Court has broad discretion in determining the amount of a reasonable attorney's fee award,

---

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
## Civil Division
### Central District, Stanley Mosk Courthouse, Department 47

BC716646                                                                April 24, 2023
SERGIO PROA VS KIA MOTORS AMERICA INC                                        9:00 AM

Judge: Honorable Theresa M. Traber          CSR: Linda Lee #13568 (Pro Tempore) - via
                                            LACourtConnect
Judicial Assistant: I. Flores               ERM: None
Courtroom Assistant: M. Soto                Deputy Sheriff: None

which will not be overturned absent a "manifest abuse of discretion, a prejudicial error of law, or necessary findings not supported by substantial evidence." (Bernardi v. County of Monterey (2008) 167 Cal.App.4th 1379, 1393-1394.) The Court need not explain its calculation of the amount of attorney's fees awarded in detail; identifying the factors considered in arriving at the amount will suffice. (Ventura v. ABM Indus. Inc. (2012) 212 Cal.App.4th 258, 274-275.)

1. Base Fee Requests

Plaintiff has provided an itemized list of the attorney and paralegal time billed in connection with this case by both SLP and CCA. (Shahian Decl. Exhs. 35-36; Daghighian Decl. Exh. A.) SLP billed a total of 175.50 hours in connection with this case at hourly rates ranging from $325 to $610 per hour. (Id. Exh. 35.) CCA reportedly billed a total of 25.3 hours at rates ranging from $500 to $650 per hour. (Daghighian Decl. Exh. A.) Attorney Shahian attests to the skills, training, experience, and hourly rates of SLP's attorneys as their supervisor, and to the veracity of SLP's time entries. (Shahian Decl. ¶¶ 41-67, 69.) Similarly, Attorney Daghighian, as a partner at CCA attests to his own skills, training, experience, and hourly rates, as well as those of his associate, Brian T. Shippen-Murray, and his senior partner, Michael Rosenstein. (Daghighian Decl. ¶¶ 2-5.) The Court also observes that, notwithstanding the length of time spent on this case, that Plaintiff's counsel has exercised billing judgment, assigning research and drafting tasks to associates and junior partners, and reserving more strategic and editing pursuits to senior partners charging higher rates. (See generally Exhs. 35-36.)

Although Defendant identifies numerous entries that it contends are "block billing," "vague," "duplicative," or "excessive time," Defendant offers no evidence supporting these contentions beyond a conclusory assertion that they are so. (See Tomolyan Decl. Exh. A.) Defendant's contentions that many of Plaintiff's documents and motions are "boilerplate" is similarly unsupported.

Defendant also argues that portions of Plaintiff's fee requests are improper because Plaintiff is not entitled to an award of fees on his fraud claim, and that Plaintiff has not separated the fees and costs incurred with respect to that cause of action from his Song-Beverly claims. The Court of Appeal has expressly rejected this argument in the context of fraud claims in a lemon law action. (Santana v. FCA US, LLC (2020) 56 Cal.App.5th 334, 349.) The fraud and Song-Beverly claims in this action arose from a common factual nucleus and need not be separated out in Plaintiff's fee request.

Based on the foregoing, the Court concludes that Plaintiff's unmodified fee requests were

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
## Civil Division
Central District, Stanley Mosk Courthouse, Department 47

BC716646                                                            April 24, 2023
SERGIO PROA VS KIA MOTORS AMERICA INC                               9:00 AM

Judge: Honorable Theresa M. Traber          CSR: Linda Lee #13568 (Pro Tempore) - via
                                            LACourtConnect
Judicial Assistant: I. Flores               ERM: None
Courtroom Assistant: M. Soto                Deputy Sheriff: None

reasonably incurred and appropriate for use as the lodestar for Plaintiff's fee award, with the
exception of the request for anticipated fees in the amount of $3,500. The Court does not think it
appropriate to award fees not actually incurred.

2. Fee Multiplier

Plaintiff requests that the lodestar be enhanced by a multiplier of 1.35, which would result in an
additional award of $30,457.88. Plaintiff contends that this multiplier is reasonable considering
the contingent nature of this action, Plaintiff's counsel's experience and knowledge, the
difficulty of this litigation, and the favorable result achieved for Plaintiff. Multipliers for
successful representation on a contingency basis have frequently been awarded. (See, e.g.,
Santana v. FCA US LLC (2020) 56 Cal.App.5th 334, 352.)

Defendant argues that the Court should not only decline to award a positive multiplier but
actually award a negative multiplier because this case was "a garden-variety Song-Beverly
lawsuit" (opposition p.16:2) that "involved a handful of depositions, basic boilerplate written
discovery, and no significant law and motion." (Tomolyan Decl. ¶ 23.) Defendant's contention is
belied by the record in this case which reflects five years of litigation, demurrers, motions in
limine, and a motion for summary judgment involving substantial evidentiary production.
Indeed, Defendant settled this case within a month of losing comprehensively on its motion for
summary judgment. In the Court's view, prosecuting such a case through motions practice and
preparations for trial shows legal representation that embraces risk despite the contingent
character of receiving fees, such that a multiplier on the fee award is proper.

The Court therefore concludes that an award of $117,480.38 is proper in this case.

Costs

Plaintiff also seeks an award of costs in the amount of $10,291.19.

A prevailing party on a Song-Beverly claim may also seek to recover costs reasonably incurred,
as well as attorney's fees. (Civ. Code § 1794(d).) Once a request for costs is properly challenged,
the burden shifts to the propounding party to demonstrate why such costs are recoverable and
proper. (Whatley-Miller v. Cooper (2013) 212 Cal.App.4th 1103, 1113.) Costs are normally
sought by way of a memorandum of costs pursuant to California Rule of Court 3.1700(a).
However, as Defendant consents to determination of costs via this motion, the Court will
exercise its discretion to do so.

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
**Civil Division**
Central District, Stanley Mosk Courthouse, Department 47

BC716646                                                              April 24, 2023
SERGIO PROA VS KIA MOTORS AMERICA INC                                 9:00 AM

Judge: Honorable Theresa M. Traber          CSR: Linda Lee #13568 (Pro Tempore) - via
                                            LACourtConnect
Judicial Assistant: I. Flores               ERM: None
Courtroom Assistant: M. Soto                Deputy Sheriff: None

---

Plaintiff included an itemized list of costs with SLC and CCA's itemized billing records. Shahian Decl. Exhs. 35-36.) Defendant objects only to one item dated 2/28/21 titled "Expense paid to International Litigation Services for Data Hosting 2/28/21" in the amount of $2,904.46. (See Shahian Decl. Exh. 35, see also Tomolyan Decl. Exh. A.) Defendant contends that this item is duplicative of costs incurred in a separate case for storage of documents relating to Defendant's Theta II engine, which the parties stipulated to use across multiple cases, including this one. In reply, Plaintiff states that this cost item is not duplicative. Rather, Plaintiff contends that "there is a different billing date in each case for which this storage is billed given that Plaintiff counsel has been storing these arguments with ILS for several years." (Reply p.10:16-17.) Plaintiff provides no evidence supporting this statement and, as Plaintiff bears the burden of justifying these costs, the lack of a sworn declaration attesting to the veracity of this statement is fatal to this request.

The Court will therefore award Plaintiff reduced costs in the amount of $7,386.73.

CONCLUSION:

Accordingly, Plaintiff's Motion for Attorney's Fees, Costs, and Expenses is GRANTED in part in the amount of $117,480.38 in fees plus $7,386.73 in costs.

By agreement of the parties and on order of the Court, the [proposed] Order Granting Plaintiff's Motion For Attorneys' Fees and Costs and Expenses received on March 9, 2023 is DECLINED by the Court and is NOT SIGNED by the Court. The minute order is deemed the Final Order of the Court.

Order to Show Cause Re: Dismissal is scheduled for 06/28/2023 at 08:30 AM in Department 47 at Stanley Mosk Courthouse.

Counsel shall prepare and serve a [proposed] Stipulation and Order regarding jurisdiction retention pursuant to Code of Civil Procedure Section 664.6 for the court's review and approval.

Notice is waived.

---

# EXHIBIT 15

CIV-130

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*<br>Payam Shahian (SBN 228406); Breita Linnell (SBN 330758)<br>Strategic Legal Practices, APC<br>1888 Century Park East, 19th Floor, Los Angeles, California 90067<br><br>TELEPHONE NO.: 310-929-4900    FAX NO. *(Optional):* 310-943-3838<br>E-MAIL ADDRESS *(Optional):* pshahian@slpattorney.com; emailservices@slpattorney.com<br>ATTORNEY FOR *(Name):* Plaintiff(s) | *FOR COURT USE ONLY* |
|---|---|

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles |
|---|
| STREET ADDRESS: 111 North Hill Street |
| MAILING ADDRESS: 111 North Hill Street |
| CITY AND ZIP CODE: Los Angeles, CA 90012 |
| BRANCH NAME: Stanley Mosk Courthouse |

| PLAINTIFF/PETITIONER: Francisco Rodriguez et al. |
|---|
| DEFENDANT/RESPONDENT: Hyundai Motor America |

| NOTICE OF ENTRY OF JUDGMENT<br>OR ORDER<br><br>*(Check one):*  [x] **UNLIMITED CASE**<br>(Amount demanded<br>exceeded $25,000)   [ ] **LIMITED CASE**<br>(Amount demanded was<br>$25,000 or less) | CASE NUMBER:<br>21STCV01655 |
|---|---|

**TO ALL PARTIES :**

1. A judgment, decree, or order was entered in this action on *(date):* July 6, 2023

2. A copy of the judgment, decree, or order is attached to this notice.

Date: July 6, 2023

Breita Linnell

(TYPE OR PRINT NAME OF  [x] ATTORNEY  [ ] PARTY WITHOUT ATTORNEY)

▶

*/s/ Breita Linnell*

(SIGNATURE)

Page 1 of 2

Form Approved for Optional Use
Judicial Council of California
CIV-130 [New January 1, 2010]

**NOTICE OF ENTRY OF JUDGMENT OR ORDER**

*www.courts.ca.gov*

**CIV-130**

| | |
|---|---|
| PLAINTIFF/PETITIONER: Francisco Rodriguez et al. | CASE NUMBER: |
| DEFENDANT/RESPONDENT: Hyundai Motor America | 21STCV01655 |

## PROOF OF SERVICE BY FIRST-CLASS MAIL

### NOTICE OF ENTRY OF JUDGMENT OR ORDER

***(NOTE: You cannot serve the* Notice of Entry of Judgment or Order *if you are a party in the action. The person who served the notice must complete this proof of service.)***

1. I am at least 18 years old and **not a party to this action.** I am a resident of or employed in the county where the mailing took place, and my residence or business address is *(specify):*

2. I served a copy of the *Notice of Entry of Judgment or Order* by enclosing it in a sealed envelope with postage fully prepaid and *(check one):*

   a. ☐ deposited the sealed envelope with the United States Postal Service.

   b. ☐ placed the sealed envelope for collection and processing for mailing, following this business's usual practices, with which I am readily familiar. On the same day correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service.

3. The *Notice of Entry of Judgment or Order* was mailed:

   a. on *(date):*

   b. from *(city and state):*

4. The envelope was addressed and mailed as follows:

   a. Name of person served:                    c. Name of person served:

      Street address:                              Street address:
      City:                                        City:
      State and zip code:                          State and zip code:

   b. Name of person served:                    d. Name of person served:

      Street address:                              Street address:
      City:                                        City:
      State and zip code:                          State and zip code:

   ☐ Names and addresses of additional persons served are attached. *(You may use form POS-030(P).)*

5. Number of pages attached _____.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: _____

_____          ▶          _____
(TYPE OR PRINT NAME OF DECLARANT)                              (SIGNATURE OF DECLARANT)

CIV-130 [New January 1, 2010]              **NOTICE OF ENTRY OF JUDGMENT OR ORDER**

# EXHIBIT 1

THE SUPERIOR COURT OF CALIFORNIA
COUNTY OF LOS ANGELES

Español    Tiếng Việt    한국어    中文    հայերէն

Search

Home    Online Services    Forms, Filings & Files    Self-Help    Divisions    Jury    General Info
         Pay Fines, Search Records...    Forms, Filing Fees...    For persons without attorneys    Civil, Criminal, Family...    Jury Duty Portal, Q&A...    Courthouses, ADA ...

ONLINE SERVICES

# Tentative Rulings

## DEPARTMENT 74 LAW AND MOTION RULINGS

**Case Number:** 21STCV01655    **Hearing Date:** July 6, 2023    **Dept:** 74

SUPERIOR COURT OF CALIFORNIA

COUNTY OF LOS ANGELES – CENTRAL DISTRICT

DEPARTMENT 74

| | |
|---|---|
| ¿¿¿¿FRANCISCO RODRIGUEZ, et al.,<br><br>¿¿Plaintiffs,<br><br>vs.<br><br><br><br>¿¿¿¿HYUNDAI MOTOR AMERICA, et al.,¿<br><br>¿¿Defendants¿. | Case No.:    21STCV01655<br><br>Hearing Date:    ¿July 6, 2023¿<br><br>Time:    8:30 a.m.<br><br><br><br>**[TENTATIVE] ORDER RE:**<br><br>Plaintiffs' Motion for Attorney Fees, Costs, and Expenses |

MOVING PARTIES:      Plaintiffs Francisco Rodriguez and Norma Rodriguez

RESPONDING PARTY:    Defendant Hyundai Motor America

**Motion for Attorney Fees and Costs.**

The court considered the moving papers, opposition, and reply.

The court denies Plaintiff's request for judicial notice.

The court sustains Defendant's Evidentiary Objection #1 in full. The court sustains Objection #2 as to trial court orders in other matters and unpublished decisions.

BACKGROUND

This action arises from a dispute over a 2012 Hyundai Elantra.

On January 14, 2021, Plaintiffs Francisco and Norma Rodriguez (Plaintiffs) filed a complaint against Defendant Hyundai Motor America (Defendant). In the complaint, Plaintiffs alleged various violations of the Civil Code, breach of express written warranty, breach of implied warranty of merchantability, and fraud by omission.

On June 17, 2022, the parties settled.

On January 5, 2023, Plaintiffs' counsel filed this motion for attorney fees and costs.

LEGAL STANDARD

Under Civil Code § 1794, subdivision (d), a buyer who prevails in an action under the Song-Beverly Act can recover costs and expenses, including attorney fees. The attorney fees requested should be based on actual time expended, determined by the court to have been reasonably incurred by the buyer in connection with the action's commencement and prosecution. (Civ. Code § 1794.)

"The determination of what constitutes a reasonable fee generally "begins with the 'lodestar,' i.e., the number of hours reasonably expended multiplied by the hourly rate." (*Graciano v. Robinson Ford Sales, Inc.* 144 Cal.App.4th 140, 154.) The lodestar is the basic fee for comparable legal services in the community; it may be adjusted by the court based on factors including, (1) the novelty and difficulty of the questions involved, (2) the skill displayed in presenting them, (3) the extent to which the nature of the litigation precluded other employment by the attorneys, and (4) the contingent nature of the fee award. (*Ibid.*)

DISCUSSION

Plaintiff's Counsel's Hourly Rate.

"The reasonable hourly rate is that prevailing in the community for similar work." (*PLCM Group v. Drexler* (2000) 22 Cal.4th 1084, 1095.) "The experienced trial judge is the best judge of value of professional services rendered in his court." (*Ibid.*) An award of attorney fees may also be based on counsel's declarations. (*Raining v. Data Corp. v. Barrenechea* (2009) 175 Cal.App.4th 1363, 1375.) Here, Plaintiffs' counsel requests hourly rates ranging from $595 to $250. (Motion, at p. 8; Shahian Decl., ¶¶ 40-62.) The court finds these rates reasonable.

Hours Expended by Plaintiff's Counsel.

The attorney bears the burden of proof as to reasonableness of any fee claim. (Code Civ. Proc., § 1033.5(c)(5).) This burden requires competent evidence as to the nature and value of the services rendered. (*Martino v. Denevi* (1986) 182 Cal.App.3d 553, 559.) A plaintiff's verified billing invoices are prima facie evidence that the costs, expenses, and services listed were necessarily incurred. (See *Hadley v. Krepel* (1985) 167 Cal.App.3d 677, 682.)

"In challenging attorney fees as excessive because too many hours of work are claimed, it is the burden of the challenging party to point to the specific items challenged, with a sufficient argument and citations to the evidence. General arguments that fees claimed are excessive, duplicative, or unrelated do not suffice." (*Lunada Biomedical v. Nunez* (2014) 230 Cal.App.4th 459, 488, quoting *Premier Med. Mgmt. Sys., Inc. v. California Ins. Guarantee Assn.* (2008) 163 Cal.App.4th 550, 564.) Plaintiffs have provided a breakdown of the 97.70 hours devoted to this case in detailed billing entries. (Shahian Decl., ¶ 64; Ex. 32.) Defendant argues that the court should reduce Plaintiffs' counsels' award because they continued to bill after they received the 998 Offer. (Opposition, at pp. 4-5.) But Defendant has not specified which billing entries were unnecessary after the 998 Offer. Additionally, Defendant has pointed to billing entries that it finds excessive. (Opposition, at pp. 6-7; Stuhlberg Decl., ¶ 6; Ex. A.) However, the court does not find the entries at issue excessive.

Lodestar Multiplier

"[T] the statutory language of [Civil Code] section 1794, subdivision (d), is reasonably compatible with a lodestar adjustment method of calculating attorney fees, including use of fee multipliers. (*Robertson v. Fleetwood Travel Trailers of California, Inc.* (2006) 144 Cal.App.4th 785, 818.) "The . . . figure may be augmented or diminished by taking various relevant factors into account, including . . . the contingent nature of the fee award, based on the uncertainty of prevailing on the merits of establishing eligibility for the award. (*Id.* at p. 819.) Here, Plaintiffs' counsel requests a 1.35 fee multiplier. Defendant in turn argues that such a multiplier is unjustified. The

court disagrees. Plaintiffs' counsel took on the risk of representing Plaintiffs on a contingency basis, which warrants the attorney fee multiplier of 1.35.

**Costs.**

Under Civil Code § 1794, subdivision (d), a buyer who prevails in an action under the Song-Beverly Act can recover costs and expenses. Plaintiffs' counsel is entitled to costs and has substantiated their request. (Shahian Decl., ¶ 64; Ex. 32.)

**CONCLUSION**

Based on the foregoing, the court grants the motion and awards Plaintiffs' counsel $54,778.98 in attorney fees and costs (($36,065.50 x 1.35) + $2,590.55 (costs) + $3,500 (to review opposition, draft reply, and attend hearing)).

Plaintiffs' counsel is ordered to give notice.

IT IS SO ORDERED.

DATED:  ¿July 6, 2023

_____

Colin Leis

Judge of the Superior Court

1

**PROOF OF SERVICE**

2

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

3

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is Strategic Legal Practices, 1888 Century Park East, 19th Floor, Los Angeles, California 90067.

4

On **July 6, 2023**, I caused to be served the document(s) described as:

5

**NOTICE OF ENTRY OF JUDGMENT OR ORDER**

6

7

on the interested parties in this action by sending [ ] the original [or] [✓] a true copy thereof [✓] to interested parties as follows [or] [ ] as stated on the attached service list:

8

Richard L. Stuhlbarg, Esq.

9

Brian Takahashi, Esq.
Michael Chung, Esq.

10

**BOWMAN & BROOKE, LLP**
970 W. 190th Street, Suite 700
Torrance, CA 90502

11

rick.stuhlbarg@bowmanandbrooke.com

12

Brian.takahashi@bowmanandbrooke.com
Michael.chung@bowmanandbrooke.com

13

hyundaicases@bowmanandbrooke.com

14

15

[✓]      **BY E-MAIL:** I hereby certify that this document was served from Los Angeles, California, by e-mail delivery, ***as agreed between the parties***, on the parties listed herein at their most recent known e-mail address or e-mail of record in this action.

16

17

18

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

19

Executed this **July 6, 2023**, at Los Angeles, California.

20

21

22

*Randle Rankin*

23

Randle Rankin
rrankin@slpattorney.com

24

25

26

27

28

# EXHIBIT 16

2020 WL 759285
Only the Westlaw citation is currently available.
United States District Court, S.D. California.

James HOLCOMB and Rotoco, Inc., Plaintiffs,
v.
BMW OF NORTH AMERICA, LLC, Defendant.

Case No.: 18cv475 JM (BGS)
|
Signed 02/14/2020

**Attorneys and Law Firms**

Brian J. Bickel, David C. McGaffey, Jordan Kathleen Wager, Nicole E. Nemeth, Stephanie Samantha Pengilley, Laura Ellen Goolsby, The Bickel Law Firm, Inc., San Diego, CA, Tiffany N. Lynch, Coronado, CA, for Plaintiffs.

Christopher Celentino, Dillon Chen, Joseph S. Leventhal, Robert G. Marasco, Amanda Sara Gianninoto, Marjorie Ann Terner, Dinsmore & Shohl LLP, San Diego, CA, for Defendant.

**ORDER ON PLAINTIFFS' MOTION FOR PAYMENT OF ATTORNEY'S FEES AND REIMBURSEMENT OF COSTS AND EXPENSES**

JEFFREY T. MILLER, United States District Judge

**\*1** Plaintiffs James Holcomb and Rotoco, Inc. ("Plaintiffs") move for $129,804.96 in attorney's fees and costs pursuant to the Song-Beverly Consumer Warranty Act ("the Song-Beverly Act"), CAL. CIV. CODE. § 1794(d). (Doc. No. 44.) The motion has been briefed and the court finds it suitable for submission without oral argument in accordance with Civil Local Rule 7.1(d)(1). For the below reasons, the motion is **GRANTED IN PART** and **DENIED IN PART**.

**I. BACKGROUND**

Plaintiffs leased and then purchased a 2014 BMW M6 ("the vehicle") on October 6, 2014 and October 12, 2017, respectively. The vehicle began exhibiting various problems with its steering wheel, windows, fuel filler neck, carbon canister, and warning lights. Plaintiffs brought the vehicle to Defendant's repair facility at least eight times for warranty-related repairs, which were unsuccessful. On January 19, 2018, Plaintiffs filed the instant action in state court. The

action was timely removed to federal court. On June 4, 2019, the parties filed a notice of settlement. (Doc. Nos. 28-29.) The parties finalized the settlement agreement and subsequently filed a joint motion to dismiss with prejudice. (Doc. No. 40.) The court granted the motion and agreed to retain jurisdiction for the purpose of hearing Plaintiffs' motion for attorney's fees and costs. (Doc. No. 43.)

**II. LEGAL STANDARD**

A buyer who prevails in an action under the Song-Beverly Act is entitled to an award of attorney's fees and costs "based on actual time expended, determined by the court to have been reasonably incurred by the buyer in connection with the commencement and prosecution of such action." CAL. CIV. CODE § 1794(d). The court must determine "whether under all the circumstances of the case the amount of actual time expended and the monetary charge being made for the time expended are reasonable." *Nightingale v. Hyundai Motor Am.*, 31 Cal. App. 4th 99, 104 (1994). "In a diversity case, the law of the state in which the district court sits determines whether a party is entitled to attorney fees, and the procedure for requesting an award of attorney fees is governed by federal law." *Carnes v. Zamani*, 488 F.3d 1057, 1059 (9th Cir. 2007). The method of calculating fees is determined by state law. *Mangold v. Cal. Pub. Utils. Comm'n*, 67 F.3d 1470, 1478 (9th Cir. 1995).

The lodestar method is the prevailing method for calculating attorney's fees. *Robertson v. Fleetwood Travel Trailers of California, Inc.*, 144 Cal. App. 4th 785, 818-19 (2006); *Ketchum v. Moses*, 24 Cal. 4th 1122, 1135 (2001). In calculating the lodestar, the court must " 'make an initial determination of the actual time expended; and then.... ascertain whether under all the circumstances of the case the amount of the actual time expended and the monetary charge being made for the time expended are reasonable.' " *Robertson*, 144 Cal. App. 4th at 817 (quoting *Nightingale*, 31 Cal. App. 4th at 104). In determining the reasonableness of the lodestar, courts can consider the complexity of the case, procedural demands, the skill exhibited, and the results achieved. *Id.*

**\*2** The plaintiff bears the burden of demonstrating that fees sought were allowable, reasonably necessary to the conduct of the litigation, and reasonable in amount. *Karapetian v. Kia Motors Am., Inc.*, 970 F. Supp. 2d 1032, 1036 (C.D. Cal. 2013). If the reasonableness of fees is challenged, "[g]eneral arguments that fees claimed are excessive, duplicative, or unrelated do not suffice." *Premier Med. Mgmt. Sys. v. Cal.*

Holcomb v. BMW of North America, LLC, Slip Copy (2020)
2020 WL 759285

*Ins. Guar. Assoc.*, 163 Cal. App. 4th at 550, 564 (2008). In such cases, the opposing party has the burden to demonstrate the hours spent are duplicative or excessive. *Id.* at 562, 564; *see also Gorman v. Tassajara Dev. Corp.*, 178 Cal. App. 4th 44, 101 (2009) ("The party opposing the fee award can be expected to identify the particular charges it considers objectionable"). Decisions by other courts regarding the reasonableness of the rate sought may also provide evidence to support a finding of reasonableness. *See Widrig v. Apfel*, 140 F.3d 1207, 1210 (9th Cir. 1998). The court may also draw on its own experience in determining what constitutes a reasonable rate. *Ingram v. Oroudjian*, 647 F.3d 925, 928 (9th Cir. 2011) (holding that "judges are justified in relying on their own knowledge of customary rates and their experience concerning reasonable and proper fees").

### III. DISCUSSION

As the prevailing party in a Song-Beverly Act claim, Plaintiffs are entitled to an award of fees and costs. *See* CAL. CIV. CODE § 1794(d). Plaintiffs seek $129,804.96 in attorney's fees and costs. (Doc. No. 44-2.) Detailed billing records provided by Plaintiffs' counsel show the $129,804.96 in fees and costs consists of the following: (1) $80,066.50 for 170.1 hours of work by ten attorneys at rates between $355 and $665 per hour; (2) $8,396 for 42.4 hours of work by paralegals or law clerks at a rate of $195 per hour; (3) $797.50 for 5.5 hours of work by legal assistants at a rate of $145 per hour; (4) $13,766.96 in costs; and (5) an additional $26,778 based on a 0.3 multiplier. (Doc. No. 44-2.) Defendant does not dispute that Plaintiffs are entitled to attorney's fees and costs, but argues the amount requested is unreasonable. (Doc. No. 45.)

### A. Attorney's Fees and Hours

As noted above, Plaintiffs seek $80,066.50 for 170.1 hours of work by ten attorneys at rates between $355 and $665 per hour. (Doc. No. 44-4 at 2-4.) The rates and hours for each attorney by year is as follows:

| Attorney | 2018 Hrs | 2018 Rate | 2018 Total | 2019 Hrs | 2019 Rate | 2019 Total | Total Hrs | Total Bill |
|---|---|---|---|---|---|---|---|---|
| Bickel | 0.1 | $655 | $66 | 5.3 | $665 | $3,525 | 5.4 | $3,590 |
| Sampogli* | 0.2 | $425 | $85 | 37.3 | $465 | $17,345 | 37.5 | $17,430 |
| Solis | 3.7 | $425 | $1,573 | | | | 3.7 | $1,573 |
| Nemeth | 71.7 | $495 | $35,492 | 11.4 | $525 | $5,985 | 83.1 | $41,477 |
| McGalley | | | | 13.7 | $415 | $5,686 | 13.7 | $5,686 |
| Lynch | 2.7 | $365 | $986 | | | | 2.7 | $986 |
| Myers | 0.5 | $365 | $183 | | | | 0.5 | $183 |
| Wagner | 5.4 | $425 | $2,295 | | | | 5.4 | $2,295 |
| Penaltey | 5 | $425 | $2,125 | | | | 5 | $2,125 |
| Goolsby | | | | 3.7 | $375 | $1,388 | 5.7 | $1,388 |
| *Also billed 9.4 hours at $355 per hour in 2017 for a total of $3,337* | | | | | | **TOTAL** | 170.1 | **$80,066.50** |

### 1. Number of Attorneys

At the outset, the reasonableness of Plaintiffs' attorneys' fees is questionable given the number of experienced attorneys who purportedly worked on this case. As acknowledged by Plaintiffs, Plaintiffs' counsel's firm employs a total of ten attorneys practicing exclusively in the "niche market" of Song-Beverly Act cases. (Doc. No. 44-1 at 16.) Plaintiffs' attorneys "routinely litigate these types of cases." (Doc. No. 44-2 at 3.) Their firm is among the largest firms in California, if not the largest firm, practicing exclusively in this area of law. (Doc. No. 44-1 at 16.) Plaintiffs do not explain why this case required the attention of an entire large and specialized law firm. For example, Plaintiffs do not argue this case was complex. Plaintiffs do not claim that each of the attorneys specializes in a particular phase of litigation. To the contrary, the biographies provided by Plaintiffs highlight each attorney's impressive experience handling these types of cases, including bringing cases to trial. (Doc. No. 44-2 at 9-11.) Although in two recent cases, courts did not fault the plaintiff for utilizing a similar number of attorneys, those cases involved two different law firms, one of which was later associated for trial purposes, and both cases were settled after extensive trial preparations. *See Hamm v. FCA US LLC*, No. 17cv577 AJB (BGS), 2019 WL 3891139, at *3 (S.D. Cal. Aug. 19, 2019) (in case that settled the day of trial, awarding fees to 12 attorneys at two firms for 150 hours of work); *Petropoulos v. FCA US LLC*, No. 17cv398 W (KSC), 2019 WL 2289399, at *2-3 (S.D. Cal. May 29, 2019) (in a case that was litigated for over two years, awarding fees for 11 attorneys at two firms). The parties then filed a notice of settlement over a month before trial. Plaintiffs' counsel's billing records contain only one reference to trial preparation. (*See* Doc. No. 44-3 at 17 (noting that on January 16, 2019, counsel discussed "trial and case strategy" for less than 45 minutes).)

**\*3** As recognized by other courts, reliance on multiple attorneys necessarily requires each attorney to get "up-to-speed" on the case. *Luna v. FCA US LLC*, No. 2:17cv8272 ODW (RAO), 2020 WL 491462, at *4 (C.D. Cal. Jan. 30, 2020) (imposing 10% across-the-board cut because "[a]s a result of having twelve attorneys from two firms billing on this matter, the billing records are riddled with duplicative inter-office communications and entries reviewing prior filings and case materials"); *Base v. FCA US LLC*, No. 17cv1532 JCS, 2020 WL 363006, at *3 (N.D. Cal. Jan. 22, 2020) (noting that significant billings for meetings between

2020 WL 759285

attorneys was "one of the potential inefficiencies of using a large number of attorneys to staff a case"); *Durham v. FCA US LLC*, No. 2:17cv596 JLT, 2020 WL 243115, at *5 (E.D. Cal. Jan. 16, 2020) (noting a "significant amount of time spent on the preparation of internal memorandums and summaries for co-counsel"). Based on the above, the expertise and experience of Plaintiffs' counsel, upon which Plaintiffs rely to justify their high rates, is therefore uncertain given that it took ten of them, along with multiple paralegals and assistants, to handle this single unextraordinary case. Other Song-Beverly Act cases, albeit ones settling prior to any significant discovery, have required far fewer attorneys. *See Chavez v. Jaguar Land Rover N. Am., LLC*, No. 18cv2811 W (JLB), 2020 WL 376209, at *2 (S.D. Cal. Jan. 23, 2020) (awarding fees to five attorneys at Plaintiffs' counsel's firm for a total of 43.6 hours of work); *Anderson v. BMW of N. Am., LLC*, No. 18cv57 WVG, 2018 WL 2011006, at *2 (S.D. Cal. Apr. 30, 2018) (awarding fees to one attorney for 40 hours of work).

The court is not in a position, however, to determine the appropriate number of attorneys assigned to this particular case given that it is not privy to the inner workings of Plaintiffs' counsel's law firm. Also, for better or worse, the use of a large number of attorneys in Song-Beverly Act cases appears relatively common. *See Ortega v. BMW of N. Am., LLC*, No. 2:18cv6637 R (SK), 2019 WL 6792798, at *3 (C.D. Cal. Oct. 24, 2019) (noting that defendant used 15 attorneys and that is was "not uncommon" to use a large number of attorneys in lemon law cases). On their face, the billing records do not show that a significant amount of time was unreasonably spent getting ten attorneys up-to-speed on this case. *Id.* ("This Court declines to admonish the use of a larger number of attorneys, as it appears there was no duplicative billing[.]"). As discussed below, this case involved extensive discovery and there is no obvious indication that a fewer number of attorneys would have generated significantly fewer hours. The efficiency gained from specializing in these types of cases may have allowed Plaintiffs' attorneys to familiarize themselves with this case with minimal effort. Finally, Plaintiffs' counsel submitted a declaration, under the penalty of perjury, that all fees were entered contemporaneously, were not adjusted upward, and were not duplicative, redundant, or unnecessary. (Doc. No. 44-2 at 2, 12.) The court has no compelling reason to doubt the honesty or judgment of Plaintiffs' counsel regarding the number of attorneys necessary to litigate this case.

**2. Number of Hours Billed**

The reasonableness of Plaintiffs' request for attorney's fees is also somewhat questionable given the number of hours it took to complete discovery and settle this case before any significant trial preparation was required. In *Hamm*, for example, the attorneys billed 150 hours for a case that settled on the day of trial. 2019 WL 3891139, at *4. In *Petropoulos*, attorneys billed 146 hours for a case that settled after over two years of "aggressive" litigation. 2019 WL 2289399, at *2-3; *see also Pollard v. FCA US LLC*, No. 17cv591 JLS (JCG), 2020 WL 57270, at *5 (C.D. Cal. Jan. 3, 2020) (requesting 150 hours in a case that was being prepared for trial, including motions in limine). In contrast, Plaintiffs' counsel billed 170.1 hours after litigating the case for about 16 months and prior to requiring any trial preparation. [1] While Plaintiffs' counsel should not be penalized for choosing to specialize in Song-Beverly Act cases, the need for this amount of work is uncertain given Plaintiffs' counsel's admission that "our office has developed forms and other streamlining techniques in an effort to shorten the time required of particular tasks." (Doc. No. 44-2 at 3.) Again, Plaintiffs do not attempt to distinguish the instant case from cases that were settled using fewer attorneys with lesser expertise in a shorter amount of time. [2]

**\*4** As discussed below, however, as least ten of the 170.1 hours billed were excessive. Moreover, the court cannot determine with any certainty that roughly 160 hours billed for the instant case is unreasonable. *See, e.g., Base*, 2020 WL 363006, at *3 (finding that approximately 200 hours for a total of $75,000 was reasonable where the parties settled while preparing for trial). Over the course of fifteen months, counsel for Plaintiffs: (1) removed the case from state court; (2) filed an answer; (3) attended an early neutral evaluation and case management conference; (4) moved to amend the scheduling order; (5) designated expert witnesses; (6) attended a mandatory settlement conference; and (7) settled the case and reduced the settlement agreement to writing. Plaintiffs also state, and Defendant does not dispute, that the parties participated in eleven depositions, including expert depositions. (Doc. No. 44-1.) Defendant served written discovery requests that included 50 interrogatories, 49 requests for admission, and 51 categories of document production. (Doc. No. 44-2 at 5.) In response to Plaintiffs' request for production, Defendant produced over 300 pages of documents. (*Id.*) This is not an insignificant amount of discovery and litigation. The court cannot confidently

Holcomb v. BMW of North America, LLC, Slip Copy (2020)

2020 WL 759285

conclude, especially in light of the detailed and voluminous billing records provided by Plaintiffs, that this amount of activity did not reasonably occupy 160 hours.

### 3. Attorney Rates

With respect to the rates charged by Plaintiffs' counsel, Plaintiffs cite no published case upholding a fee greater than $575 per hour. [3] (Doc. No. 44-1 at 18-19 (citing *Goglin v. BMW of N. Am., LLC*, 4 Cal. App. 5th 462, 474 (Ct. App. 2016)).) A maximum fee of $575 per hour is consistent with what other judges on this court have found reasonable. *See Hamm*, 2019 WL 3891139, at *4 (finding that $575 was unnecessarily high and reducing it to $550, and finding that $375 for an attorney that had been barred for five years should be reduced to $350, but approving rates between $350 and $550); *Petropoulos*, 2019 WL 2289399, at *3 (approving fees ranging from $275 to $575); *Anderson*, 2018 WL 2011006, at *3 (finding a fee of $500 reasonable given the attorney's experience, the tasks completed, and others cases finding that $425 and $575 were reasonable); *see also Shaw v. Ford Motor Co.*, No. 5:18cv1169 JLS (KK), 2020 WL 57273, at *3 (C.D. Cal. Jan. 3, 2020) (approving rates between $200 and $550).

In support of their rates, Plaintiffs' counsel conducted an informal survey of seven attorneys outside of their firm practicing in this area of law throughout the state who purportedly charged between $600 and $650 per hour in 2015. (Doc. No. 44-1 at 12-13.) Plaintiffs also argue higher rates are justified because their attorneys took the instant case, like they do all their cases, on a contingency basis and thus bore the risk of loss. (Doc. No. 44-2 at 9.) Defendant responds by arguing (1) the survey conducted by Plaintiffs' counsel was not supported by any study or expert testimony regarding rates in this geographic area, or by declarations from attorneys in this area, and (2) lower rates are in-line with rates charged for similarly-experienced consumer law attorneys practicing in this geographic area according to a "widely-cited and court approved" survey. (Doc. No. 45 at 10-15.)

Plaintiffs' counsel's willingness to take the case on a contingency basis, and to pay all costs, provides only minimal support for the reasonableness of charging higher rates. Nothing in the record suggests the risk of loss embraced by Plaintiffs' counsel's business for taking clients on a contingency fee basis is any greater than the risk of loss posed by requiring clients to pay costs. Plaintiffs' counsel's survey of other attorneys handling Song-Beverly Act cases

also provides minimal support given that only one of the attorneys surveyed was based in this geographic area, and all had more experience than even the most experienced of Plaintiffs' counsel. Based on the above, Mr. Bickel's rate is reduced to $575. The remaining rates remain unchanged. The calculation for attorney's fees is therefore reduced from $80,066.50 to $79,582 based on the reduction to Mr. Bickel's rate, and is further reduced, as discussed below, based on the time spent in bringing the instant motion.

### B. Paralegal and Legal Assistants' Work

**\*5** Plaintiffs request $8,396 for 42.4 hours of work performed by seven paralegals or law clerks at a rate of $195 per hour. [4] (Doc. Nos. 44-1 at 18, 44-2 at 4.) In support of this request, Plaintiffs' counsel notes that each paralegal graduated with a certificate from an ABA-approved school or obtained a certificate upon passing the proper examination, and that each law clerk graduated from an ABA-approved law school. (Doc. No. 44-1 at 18.) Plaintiffs also cite an Alameda County Superior Court case purportedly upholding paralegal fees between $135 and $195 for Plaintiffs' counsel's firm. (Doc. No. 44-2 at 16.) Plaintiffs also request $797.50 for 5.5 hours of work by four legal assistants at a rate of $145 per hour. (Doc. Nos. 44-1 at 18, 44-2 at 4.)

Defendant argues (1) that 20.8 hours of the worked performed by paralegals, law clerks and legal assistants was purely clerical or secretarial and cannot be billed at hourly rates, and (2) Plaintiffs did not show that the $195 rate for paralegals and law clerks is reasonable based on the complexity and challenges of the tasks. (Doc. No. 45 at 9-10, 16.) Defendant contends that $100 is a reasonable rate for paralegal/law clerk work. (*Id.* at 12-13.)

As noted by the Supreme Court, certain types of paralegal work, such as drafting correspondence or fact investigation, "lies in a gray area of tasks that might appropriately be performed either by an attorney or a paralegal." *Missouri v. Jenkins by Agyei*, 491 U.S. 274, 288 n.10 (1989). The Court also noted that "[o]f course, purely clerical or secretarial tasks should not be billed at a paralegal rate, regardless of who performs them." *Id.* Under state law, courts have found it appropriate to bill separately for paralegal work "at a reasonable market value rate." *Guinn v. Dotson*, 23 Cal. App. 4th 262, 269 (1994) ("An award of attorney's fees which does not compensate for paralegal service time would not fully compensate the attorney.").

Holcomb v. BMW of North America, LLC, Slip Copy (2020)
2020 WL 759285

Courts in this district have approved paralegal fees, but not at $195 per hour. *See Hamm*, 2019 WL 3891139, at *3 (finding paralegal rate of $175 per hour excessive and reducing it to $75 per hour for 18.7 hours); *Petropoulos*, 2019 WL 2289399, at *3 (finding $175 per hour reasonable). Plaintiffs provide no evidence supporting the reasonableness of a $195 rate in this geographic area. *See Payne v. Bay Area Rapid Transit Dist.*, No. 08cv2098 WDB, 2009 WL 1626588, at *1 (N.D. Cal. June 5, 2009) ("To determine appropriate hourly rates, we look to rates prevailing in the [area] for similar services performed by attorneys of reasonably comparable skill, experience, and reputation. This standard also applies to the rates charged for work performed by paralegals and law clerks.") (internal citation omitted). Furthermore, much of the work billed at the $195 paralegal/law clerk rate is clerical or border-line clerical. Many of the entries are also block-billed, making it impossible to separate legal from clerical tasks. For example, on April 11, 2018, Plaintiffs' counsel billed $97.50 for the following paralegal work:

> Receive and process phone call from chambers clerk regarding status of plaintiffs' early neutral evaluation statement. E-mail to Paralegal Angela Mason regarding same. Receive and process email from Paralegal Angela Mason with department e-mail address. Scan and e-mail Plaintiffs' Early Neutral Evaluation Statement and Plaintiffs' Initial Disclosures to chambers. Email to Attorney Tiffany Lynch and Laura Goolsby and note to file regarding same.

(Doc. No. 44-3 at 5.) Additionally, on October 12, 2018, Plaintiffs' counsel billed $253.50 for the following paralegal work:

> Scan and submit deposition subpoenas through One Legal for personal service.... Draft proofs of service. Serve Plaintiff's Notices of Depositions with copies of deposition subpoenas on opposing counsel via mail and email. Email to Attorney

> Nicole Nemeth and law clerk Keshav Nair and note to file regarding same.

**\*6** (*Id.* at 12.) There are also numerous entries where paralegal/law clerks billed for "receiving and processing" e-mails, including e-mails on which the paralegal/law clerk was merely copied. For example, on September 20, 2018, Plaintiffs' counsel billed $19.50 for a paralegal to "[r]eceive and process e-mail response from Attorney Nicole Nemeth to client regarding client's inquiry regarding discovery process." (Doc. No. 44-3 at 10.) Because at least half of the paralegal/law clerk work was clerical or borderline clerical, the number of hours billed is reduced by 50% to 21.2 hours. Also, in line with other courts in this district, the paralegal/law clerk hourly rate is reduced from $195 to $100 per hour. The total amount of reasonable fees for paralegal/law clerk work is therefore $2,120. Furthermore, all the work performed by legal assistants was clerical, and Plaintiffs cite no authority supporting the reasonableness of awarding legal assistants' fees. Plaintiffs' request for $797.50 for work performed by legal assistants is therefore denied.

### C. Unnecessary or Overstated Entries

Defendant points out five specific instances of alleged unnecessary or overstated billing entries. (Doc. No. 45 at 17-18.) The court declines to reduce any of them. First, the court disagrees that the January 12, 2018 entry for 2.2 hours to receive and review documents, put together a litigation file, draft repair history summary, and begin drafting a complaint, (Doc. No. 44-3 at 3), is unreasonable. The entry is not necessarily duplicative based on a previous billing of 9.4 hours for case intake. Second, the court agrees the November 16, 2018 entry for 0.8 hours for a paralegal/law clerk to draft an amended notice of deposition and two subpoenas is unreasonable, especially given that no amended notice was sent, but declines to reduce the amount any further than the court already has. Third, the court disagrees that the April 26, 2019 entry for 0.6 hours to confer regarding notices of appearance, or the April 29, 2019 entry for three hours to review expert reports and depositions in preparation for a mandatory settlement conference, was unnecessary overlap. Finally, the court disagrees that 0.5 hours to attend a mandatory settlement disposition conference is unreasonable given that Defendant requested "judicial intervention" and the conference may have been held regardless of Plaintiff's alleged delay in finalizing the settlement.

#### D. Fees Related to the Instant Motion

Plaintiffs include $20,291 in fees for 41.4 hours of work related to drafting and filing the instant motion. (Doc. Nos. 44-1 at 23, 44-3 at 22-23.) This includes an estimated 12 hours of time to review Defendant's opposition, draft a reply, and attend a motion hearing. (*Id.*) Defendant argues this is unreasonable, especially in light of Plaintiffs' counsel's experience. (Doc. No. 45 at 18.)

Fees related to the preparation and defense of a motion for attorney's fees are recoverable. *Ketchum v. Moses*, 24 Cal. 4th 1122, 1141 (2001). The court agrees, however, that 41.4 hours in preparing the instant motion is excessive. Except for the amounts requested and the defendant's name, the instant motion is largely identical to a motion Plaintiffs' counsel previously filed with this court. *See* Motion for Attorney Fees, *Chavez*, No. 18cv2811 (S.D. Cal. Aug. 7, 2019); *see also Pollard*, 2020 WL 57270, at *5 (finding that 14.5 hours spent on a motion for attorney's fees under the Song-Beverly Act was unreasonable given that it was substantially identical to an earlier motion); *Johnson v. FCA US LLC*, No. 17cv0536 AJB (BGS), 2019 WL 3891148, at *3 (S.D. Cal. Aug. 19, 2019) (noting that a motion for attorney's fees is a "template-driven motion" and reducing a request for $6,252.50 to $2,000).

Plaintiffs' counsel's bills also show that a considerable amount of time was spent auditing the charges. While some review of Plaintiffs' counsel's detailed and lengthy billing statement is appropriate before filing the same before the court, it is unreasonable that Defendant should pay Plaintiffs' attorneys to confirm the accuracy of their own bills. *See Jameson v. Ford Motor Co.*, No. 18cv1952 ODW (AS), 2019 WL 6840758, at *3 (C.D. Cal. Dec. 16, 2019) (striking fees for "review and audit billing"). To the extent Plaintiffs claim the bills were reviewed for "excessive billing for reduction or removal," again, Defendant should not have to pay for time spent removing entries that Plaintiffs' counsel agree were excessive. Finally, even though there was no hearing on the instant motion, Plaintiffs' counsel billed for the estimated time spent "preparing for the motion hearing" and "traveling to and attending the hearing." (Doc. No. 44-3 at 22-23.) Because the records are block-billed, the actual amount of time spent auditing or removing excessive bills, or the time estimated to prepare for and attend a hearing, cannot be isolated. Accordingly, Plaintiffs are awarded $5,000 in attorney's fees for the time spent on the instant motion, which equals a reduction of $15,291.

#### E. Block-Billing

**\*7** Defendant argues that Plaintiffs' counsel's practice of "block-billing" warrants a reduction in fees. (Doc. No. 45 at 19.) Defendant alleges, and Plaintiffs do not dispute, that ten items on Plaintiffs' counsel's bill are block-billed. Defendant cites *Welch v. Metro. Life Ins. Co.*, 480 F.3d 942, 948 (9th Cir. 2007), in which the Ninth Circuit upheld a district court's authority to reduce hours that are billed in block format. The court stated, however, that "block billing makes it more difficult to determine how much time was spent on particular activities." In response, Plaintiffs cite *Christian Research Inst. v. Alnor*, 165 Cal. App. 4th 1315, 1325 (2008), in which the court stated that block-billing was "not objectionable per se," but is nonetheless "a risky choice" that can exacerbate the vagueness of a request for attorney's fees.

With the exception of the items discussed above, the entries in Plaintiffs' counsel's billing records that Defendant identifies as blocked-billed all contain multiple specific tasks that, when combined, reasonably amount to the time billed. For example, on November 30, 2018, Plaintiffs' counsel billed 2.80 hours for preparing for a deposition of a technician at BMW San Diego, meeting and conferring with opposing counsel regarding a stipulation for an unavailable technician, e-mailing opposing counsel regarding the same, attending and taking the deposition of the technician, and returning to the office. (Doc. No. 45-5 at 15.) While it would have been preferable for Plaintiffs' counsel to have broken out the time spent for each task, when combined, these distinct tasks could easily occupy 2.80 hours. Overall, Plaintiffs' counsel's billing records contain over 200 individual entries for tasks performed and billed. (Doc. No. 45-5.) Only a small portion are block-billed. In this instance, therefore, Plaintiffs' counsel's practice of block-billing some attorney tasks does not significantly undermine the overall reasonableness of the requested fees. *See Chavez*, 2020 WL 376209, at *3 (declining to fault Plaintiffs' counsel for block-billing because only a small number of block-billed entries exceeded two hours and because the entries were sufficiently detailed).

#### F. Settlement Communications

Plaintiffs rely heavily on their attempts to settle the case early in the litigation to justify an award of attorney's fees and costs. In response, Defendant filed a motion to strike any reference to the parties' settlement discussions as protected settlement negotiations. (Doc. No. 46-1.)

Defendant cites no caselaw supporting its argument that courts cannot consider the parties' settlement history in deciding attorney's fees. In fact, courts regularly cite plaintiffs' attempts to settle early in the litigation in deciding the reasonableness of attorney's fees. *See, e.g., Campos v. Ford Motor Co.*, No. 17cv2221 AGA (GR), 2020 WL 256125, at *2 (C.D. Cal. Jan. 13, 2020) (faulting plaintiff for not taking defendant's initial settlement offer); *Base*, 2020 WL 363006, at *1; *Goglin*, 4 Cal. App. 5th at 471 (assessing the rejection of a pre-litigation settlement offer). Moreover, in the parties' settlement agreement, Defendant agreed Plaintiffs could disclose the "background" and "negotiation" of the settlement agreement. (Doc. No. 51.)

According to Plaintiffs, on March 13, 2018, they sent a demand letter seeking repurchase of the vehicle and $7,717 in attorney's fees and costs, but Defendant did not respond. (Doc. No. 44-1 at 5.) On June 6, 2018, Plaintiffs sent a second letter attempting to initiate settlement discussions prior to moving forward with discovery, but Defendant did not respond. (*Id.*) On April 29, 2019, after completion of discovery, Defendant made its first settlement offer at a mandatory settlement conference. (*Id.*) At least part of the settlement – the vehicle buy-back – was the same as what Plaintiffs initially demanded. (*Id.* at 6.) Accordingly, Plaintiffs' early attempt to settle the case supports the reasonableness of the fees awarded in this order.

### G. Multiplier

**\*8**  Plaintiffs argue their attorney's fees, as well as the fees charged by paralegals, law clerks, and legal assistants, are entitled to a 0.3 multiplier based on the delay in payment and their demonstrated expertise in litigating this matter. (Doc. No. 44-1 at 24.) Out of the thirty-seven state court cases cited by Plaintiffs purporting to support the reasonableness of Plaintiffs' counsel's fees, only three of those courts approved the application of a multiplier, and none of those cases were decided in this geographic area. (Doc. No. 44-2 a ¶ 58.) The recent cases decided by this court have all declined to apply a multiplier. *Chavez*, 2020 WL 376209, at *3 (rejecting 0.3 multiplier based on the posture and

lack of complexity of case); *Hamm*, 2019 WL 3891139, at *4 (rejecting 0.5 multiplier because the case did not involve complexity or novel or difficult questions of law or fact); *Petropoulos*, 2019 WL 2289399, at *4 ("Plaintiffs were not litigating important constitutional rights here. Nor were they representing the public interest.... They were seeking compensation and statutory penalties for a defective Durango."). As noted above, Plaintiffs' counsel do not argue this case involved complexity warranting a multiplier and do not identify anything special about their representation of Plaintiffs in this matter. Plaintiffs' counsel also cite no caselaw supporting the application of a multiplier based on the delay in payment incurred as a result of their own choice to take this case on a contingency basis. Accordingly, no multiplier to the lodestar amount is warranted.

### H. Costs

Plaintiffs argue their attorneys are entitled to reimbursement of $13,766.96 in costs and expenses. (Doc. No. 44-1 at 24.) Defendant argues that Plaintiffs' counsel are not entitled to at least some of their costs under Federal Rule of Civil Procedure 54 and because they failed to submit a bill of costs in violation of Civil Local Rule 54.1. (Doc. No. 45 at 8, 22-23.) Defendant also argues that costs related to personally serving deposition subpoenas, travel to depositions, and expert costs are not recoverable under Local Rule 54.1. (*Id.* at 23-24.)

The Song-Beverly Act specifically allows for the recovery of "a sum equal to the aggregate amount of costs and expenses." CAL. CIV. CODE § 1794(d). Under federal law, however, costs available to the prevailing party are limited to those listed 28 U.S.C. § 1920. Fed. R. Civ. P. 54(d); *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441 (1987). District courts have reached different conclusions as to whether the provision regarding costs and expenses in the Song-Beverly Act is procedural or substantive. *See Base*, 2020 WL 363006, at *7 (finding that "state law governs Plaintiff's request for costs," but listing several cases in the Eastern District finding otherwise); *Johnson*, 2019 WL 3891148, at *4 ("In general, an award of costs in federal district court is governed by Federal Rule of Civil Procedure 54(d) and not applicable state law, even in diversity cases."); *Forouzan v. BMW of N. Am., LLC*, 390 F. Supp. 3d 1184, 1187 (C.D. Cal. 2019) (finding the cost provision to be substantive based on the state legislature's intent); *O'Brien v. FCA US*

*LLC*, No. 17cv4042 JCS, 2019 WL 5295066, at *7 (N.D. Cal. Oct. 18, 2019) (same).

The costs and expenses available to Plaintiffs are not limited by Rule 54(d) or by Local Rule 54.1. The costs and expenses provision in the Song-Beverly Act is substantive for the same reasons as the courts found persuasive in *Base*, *Forouzan*, and *O'Brien*. Additionally, both Rule 54(d) and Local Rule 54.1 are based on an entry of judgment, which has not occurred here. Accordingly, Defendant's argument that certain costs are prohibited by Local Rule 54.1 is not persuasive.

The expenses listed in Plaintiffs' counsel's bills consist mainly of fees related to generating six transcripts and fees for Plaintiffs' expert to inspect the vehicle, draft an expert report, and prepare for a deposition. The expenses also include fees related to filing and serving documents, including ten deposition subpoenas. The other lesser expenses include transportation costs for attending events such as depositions, the vehicle inspection, and the mandatory settlement conference, as well as several meals while traveling. [5] Based on the above, $13,766.96 in costs and expenses is reasonable.

## IV. CONCLUSION

**\*9** Based on the forgoing, the court decreases Plaintiffs' request for $80,066.50 in attorney's fees by $485 based on the reduction to Mr. Bickel's rate to $575 per hour, and by $15,291 based on the excessive hours reportedly spent pursuing the instant motion. The total amount awarded for attorney's fees is *$64,290.50*. Additionally, Plaintiffs' request for $8,396 for paralegal/law clerk fees is reduced by $6,276 based on the decrease in the paralegal/law clerk rate from $195 to $100 per hour, as well as a decrease from 42.4 hours to 21.2 hours. The total amount awarded for paralegal/law clerk fees is *$2,120*. The court therefore **GRANTS** Plaintiffs' motion for attorney's fees and paralegal/law clerk fees in the amount of *$66,410.50*. The court also **GRANTS** Plaintiffs' motion for *$13,766.96* in costs and expenses. Plaintiffs' request for $797.50 in legal assistant fees is **DENIED**. Plaintiffs' request for an additional $26,778 based on a 0.3 multiplier is **DENIED**.

IT IS SO ORDERED.

**All Citations**

Slip Copy, 2020 WL 759285

---

Footnotes

1    For reasons that are unclear, in the declaration supporting Plaintiffs' motion, Plaintiffs' counsel states that his office spent over 200 hours litigating this case. (Doc. No. 44-2 at 26 ¶ 64.)

2    The total attorney's fees requested – $80,066.50 – is also questionable based on some decisions by other courts. *See*, *e.g.*, *Luna*, 2020 WL 491462, at *6 (after imposing reductions, awarding $55,062 in fees and costs to twelve attorneys who exchanged written discovery, conducted depositions, and prepared pretrial documents); *Pollard*, 2020 WL 57270, at *5 (after imposing reductions, awarding $47,000 in attorney's fees).

3    Plaintiffs cite, however, an Alameda County Superior Court case finding rates between $335 and $655 totaling $18,816 to be reasonable. (Doc. No. 44-2 at 16.)

4    By the court's calculation, 42.4 hours at $195 per hour equals $8,268, not $8,396.

5    The only questionable item is $29.74 for a "[m]eal expense incurred during travel for deposition of Plaintiffs' Expert Witness." (Doc. No. 44-3 at 25.) The court will presume this was a meal that included more than one person.

---

# EXHIBIT 17



**Strategic Legal Practices, APC**
1888 Century Park East
19th Floor
Los Angeles, CA 90067

**Cervantes, Sandra v. Jaguar Land Rover of North America, LLC.**

**VIN: SALWG2VF9GA547540**

**Attorney Fees**

| Date | Name | Description | Quantity | Price | Total |
|------|------|-------------|----------|-------|-------|
| 04/28/22 | Gibson, Mark | Draft complaint. | 3.20 | $485.00 | $1,552.00 |
| 04/28/22 | Gibson, Mark | Draft subpoena documents regarding purchase information from selling dealer and repair dealers. | 0.90 | $485.00 | $436.50 |
| 06/29/22 | Stoliker, Rosy | Draft and finalize discovery requests special interrogatories (1.70), form interrogatories (0.10), request for production of documents (1.60), request for admissions (0.90) | 4.30 | $395.00 | $1,698.50 |
| 07/29/22 | Stoliker, Rosy | Draft notice of deposition of person most qualified | 1.10 | $395.00 | $434.50 |
| 10/03/22 | Harman-Holmes, Ariel | Draft Joint Case Management Statement (1.50), including conferring with opposing counsel (0.40), reviewing case file (0.50), consulting relevant legal authority (0.30), and legal research (0.70). | 3.40 | $400.00 | $1,360.00 |
| 10/12/22 | Harman-Holmes, Ariel | Draft request for telephonic appearance. | 0.30 | $400.00 | $120.00 |
| 10/27/22 | Kenney, Timothy | Draft Federal Interrogatories | 0.40 | $410.00 | $164.00 |
| 10/27/22 | Kenney, Timothy | Draft Federal RFP | 0.80 | $410.00 | $328.00 |
| 10/27/22 | Kenney, Timothy | Draft Rule 36 Depo Notice | 0.70 | $410.00 | $287.00 |
| 10/31/22 | Harman-Holmes, Ariel | Draft meet and confer correspondence regarding discovery | 2.00 | $400.00 | $800.00 |
| 12/12/22 | Sanaia, Nino | Draft and finalize objections to D's NOD of P | 1.10 | $385.00 | $423.50 |
| 01/06/23 | Sanaia, Nino | Draft and finalize P's discovery responses | 3.80 | $425.00 | $1,615.00 |
| 01/06/23 | Harman-Holmes, Ariel | Draft and finalize initial disclosures | 2.30 | $425.00 | $977.50 |
| 01/19/23 | Kaye, Jared | Draft meet and confer letter regarding Defendant deficient responses to Plaintiff's first set of discovery requests. | 2.00 | $395.00 | $790.00 |
| 02/22/23 | Harman-Holmes, Ariel | Draft meet and confer correspondence re Defendant's 30(b)(6) Deposition. | 1.30 | $425.00 | $552.50 |
| 04/04/23 | Canton, Eve | Gather Documents produced by Plaintiff and Defendant to create expert file (1.0), organize and label documents (2.0) | 3.00 | $295.00 | $885.00 |
| 04/13/23 | Harman-Holmes, Ariel | Draft and sign joint stipulation to continue trial (0.60); draft and finalize declaration re same (0.50) | 1.10 | $425.00 | $467.50 |
| 04/17/23 | Harman-Holmes, Ariel | Exchange emails with the court's chambers regarding the proposed order for the stipulation to continue. | 0.40 | $425.00 | $170.00 |
| 04/26/23 | Scott, Caitlin | prepared and began assisting in drafting expert file/report | 4.20 | $450.00 | $1,890.00 |
| 05/01/23 | Scott, Caitlin | continued preparing expert file and expert report | 6.10 | $450.00 | $2,745.00 |

Cervantes, Sandra v. Jaguar Land Rover of North America, LLC.

| 05/07/23 | Scott, Caitlin | exchanged correspondence with expert re vehicle inspection | 0.30 | $450.00 | $135.00 |
| 05/09/23 | Scott, Caitlin | prepared for and had telephone conference with client re ████████ | 1.30 | $450.00 | $585.00 |
| 05/10/23 | Scott, Caitlin | telephone call with expert re status of rebuttal expert report | 0.30 | $450.00 | $135.00 |
| 05/14/23 | Arabi, Mani | Conduct research and draft Expert Rebuttal Report | 7.20 | $495.00 | $3,564.00 |
| 05/15/23 | Dolin, Tionna | Prepare for (0.60) and attend telephone conference with expert and trial team regarding expert report (0.90) | 1.50 | $570.00 | $855.00 |
| 05/15/23 | Dolin, Tionna | Review document production and draft meet and confer email regarding missing documents identified in initial disclosures | 1.20 | $570.00 | $684.00 |
| 07/18/23 | McCallister, Ian | Draft MILs 1-5 | 4.30 | $595.00 | $2,558.50 |
| 07/18/23 | Lunn, David | draft exhibit and witness list | 1.10 | $620.00 | $682.00 |
| 07/31/23 | Regina Liou | drafting trial documents including jury list and instructions, special jury instructions, verdict forms. | 5.20 | $475.00 | $2,470.00 |
| 07/31/23 | Lunn, David | draft joint statement, joint jury instruction, and other joint trial documents | 2.20 | $620.00 | $1,364.00 |
| 08/01/23 | McCallister, Ian | Draft P's opps to D's MILs 1-3 | 4.80 | $595.00 | $2,856.00 |
| 08/02/23 | Dolin, Tionna | Review D's R68 offer (0.30); draft correspondence to client re ████████ (0.60); review correspondence from client (0.10); review and sign D's R68 offer (0.20) | 1.20 | $570.00 | $684.00 |
| 08/03/23 | Dolin, Tionna | Draft and finalize REJ | 0.40 | $570.00 | $228.00 |
| 08/04/23 | Lunn, David | Draft and finalize declaration re OSC | 0.30 | $620.00 | $186.00 |
| 08/07/23 | Campbell, Christopher | Prepare for and attend pre-trial conference | 1.80 | $495.00 | $891.00 |
| 08/08/23 | Dolin, Tionna | Draft and sign P's 998 offer | 0.50 | $570.00 | $285.00 |
| 08/09/23 | Lunn, David | draft declaration re OSC | 0.60 | $620.00 | $372.00 |
| 08/14/23 | Dolin, Tionna | Draft and finalize REJ re 998 | 0.40 | $570.00 | $228.00 |
| 08/31/23 | Linnell, Breita | Draft Fee Motion and supporting documents | 7.80 | $525.00 | $4,095.00 |
| 09/01/23 | Linnell, Breita | Revise and finalize Fee Motion and supporting documents | 2.40 | $525.00 | $1,260.00 |
| | | **Total Attorney Fees:** | **87.20** | | **$41,814.00** |

**Costs and Expenses**

| Date | Name | Description | Total |
|------|------|-------------|-------|
| 06/17/22 | Legal Services | First Legal Network Complaint;Civil Case Cover Sheet;Summons FILE/CONFORM/RETURN ADVANCE FEES PDF ALL RETURNS  Base Chg 33.5  Addt'lChgs 4.2   Adv/Wit Ck 435 | $472.70 |
| 06/21/22 | Legal Services | First Legal Network Summons   FILE/CONFORM/RETURN PDF ALL RETURNS  Base Chg  33.5    Addt'lChgs 4.2 | $37.70 |
| 07/12/22 | Legal Services | First Legal Network Complaint;Civil Case Cover Sheet;Summons  SERVE PROVIDE POS FILE POS  Base Chg  77.25    PDF/Ship  2.1 | $79.35 |
| 07/22/22 | Legal Services | First Legal Network PROOF OF SERVICE   FILE/CONFORM/RETURN PDF ALL RETURNS  Base Chg  75    Addt'lChgs 4.2 | $79.20 |

Cervantes, Sandra v. Jaguar Land Rover of North America, LLC.

| 08/25/22 | Legal Services | Expenses Paid to First Legal Records for Process Service - First Legal Records Basic Fee (Subpoena)    43.50 Subpoena Preparation    11.00 Service Fee    43.50 Pages - Digital    19.60 Witness Fees    15.00 Check Charge    2.50 Fuel Surcharge    7.00 Upload Records    8.00 | $150.10 |
|---|---|---|---|
| 08/25/22 | Legal Services | Expenses Paid to First Legal Records for Process Service - First Legal Records Basic Fee (Subpoena)    43.50 Subpoena Preparation    11.00 Service Fee    43.50 Pages - Digital    72.80 Witness Fees    15.00 Check Charge    2.50 Fuel Surcharge    7.00 Upload Records    8.00 | $203.30 |
| 08/26/22 | Legal Services | Expenses Paid to First Legal Records for Process Service - First Legal Records Basic Fee (Subpoena)    43.50 Subpoena Preparation    11.00 Service Fee    43.50 Pages - Digital    68.60 Witness Fees    15.00 Check Charge    2.50 Fuel Surcharge    7.00 Upload Records    8.00 | $199.10 |
| 10/18/22 | Legal Services | First Legal Network NOTICE OF CASE MANAGEMENT CONFERENCE    Base Chg    8.75    Addt'lChgs 4.2 | $12.95 |
| 11/14/22 | Legal Services | Expense paid to Court Appearance Professionals for Hearing Attendance | $65.00 |
| 05/23/23 | Investigate Serv. & Doc. Storage | Total Expenses Paid to Automotive Technology Services for Expert Report, Vehicle Inspection, and Related Charges between 4/19/23-5/15/23 | $4,419.91 |

**Total Costs and Expenses:**    **$5,719.31**

**Total Attorney Fees, Costs and Expenses:**    **$47,533.31**

**Timekeeper Summary**

| Name | Year | Quantity | Unit Price | Total |
|---|---|---|---|---|
| Arabi, Mani | 2023 | 7.20 | $495.00 | $3,564.00 |
| Campbell, Christopher | 2023 | 1.80 | $495.00 | $891.00 |
| Canton, Eve | 2023 | 3.00 | $295.00 | $885.00 |
| Dolin, Tionna | 2023 | 5.20 | $570.00 | $2,964.00 |
| Gibson, Mark | 2022 | 4.10 | $485.00 | $1,988.50 |
| Harman-Holmes, Ariel | 2022 | 5.70 | $400.00 | $2,280.00 |
| Harman-Holmes, Ariel | 2023 | 5.10 | $425.00 | $2,167.50 |
| Kaye, Jared | 2023 | 2.00 | $395.00 | $790.00 |
| Kenney, Timothy | 2022 | 1.90 | $410.00 | $779.00 |
| Linnell, Breita | 2023 | 10.20 | $525.00 | $5,355.00 |
| Regina Liou | 2023 | 5.20 | $475.00 | $2,470.00 |
| Lunn, David | 2023 | 4.20 | $620.00 | $2,604.00 |
| McCallister, Ian | 2023 | 9.10 | $595.00 | $5,414.50 |
| Sanaia, Nino | 2022 | 1.10 | $385.00 | $423.50 |
| Sanaia, Nino | 2023 | 3.80 | $425.00 | $1,615.00 |
| Scott, Caitlin | 2023 | 12.20 | $450.00 | $5,490.00 |
| Stoliker, Rosy | 2022 | 5.40 | $395.00 | $2,133.00 |
| | | | **Total:** | **$41,814.00** |

Cervantes, Sandra v. Jaguar Land Rover of North America, LLC.

EXHIBIT 18

| Plaintiff's Billing Records Split by Task | | | | | | |
|---|---|---|---|---|---|---|
| Task | Attorney | Date | Description | Hours Worked | Rate | Total Amount |
| **Complaint** | Gibson, Mark | 4/28/2022 | Draft complaint. | 3.2 | $485.00 | $1,552.00 |
| | Gibson, Mark | 4/28/2022 | Draft subpoena documents regarding purchase information from selling dealer and repair dealers. | 0.9 | $485.00 | $436.50 |
| | | | **Total Hours** | **4.1** | | |
| **Discovery** | Stoliker, Rosy | 6/29/2022 | Draft and finalize discovery requests special interrogatories (1.70), form interrogatories (0.10), request for production of documents (1.60), request for admissions (0.90) | 4.3 | $395.00 | $1,698.50 |
| | Stoliker, Rosy | 7/29/2022 | Draft notice of deposition of person most qualified | 1.1 | $395.00 | $434.50 |
| | Kenney, Timothy | 10/27/2022 | Draft Federal Interrogatories | 0.4 | $410.00 | $164.00 |
| | Kenney, Timothy | 10/27/2022 | Draft Federal RFP | 0.8 | $410.00 | $328.00 |
| | Kenney, Timothy | 10/27/2022 | Draft Rule 36 Depo Notice | 0.7 | $410.00 | $287.00 |
| | Sanaia, Nino | 12/12/2022 | Draft and finalize objections to D's NOD of P | 1.1 | $385.00 | $423.50 |
| | Sanaia, Nino | 1/6/2023 | Draft and finalize P's discovery responses | 3.8 | $425.00 | $1,615.00 |
| | Harman-Holmes, Ariel | 1/6/2023 | Draft and finalize initial disclosures | 2.3 | $425.00 | $977.50 |
| | | | **Total Hours** | **14.5** | | |
| **Rule 26(f) Report** | Harman-Holmes, Ariel | 10/3/2022 | Draft Joint Case Management Statement (1.50), including conferring with opposing counsel (0.40), reviewing case file (0.50), consulting relevant legal authority (0.30), and legal research (0.70). | 3.4 | $400.00 | $1,360.00 |
| | | | **Total Hours** | **3.4** | | |
| **Meet and Confer** | Harman-Holmes, Ariel | 10/31/2022 | Draft meet and confer correspondence regarding discovery | 2 | $400.00 | $800.00 |
| | Kaye, Jared | 1/19/2023 | Draft meet and confer letter regarding Defendant deficient responses to Plaintiff's first set of discovery requests. | 2 | $395.00 | $790.00 |
| | Harman-Holmes, Ariel | 2/22/2023 | Draft meet and confer correspondence re Defendant's 30(b)(6) Deposition. | 1.3 | $425.00 | $552.50 |
| | Dolin, Tionna | 5/15/2023 | Review document production and draft meet and confer email regarding missing documents identified in initial disclosures | 1.2 | $570.00 | $684.00 |
| | | | **Total Hours** | **6.5** | | |
| **Expert File and Report** | Canton, Eve | 4/4/2023 | Gather Documents produced by Plaintiff and Defendant to create expert file (1.0), organize and label documents (2.0) | 3 | $295.00 | $885.00 |
| | Scott, Caitlin | 4/26/2023 | prepared and began assisting in drafting expert file/report | 4.2 | $450.00 | $1,890.00 |
| | Scott, Caitlin | 5/1/2023 | continued preparing expert file and expert report | 6.1 | $450.00 | $2,754.00 |
| | Arabi, Mani | 5/14/2023 | Conduct research and draft Expert Rebuttal Report | 7.2 | $495.00 | $3,564.00 |
| | | | **Total Hours** | **20.5** | | |
| **Joint Stipulation** | Harman-Holmes, Ariel | 4/13/2023 | Draft and sign joint stipulation to continue trial (0.60); draft and finalize declaration re same (0.50) | 1.1 | $425.00 | $467.50 |
| | | | **Total Hours** | **1.1** | | |
| **Correspondence** | Harman-Holmes, Ariel | 4/17/2023 | Exchange emails with the court's chambers regarding the proposed order for the stipulation to continue. | 0.4 | $425.00 | $170.00 |
| | Scott, Caitlin | 5/7/2023 | exchanged correspondence with expert re vehicle inspection | 0.3 | $450.00 | $135.00 |
| | Scott, Caitlin | 5/9/2023 | prepared for and had telephone conference with client re [REDACTED] | 1.3 | $450.00 | $585.00 |
| | Scott, Caitlin | 5/10/2023 | telephone call with expert re status of rebuttal expert report | 0.3 | $450.00 | $135.00 |
| | Dolin, Tionna | 5/15/2023 | Prepare for (0.60) and attend telephone conference with expert and trial team regarding expert report (0.90) | 1.5 | $570.00 | $855.00 |

| | | | Total Hours | | 3.8 | |
|---|---|---|---|---|---|---|
| **MILs** | McCallister, Ian | 7/18/2023 | Draft MILs 1-5 | 4.3 | $595.00 | $2,558.50 |
| | McCallister, Ian | 8/1/2023 | Draft P's opps to D's MILs 1-3 | 4.8 | $595.00 | $2,856.00 |
| | | | Total Hours | | 9.1 | |
| **Trial Documents** | Lunn, David | 7/18/2023 | draft exhibit and witness list | 1.1 | $620.00 | $682.00 |
| | Lou, Regina | 7/31/2023 | drafting trial documents including jury list and instructions, special jury instructions, verdict forms. | 5.2 | $475.00 | $2,470.00 |
| | Lunn, David | 7/31/2023 | draft joint statement, joint jury instruction, and other joint trial documents | 2.2 | $620.00 | $1,364.00 |
| | | | Total Hours | | 8.5 | |
| **Settlement** | Dolin, Tionna | 8/2/2023 | Review D's R68 offer (0.30); draft correspondence to client re [REDACTED] (0.60); review correspondence from client (0.10); review and sign D's R68 offer (0.20) | 1.2 | $570.00 | $684.00 |
| | Dolin, Tionna | 8/3/2023 | Draft and finalize REJ | 0.4 | $570.00 | $228.00 |
| | Dolin, Tionna | 8/8/2023 | Draft and sign P's 998 offer | 0.5 | $570.00 | $285.00 |
| | Dolin, Tionna | 8/14/2023 | Draft and finalize REJ re 998 | 0.4 | $570.00 | $228.00 |
| | | | Total Hours | | 2.5 | |
| **Other** | Harman-Holmes, Ariel | 10/12/2022 | Draft request for telephonic appearance. | 0.3 | $400.00 | $120.00 |
| | Lunn, David | 8/4/2023 | Draft and finalize declaration re OSC | 0.3 | $620.00 | $186.00 |
| | Lunn, David | 8/9/2023 | draft declaration re OSC | 0.6 | $620.00 | $372.00 |
| | | | Total Hours | | 1.2 | |
| **Hearings** | Campbell, Christopher | 8/7/2023 | Prepare for and attend pre-trial conference | 1.8 | $495.00 | $891.00 |
| | | | Total Hours | | 1.8 | |
| **Fee Motion** | Linnell, Breita | 8/31/2023 | Draft Fee Motion and supporting documents | 7.8 | $525.00 | $4,095.00 |
| | Linnell, Breita | 9/1/2023 | Revise and finalize Fee Motion and supporting documents | 2.4 | $525.00 | $1,260.00 |
| | | | Total Hours | | 10.2 | |

# EXHIBIT 19

| Attorney | Position | Date | Task | Hours Worked | Rate | Total Amount |
|---|---|---|---|---|---|---|
| | | | Plaintiff's Billing Records Split by Attorney | | | |
| **Arabi, Mani** | Attorney | 5/14/2023 | Draft Expert Rebuttal Report | 7.2 | $495.00 | $3,564.00 |
| | | **Total Hours Worked:** | | **7.2** | | |
| **Campbell, Christopher** | Attorney | 8/7/2023 | Prepare for and attend pre-trial conference | 1.8 | $495.00 | $891.00 |
| | | **Total Hours Worked:** | | **1.8** | | |
| **Canton, Eve** | Law Clerk | 4/4/2023 | Gather Documents produced by Plaintiff and Defendant to create expert file (1.0), organize and label documents (2.0) | 3 | $295.00 | $885.00 |
| | | **Total Hours Worked:** | | **3** | | |
| **Dolin, Tionna** | Partner | 5/15/2023 | Prepare for (0.60) and attend telephone conference with expert and trial team regarding expert report (0.90) | 1.5 | $570.00 | $855.00 |
| | | 5/15/2023 | Review document production and draft meet and confer email regarding missing documents identified in initial disclosures | 1.2 | $570.00 | $684.00 |
| | | 8/2/2023 | Review D's R68 offer (0.30); draft correspondence to client re offer and recommendations (0.60); review correspondence from client (0.10); review and sign D's R68 offer (0.20) | 1.2 | $570.00 | $684.00 |
| | | 8/3/2023 | Draft and finalize REJ | 0.4 | $570.00 | $228.00 |
| | | 8/8/2023 | Draft and sign P's 998 offer | 0.5 | $570.00 | $285.00 |
| | | 8/14/2023 | Draft and finalize REJ re 998 | 0.4 | $570.00 | $228.00 |
| | | **Total Hours Worked:** | | **5.2** | | |
| **Gibson, Mark** | Attorney | 4/28/2022 | Draft complaint | 3.2 | $485.00 | $1,552.00 |
| | | 4/28/2022 | Draft subpoena documents regarding purchase information from selling dealer and repair dealers. | 0.9 | $485.00 | $436.50 |
| | | **Total Hours Worked:** | | **4.1** | | |
| **Harman-Holmes, Ariel** | Attorney | 10/3/2022 | Draft Joint Case Management Statement (1.50), including conferring with opposing counsel (0.40), reviewing case file (0.50), consulting relevant legal authority (0.30), and legal research (0.70). | 3.4 | $400.00 | $1,360.00 |
| | | 10/12/2022 | Draft request for telephonic appearance. | 0.3 | $400.00 | $120.00 |
| | | 10/31/2022 | Draft meet and confer correspondence regarding discovery | 2 | $400.00 | $800.00 |
| | | 1/6/2023 | Draft and finalize initial disclosures | 2.3 | $425.00 | $977.50 |
| | | 2/22/2023 | Draft meet and confer correspondence re Defendant's 30(b)(6) Deposition. | 1.3 | $425.00 | $552.50 |
| | | 4/13/2023 | Draft and sign joint stipulation to continue trial (0.60); draft and finalize declaration re same (0.50) | 1.1 | $425.00 | $467.50 |
| | | 4/17/2023 | Exchange emails with the court's chambers regarding the proposed order for the stipulation to continue. | 0.4 | $425.00 | $170.00 |
| | | **Total Hours Worked:** | | **10.8** | | |
| **Kaye, Jared** | Attorney | 1/19/2023 | Draft meet and confer letter regarding Defendant deficient responses to Plaintiff's first set of discovery requests. | 2 | $395.00 | $790.00 |
| | | **Total Hours Worked:** | | **2** | | |
| **Kenney, Timothy** | Attorney | 10/27/2022 | Draft Federal Interrogatories | 0.4 | $410.00 | $164.00 |
| | | 10/27/2022 | Draft Federal RFP | 0.8 | $410.00 | $328.00 |

| | | 10/27/2022 | Draft Rule 36 Depo Notice | 0.7 | $410.00 | $287.00 |
|---|---|---|---|---|---|---|
| Kenney, Timothy | Attorney | | | | | |
| | | **Total Hours Worked:** | | | **1.9** | |
| | | 8/31/2023 | Draft Fee Motion and supporting documents | 7.8 | $525.00 | $4,095.00 |
| Linnell, Breita | Attorney | 9/1/2023 | Revise and finalize Fee Motion and supporting documents | 2.4 | $525.00 | $1,260.00 |
| | | **Total Hours Worked:** | | | **10.2** | |
| Liou, Regina | Attorney | 7/31/2023 | Draft trial documents including jury list and instructions, special jury instructions, verdict forms. | 5.2 | $475.00 | $2,470.00 |
| | | **Total Hours Worked:** | | | **5.2** | |
| | | 7/18/2023 | Draft exhibit and witness list | 1.1 | $620.00 | $682.00 |
| Lunn, David | Attorney | 7/31/2023 | Draft joint statement, joint jury instruction, and other joint trial documents | 2.2 | $620.00 | $1,364.00 |
| | | 8/4/2023 | Draft and finalize declaration re OSC | 3 | $620.00 | $186.00 |
| | | 8/9/2023 | draft declaration re OSC | 0.6 | $620.00 | $372.00 |
| | | **Total Hours Worked:** | | | **4.2** | |
| McCallister, Ian | Attorney | 7/18/2023 | Draft MILs 1-5 | 4.3 | $595.00 | $2,558.50 |
| | | 8/1/2023 | Draft P's opps to D's MILs 1-3 | 4.8 | $595.00 | $2,856.00 |
| | | **Total Hours Worked:** | | | **9.1** | |
| Sanaia, Nino | Attorney | 12/12/2022 | Draft and finalize objections to D's NOD of P | 1.1 | $385.00 | $423.50 |
| | | 1/6/2023 | Draft and finalize P's discovery responses | 3.8 | $425.00 | $1,615.00 |
| | | **Total Hours Worked:** | | | **4.9** | |
| | | 4/26/2023 | Prepare and begin assisting with drafting expert file/report | 4.2 | $450.00 | $1,890.00 |
| | | 5/1/2023 | Continue preparing expert file and expert report | 6.1 | $450.00 | $2,745.00 |
| Scott, Caitlin | Attorney | 5/7/2023 | exchanged correspondence with expert re vehicle inspection | 0.3 | $450.00 | $135.00 |
| | | 5/9/2023 | Prepare for and conduct telephone conference with client re case status update | 1.3 | $450.00 | $585.00 |
| | | 5/10/2023 | Telephone call with expert re status of rebuttal expert report | 0.3 | $450.00 | $135.00 |
| | | **Total Hours Worked:** | | | **12.2** | |
| Stoliker, Rosy | Attorney | 6/29/2022 | Draft and finalize discovery requests special interrogatories (1.70), form interrogatories (0.10), request for production of documents (1.60), request for admissions (0.90) | 4.3 | $395.00 | $1,698.50 |
| | | 7/29/2022 | Draft notice of deposition of person most qualified | 1.1 | $395.00 | $434.50 |
| | | **Total Hours Worked:** | | | **5.4** | |