Tionna Dolin (SBN 299010)
E-mail: tdolin@slpattorney.com
Breita Linnell (SBN 330758)
E-mail: blinnell@slpattorney.com
**STRATEGIC LEGAL PRACTICES, APC**
1888 Century Park East, Floor 19
Los Angeles, CA 90067
Telephone: (310) 929-4900
Facsimile: (310) 943-3838

Attorneys for Plaintiff,
SANDRA CERVANTES

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SANDRA CERVANTES, | Case No. 2:22-cv-05700-MCS-RAO |
| Plaintiff, | Complaint filed: August 11, 2022 |
| vs. | Hon. Mark C. Scarsi |
| JAGUAR LAND ROVER NORTH AMERICA, LLC; and DOES 1 through 10, inclusive, | **PLAINTIFF'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION FOR ATTORNEYS' FEES, EXPENSES, AND COSTS** |
| Defendants. | Date: November 13, 2023<br>Time: 9:00 a.m. |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

Plaintiff SANDRA CERVANTES ("Plaintiff"), through his attorneys of record, request that the Court take judicial notice of the following documents in support of Plaintiff's Motion for Attorneys' Fees, Costs, and Expenses. This request is being made pursuant to Federal Rules of Evidence Section 201.

> Under Federal Rule of Evidence 201, "a court may take judicial notice of matters of public record," but "a court may not take judicial notice of a fact that is subject to reasonable dispute." *Lee v. City of L.A.*, 250 F.3d 668, 688-89 (9th Cir. 2001) (internal quotations and citations omitted). Court filings are also properly subject to judicial notice under Federal Rule of Evidence 201. *See Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006) (noting that courts may take judicial notice of "court filings" as they are "readily verifiable, and therefore, the proper subject of judicial notice"). Furthermore, judicial notice of proceedings in other courts is appropriate "if those proceedings have a direct relation to matters at issue." *U.S. ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992); *see Coalition for Clean Air v. VWR Intern., LLC*, 922 F. Supp. 2d 1089, 1093 n.1 (E.D. Cal. 2013).

*Zargarian v. BMW of N. Am., LLC*, 442 F. Supp. 3d 1216, 1223 (C.D. Cal. 2020)

1.   An Order on attorney's fees and prejudgment interest in the lemon law matter of *Abraham Forouzan v. BMW* (United States District Court for the Central District of California Case No. 2:17-cv-03875-DMG-GJS), attached as **Exhibit 1** to the Declaration of Payam Shahian.

2.   An Order on attorney's fees, costs and expenses in the lemon law matter of *Joshua Holeman v. FCA* (United States District Court for the Central District of California Case No. 2:17-cv-08273-SVW-SK), attached as **Exhibit 2** to the Declaration of Payam Shahian.

3.   An Order on attorneys' fees, costs and expenses in the lemon law matter of *Catherine Shepard v. BMW* (Los Angeles Superior Court Case No. BC622506), attached as **Exhibit 3** to the Declaration of Payam Shahian.

4.   Order on attorneys' fees and prejudgment interest in the lemon law matter of *Jerry Zomorodian v. BMW* (United States District Court for the Central District of California Case No. 2:17-cv-5061-DMG(PLAx)), attached as **Exhibit 4** to

1

the Declaration of Payam Shahian.

5. Order on attorneys' fees and prejudgment interest in the lemon law matter of *Zargarian v. BMW* (United States District Court for the Central District of California Case No. 2:18-cv-04857-RSWL-PLA), attached as **Exhibit 5** to the Declaration of Payam Shahian

6. April 29, 2021 Minute Order granting plaintiff's Motion for Attorney's Fees, Costs & Expenses in the lemon law matter of *Jose Medina v. KMA* (Los Angeles Co. Super. Ct., Civil Case No. 19STCV02985) attached as **Exhibit 6** to the Declaration of Payam Shahian.

7. May 12, 2021 Ruling granting plaintiff's Motion for Attorney's Fees, Costs & Expenses in the lemon law matter of *Michelle Williams v. KMA* (Los Angeles Co. Super. Ct., Civil Case No. BC722351) attached as **Exhibit 7** to the Declaration of Payam Shahian.

8. March 14, 2022 Order granting plaintiff's Motion for attorneys' fees in *Oscar Millan vs. Kia Motors America, Inc.*, (Los Angeles Co. Super. Ct., Civil Case No. BC710535) attached as **Exhibit 8** to the Declaration of Payam Shahian.

9. March 14, 2022 order granting Plaintiff's' Motion for Attorney's Fees, Costs, and Expenses in the Song Beverly matter of *Jason J. Arnold, et al.. vs FCA US, LLC. Et al.* (Los Angeles Superior Court Case No. 19STCV26274) attached as **Exhibit 9** to the Declaration of Payam Shahian.

10. March 29, 2022 Order on Plaintiff's Motion for Attorneys' Fees, Costs, and Expenses in the matter of *Mo Rahman v. FCA US, LLC et al.*, (United States District Court for the Central District of California Case No. 2:21-cv-02584), attached as **Exhibit 10** to the Declaration of Payam Shahian.

11. June 13, 2022 Minute Order granting Plaintiff's Motion for Attorneys' Fees, Costs, and Expenses in the lemon law matter of *Klingenberg v. KMA* (Los Angeles Co. Super. Ct., Civil Case No. BC709888) attached as **Exhibit 11** to the Declaration of Payam Shahian.

12. October 3, 2022 Minute Order granting Plaintiff's Motion for Attorneys' Fees, Costs, and Expenses in the lemon law matter of *Galvan v. KMA* (Los Angeles Co. Super. Ct., Civil Case No. BC715568) attached as **Exhibit 12** to the Declaration of Payam Shahian.

13. January 24, 2023, Minute Order granting Plaintiff's Motion for Attorneys' Fees, Costs, and Expenses in the lemon law matter of *Sandra J. Williams et al v. Ford Motor Company* (United States District Court for the Central District of California Case No.: 5:21-cv-01346-SPG-SHK) attached as **Exhibit 13** to the Declaration of Payam Shahian.

14. A true and correct copy of an April 24, 2023 Minute Order in *Sergio Proa v. Kia Motors America Inc.* (Los Angeles Co. Super. Ct. Civil Case No. BC716646) (April 24, 2023) is attached as **Exhibit 14** to the Declaration of Payam Shahian.

15. A true and correct copy of and July 6, 2023 Minute Order in *Francsico Rodriguez and Norma Rodriquez v. Hyundai Motors America.* (Los Angeles Co. Super. Ct. Civil Case No. 21STCV01655) (July 6, 2023) is attached as **Exhibit 15** to the Declaration of Payam Shahian.

16. Order on attorneys' fees in *Holcomb v. BMW of N. Am., LLC*, Case No. 18CV475JM(BGS) 2020 WL 759285 (S.D. Cal. Feb. 14, 2020) attached as **Exhibit 16** to the Declaration of Payam Shahian.

Both state and federal court cases have taken Judicial Notice of these state and federal court orders in connection with fee motions under the Song-Beverly Act:

> Defendant objects to the parts of Shahian's declaration that detail his background and experience with Song-Beverly cases, all 22 exhibits attached to Shahian's declaration, and all of the cases cited to in support of each attorney's hourly rate. *See generally* [Doc. #145.] To the extent Defendant objects to previous court orders on hearsay grounds, the Court **OVERRULES** Defendant's objections. The prior court orders and judgments referred to in Shahian's declaration are not offered "for the truth of the matters asserted in the judgment, but rather to establish the judgment's legal effect" which is a "nonhearsay

3

PLAINTIFFS' REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION FOR ATTORNEYS' FEES, COSTS, AND EXPENSES

purpose." *U.S. Boulware*, 384 F. 3d 794, 807 (9th Cir. 2004). **Previous court orders are also relevant because they shed light on what courts have recognized as the prevailing market rate for attorneys of comparable experience**. The Court does not rely on exhibit 9, making Defendant's evidentiary objections to that exhibit moot. The Court also **OVERRULES** Defendant's objections to parts of Shahian's declaration regarding his personal experience on relevance grounds. Just because Shahian is not submitting time for this matter does not make his experience irrelevant. *See* [Doc. #145.] Shahian's personal experience is relevant because it speaks to his knowledge of the prevailing market rate for attorneys of comparable experience.

*Forouzan v. BMW of N. Am., LLC*, No. CV173875DMGGJSX, 2019 WL 856395, at *4 (C.D. Cal. Jan. 11, 2019) (Emphasis added).

> [The]founder and most senior attorney of Strategic Legal Practices, Payam Shahian is "familiar with the experience and background of each attorney who has worked on this case at Strategic Legal Practices" and bases his determination that the hourly rates are reasonable on his "own experience and review of relevant court orders in the Los Angeles area." Shahian Decl. ¶ 20. Additionally, Shahian cites to several previous cases for each attorney in which hourly rates comparable to those requested in the instant Action were awarded to that specific attorney or to an attorney of similar experience in Los Angeles County. See Shahian Decl. ¶¶ 7, 22, 24, 26, 28, 30, 32, 34, 38, 37.

*Zargarian v. BMW of N. Am., LLC*, 442 F. Supp. 3d 1216, 1227 (C.D. Cal. 2020).

> These documents, with the exception of number nine, are all matters of public record not subject to reasonable dispute, and are therefore the proper subject of judicial notice. To the extent Defendant objects to the request for judicial notice of previous court orders on relevance grounds, the Court **OVERRULES** Defendant's objections. **The prior court orders and judgments referenced in Shahian's declaration are relevant because they shed light on what courts have recognized as the prevailing market rate for attorneys of comparable experience**. The Court declines to take judicial notice of the declaration of Payam Shahian filed in support of the plaintiff's fee motion in the *Abedi-Masihi* matter (number nine) because a declaration is "subject to reasonable dispute." *See Lee*, 250 F.3d at 688-89. Thus, the Court **GRANTS** Plaintiff's Request for Judicial Notice with respect to all of the above-enumerated documents, but **DENIES** it as to number nine.

*Zomorodian v. BMW of N. Am., LLC*, No. CV175061DMGPLAX, 2019 WL 6534513, at *2 (C.D. Cal. July 23, 2019).

> Defendant objects to essentially the entirety of the Shahian Declaration despite the Court overruling Defendant's almost identical objections to Mr. Shahian's similar declaration in support of MAF 1. *Compare* [Doc. #170-3 ("Objections") ] *with* [Doc. # 145] *and* MAF 1 Order. Once again, the Court **OVERRULES** Defendant's objections. To the extent Defendant objects to the admission of other court cases on hearsay grounds, those cases are not offered "for the truth of the matters

asserted in the judgment, but rather to establish the judgment's legal effect" which is a "nonhearsay purpose." *United States v. Boulware*, 384 F. 3d 794, 807 (9th Cir. 2004). Defendant also raises many frivolous hearsay objections to passages of Mr. Shahian's Declaration that do not involve out of court statements. *See, e.g.*, Objections at Objection # 7 (objecting on hearsay grounds to Mr. Shahian's recitation of Mr. Yu's experience).

*Forouzan v. BMW of N. Am., LLC*, No. CV173875DMGGJSX, 2019 WL 4667998, at *2 (C.D. Cal. Sept. 18, 2019):

> Plaintiff requests that the Court take judicial notice of the following: (1) a February 27, 2014 minute order granting Plaintiff's motion for fees and costs in the matter Khani v. Ford Motor Company; (2) a May 9, 2017 stipulation and signed order regarding judgment of jury verdict with a two times civil penalty and attorney fees, costs, and expenses in the matter Vanwaus v. FCA US, LLC; (3) a September 27, 2017 minute order concerning the court's fee order in the matter of Fuller v. FCA US, LLC; (4) a February 27, 2018 notice of ruling and tentative ruling in the matter of Kazaryan v. Mercedes-Benz USA, LLC; (5) a notice of ruling in the matter of Geredes v. Chrysler Group LLC; (6) a notice of ruling in the matter of Ahmed Al-Jiboury v. FCA; (7) a second amended judgment on jury verdict after entry of additur in the matter of Kadkhoda v. MBUSA; (8) a notice of ruling on Plaintiff's motion for attorney's fees, costs and expenses in the matter of Raul Galindo v. General Motors; (9) an order on attorney's fees and prejudgment interest in the lemon law matter of Abraham Forouzan v. BMW; (10) an order on attorney's fees, costs and expenses in the lemon law matter of Joshua Holeman v. FCA; (11) an order on attorney's fees, costs and expenses in the lemon law matter of Catherine Shepard v. BMW; and (12) a copy of *1224 order on attorney's fees and prejudgment interest in the lemon law matter of Jerry Zomorodian v. BMW.
> These documents are all matters of public record not subject to reasonable dispute, and are therefore the proper subject of judicial notice. Therefore, the Court **GRANTS** Plaintiff's Request for Judicial Notice. Defendant objects on the basis that Plaintiff cites to no authority in support of his request, as well as that the contents of the documents are not subject to judicial notice. The Court **OVERRULES** Defendant's objections, as Plaintiff makes his request pursuant to Federal Rule of Evidence 201 and the documents at issue here are not subject to reasonable dispute.

*Zargarian v. BMW of N. Am., LLC*, 442 F. Supp. 3d 1216, 1223–24 (C.D. Cal. 2020).

| Dated: September 1, 2023 | Respectfully submitted.<br>STRATEGIC LEGAL PRACTICES, APC<br>Attorney for Plaintiff |
|---|---|
| | By: */s/ Breita Linnell*<br>Breita Linnell |