UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SANDRA CERVANTES, an individual,<br><br>Plaintiff,<br><br>v.<br><br>JAGUAR LAND ROVER NORTH AMERICA, LLC, and DOES 1-10,<br><br>Defendants, | Case No. 2:22-cv-05700-MCS-RAO<br><br>**ORDER RE: MOTION FOR ATTORNEY'S FEES AND EXPENSES (ECF NO. 49)** |

The Court entered judgment pursuant to the acceptance of a California Code of Civil Procedure section 998 offer of judgment. (Order, ECF No. 47.) Plaintiff Sandra Cervantes moves for an award of $65,668.21 in attorney's fees and costs. (Mot. 2, ECF No. 49.) Defendant Jaguar Land Rover North America, LLC, filed an opposition, (Opp'n, ECF No. 52), and Plaintiff replied, (Reply, ECF No. 55). The Court exercises its discretion to consider these briefs even though they were untimely filed. (*See* Initial Standing Order § 9(b), ECF No. 7 (setting briefing deadlines departing from the local rules).) The Court deems the motion appropriate for decision without oral argument. Fed. R. Civ. P. 78(b); C.D. Cal. R. 7-15.

1

## I. BACKGROUND

Plaintiff initially filed this case in state court. (Compl., ECF No. 1-1.) Plaintiff alleged that her 2016 Land Rover Range Rover, VIN SALWG2VF9GA547540, was defective. (Compl. ¶¶ 9, 12, 14.) Plaintiff alleged that she took the Vehicle to Defendant's authorized repair facility to repair electrical/engine problems in 2016, 2020, and 2021, but that despite these repairs, Plaintiff continued to experience symptoms of the various defects. (*Id.* ¶¶ 17–21.) Plaintiff asserted various claims under the Song-Beverly Consumer Warranty Act, and through this action sought restitution, civil penalties, attorney's fees, and costs, among other forms of relief. (*Id.*, Prayer.) Defendant removed this case to federal court on August 11, 2022. (Notice of Removal, ECF No. 1.)

On October 5, 2022, the Court issued a case schedule. (Order Re: Jury Trial § I, ECF No. 12.) The Court set a final pretrial conference for August 7, 2023, and a jury trial for August 22, 2023. (*Id.*) The Court set the non-expert discovery cut-off deadline for April 10, 2023, initial expert disclosures for April 17, 2023, rebuttal expert disclosures for May 1, 2023, and the expert discovery cut-off for May 15, 2023. (*Id.*) Motions in limine, memoranda of contentions of fact and law, witness lists, the joint exhibit list, and the joint status report regarding settlement were due on July 17, 2023. (*Id.*) The oppositions to motions in limine, the joint proposed final pretrial conference order, the joint/agreed proposed jury instructions, disputed proposed jury instructions, the joint proposed verdict form, the joint proposed statement of the case and proposed additional voir dire questions (if any) were due on July 24, 2023. (*Id.*)

On July 26, 2023, the Court took the final pretrial conference off calendar because no pretrial filings had been submitted except for motions in limine, a witness list, and an exhibit list. (OSC 1, ECF No. 33.) The Court ordered the parties to show cause why sanctions should not be imposed for failure to comply with the pretrial filing requirements and to file declarations no later than August 4, 2023, explaining the reasons for their noncompliance. (*Id.*) The Court noted it would consider the filing of a

notice of settlement or a stipulation of dismissal as an appropriate response. (*Id.*) The parties complied and filed declarations. (Reynolds Decl., ECF No. 35; Lunn Decl., ECF No. 37.) Plaintiff's counsel informed the Court that the parties settled. (Lunn Decl. ¶ 3.)

On August 11, 2023, the Court discharged the OSC. (Order Dismissing Action, ECF No. 44.) Plaintiff filed a request for entry of judgment under Code of Civil Procedure section 998, (Req., ECF No. 45), and on August 21, 2023, the Court entered judgment, (J., ECF No. 47). Plaintiff subsequently filed the instant motion for attorney's fees and costs.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 54(d)(2) authorizes a party to make a claim for attorney's fees and related nontaxable expenses by motion. Rule 54 "creates a procedure but not a right to recover attorneys' fees"; the rule requires "an independent source of authority for an award of attorneys' fees." *MRO Commc'ns, Inc. v. AT&T Co.*, 197 F.3d 1276, 1280–81 (9th Cir. 1999).

"If the buyer prevails in an action under [Civil Code section 1794], the buyer shall be allowed by the court to recover as part of the judgment a sum equal to the aggregate amount of costs and expenses, including *attorney's fees based on actual time expended, determined by the court to have been reasonably incurred* by the buyer in connection with the commencement and prosecution of such action." Cal. Civ. Code § 1794(d) (emphasis added). Courts determine the reasonableness of fees using the lodestar, which is calculated by multiplying the reasonable hours spent by the reasonable hourly rate. *PLCM Grp., Inc. v. Drexler*, 22 Cal. 4th 1084, 1095 (2000); *see also Rahman v. FCA US LLC*, 594 F. Supp. 3d 1199, 1204 (C.D. Cal. 2022).

## III. DISCUSSION

Plaintiff requests that this Court award her a total of $65,668.21 in attorney's fees and costs. (Mot., at i.) These fees include: (i) $41,814.00 in attorney's fees; (ii) $14,634.90 as a 1.35 multiplier enhancement on the attorney's fees; (iii) $3,500 for

the review of the opposition, filing a reply, and attending the hearing; and (iv) $5,719.31 in costs and expenses. (*Id.* at i, 4, 10.)

### A. Reasonable Hours Expended

"A prevailing buyer has the burden of showing that the fees incurred were allowable, were reasonably necessary to the conduct of the litigation, and were reasonable in amount." *Goglin v. BMW of N. Am., LLC*, 4 Cal. App. 5th 462, 470 (2016) (internal quotation marks omitted) (quoting *Nightingale v. Hyundai Motor Am.*, 31 Cal. App. 4th 99, 104 (1994)); *see Ketchum v. Moses*, 24 Cal. 4th 1122, 1137 (2001) (noting that under California law, "attorney fees may be awarded only for *hours reasonably spent*").

Plaintiff contends that her counsel's expenditure of 87.2 hours of work is reasonable and submits billing records in support. (Mot. 11; Shahian Decl. ¶ 74 & Ex. 17, ECF No. 49-2.) Plaintiff argues that all time incurred was reasonable because Defendant forced Plaintiff to litigate this case. (Mot. 12.)

Defendant challenges three categories of billing entries and also argues that Plaintiff should not be permitted to recover fees on this motion for failing to timely meet and confer prior to filing the motion. (Opp'n 6–8, 11.) First, Defendant contends that Plaintiff's counsel is claiming time for "phantom pleadings/hearings." (*Id.* at 6 (emphasis removed).) The Court reads "pleadings" to mean discovery and related litigation correspondence. Defendant disputes that it ever received written discovery in June or July 2022, and certain meet and confer correspondence, challenging a total of 17.3 hours of work. (Opp'n 6; *see also* Reynolds Decl. ¶¶ 8, 11, ECF No. 52-1.) Defendant also argues that Plaintiff's counsel improperly seeks compensation for belatedly preparing for a final pretrial conference that was taken off calendar on July 26, 2023. (Opp'n 6.)

Second, Defendant challenges 20.9 hours related to expert discovery. (*Id.* at 7.) Defendant argues that Plaintiff's counsel improperly seeks to recover fees related to untimely expert disclosures. Defendant points out that Plaintiff did not meet the expert

4

disclosure deadline when Plaintiff named Randall Bounds as an expert, and as such, all expert discovery–related billing entries after April 17, 2023 were late and nonbeneficial to Plaintiff. (Opp'n 7; Reynolds Decl. ¶¶ 12–13.) Defendant also argues that Plaintiff improperly attempted to turn Mr. Bounds into a rebuttal expert two weeks after the rebuttal expert deadline. (Opp'n 7; Reynolds Decl. ¶ 13.)

Third, Defendant challenges 12.2 hours and $6,690 in fees related to trial and trial preparation after the Court vacated the final pretrial conference. (Opp'n 7–8.)

        1.    <u>Hours Expended on Discovery and Correspondence that Was Never Sent and Pretrial Hearings that Did Not Occur</u>

The Court agrees with Defendant that Plaintiff's counsel improperly seeks compensation for belatedly preparing for a final pretrial conference that was taken of calendar on July 26, 2023. Here, 1.8 hours expended on August 7, 2023 by Christopher Campbell to "[p]repare for *and attend* pre-trial conference" are unreasonable because the Court vacated the pretrial conference on July 26, 2023. (Shahian Decl. Ex. 19; *see* OSC.) Defendant contends that 4.8 hours counsel spent on August 1, 2023, to draft Plaintiff's motions in limine, which were never filed, is also unreasonable. Defendant appears to misread the billing entry. The August 1, 2023 entry is for "Draft P's opps to D's MILs 1-3," and Plaintiff indeed filed her opposition to Defendant's motions in limine on August 1, 2023. (Opp'ns to MILs, ECF Nos. 34 to 34-2.) However, the Court will read Defendant's complaint as directed to the July 18, 2023, entry, where Plaintiff claims 4.3 hours to "Draft MILs 1-5." Motions in limine were due on July 17, 2023, and Plaintiff never filed any. The Court agrees that this entry is unreasonable.

Defendant also contends that it is unreasonable for Plaintiff to seek compensation for 5.4 hours of drafting written discovery requests and a deposition notice on June 29 and July 29, 2022, because Plaintiff never served such discovery requests on Defendant. (Opp'n 6.) Plaintiff argues that she did serve Defendant discovery, and counsel attaches the purported discovery requests. (Reply 4; Reply Linnell Decl. Ex. 2, ECF No. 55-1.)

5

1 Counsel attests that Plaintiff served discovery on Defendant on July 1, 2022. (Linnell
2 Decl. ¶ 16, ECF No. 49-1.)

3       The Court notes that counsel did not sign the reply declaration, (Reply Linnell
4 Decl. 3), and that declarations must be signed under penalty of perjury, 28 U.S.C.
5 § 1746. The proof of service with the attached form interrogatories points out that the
6 form interrogatories were allegedly served on July 1, 2022, to Defendant via CSC
7 Lawyers Incorporating Service, not Defendant's counsel. (Reply Linnell Decl. Ex. 2.)
8 The notice of removal in this case provides that Defendant was served with the
9 complaint on or about July 12, 2022. (Notice of Removal ¶ 2, *see also id.* Ex. A.) To
10 the extent that Plaintiff *did* serve discovery, Plaintiff has not explained why she futilely
11 served discovery on a party prior to serving that same party with the complaint. *See* Cal.
12 Civ. Proc. Code § 2030.020(b) ("A plaintiff may propound interrogatories to a party
13 without leave of court at any time that is 10 days after the service of the summons on,
14 or appearance by, that party, whichever occurs first."). Since it is not clear that Plaintiff
15 properly served Defendant with this discovery and that Defendant actually received this
16 discovery, the Court concludes that the time incurred on the challenged discovery was
17 not reasonable and strikes these entries.

18       Defendant next disputes that it is reasonable for Plaintiff to seek two hours for
19 work done on October 31, 2022, related to drafting discovery-related meet-and-confer
20 correspondence when such correspondence was never sent. (Opp'n 6; *see* Reynolds
21 Decl. ¶ 11.) Plaintiff's counsel attests that on "November 1, 2022, Plaintiff served her
22 Federal discovery requests including Interrogatories and Request for Productio [sic];
23 and Notice of Rule 30(6)(b) Deposition." (Linnell Decl. ¶ 20.) Aside from the billing
24 entries, Plaintiff does not provide evidence demonstrating that counsel sent meet-and-
25 confer correspondence. Plaintiff does not specifically address this in the reply and
26 instead argues that "specific billing objections are unpersuasive." (Reply 4.) Because
27 Plaintiff leaves this issue unaddressed, the Court will not award fees for this task. *See*
28 *Innovation Ventures, LLC v. N2G Distrib., Inc.* No. SA CV 12-00717-AB (Ex), 2015

U.S. Dist. LEXIS 124091, at *12–13 (C.D. Cal. Apr. 29, 2015) (reducing fees where movant failed to address discrepancies in reply); *see also In re Point Ctr. Fin., Inc.*, No. 8:16-cv-01336-DSF, 2018 WL 9786069, at *5 n.5 (C.D. Cal. Oct. 9, 2018) ("A party can waive an argument by failing to raise it in their responding brief.").

The Court sustains Defendant's remaining objections to time incurred toward meet-and-confer correspondence. Defendant contests two hours expended on January 19, 2023, and 1.3 hours expended on February 22, 2023, drafting meet-and-confer correspondence it never received. (Opp'n 6; Reynolds Decl. ¶ 11.) Plaintiff does not respond to these challenges in her reply, which justifies the Court's elimination of these hours from the total reasonable hours expended. *See Innovation Ventures*, 2015 U.S. Dist. LEXIS 124091, at *12–13; *In re Point Ctr. Fin., Inc.*, 2018 WL 9786069, at *5 n.5. The Court thus declines to award fees for these unreasonably expended hours. These stricken entries appear in Table 1 in the appendix to this Order.

### 2. Expert Discovery

Defendant challenges 20.9 hours expended on expert discovery–related billing entries after April 17, 2023, the expert disclosure deadline. Defendant argues that the expert discovery was late and contends that such untimely discovery did not benefit Plaintiff. (Opp'n 7.) Defendant points out that Plaintiff missed the April 17, 2023, initial expert disclosure deadline and did not serve anything until two days later, when Plaintiff identified Randall Bounds as an expert but did not provide his report. (*Id.*; *see also* Reynolds Decl. ¶ 12.) Plaintiff did not substantively respond to this argument and only mentioned an expert rebuttal report in passing. (Reply 2.)

The Court's Order Re: Jury Trial set the case schedule, including the expert discovery deadlines. Initial expert disclosures were due on April 17, 2023, and rebuttal expert disclosures were due on May 1, 2023. (Order Re: Jury Trial § I.) Defendant presents evidence that Plaintiff served initial expert disclosures late, on April 19, 2023, without the expert report and Mr. Bounds's opinions, and served Mr. Bounds's rebuttal expert report late on May 15, 2023. (Reynolds Decl. ¶¶ 12–13; *id.* Exs. 3–4, ECF Nos.

52-4 to -5.) Plaintiff has not explained why she should be permitted to recover attorney's fees for untimely expert discovery. The Court thus declines to award fees for these unreasonably expended hours. These stricken entries appear in Table 2 in the appendix to this Order.

### 3.  Fees Incurred After the Vacated Final Pretrial Conference

Defendant challenges 12.2 hours expended preparing trial documents filed after Defendant served a Rule 68 offer and after the Court vacated the final pretrial conference. (Opp'n 7–8.) Defendant challenges the July 31 and August 1, 2023, entries as unreasonable because Defendant extended the deadline to respond to the Rule 68 offer to August 3, 2023, and all trial deadlines had been vacated. (Reynolds Decl. ¶ 18.) Plaintiff does not substantively address this objection, (*see* Reply 4–5), and has not otherwise demonstrated that she reasonably incurred fees on July 31 and August 1. The Court thus declines to award fees for these unreasonably expended hours. The stricken entries appear in Table 3 in the appendix to this Order.

### 4.  Fees-on-Fees

Plaintiff requests an additional anticipated $3,500.00 in fees to review the opposition, file a reply, and attending the hearing on the motion. (Mot. 4, 15.) Defendant argues in passing in its concluding paragraph that Plaintiff should not be permitted to recover any attorney's fees associated with the motion because she failed to meet and confer in connection with the motion. (Opp'n 11.)

Under California law, "'fees on fees,' i.e., fees incurred in litigating the award of attorney fees," are recoverable. *Ketchum v. Moses*, 24 Cal. 4th 1122, 1141 (2001). Defendant does not explain its summary argument concerning the adequacy of the prefiling conference. Plaintiff's motion asserts that counsel met and conferred prior to filing the motion on August 28, 2023. (Mot. 1.) Although counsel did not meet and confer at least seven days before Plaintiff filed the motion, *see* C.D. Cal. R. 7-3, Defendant does not explain how it was prejudiced by Plaintiff's failure to wait seven

days after the conference or contest that the parties substantively completed a conference. The Court rejects the argument accordingly.

Based on the proposed rates for Breita Linnell, the Court infers that Ms. Linnell anticipated spending 6.67 hours to draft a reply and attend the hearing. (*See* Mot. at i, 10.) Since the Court did not hold a hearing, the Court will reduce the proposed fees-on-fees award to be commensurate with four hours, which the Court determines is a reasonable amount of time spent reviewing the opposition and drafting the reply.

### B. Reasonable Hourly Rate

"A party seeking fees as a prevailing party must present evidence of the time spent and the hourly rate of each attorney." *Copenbarger v. Morris Cerullo World Evangelism, Inc.*, 29 Cal. App. 5th 1, 14 (2018). "The evidence [in support of a motion for fees] should allow the court to consider whether the case was overstaffed, how much time the attorneys spent on particular claims, and whether the hours were reasonably expended." *Id.* at 15 (quoting *Christian Rsch. Inst. v. Alnor*, 165 Cal. App. 4th 1315, 1320 (2008)). "An award of attorney fees may be based on declarations of counsel without production of detailed time records; however, the hours spent must be substantiated." *Id.* (citing *Raining Data Corp. v. Barrenechea*, 175 Cal. App. 4th 1363, 1375 (2009)).

As set forth by the California Supreme Court:

> The value of legal services performed in a case is a matter in which the trial court has its own expertise. [Citation.] The trial court may make its own determination of the value of the services contrary to, or without the necessity for, expert testimony. [Citations.] The trial court makes its determination after consideration of a number of factors, including *the nature of the litigation, its difficulty, the amount involved, the skill required in its handling, the skill employed, the attention*

> *given, the success or failure, and other circumstances in the case.*

*PCM Grp.*, 22 Cal. 4th at at 1096 (emphasis added) (brackets in original) (quoting *Melnyk v. Robledo*, 64 Cal. App. 3d 618, 623–24 (1976)); *see also Gonzalez v. City of Maywood*, 729 F.3d 1196, 1205–06 (9th Cir. 2013) (noting that federal courts consider similar factors, and that the fee applicant has the burden of producing satisfactory evidence that the fees sought meet these standards).

Plaintiff's motion memorializes the work of fifteen timekeepers. (Mot. 10–11.) The Court has stricken all entries made by six of these timekeepers. As relevant to the lodestar, Plaintiff seeks the following 2022 rates for the following individuals: (1) $485 per hour for Mark Gibson and (2) $410 per hour for Timothy Kenney. Plaintiff seeks the following 2023 rates for the following individuals: (1) $295 per hour for Eve Canton; (2) $570 per hour for Tionna Dolin; (3) $525 per hour for Breita Linnell; (4) $620 per hour for David Lunn; and (5) $450 per hour for Caitlin Scott. Finally, Plaintiff requests approval of (1) Nino Sanaia's 2022 rate of $385 per hour and 2023 rate of $425 per hour, and (2) Ariel Harman-Holmes's 2022 rate of $400 per hour and 2023 rate of $425 per hour. (Mot. 10–11.) Mr. Shahian attests to the experience of these attorneys. (Shahian Decl. ¶¶ 42–72.) Plaintiff contends that the rates sought are reasonable, relying on prior cases in federal and state court awarding requested fees to counsel's firm, Strategic Legal Practices, APC ("SLP"). (Mot. 11 (citing *Rahman v. FCA US LLC*, 594 F. Supp. 3d 1199 (C.D. Cal. 2022), and *Covarrubias v. Ford Motor Co.*, No. 19-CV-01832-EMC, 2021 WL 3514095, at *1 (N.D. Cal. Aug. 10, 2021)).)[1]

Defendant requests that this Court reduce the hourly rates sought on the grounds that the rates sought are excessive. It cites *Morris v. Hyundai Motor Am.*, 41 Cal. App. 5th 24, 41 (2019), as relevant authority for reducing the requested hourly rates of long-

---

[1] One award from the Los Angeles County Superior Court is included as Exhibit 12 to Mr. Shahian's declaration.

time lemon law attorneys and multiple associate attorneys. (Opp'n 8–9.) Defendant relies on *Mikhaeilpoor v. BMW of North America, LLC*, 48 Cal. App. 5th 240 (2020), to argue that the rates sought are unreasonable and that an across-the-board reduction to $350 per hour would be appropriate. (Opp'n 9.) Defendant also argues that Mr. Shahian's declaration contains an admission that this case was not complex because he did not bill or supervise on the case. (*Id.*; *see also* Shahian Decl. ¶ 42.)

While *Covarrubias* engaged in the lodestar analysis for some attorneys from the firm representing Plaintiff, it only addressed the lodestar rate for two of the nine attorneys working on this case. 2021 WL 3514095, at *4–5 (discussing and approving Mr. Gibson's $435 rate and Ms. Dolin's $395 and $450 rates). The Court in *Rahman* similarly engaged in the lodestar analysis for fourteen attorneys from counsel's firm, but only three of those attorneys are involved in this case. *Rahman*, 594 F. Supp. 3d at 1204 (finding Mr. Gibson's $450 rate, Ms. Dolin's $425/$450/$490's rates, and Ms. Sanaia's $285 rate to be reasonable). Defendant's cited cases stand for the proposition that a trial court may calculate reasonable attorney's fees based on its own knowledge and familiarity of the legal market. *Morris*, 41 Cal. App. 5th at 41; *see also Mikhaeilpoor*, 48 Cal. App. 5th at 250 (noting that the court engaged in the lodestar analysis and "did not make an 'across-the-board' percentage reduction").

Since the Court struck all entries related to six attorneys, the Court only considers the reasonableness of the rates sought with respect to the individuals below. As noted above, Plaintiff seeks hourly rates ranging from $295 to $620. The Court evaluates whether Plaintiff meets her burden to proffer evidence supporting each of the rates she requests.

    1. <u>Ms. Canton</u>

Eve Canton is a 3L at Southwestern Law School and a law clerk. (Shahian Decl. ¶ 47.) Ms. Canton gained trial experience while clerking at the Los Angeles County Public Defender's Office. (*Id.*) Mr. Shahian's declaration lists cases approving Ms. Canton's requested rate of $295. (*Id.* ¶ 48.) Mr. Shahian attests that Ms. Canton drafts

11

motions, creates deposition summaries, organizes evidentiary exhibits and assists with all trial preparation. (*Id.* ¶ 47.) However, Plaintiff has failed to adequately support the rate sought for Ms. Canton because the sole entry for Ms. Canton's work appears to be clerical. (*Id.* Ex. 19.) Clerical work is not recoverable. *See Holcomb v. BMW of N. Am., LLC*, No. 18cv475 JM (BGS), 2020 WL 759285, at *6 (S.D. Cal. Feb. 14, 2020). Accordingly, the Court declines to award attorney's fees for such work.

### 2. Mr. Gibson

Mr. Gibson is a former SLP attorney. (Shahian Decl. ¶ 51.) Mr. Gibson graduated from the University of the Pacific, McGeorge Law School in 2008 and was admitted to the California State Bar the same year. (*Id.*) Mr. Shahian's declaration lists numerous lemon law cases approving Mr. Gibson's rates ranging from $435 to $475. (*Id.* ¶ 52.) Plaintiff's billing records demonstrate that Mr. Gibson's role in this case involved drafting the complaint and a subpoena. (*Id.* Ex. 19.) Based on the evidence discussed and the Court's knowledge of rates in the community, the Court assigns Mr. Gibson a rate of $475.

### 3. Ms. Dolin

Ms. Dolin is a partner at SLP. (*Id.* ¶ 49.) Ms. Dolin received her Juris Doctor from Loyola Law School in 2014 and was admitted to the California State Bar the same year. (*Id.*) Plaintiff seeks an hourly rate of $570 for her. The Court struck some of Ms. Dolin's billing entries as being unreasonably incurred. The remaining entries demonstrate that Ms. Dolin was involved with settlement efforts in August 2023. (*Id.* Ex. 19.) Mr. Shahian's declaration lists lemon law cases approving rates for Ms. Dolin before and after she became a partner, with partner rates of $550. (*Id.* ¶ 50.) Based on the evidence discussed and the Court's knowledge of rates in the community, the Court assigns Ms. Dolin a rate of $550.

### 4. Ms. Linnell

Ms. Linnell is an attorney at SLP. (*Id.* ¶ 59.) Ms. Linnell obtained her Juris Doctor from the University of Virginia School of Law in 2011. (*Id.*) Ms. Linnell was admitted

to the Minnesota State Bar in 2011 and to the California State Bar in 2020. (*Id.*) Plaintiff seeks an hourly rate of $525 for her. Plaintiff's evidence demonstrates that Ms. Linnell is responsible for the attorney's fees motion. (*Id.* Ex. 19.) Mr. Shahian's declaration lists lemon law cases approving rates for Ms. Linnell at $495 per hour. (*Id.* ¶ 60.) Based on the evidence discussed, the Court's knowledge of rates in the community, and the quality of motion for attorney's fees and the reply, the Court assigns Ms. Linnell a rate of $495.

5. Mr. Lunn

Mr. Lunn is a trial attorney at SLP. (*Id.* ¶ 63.) Mr. Lunn earned his Juris Doctor from the University of Southern California in 1998. (*Id.*) Mr. Lunn was admitted to the California State Bar in 1998 and the Arizona State Bar in 2000. (*Id.*) Plaintiff seeks an hourly rate of $620 for him. The Court struck some of the entries related to Mr. Lunn's work for being unreasonably incurred. Of the remaining entries, Plaintiff seeks attorney's fees related to Mr. Lunn's response to the Court's order to show cause. (*Id.* Ex. 19.) Mr. Shahian's declaration lists lemon law cases approving rates for other attorneys who have similar experience to Mr. Lunn ranging from $595 to $610 per hour. (*Id.* ¶ 64.) Plaintiff did not provide evidence awarding Mr. Lunn his requested rate, however. (*Id.*) Moreover, while Mr. Lunn is described as a trial attorney, here he merely responded to the Court's OSC providing that the parties had agreed to a settlement, but does not appear to have been involved with settlement efforts, and the response should have been done by an attorney who billed at a lower rate. Based on the evidence discussed and the Court's knowledge of rates in the community, the Court assigns Mr. Lunn a rate of $475.

6. Ms. Scott

Ms. Scott is an attorney at SLP. (*Id.* ¶ 69.) Ms. Scott received her Juris Doctor from Trinity Law School in 2015 and was admitted to the California State Bar in 2016. (*Id.*) Plaintiff seeks an hourly rate of $450 for her. The Court struck a majority of the time sought for Ms. Scott's work on expert discovery as being unreasonable. The sole

13

entry is related to preparation for and the conduct of a client call. (*Id.* Ex. 19.) Mr. Shahian's declaration lists lemon law cases approving rates for Ms. Scott ranging from $335 to $365 per hour. (*Id.* ¶ 70.) Based on the evidence discussed and the Court's knowledge of rates in the community, the Court assigns Ms. Scott a rate of $400.

### 7. Mr. Kenney

Mr. Kenney is a former SLP attorney and was admitted to the California State Bar in 2017. (*Id.* ¶ 57.) Plaintiff does not provide any more information regarding Mr. Kenney's experience except for other cases approving Mr. Kenney's rates at $400 and $410. (*Id.* ¶ 58.) Plaintiff seeks an hourly rate of $410 for him. Here, Plaintiff's evidence demonstrates that Mr. Kenney's role in this matter only concerned drafting discovery. (*Id.* Ex. 19.) Based on the evidence discussed and the Court's knowledge of rates in the community, the Court assigns Mr. Kenney a rate of $400.

### 8. Ms. Harman-Holmes

Ms. Harman-Holmes is a former SLP attorney and was admitted to the California State Bar in 2017. (*Id.* ¶ 53.) Plaintiff seeks two rates for Ms. Harman-Holmes, $400 and $425. (*Id.* ¶ 54.) The Court struck two of Ms. Harman-Holmes's billing entries. The remaining fees sought for Ms. Harman-Holmes's work involve initial discovery. (*Id.* Ex. 19.) Mr. Shahian's declaration lists a lemon law case approving a $400 rate for Ms. Harman-Holmes and another approving hourly rates of $395–410. (*Id.* ¶ 54.) Based on the evidence discussed and the Court's knowledge of rates in the community, the Court assigns Ms. Harman-Holmes a rate of $400.

### 9. Ms. Sanaia

Ms. Sanaia is an attorney at SLP. (*Id.* ¶ 67.) In 2015, Ms. Sanaia became licensed to practice in Georgia, and she was admitted to the California State Bar in 2022. (*Id.*) Ms. Sanaia obtained her Master of Laws at Pepperdine Law School. (*Id.*) Plaintiff seeks two rates for Ms. Sanaia's work, $385 and $425. (*Id.* ¶ 68.) Ms. Sanaia's work on this matter involved discovery. (*Id.* Ex. 19.) Mr. Shahian's declaration lists lemon law cases approving a $385 hourly rate for Ms. Sanaia. (*Id.* ¶ 68.) Based on the evidence discussed

and the Court's knowledge of rates in the community, the Court assigns Ms. Harman-Holmes a rate of $385.

### C. Lodestar Figure

Based on the rates and hours determined above, the lodestar figure is as follows:

| Name | Rate | Hours | Lodestar |
| --- | --- | --- | --- |
| Mr. Gibson | $475 | 4.1 | $1,947.50 |
| Mr. Kenney | $400 | 1.9 | $760.00 |
| Ms. Canton | $0 | 3 | $0.00 |
| Ms. Dolin | $550 | 2.5 | $1,375.00 |
| Ms. Linnell | $495 | 14.2 | $7,029.00 |
| Mr. Lunn | $475 | 0.9 | $427.50 |
| Ms. Scott | $400 | 1.3 | $520.00 |
| Ms. Sanaia | $385 | 4.9 | $1,886.50 |
| Ms. Harman-Holmes | $400 | 7.5 | $3,000.00 |
| | | **Total** | **$16,945.00** |

### D. Adjustment

"[T]he lodestar adjustment method, including discretion to award fee enhancements, is well established under California law." *Ketchum*, 24 Cal. 4th at 1137. The California Supreme Court has explained that the adjustment to the lodestar figure for contingency cases "constitutes earned compensation; unlike a windfall, it is neither unexpected nor fortuitous. Rather, it is intended to approximate market-level compensation for such services, which typically includes a premium for the risk of nonpayment or delay in payment of attorney fees." *Id.* at 1138. The "trial court is not *required* to include a fee enhancement to the basic lodestar figure for contingent risk, exceptional skill, or other factors, although it retains discretion to do so in the appropriate case; moreover, the party seeking a fee enhancement bears the burden of

proof." *Id.* Given that the lodestar amount sometimes encompasses factors that are relevant to an enhancement, trial courts should consider "whether, and to what extent, the attorney and client have been able to mitigate the risk of nonpayment" as well as "the degree to which the relevant market compensates for contingency risk, extraordinary skill, or other factors." *Id.*

Plaintiff asks that the Court adjust the lodestar by multiplying the fee award by 1.35. Plaintiff argues that the multiplier is warranted based on counsel's performance in obtaining an excellent outcome for Plaintiff, the risks of non-recovery, and the delay in payment. (Mot. 13–15.) Defendant responds that this is not an exceptional case in which a fee enhancement would be appropriate and seeks a negative multiplier. (Opp'n 9–10.)

The only factor favoring an enhancement is Plaintiff's counsel's decision to take on the case on a contingency basis. (Shahian Decl. ¶ 80.) Plaintiff does not offer evidence related to whether and to what extent Plaintiff and counsel have been able to mitigate the risk of nonpayment. Based on counsel's consistent failure to comply with court deadlines in this matter, the Court finds counsel's performance in this case substandard. The Court exercises its discretion to decline to apply a multiplier and awards the lodestar figure.

### E. Costs and Expenses

Plaintiff seeks $5,719.31 in costs under California Civil Code section 1794(d) because the statute permits costs and expenses that were reasonably incurred in prosecuting the case. (Mot. 15; Shahian Decl. ¶¶ 74, 78 & Ex. 17.) Defendant argues that costs toward expert fees in the amount of $4,419.91 are unreasonable because of Plaintiff's late expert designation and improper rebuttal designation. (Opp'n 10–11.) Plaintiff does not meaningfully respond to this argument. (Reply 7.) The Court agrees that these fees are unreasonable because Plaintiff's expert discovery was untimely and denies those expert fees. The Court concludes that Plaintiff reasonably incurred the balance of the costs and expenses in the amount of $1,299.40.

## IV. CONCLUSION

The motion is granted in part and denied in part. The Court awards Plaintiff $16,945.00 in attorney's fees and $1,299.40 in expenses and costs reasonably expended pursuant to California Civil Code section 1794(d).

**IT IS SO ORDERED.**

Dated: February 15, 2024

_____
MARK C. SCARSI
UNITED STATES DISTRICT JUDGE

# APPENDIX

**Table 1: Stricken entries for discovery that was not served, correspondence not set, and hearings that were taken off calendar**

| Name | Date | Entry | Hours |
|---|---|---|---|
| Stoliker, Rosy | 6/29/2022 | Draft and finalize discovery requests special interrogatories (1.70), form interrogatories (0.10), request for production of documents (1.60), request for admissions (0.90) | 4.3 |
| Stoliker, Rosy | 7/29/2022 | Draft notice of deposition of person most qualified | 1.1 |
| Harman-Holmes, Ariel | 10/31/2022 | Draft meet and confer correspondence regarding discovery | 2 |
| Kaye, Jared | 1/19/2023 | Draft meet and confer letter regarding Defendant deficient responses to Plaintiff's first set of discovery requests. | 2 |
| Harman-Holmes, Ariel | 2/22/2023 | Draft meet and confer correspondence re Defendant's 30(b)(6) Deposition. | 1.3 |
| McCallister, Ian | 7/18/2023 | Draft MILs 1-5 | 4.3 |
| Campbell, Christopher | 8/7/2023 | Prepare for and attend pre-trial conference | 1.8 |

**Table 2: Stricken entries for time spent on untimely expert discovery**

| Name | Date | Entry | Hours |
|---|---|---|---|
| Scott, Caitlin | 4/26/2023 | prepared and began assisting in drafting expert file/report | 4.2 |
| Scott, Caitlin | 5/1/2023 | continued preparing expert file and expert report | 6.1 |
| Arabi, Mani | 5/14/2023 | Conduct research and draft Expert Rebuttal Report | 7.2 |

**Table 3: Stricken entries for fees after the vacated final pretrial conference**

| Name | Date | Entry | Hours |
|---|---|---|---|
| Lou, Regina | 7/31/2023 | drafting trial documents including jury list and instructions, special jury instructions, verdict forms. | 5.2 |
| Lunn, David | 7/31/2023 | draft joint statement, joint jury instruction, and other joint trial documents | 2.2 |
| McCallister, Ian | 8/1/2023 | Draft P's opps to D's MILs 1-3 | 4.8 |